**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
    tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA,
WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*pro hac vice admission to be requested*)
    sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>HYPHY MUSIC, INC.,<br><br>        Defendant. | Case No.: 1:20-cv-00988-DAD-BAM<br><br>**SETH L. BERMAN'S RESPONSE TO ORDER TO SHOW CAUSE AS TO WHY SETH L. BERMAN'S PRO HAC VICE STATUS SHOULD NOT BE DENIED**<br><br>Magistrate Judge: Barbara A. McAuliffe |

**RESPONSE TO ORDER TO SHOW CAUSE**

## INTRODUCTION

I submit the following in response to the Order to Show Cause of this Court dated August 24, 2020, together with the accompanying Declaration of Kevin Berger, ("Mr. Berger") dated September 3, 2020, and in further support of my application for *pro hac vice* admission, dated August 20, 2020.

I have been retained to act as co-counsel to Yellowcake, Inc. ("Yellowcake") and Mr. Berger in a number of other separate actions that involve common issues concerning certain copyrighted sound recordings owned by Yellowcake (the "Actions") and distributed by Colonize Media, Inc. ("Colonize").

I make the instant *pro hac vice* application in connection with three previously pending Actions in the Eastern District of California for which I have been admitted *pro hac vice*: *Yellowcake, Inc. v. Morena Music, Inc., et al.*, Case No. 1:20-cv-00787-AWI-BAM; *Yellowcake, Inc. and Colonize Media, Inc. v. Triwolf Media, LLC, et al.*, Case No. 1:20-cv-00981-JDP; and *Yellowcake, Inc. v. Platino Records, Inc., et al.*, Case No. 1:20-cv-00796-AWI-SKO and one matter to which I have been admitted to the Central District of California, *Platino Records, Inc. et al v. Colonize Media, Inc. et al*, Case No. 2:20-cv-3159-DSF-JPR. The Actions all concern or are related to one or more of the same four clients, Yellowcake, Mr. Berger; Colonize and Colonize's Chief Executive Officer, Jose David Hernandez ("Hernandez") (the "Clients"). *See* the pleadings annexed hereto as Exhibit "A". In addition to this application, I intend to seek *pro hac vice* admission for one more Client matter pending in the Eastern District, *Colonize Media, Inc. v. Palmer, et al*, Case No. 1:20-cv-01053-DAD-SAB.

By way of background, Yellowcake is a California corporation that is primarily engaged in the business of intellectual property rights management and exploitation, including music sound recordings. Mr. Berger is a shareholder and Chief Executive Officer of Yellowcake. Colonize is primarily engaged in the business of digital music distribution and exploitation and Hernandez is a shareholder and Chief Executive

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

Officer of Colonize. Colonize distributes and monetizes many sound recordings on behalf of Yellowcake.

While the Actions all involve common issues concerning copyrighted sound recordings, they also involve different facts and different parties, which necessitated filing multiple discrete actions. Given the highly nuanced and specific technical aspects at issue in the Actions and my unique experience and expertise with same as detailed further herein and in the accompanying Declaration, Mr. Berger and Mr. Hernandez believed it to be in the Clients' best interest to engage me as special litigation counsel to support local co-counsel, Hefner, Stark and Marois, LLP.

Regarding my relevant technical experience , in addition to practicing law, I have been a professional songwriter and music producer for over twenty-five years. As a music producer (professionally known as "Seth Lawrence"), I had my own original single reach the top three on the Billboard Club Play chart and have produced or remixed records for such well-known artists as Christina Aguilera, Christina Milian, Daniel Bedingfield, Cindy Lauper, Afrika Bambaataa, and more. As such, I have significant technical knowledge about music theory and the music recording process, which is highly relevant in disputes concerning copyright infringement by unauthorized copying.

Before practicing law, I also spent a number of years as a record label executive and became intimately familiar with the workings of the music industry including the common terms of recording agreements, publishing agreements, and asset purchase agreements for sound recording catalogs, all of which are at issue in the Actions.

Since graduating from law school in 2007 and being admitted to the New York Bar in 2008, the majority of my legal practice is focused on complex commercial litigation, copyright litigation, transactional copyright law, and transactional entertainment law, mainly concerning music. Due to my unique combination of technical, industry, and legal experience in the area of music, I have been very fortunate that clients from around the country have engaged me to represent them in highly

nuanced matters concerning technical recording issues, chain of title issues, copyright infringement and music-related contractual disputes.

My current and former clients include, "major" record labels, independent record labels, music distributors, music publishers, management companies, and individual artists, including two Grammy award-winning artists.

With reference to the current Actions, they all concern one or more of the technical, industry, and legal issues referred to previously. As such, I was contacted directly and engaged by the Clients to represent them as special litigation counsel in the Actions.

I never solicited the Clients or any other clients in California. Nor have I ever advertised my services in California. As discussed in the accompanying Declaration of Mr. Berger, I was recommended to the Clients by a highly respected music publishing executive located in Los Angeles with whom I had prior business dealings and represented in connection with a dispute with an adversary in New York.

I have also declined multiple professional transactional engagements because I believed that the engagements did not have a sufficient nexus with the State of New York. Other than the above-mentioned common Actions concerning the Clients, I am not representing any other party in the State of California and have no intention of doing so.

Not including the Actions, I have only been admitted *pro hac vice* in California one other time when I was admitted to the United States District Court for the Central District of California in connection with my representation of the plaintiff in the matter, *Freeplay Music, LLC ("FPM") v. Thermaltake USA Inc. et al.*, Case No. 1:19-cv-01674. The action was filed by FPM, a Delaware LLC whose principal place of business is in New York, in the United States District Court for the Southern District of New York. The case was only removed to the Central District of California after vehement opposition by FPM. *See* Exhibit "B". That matter was settled and discontinued on February 14, 2020, which predates my representation of the Clients.

**RESPONSE TO ORDER TO SHOW CAUSE**

As set forth below, the fact that I have been recently admitted *pro hac vice* in this district in connection with the common Actions does not necessarily mean that I am regularly engaged in professional activity in California so as to justify denial of *pro hac vice* admission in this case.

## ARGUMENT

A.  Legal Standard

Local Rule 180 governs the admission of attorneys to practice *pro hac vice* in this Court. Pursuant to Local Rule 180(b)(2), an attorney who applies to appear and participate in a particular case in the Eastern District of California *pro hac vice* is not eligible to practice if: (i) the attorney resides in California; and/or (ii) the attorney is regularly employed in California; and/or the attorney is regularly engaged in professional activity in California. *See* L.R. 180(b)(2); *Curtis v. BCI Coca-Cola Enterprises Bottling Companies*, 2014 WL 4417741, at *4 (E.D. Cal. Sept. 5, 2014).

B.  I Should Be Admitted Pro Hac Vice Because I Do Not Regularly Engage In Professional Activities In California and It Is The Clients' Preference

I am eligible to practice in this Court *pro hac vice* because none of the exclusionary conditions enumerated in L.R. 180(b)(2) apply. In interpreting L.R. 180(b)(2) as part of its evaluation of an attorney's *pro hac vice* application to appear and participate in a matter before it, this Court has previously taken into account the various factors (the "*Ang* factors") at issue in the case of *Ang v. Bimbo Bankeries USA, Inc.*, 2015 WL 1474866 (N.D. Cal. 2015, January 14, 2015). *See Finder v. Leprino Foods Company*, 2019 WL 6894468, at *4 (E.D. Cal., December 18, 2019).

In *Ang*, the United States District Court for the Northern District of California considered whether "the attorney physically appeared in cases, was responsible for meeting or communicating with clients, was the sole or primary counsel, was having contact with opposing counsel, and was signing papers with the court, or otherwise

**RESPONSE TO ORDER TO SHOW CAUSE**

arguing cases." *Id.* at *4. The Northern District also noted that the Ninth Circuit previously held that conduct does not rise to the level of appearance before the court where the attorney:

> "never appeared or argued in front of the district court, nor did he sign briefs. He had the role of advising his [co-counsel] and reviewing pleadings, which he did with minimal, nonexclusive contact with the client and no communication with opposing counsel. Moreover, [the attorney] did not even physically enter the State of California in connection with the prosecution of this case." *See Finder v. Leprino Foods Company*, 2019 WL 6894468, at *4 (E.D. Cal., December 18, 2019) (quoting *Ang*, 2015 WL 1474866 *3) (citing *Winterrowd v. Am Gen. Annuity Ins. Co.*, 556 F.3d 815, 824 (9th Cir. 2009)).

In *Ang*, the Northern District reasoned that the attorney did not engage in the practice of law in the state because the attorney filtered his work through local counsel, did not sign briefs or argue cases, and his work was limited to activities conducted outside of California, like legal research and advising local counsel. *See Finder*, 2019 WL 6894468, at *4.

Similarly, in *Finder*, the Eastern District did not find that the mere number of times the attorney was admitted *pro hac vice* over an 11-year period was determinative of whether to revoke such privilege. Rather, this Court focused on the fact that the attorney's local co-counsel was taking the lead on the cases, that the attorney's firm maintained an office in California solely for mailing address for 'of counsel' attorneys, that the attorney obtained regular referrals from attorneys in California and that he solicited California clients. *See id.* at *5. Even considering the above-referenced *Ang* factors, the *Finder* court did not revoke the attorney's *pro hac vice* status in the pending cases. *See id.*

Applying the *Ang* and *Finder* factors to my *pro hac vice* application, it is clear that the application should be granted. I am in good standing from my court of primary practice (New York), have been previously granted *pro hac vice* admission in three (3)

**RESPONSE TO ORDER TO SHOW CAUSE**

other related Actions in this district, and have never (i) continually engaged in professional activities in the State of California, (ii) operated an office in the State of California, (iii) solicited potential clients in the State of California or (iv) advertised my legal services in the State of California.

With respect to my role in the Actions including the above-captioned matter, I frequently defer to local counsel, do not exclusively confer with the Clients, nor do I exclusively dictate and/or shape the legal strategies. The vast majority of the papers in filed by the Clients in the Actions matter have been drafted with input from both firms and filed by local co-counsel. Additionally, my law firm has no presence in California and except for trial, I will not have to physically appear in California in connection with the prosecution of this case.

In light of the Clients' wishes, my relevant experience in the subject matters, and consistent with my representation that I have not had and do not have plans to engage in professional activities in California, it serves no purpose for the Court to deny my application. *See In re U.S.*, 791 F.3d 945, 957 (9th Cir. 2015) ("[A] court's decision to deny *pro hac vice* admission must be based on criteria reasonably related to promoting the orderly administration of justice, or some other legitimate policy of the courts[.]"). Finally, given the high stakes at issue for the Clients, it is their preference that I be admitted *pro hac vice* to help support Hefner, Stark & Marois, LLP.

### III. CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant my *pro hac vice* application in its entirety.

Dated: September 3, 2020

Respectfully submitted:

_____

Seth L. Berman