1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  YELLOWCAKE, INC., a California corporation, | No.  1:20-cv-00988-DAD-BAM |
| 12 | ORDER DISCHARGING ORDER TO SHOW |
| 13          Plaintiff, | CAUSE WHY SETH L. BERMAN'S PRO HAC VICE STATUS SHOULD NOT BE DENIED |
| 14      v. | (Doc. No. 14) |
| 15  HYPHY MUSIC, INC., | ORDER GRANTING PRO HAC VICE APPLICATION |
| 16          Defendant. | (Doc. No. 10) |

17

18      **I.      Background**

19          Plaintiff Yellowcake, Inc. initiated this copyright action on July 16, 2020.  (Doc. No. 1.)

20  On August 20, 2020, Seth L. Berman filed an application to appear and participate pro hac vice in

21  this action.  (Doc. No. 10.)   On August 24, 2020, the Court issued an order to show cause why

22  Mr. Berman's application should not be denied pursuant to Local Rule 180 based on his recent

23  applications for admission in other matters pending in this district.  (Doc. No. 14.)  Mr. Berman

24  filed a response on September 4, 2020.  (Doc. No. 16.)

25          Having considered Mr. Berman's response, the record in this case and Mr. Berman's

26  application for pro hac vice admission, the Court will discharge the order to show cause and grant

27  Mr. Berman's application.

28

**II.      Discussion**

Local Rule 180 governs the admission of attorneys to practice pro hac vice in this Court. Pursuant to Local Rule 180(b)(2),

> Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice [pro hac vice] if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California.

L.R. 180(b)(2).

According to the application, the show cause response and Court records, Mr. Berman has been granted pro hac vice status in three pending actions in the Eastern District of California:  (1) *Yellowcake, Inc. v. Morena Music, Inc., et al.*, Case No. 1:20-cv-00787-AWI-BAM; (2) *Yellowcake, Inc. and Colonize Media, Inc. v. Triwolf Media, LLC, et al.*, Case No. 1:20-cv-00981-JDP; and (3) *Yellowcake, Inc. v. Platino Records, Inc., et al.*, Case No. 1:20-cv-00796-AWI-SKO.  (Doc. No. 10 at 2; Doc. No. 14 at 2.)  He also has been admitted to the Central District of California in *Platino Records, Inc. et al v. Colonize Media, Inc. et al,* Case No. 2:20-cv-3159-DSF-JPR.  (Doc. No. 14 at 2.)  Mr. Berman also intends to apply for admission pro hac vice in one other matter pending in the Eastern District, *Colonize Media, Inc. v. Palmer, et al,* Case No. 1:20-cv-01053-DAD-SAB.   According to Mr. Berman, these actions all concern or relate to one or more of the same four clients:  Yellowcake, Yellowcake's Chief Executive Officer Kevin Berger, Colonize; and Colonize's Chief Executive Officer, Jose David Hernandez. (*Id.*)  Not including these actions, Mr. Berman has only been admitted pro hac vice in California one other time, when he was admitted to the Central District of California in *Freeplay Music, LLC ("FPM") v. Thermaltake USA Inc. et al.*, Case No. 1:19-cv-01674.  (*Id.* at 4.)

As the Court previously indicated in its show cause order, frequent applications for admission pro hac vice may indicate that an attorney is regularly engaged in professional activities in California in violation of Local Rule 180(b)(2).  *See, e.g., Guguni v. Chertoff,* 2008 WL 2080788 (N.D. Cal. 2008); *Mendoza v. Golden West Sav. Ass'n Services Co.*, 2009 WL 2050486 (C.D. Cal. 2009).  In *Ang v. Bimbo*, 2015 WL 1474866 (N.D. Cal. 2015), the United States District Court for the Northern District of California considered whether the plaintiff's out-

2

1    of-state attorney was "regularly engaged in the practice of law in California" and therefore

2    ineligible for pro hac vice admission. The court noted that the Ninth Circuit has held that conduct

3    does not rise to the level of appearance before the court where the attorney:

> never appeared or argued in front of the district court, nor did he sign briefs. He had the role of advising his [co-counsel] and reviewing pleadings, which he did with minimal, nonexclusive contact with the client and no communication with opposing counsel. Moreover, [the attorney] did not even physically enter the State of California in connection with the prosecution of this case.

7    *Id.* at *3 (citing *Winterrowd v. Am. Gen. Annuity Ins. Co*., 556 F.3d 815, 824 (9th Cir. 2009)).

8         In *Ang,* the attorney's pro hac vice was permitted to continue because the attorney filtered

9    his work through an in-state attorney, did not sign briefs or argue cases, and his work was limited

10   to activities conducted outside of California such as legal research and advising co-counsel. *See*

11   *Finder v. Leprino Foods Co.*, No. 1:13-cv-02059-AWI-BAM, 2019 WL 6894468, at *4 (E.D.

12   Cal. Dec. 18, 2019).

13        According to Mr. Berman's show cause response, the current actions in this district involve

14   common issues concerning copyrighted sound recordings for which he has relevant technical and

15   professional experience.   Mr. Berman's technical experience includes work as a professional

16   songwriter, music producer, and record label executive.  His litigation practice is focused on

17   complex commercial litigation, copyright litigation, transactional copyright law, and transactional

18   entertainment law, mainly concerning music.  (Doc. No. 11 at 3.)

19        Mr. Berman explains that with his respect to his role in the current actions, he frequently

20   defers to local counsel, does not exclusively confer with the clients, and does not exclusively

21   dictate and/or shape the legal strategies. He further explains that the vast majority of the papers

22   filed on behalf of the clients in these actions have been drafted with input from both firms and

23   filed by local co-counsel. Mr. Berman indicates that his law firm has no presence in California

24   and except for trial, he will not have to physically appear in California in connection with the

25   prosecution of this case.  (*Id.* at 7.)

26         Having considered Mr. Berman's response, the Court finds no basis to deny his

27   application for admission pro hac vice.  Mr. Berman has unique technical expertise and he is

28   involved in only a limited number of cases in this district.  As represented by Mr. Berman, he

works closely with local co-counsel, does not exclusively confer with the clients or dictate legal strategies, the majority of papers in these actions are filed by local co-counsel, his law firm has no presence in California and, with the exception of trial, his work is limited to activities conducted outside of California.

**III.     Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   The Order to Show Cause issued on August 24, 2020 (Doc. No. 14), is DISCHARGED; and

2.   The pro hac vice application of Seth L. Berman (Doc. No. 10) filed on August 20, 2020 is GRANTED.

IT IS SO ORDERED.

Dated:   **September 18, 2020**              /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

4