**ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA,
WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
 sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

**HEFNER STARK & MAROIS, LLP**
Thomas P. Griffin Jr., Esq. (SBN 155133)
 tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

Attorneys for Plaintiff YELLOWCAKE, INC., and Counterdefendants COLONIZE MEDIA, INC., and JOSE DAVID HERNANDEZ

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>HYPHY MUSIC, INC.,<br><br>              Defendant. | Case No.:<br>**1:20-cv-00988-DAD-BAM**<br><br>**PLAINTIFF AND COUNTERDEFENDANTS' NOTICE OF MOTION AND RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>Judge: Hon. Dale A. Drozd<br>Date: November 3, 2020<br>Time: 9:30 a.m.<br>Courtroom: Courtroom 5. 7th floor |

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York  11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

1

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

HYPHY MUSIC, INC.,                          )
                                            )
            Counterclaimant,                )
                                            )
      v.                                    )
                                            )
YELLOWCAKE, INC.; COLONIZE                  )
MEDIA, INC.; JOSE DAVID                     )
HERNANDEZ; and JESUS CHAVEZ SR,             )
                                            )
            Counterdefendants.              )
                                            )

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 12(b)(6), on Tuesday, November 3, 2020, at 9:30 a.m. before the Honorable Dale A. Drozd, at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, CA 93721, Courtroom 5, 7th floor, Plaintiff Yellowcake, Inc., and Counterdefendants Colonize Media, Inc., and Jose David Hernandez will move and hereby move to dismiss Defendant/Counterclaimant Hyphy Music, Inc.'s, First Amended Counterclaims numbered 1, 3, 4, 5, 6, and 7, against Plaintiff Yellowcake, Inc., and Counterdefendants Colonize Media, Inc., and Jose David Hernandez, with prejudice.

As shown below in Plaintiff/Counterdefendants' supporting Memorandum of Points and Authorities, Defendant/Counterclaimant Hyphy has failed to state a cause of action under Federal Rule of Civil Procedure 12(b)(6) for:

Direct Copyright Infringement Under 17 U.S.C. § 101 *et seq.* "as to the Los Originales Albums" (referred to herein as "Yellowcake's Copyrighted Sound Recordings") against Yellowcake and Colonize and related Temporary, Permanent, and Injunctive Relief against Yellowcake and Colonize; Intentional Interference with Prospective Business Advantage against Yellowcake and Colonize; Intentional Interference with Contractual Relations against Hernandez, Yellowcake, and Colonize;

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

Unfair Competition Under California Business and Professions Code § 17200 against Yellowcake, Colonize, and Hernandez; and Conversion against Yellowcake.

This motion is based on this notice of motion and the attached Memorandum of Points and Authorities, the Declaration of Seth L. Berman Esq., and all exhibits thereto, the pleadings and records filed in this action, and such further evidence and argument that may be presented before the hearing on this motion.

I certify that this motion is made following the conference of counsel pursuant to Section 1(C) of the Standing Order in Civil Actions, which took place on September 18, 2020. The parties discussed issues concerning the merits of the First Amended Counterclaims to the extent that they pertain to the disputed Sound Recording copyrights; issues concerning the merits of the First Amended Counterclaims to the extent that they pertain to the disputed Cover Art copyrights, and whether or not Defendant/Counterclaimant Hyphy Music, Inc., would withdraw its Amended Counterclaims with respect to Plaintiff Yellowcake and Counterdefendants Colonize Music, Inc., and Jose David Hernandez. As such, the meet and confer efforts have been exhausted prior to the filing of this motion.


Dated: October 2, 2020                    Respectfully submitted,


**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

By: /s/ Seth L. Berman
Seth L. Berman, Esq. (*admitted pro hac vice*)
***Attorneys for Plaintiff Yellowcake, Inc., and Counterdefendants Colonize Media, Inc., and Jose David Hernandez***

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS................................................................................i

TABLE OF AUTHORITIES........................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES……………………………1

I.    INTRODUCTION……………………………………………………………1

II.   FACTUAL AND PROCEDURAL BACKGROUND………………………2

III.  ARGUMENT……………………………………………………………...4

    A.   Rule 12(b)(6) Legal Standard…………………………………………...4

    B.   Hyphy's Alleged Transfers of Copyright Ownership Are Invalid, Barring Its First Amended Counterclaim for Copyright Infringement and Third Amended Counterclaim for Related Injunctive Relief under 17 U.S.C. § 101 *et seq* …………………………………………………...5

    C.   Hyphy's Amended Counterclaims for Intentional Interference with Contractual Relations, Intentional Interference with Prospective Business Advantage, Unfair Competition under Cal. Bus. & Prof. Code § 17200 and Conversion are Barred by the Statute of Frauds ….7

    D.   Hyphy's Amended Counterclaims for Intentional Interference with Contractual Relations, Intentional Interference with Prospective Business Advantage, Unfair Competition under Cal. Bus. & Prof. Code § 17200, and Conversion are Preempted by Its Counterclaims Based on the Copyright Act …………………………………………….9

IV.   CONCLUSION……………………………………………………….....12

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

---

i

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

1

**TABLE OF AUTHORITIES**

2

**Cases**                                                                                            **Page(s)**

3

*Bangkok Broad. & T.V. Co. v. IPTV Corp.,*

4

      742 F. Supp. 2d 1101 (C.D. Cal. 2010) ……………………………………5, 6

5

*Clark v. Amazon.com,*

6

      No. CIVS052187GEBDADPS, 2006 WL 8458917 (E.D. Cal. Apr. 20,

7

      2006)…………………………………………………………………………..4

8

*Dallas & Lashmi, Inc. v. 7-Eleven, Inc.,*

9

      112 F. Supp. 3d 1048 (C.D. Cal. 2015)………………………………...11

10

*Effects Assocs., Inc. v. Cohen,*

11

      908 F.2d 555 (9th Cir. 1990)……………………………………......6, 7

12

*Executive Software North America, Inc. v. U.S.D.C.,*

13

      24 F.3d 1545 (9th Cir. 1994)……………………………………...12

14

*G&G Closed Circuit Events, LLC v. Parker,*

15

      No. 20-CV-1017-CAB-MDD, 2020 WL 4365887 (S.D. Cal. July 30,

16

      2020)………………………………………………………………...11

17

*Jules Jordan Video, Inc. v. 144942 Canada Inc.,*

18

      617 F.3d 1146 (9th Cir. 2010)………………………………………..9

19

*Kodadek v. MTV Networks, Inc.,*

20

      152 F.3d 1209 (9th Cir. 1998)………………………………………...9

21

*Konigsberg Int'l, Inc. v. Rice,*

22

      16 F.3d 355 (9th Cir. 1994)……………………………………......6, 8

23

*Lemos v. Alderwoods Grp., Inc.,*

24

      No. 106CV-01152-OWW-NEW, 2007 WL 2254363 (E.D. Cal. Aug. 3,

25

      2007)…………………………………………………………………..8

26

*Litchfield v. Spielberg,*

27

      736 F.2d 1352 (9th Cir. 1984)………………………………………..5

28

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO
DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

*Mora v. Zeta Interactive Corp.*,

No. 116CV00198DADSAB, 2016 WL 3477222 (E.D. Cal. June 27, 2016)……………………………………………………………………..4

*Perfect 10, Inc. v. Amazon.com, Inc.*,

487 F.3d 701, *amended on reh'g,* 508 F.3d 1146 (9th Cir. 2007)……………5

*Trenton v. Infinity Broad. Corp.*,

865 F. Supp. 1416 (C.D. Cal. 1994)………………………..……………..9, 12

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*

117 F.Supp.3d 1092 (C.D. Cal. 2015)………………………………………10

*Weinstein Co. v. Smokewood Entm't Group, LLC*,

664 F.Supp.2d 332 (S.D.N.Y. 2009)………………………………………6

**Federal Rules**

Fed. R. Civ. P. 12(b)(6)………………………………………………………...4

**Federal Statutes**

17 U.S.C. § 101……………………………………………………………...6, 7, 8

17 U.S.C. § 106……………………………………………………….........10, 11

17 U.S.C. § 204(a)…………………………………………………………...6, 8

17 U.S.C. § 301…………………………………………………………………..9

28 U.S.C. § 1367(c)(3)………………………………………………………...12

**State Statutes**

Cal. Civ. Code § 1624(a)(1)…………………………………………………….7, 8

Cal. Civ. Code § 1622………………………………………………………..7

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is a case involving the infringement of a number of copyrighted sound recordings owned by Plaintiff Yellowcake, Inc., ("Yellowcake" or "Plaintiff") comprising albums by artist and Counterdefendant Jesus Chavez Sr. ("Chavez"), founder and principal of the musical ensemble known as Los Originales De San Juan, ("Yellowcake's Copyrighted Sound Recordings").  Defendant/Counterclaimant Hyphy Music, Inc., ("Hyphy" or "Defendant/Counterclaimant") commercially exploited Yellowcake's Copyrighted Sound Recordings without authorization or license. Despite due demand by Yellowcake, Hyphy refused to cease its infringing activity, necessitating the filing of this action. Having no valid defense, Hyphy has asserted a number of counterclaims to gain leverage in this litigation and as a stalling tactic. These are spurious counterclaims which are not substantively supported by any law or evidence. As such, they should be dismissed under Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

Specifically, Hyphy's First Amended Counterclaims for copyright infringement and all its state law claims arise from an alleged oral agreement (ECF 15, ¶ 16) between Hyphy and Counterdefendant Chavez, wherein Chavez allegedly previously transferred ownership of the works referred to herein as Yellowcake's Copyrighted Sound Recordings, to Hyphy. This alleged oral contract is invalid and unenforceable.  Transfers of copyright ownership must be in writing under 17 U.S.C. § 204(a), as well as California's Statute of Frauds (Cal. Civ. Code § 1624(a)(1)). Ownership of a work for hire also requires a written agreement as defined in 17 U.S.C. § 101.  Because there is no written agreement between Hyphy and Chavez, which is essential to establishing ownership of, or transferring title to the copyright registrations to Hyphy, and Hyphy does not plead facts as to why Plaintiff Yellowcake and Counterdefendants Colonize and Hernandez would be aware of the existence and terms of the alleged oral agreement, ///

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York  11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

---

1

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

all of Hyphy's state law claims, founded upon this same invalid and unenforceable oral contract, should be dismissed as well.

Accordingly, Plaintiff/Counterdefendants are moving to dismiss Hyphy's First Amended Counterclaims numbered 1, 3, 4, 5, 6, and 7, to the extent that they arise from allegations of infringement pertaining to Yellowcake's Copyrighted Sound Recordings, which Hyphy claims ownership of pursuant to its alleged oral agreement with Chavez.[1]

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Yellowcake is primarily engaged in the business of exploiting intellectual property rights. (ECF 1, ¶ 10). Counterdefendant Colonize is a company primarily engaged in the business of digital music distribution. Counterdefendant Hernandez is a principal of both Colonize and Yellowcake. (ECF 15, ¶ 5). On or about March 21, 2019, Yellowcake and Counterdefendant Chavez entered into an Asset Purchase and Assignment Agreement (hereinafter referred to as "the APA Agreement") whereby Yellowcake purchased the entirety of Chavez's ownership of the rights, title and interest in the sound recordings that comprise the albums of Chavez's musical group Los Originales De San Juan (hereinafter referred to as "Yellowcake's Copyrighted Sound Recordings").

Following that transaction, Yellowcake complied in all respects with the provisions of the Copyright Act, 17 U.S.C. § 101 *et seq.,* by registering copyrights for the sound recordings that comprise Yellowcake's Copyrighted Sound Recordings and recording the written assignment of the Copyrighted Sound Recordings with the United States Copyright Office.  As a result, Plaintiff was issued a Certificate of Registration and Registration Number for each copyrighted sound recording. *See* ECF 1, ¶¶ 12, 13, 22; *Ex. "A"* to ECF 1, annexed to the accompanying Declaration of Seth L. Berman, ///

_____

1 Yellowcake, Colonize and Hernandez are not moving to dismiss Hyphy's second cause of action in its Amended Counterclaims as it pertains to certain album Cover Art, registered as separate copyrights from the sound recordings.

_____

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Esq., ("Berman Decl.") as <u>Exhibit "A"</u>. All of Yellowcake's Copyrighted Works are and were published with a copyright notice. (ECF 1, ¶ 14).

Notwithstanding, Yellowcake came to learn that Defendant/Counterclaimant Hyphy was engaging in unauthorized exploitations of Yellowcake's Copyrighted Sound Recordings in violation of Yellowcake's exclusive rights under 17 U.S.C. § 106 by selling, reproducing, synchronizing, distributing and publicly performing the Copyrighted Sound Recordings via digital transmission on online platforms. (ECF 1, ¶ 15). In addition, Yellowcake learned that Hyphy unlawfully created and/or uploaded and/or facilitated the uploading of videos containing unauthorized derivative works of Yellowcake's Copyrighted Sound Recordings to the www.YouTube.com website. (ECF 1, ¶ 16).

In or around May and June 2020, Plaintiff sent Defendant a cease and desist letter in which Plaintiff notified Defendant of its unauthorized exploitation of Yellowcake's Copyrighted Sound Recordings. Nevertheless, despite being on notice of its infringement, Hyphy has continued its unauthorized exploitation of Yellowcake's Copyrighted Sound Recordings and continues to benefit from said unauthorized exploitations to date (ECF 1, ¶¶ 17-19), all to Yellowcake's detriment.

Faced with Defendant/Counterclaimant's refusal to cease exploiting its Copyrighted Sound Recordings, Yellowcake filed this action on July 16, 2020, in the United States District Court for the Eastern District of California. Berman Decl., <u>Ex. "A"</u> (ECF 1). Yellowcake's Complaint asserted a claim of federal copyright infringement and sought related injunctive relief.

On August 19, 2020, Hyphy filed its Answer (ECF 6), annexed to the Berman Decl., as <u>Exhibit "B"</u>. Having no valid defense to raise in its Answer, Hyphy also filed baseless and fabricated Counterclaims (ECF 7) on August 19, 2020, against Plaintiff Yellowcake and Counterdefendants Colonize and Hernandez, alleging federal copyright infringement and seeking related injunctive relief, as well as state law claims of unfair competition under Cal. Bus. & Prof. Code § 17200, intentional interference with

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

prospective business advantage, intentional interference with contractual relations, and conversion arising out of Hyphy's alleged, yet invalid, oral agreement with Chavez. *See*, Exhibit "C" to the Berman Decl.  On August 28, 2020, Hyphy filed its First Amended Counterclaims (ECF 15) annexed to the Berman Decl., as Exhibit "D", alleging identical counterclaims..

Plaintiff/Counterdefendants now move to dismiss Hyphy's First Amended Counterclaims numbered 1, 3, 4, 5, 6, and 7, as these causes of action arise from and are based on, nothing more than an allegation of an unenforceable oral license between Hyphy and Chavez.

### III.    **ARGUMENT**

### A.    **Rule 12(b)(6) Legal Standard**

To directly quote this Court's decisions on motions to dismiss based on Federal Rule of Civil Procedure ("FRCP") 12(b)(6):

"A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. Dismissal of the complaint or of any claim within it can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff." *Clark v. Amazon.com*, No. CIVS052187GEBDADPS, 2006 WL 8458917, at *1 (E.D. Cal. Apr. 20, 2006) (internal quotations and citations omitted).

"However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. […] Moreover, it is inappropriate to assume that the plaintiff can prove facts which it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Mora v. Zeta Interactive Corp*., No. 116CV00198DADSAB, 2016 WL 3477222, at *2 (E.D. Cal. June 27, 2016) (internal quotations and citations omitted).

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York  11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

Where "it appears to a certainty that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief," dismissal under Rule 12(b)(6) is appropriate. *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984). This is one such case. As set forth below, it is obvious, in fact, nearly certain, that the facts alleged by Hyphy do not support any of its amended counterclaims against Counterdefendants Yellowcake, Colonize, and Hernandez. As such, dismissal of Hyphy's First Amended Counterclaims numbered 1, 3, 4, 5, 6, and 7, is appropriate.

**B.**    **Hyphy's Alleged Transfers of Copyright Ownership Are Invalid, Barring Its First Amended Counterclaim for Copyright Infringement and Third Amended Counterclaim for Related Injunctive Relief under <u>17 U.S.C. § 101</u> *et seq.***

"To prove copyright infringement, a plaintiff must establish the following: (1) ownership of the allegedly infringed product; and (2) the defendant's exploitation of at least one exclusive right granted to the copyright owner under 17 U.S.C. § 106." *Bangkok Broad. & T.V. Co. v. IPTV Corp*., 742 F. Supp. 2d 1101, 1109–10 (C.D. Cal. 2010), *citing Perfect 10, Inc. v. Amazon.com, Inc.,* 487 F.3d 701, 715, *amended on reh'g,* 508 F.3d 1146 (9th Cir. 2007).

Hyphy fails to establish the first element: valid ownership of the registered copyrights allegedly infringed. Hyphy purports to make its ownership claim by alleging an oral agreement with the artist, Counterdefendant Chavez, whose performance created the entirety of the content of the sound recording copyrights at issue. (ECF 15, ¶ 16).

As the author of the musical performances without which the disputed sound recordings would not exist, Chavez has an ownership interest in the sound recordings allowing him to transfer his ownership interest to Yellowcake. Chavez's written assignment of ownership of the sound recordings to Yellowcake is memorialized in their APA Agreement, as well as in an assignment recorded with the United States Copyright Office, Document No. V9970D519. The Copyright Office's public information regarding recordation of this assignment is attached to the Berman Decl., as <u>Exhibit "E"</u>.

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York  11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

In contrast, Hyphy's First Amended Counterclaims are based on an allegation of an oral agreement between Hyphy and Chavez which is the sole foundation for Hyphy's allegations that it owns the sound recording copyrights. (ECF 15, ¶ 16).  However, ownership of copyrights cannot be transferred by oral agreement. 17 U.S.C. § 204(a) states: "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."   As such, Hyphy has no ownership of Yellowcake's Copyrighted Sound Recordings and Yellowcake, Colonize and Hernandez move to dismiss Hyphy's First Amended Counterclaims numbered 1 and 3, based on the Copyright Act.

"[S]ection 204(a) of the Copyright Act invalidates a purported transfer of ownership unless it is in writing." *Bangkok Broad. & T.V. Co.*, 742 F. Supp. 2d at 1110–11, *citing Konigsberg Int'l, Inc. v. Rice*, 16 F.3d 355, 357 (9th Cir. 1994) ("[A] transfer of copyright is simply 'not valid' without a writing."); *Weinstein Co. v. Smokewood Entm't Group, LLC*, 664 F.Supp.2d 332 (S.D.N.Y. 2009) ("A writing evidencing the transfer of copyright ownership need not be lengthy or detailed, but it must evidence the transfer with reasonable clarity.").

"Section 204 ensures that the creator of a work will not give away his copyright inadvertently and forces a party who wants to use the copyrighted work to negotiate with the creator to determine precisely what rights are being transferred and at what price." *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990).

Section 204 is further supported by the requirement that works for hire may only be so designated by written agreement. 17 U.S.C. § 101. "[S]ection 101's requirement of a written statement for copyright ownership of works for hire "is not merely a statute of frauds"; its second purpose is "to make the ownership of property rights in intellectual property clear and definite, so that such property will be readily marketable." *Konigsberg*, 16 F.3d at 357 (internal citations omitted).

///

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

If there were written transfers of ownership of the copyrights to Hyphy in the form of written assignments of ownership or work for hire agreements, these documents would have made it clear that Hyphy would have had the ownership rights that would have given it the further right to market the sound recordings. In the absence of such documentation it is clear that Chavez had the right to transfer his ownership of the sound recordings to Yellowcake, including the right to sell and distribute those sound recordings.

Hyphy admits in its pleadings that its ownership rights in the copyright registrations at issue arises from its February 2013 oral agreement with Chavez (ECF 15, ¶ 16). Hyphy does not plead that there were any written agreements with Chavez regarding the ownership and use of the sound recording copyrights at issue. At best, all that can arise from an oral agreement is a non-exclusive license of the use of the sound recordings to Hyphy. *Effects,* 908 F.2d at 558-59. 17 U.S.C. § 101 specifically excludes non-exclusive licenses from the definition of what constitutes a "transfer of copyright ownership."

Since Hyphy cannot rely on its oral license agreement with Chavez to establish exclusive ownership rights in the sound recordings, its first amended counterclaim against Yellowcake for copyright infringement of the sound recordings, and third amended counterclaim for related injunctive relief, fail to state a claim and must be dismissed.

**C.    Hyphy's Amended Counterclaims for Intentional Interference with Contractual Relations, Intentional Interference with Prospective Business Advantage, Unfair Competition under Cal. Bus. & Prof. Code § 17200 and Conversion are Barred by the Statute of Frauds**

Under California Civil Code § 1622, contracts "required by statute to be in writing" may not be oral agreements. Under Cal. Civ. Code § 1624(a)(1), "The statute of frauds requires a written agreement if such agreement "by its terms is not to be

///

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York  11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

1    performed within a year from the making thereof." *Lemos v. Alderwoods Grp., Inc.*, No.
2    106CV-01152-OWW-NEW, 2007 WL 2254363, at \*5 (E.D. Cal. Aug. 3, 2007).

3        As set forth below, Hyphy's amended counterclaims for intentional interference
4    with prospective business advantage, intentional interference with contractual relations,
5    unfair competition under Cal. Bus. & Prof. Code § 17200, and conversion all rely on
6    Hyphy being able to establish written, contract-based ownership of the copyrights at
7    issue herein. Hyphy's claim of copyright ownership via transfer is premised on a five-
8    year oral agreement, required by statute (17 U.S.C. §§ 101 and 204; Cal. Civ. Code §
9    1624(a)(1)) to be in writing. (ECF 15, ¶ 16). Clearly this agreement, by the five-year
10   term alleged, could not have been performed within one year, does not satisfy the statute
11   of frauds, and is invalid and unenforceable.

12       Even if the state statute of frauds is not sufficient, copyright law creates a unique
13   instance in which both Section 101 and Section 204 of the Copyright Act function as
14   statutes of frauds. Under the facts as pleaded, Hyphy cannot show that its amended
15   counterclaims can escape dismissal under the combination of the three statutes of frauds.
16   "Although section 204 is often referred to as the 'copyright statute of frauds,' it actually
17   differs materially from state statute of frauds. Even when taking into account the fact
18   that state statute of frauds may be satisfied by a writing not intended as a memorandum
19   of contract,[…] section 204 may not." *Konigsberg,* 16 F.3d at 357 (internal citation
20   omitted). As fully stated above, "[S]ection 101's requirement of a written statement for
21   copyright ownership of works for hire 'is not merely a statute of frauds,'" its additional
22   purpose is to establish, without doubt, the ownership of intellectual property, thereby
23   clearing obstacles that would otherwise interfere with the intellectual property's
24   marketability. *See, id.*

25       As such, Hyphy's amended counterclaims for intentional interference with
26   prospective business advantage, intentional interference with contractual relations,
27   unfair competition under Cal. Bus. & Prof. Code § 17200, and conversion, should be
28   ///

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO
DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

dismissed, as the oral contract on which these amended counterclaims are alleged is invalid and unenforceable.

**D.    Hyphy's Amended Counterclaims for Intentional Interference with Contractual Relations, Intentional Interference with Prospective Business Advantage, Cal. Bus. & Prof. Code § 17200, and Conversion are Preempted by the Copyright Act**

Hyphy's state law property-based amended counterclaims are preempted by the Copyright Act. A state law cause of action is preempted by the Copyright Act if two elements are present. First, the rights that a claimant asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act. "Whether a claim is preempted under Section 301 does not turn on what rights the alleged infringer possesses, but on whether the rights asserted by the plaintiff are equivalent to any of the exclusive rights within the general scope of the copyright. The question is whether the rights are works of authorship fixed in a tangible medium of expression and come within the subject matter of the Copyright Act." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1154–55 (9th Cir. 2010)

Second, the work involved must fall within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103." *Kodadek v. MTV Networks, Inc*., 152 F.3d 1209, 1212 (9th Cir. 1998); *see also* 17 U.S.C. § 301.  A claim will not lie with the scope of copyright "if qualitatively other elements are required, instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state created cause of action," *Trenton v. Infinity Broad. Corp*., 865 F. Supp. 1416, 1428 (C.D. Cal. 1994) (internal citation omitted).

Intentional interference with prospective business advantage, intentional interference with contractual relations, unfair competition under Cal. Bus. & Prof. Code § 17200, and conversion are property-based claims. In essence, a plaintiff alleges rights in property imperative to its business, and a defendant has interfered with that right. *Id.,* at 1428. The elements of these property-based causes of action are not qualitatively

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York  11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

different from the elements of copyright infringement claims and are preempted under Section 301 of the Copyright Act. *Id*. Regardless of whether or not Hyphy has pleaded all the elements of each cause of action, the facts of Hyphy's amended counterclaims themselves concede that its state law causes of action are based upon the same rights enumerated in Section 106 of the Copyright Act.

Section 106 states, "the owner of copyright under this title has the exclusive rights to do and to authorize any of the following" with its copyrighted work: 1) reproduce the copyrighted work, 2) prepare derivative works based on the copyrighted work; 3) distribute copies of the copyrighted work in exchange for compensation; 4) publicly perform the copyrighted work; 5) publicly display the copyrighted work, and 6) in the case of sound recordings, to publicly perform the copyrighted work by means of digital transmission.

By name, interference with prospective economic advantage implies that a claimant business's right to property imperative to its operation has been interfered with by an opposing party. In Hyphy's amended counterclaim for intentional interference with prospective business advantage, Hyphy complains that Yellowcake interfered with Hyphy's acts of "uploading and commercially exploiting the Los Originales Albums [,] which generated substantial views" on the website www.Youtube.com. (ECF 15, ¶ 56). The acts that Hyphy alleges that Yellowcake interfered with are equivalent to the Section 106 acts of reproducing, distributing and performing by means of digital transmission the sound recordings at issue herein. *See*, 17 U.S.C. §§ 106(1), (3) and (6).

To state a claim for intentional interference with contractual relations, an obvious element of the claim is that the claimant must allege the existence of a contract. *See, e.g., UMG Recordings, Inc. v. Global Eagle Entertainment, Inc*. 117 F.Supp.3d 1092, 1115 (C.D. Cal. 2015). In Hyphy's amended counterclaim for intentional interference with contractual relations, Hyphy alleges that Yellowcake interfered with Hyphy's contractual relations with Chavez, to wit, the oral agreement by which Hyphy claims ownership of Yellowcake's Copyrighted Sound Recordings. (ECF 15, ¶ 16). Since the

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

interfering acts concerned an alleged contract concerning ownership of copyrights, logically such a claim encompasses all six of the rights enumerated in Section 106 of the Copyright Act.  (ECF 15, ¶¶ 62-65); *see also,* 17 U.S.C. §§ 106(1)-(6).

*G&G Closed Circuit Events, LLC v. Parker* states, "A state law unfair competition claim can be preempted by copyright law if the unfair competition claim is based solely on rights that are protected by federal copyright law." No. 20-CV-1017-CAB-MDD, 2020 WL 4365887, at *2 (S.D. Cal. July 30, 2020) (internal citations omitted). In Hyphy's amended counterclaim for unfair competition pursuant to Cal. Bus. & Prof. Code § 17200, the unfair acts alleged by Hyphy are the same acts as those enumerated in 17 U.S.C. § 106, which constitute a claim under the Copyright Act. Hyphy alleges that Plaintiff and Counterdefendants have been "reproducing and performing, or benefitting financially from" Yellowcake's Copyrighted Sound Recordings (otherwise known as the sound recordings contained on the Los Originales Albums, or "Masters" as Hyphy refers to them), and that Hyphy was owed money for that. (ECF 15, ¶ 68); 17 U.S.C. §§ 106(1), (3) and (6).

In a counterclaim for conversion, the elements of that claim include a claimant's ownership of the intellectual property at issue, and a defendant's disposal thereof, interfering with the claimant's ownership rights. *See, Dallas & Lashmi, Inc. v. 7-Eleven, Inc.,* 112 F. Supp. 3d 1048, 1060 (C.D. Cal. 2015). In this instance, Hyphy alleges that Yellowcake "intentionally interfered with Counterclaimant's ownership and rights" in the sound recordings at issue, a claim encompassing all six of the ownership rights enumerated in Section 106 of the Copyright Act. (ECF 15, ¶ 74); 17 U.S.C. §§ 106(1)-(6). Hyphy further alleges that Yellowcake disposed of the disputed sound recordings through "use and exploitation", again, an allegation encompassing all of the rights enumerated in Section 106 of the Copyright Act. *Id.*

Furthermore, even if the issue of preemption was eliminated by the dismissal of Hyphy's federal claims, "A district court may, at its discretion, decline to exercise supplemental jurisdiction over remaining state law claims […] as doing so would most

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York  11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

sensibly serve the values of economy, convenience, fairness and comity." *Trenton*, 865 F. Supp. at 1427; *see also,* 28 U.S.C. § 1367(c)(3). Where a Court has dismissed all claims over which it has original jurisdiction, at its discretion it may "decline to exercise supplementary jurisdiction over the remaining state causes of action where doing so would most sensibly serve the values of economy, convenience, fairness and comity." *Id.*, *citing Executive Software North America, Inc. v. U.S.D.C.,* 24 F.3d 1545 (9th Cir. 1994).

## IV.    CONCLUSION

As abundantly demonstrated above, Defendant/Counterclaimant Hyphy has failed to state a cause of action under Federal Rule of Civil Procedure 12(b)(6) in each of its First Amended Counterclaims that Yellowcake, Colonize and Hernandez seek to dismiss herein.

For all of the foregoing reasons, it is respectfully requested that this Court grant Plaintiff/Counterdefendant Yellowcake, Colonize and Hernandez's Motion to Dismiss Defendant/Counterclaimant Hyphy's First Amended Counterclaims numbered 1, 3, 4, 5, 6, and 7, for Direct Copyright Infringement Under 17 U.S.C. § 101 *et seq.* "as to the Los Originales Albums" against Yellowcake and Colonize and related Temporary, Permanent, and Injunctive Relief against Yellowcake and Colonize; Intentional Interference with Prospective Business Advantage against Yellowcake and Colonize; Intentional Interference with Contractual Relations against Hernandez, Yellowcake, and Colonize; Unfair Competition Under California Business and Professions Code § 17200 against Yellowcake, Colonize, and Hernandez; and Conversion against Yellowcake, respectively, as well as such other and further relief as the Court may deem just and proper.

///
///
///
///

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

1   Dated: October 2, 2020      Respectfully submitted,

2

3                            **ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

4

5                            By: /s/ Seth L. Berman

6                            Seth L. Berman, Esq. (*admitted pro hac vice*)

7                            ***Attorneys for Plaintiff Yellowcake, Inc., and Counterdefendants Colonize Media, Inc., and Jose David Hernandez***

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system on this 2nd day of October 2020, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those that are indicated as non-registered participants, if any.

/s/ Seth L. Berman_____
Seth L. Berman, Esq.

---

14

**PLAINTIFF AND COUNTERDEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**