# EXHIBIT D

GEORGE L. PRAJIN CASBN 280055
LOPEZ & PRAJIN
ATTORNEYS AT LAW
500 Newport Center Dr., Suite 600
Newport Beach, California 92660
Telephone: (949) 706-1141
Email: gp@lopezprajin.com

ALEJANDRO MENCHACA CASBN220471
9025 Wilshire Blvd., Suite 500
Beverly Hills, California 90211
Telephone: (626) 554-4744
Email: amenchaca@ymail.com

UNITED STATES DISTRICT COURT

EASTERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., A CALIFORNIA CORPORATION,<br><br>    PLAINTIFF,<br>  v.<br><br>HYPHY MUSIC, INC.,<br><br>    DEFENDANT. | **CASE NO.: 1:20-CV-00988-DAD-BAM**<br><br>**FIRST AMENDED COUNTERCLAIM** |
| HYPHY MUSIC, INC.,<br><br>    COUNTERLAIMANT<br><br>  v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC.; JOSE DAVID HERNANDEZ; JESUS CHAVEZ SR. | |

**FIRST AMENDED COUNTERCLAIM**
- 1 -

Counterclaimant Hyphy Music, Inc. ("Hyphy Music" or "Counterclaimant"), by and through their undersigned attorneys, allege as follows:

## NATURE OF THE ACTION

1. Counterclaimant bring this action seeking to put an immediate stop to, and to obtain redress for, Counter-defendants' ongoing and willful infringement of Counterclaimants' copyrighted recordings and album cover art.

## THE PARTIES

2. Counterclaimant Hyphy Music, Inc. is a California Corporation with its headquarters in the County of Fresno that does business in the Eastern District of California.

3. Counter-defendant Yellowcake, Inc. (hereinafter "Yellowcake") is a California corporation with its headquarters in the County of Stanislaus that does business in the Eastern District of California.

4. Counter-defendant Colonize Media, Inc. (hereinafter "Colonize") is a California corporation with its headquarters in the County of Stanislaus that does business in the Eastern District of California.

5. Counter-defendant Jose David Hernandez (hereinafter "Hernandez") is an individual and principal of Yellowcake and Colonize, who is informed and believes resides in the County of Fresno and does business in the Eastern District of California.

6. Counter-defendant Jesus Chavez Sr. (hereinafter "Chavez") is an individual who resides in the County of Fresno and does business in the Eastern District of California.

7. Counterclaimant alleges that at all times relevant to the facts and circumstances of this Counterclaim, each of the Counter-defendants was the subsidiary, parent, agent, principal, manager, officer, director, instrument, alter ego, franchisee, franchisor, employee, employer, master, servant, partner, co-conspirator, and/or successor or predecessor in interest of the other Counter-defendants, and in committing the acts and omissions hereinafter alleged, was acting within the scope of such agency, management, instrumentality, office, directorship, employment, franchise, servitude, partnership, conspiracy, or interest, and with the consent of his, her, or its Counter-defendants.

**FIRST AMENDED COUNTERCLAIM**
- 2 -

## JURISDICTION

9.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

10.      This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over Counterclaimant's state law claims under 28 U.S.C § 1367.

11.      This Court has personal jurisdiction over Counter-defendants because, among other things, Counterclaimants Yellowcake and Colonize maintain offices and do business in this District. Counter-defendant Hernandez also does business and resides in the Eastern District. Also, a substantial part of the acts of infringement complained of herein have occurred in the State of California and in this District, and/or Counter-defendants have caused injury to Counterclaimant in the State of California and in this District.

12.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a) in that in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a) for the reasons set forth above in Paragraph 9. Additionally, this Counterclaim is compulsory based on the filing of the action entitled Yellowcake, Inc. v. Hyphy Music, Inc., Case No. 1:20-CV-00988-DAD-BAM.

## GENERAL ALLEGATIONS

13.      Counterclaimant repeats and realleges every allegation contained in paragraphs 1 through 12 as if fully set forth herein.

14.      Counterclaimant Hyphy Music is a record label which is in the business of producing, manufacturing, distributing, exploiting, selling, and licensing sound and audiovisual recordings and artwork in the United States.

15.      Counter-defendant Chavez is the founder and principal of a musical group by the name of Los Originales De San Juan. Los Originales De San Juan is a popular musical group in the area of Spanish-language Regional Mexican music.

16.      On or about February 2013, Counterclaimant Hyphy Music entered into an oral exclusive recording agreements with Jesus Chavez (hereinafter, "Agreement") whereby Counterclaimant commissioned Chavez, for a period of five (5) years, to exclusively provide

**FIRST AMENDED COUNTERCLAIM**
- 3 -

services as a recording artist in the making of sound and audio-visual recordings embodied in albums listed on Exhibit A (hereinafter, "Los Originales Albums"). Pursuant to the Agreement, Counterclaimant agreed to: 1) select the musical compositions to be recorded on the Los Originales Albums; 2) commission and/or provide the sound engineers and audio visual directors; 2) produce the musical performances to be embodied on the Los Originales Albums; 3) direct the recording and filming of musical and the audio visual performances to be embodied on the Los Originales Albums; and 4) pay Chavez a fixed amount per Los Originales Album. In turn, Chavez agreed to follow Hyphy's artistic direction, perform and record the sound and audiovisual recordings embodying the musical compositions chosen and produced by Hyphy Music, as well as to grant Counterclaimant the non-exclusive right to utilize Counterdefendant Chavez's name and likeness as well as his musical group's name in connection with the exploitation of the Los Originales Albums in perpetuity. In consideration for the services provided and payment thereto, Chavez agreed that Counterclaimant would be the owner of all title, right, and interest in and to the tangible masters of Los Originales Albums and all intellectual property rights in the musical performances embodied in the tangible masters of Los Originales Albums (including without limitation the copyrights and any extensions and renewals thereto) from the inception of the creation of each Los Originales Album.

17.     In reliance on the above Agreement, in addition to commissioning Counter-defendant Chavez to perform the musical performances embodied on the Masters and paying Chavez for all right title and interest in the Los Originales Albums, Counterclaimant contributed sufficient original authorship in the creation of the Los Originales Albums by selecting the musical compositions, commissioning and directing engineers and directors and/or providing the services itself, directing the recording and filming of the musical and audio visual performances to be embodied on the Los Originales Albums and producing the Los Originales Albums. In doing so, Counterclaimant contributed sufficient originality to these works so as to make Counterclaimant, at minimum, the co-author, co-owner, and joint owner of the Copyrights in works under the Copyright Act.

18.     Counterclaimant also produced, created, and designed the album cover art associated with the Los Originales Albums. This included, without limitation, Counterclaimant

locating and scouting locations, taking the photography and/or commissioning photographers, for the album cover photos were taken, hiring the photographer(s), designing sets/ props, assisting in wardrobe, and providing graphic design work (hereinafter, "Los Originales Cover Art").

19.     Counterclaimant has also registered the copyrights in the Los Originales Albums listed on Exhibit B ("Originales Copyrights"), including the cover art. The copyright registration numbers associated with each of the Los Originales Albums are set forth in Exhibit B. Counterclaimant also registered the copyrights in the Los Originales Cover Art. True and accurate copies of the Los Originales Cover Art and their corresponding copyright registration numbers are set forth in Exhibit C.

20.     Accordingly, Counterclaimant is the exclusive copyright owner of the Los Originales Albums and Los Originales Cover Art.

21.     On or about April 2019, Counter-defendant Hernandez had a meeting with Counter-defendant Chavez in the County of Fresno wherein he expressed his interest in exploiting the Los Originales Albums. Counterclaimant is informed and believes that at that time, Counter-defendant Chavez advised Counter-defendant Hernandez that he had entered into a contract with Counterclaimant and that Counterclaimant was the owner of the Los Originales Albums.

22.     Counter-defendant Hernandez intentionally and willfully misled Counter-defendant Chavez when he wrongfully and mistakenly told him that Counterclaimant had no rights to the Los Originales Albums, was free to sell the subject works to Hernandez's companies, Yellowcake and Colonize, and offered Chavez a significant sum of money to purportedly purchase the rights in the Los Originales Albums. Counter-defendant further induced Counter-defendant Chavez to to ignore his contractual obligations to Counterclaimant by promising to indemnify Chavez in the event Counterclaimant sought legal redress from Chavez. Counter-defendant Hernandez engaged in this conduct, both individually and in his capacity as a principal of Counter-defendants Yellowcake and Colonize, in in an effort to disrupt the contractual relations between Counterclaimant and Counter-defendant Chavez.

23.     As a result, thereof, Counter-defendant Chavez purportedly entered into an

**FIRST AMENDED COUNTERCLAIM**
- 5 -

agreement with Counter-defendant Yellowcake whereby in exchange for these monies and promises, he wrongfully transferred his ownership and rights in the Los Originales Albums and Cover Art to Counter-defendant Yellowcake. At the time he entered into said agreement with Counter-defendant Yellowcake, Chavez had no such rights to grant.

24.     On or about May and/or June 2019, Counterclaimant discovered that Counter-defendant Yellowcake and Colonize had created or caused to be created derivative works of the Los Originales Albums and Cover Art, and was distributing, selling, and commercially exploiting these derivative works via such online platforms as ITunes, Apple Music, Spotify, Amazon Music and YouTube, without Counterclaimant's authorization. Counterclaimant is informed and believes and thereon alleges that Counter-defendants Yellowcake and Colonize uploaded derivative works of the Los Originales Albums and Cover Art on YouTube.

25.     On or about May and June 2020, Counterclaimant first learned that Counter-defendant Yellowcake was unlawfully claiming ownership in the masters and sound recordings embodied in the Los Originales Albums when it sent correspondence to Counterclaimant. These infringing works have previously been included in Exhibit A to Plaintiff Yellowcake's Complaint. As set forth above, Counterclaimant had previously purchased ownership in the masters, sound recordings, and cover art associated with the Los Originales Albums.

26.     In addition, Counter-defendants Yellowcake and Colonize are also commercially exploiting the Los Originales Cover Art which Counterclaimant created, designed, and owns the copyrights in. The only modification to the cover art being distributed, displayed, and exploited over streaming platforms by Counter-defendants Yellowcake and Colonize that they have removed the logos belonging to Hyphy Music and instead substituted their respective logos. Aside from this substitution of these logos, Counter-defendants' Album Cover Art is identical to Counterclaimant's.

27.     Counter-defendants Yellowcake and Colonize have no direct license from Counterclaimant for the use of the Los Originales Albums and Cover Art. Accordingly, Counter-defendants do not currently possess any license or authority, nor do they pay any royalties for their ongoing reproduction, and/or display of the Los Originales Album and Cover Art.

**FIRST AMENDED COUNTERCLAIM**

- 6 -

28.     Counter-defendant Colonize and Yellowcake also sent fraudulent DMCA takedown notices to YouTube falsely claiming that Counterclaimant had no right to post or upload the Los Originales Albums and Cover Art. Prior to that time, Counterclaimant had received significant revenue from YouTube and its uploads provided an important and lucrative marketing channel for the Los Originales Albums and Cover Art.

29.     To date, Counter-defendants' uploads of the Los Originales Albums and Cover Art which are rightfully owned by Plaintiff have generated substantial views on their respective YouTube channels. Counterclaimant is also informed and believes and thereon alleges that Counter-defendants have generated significant sums of monies from their unlawful distribution, licensing, and commercial exploitation of the Los Originales Albums and Cover Art.

30.     Counter-defendants' use of Counterclaimant's copyrighted materials is a blatant violation of Plaintiffs' rights under federal copyright law and California law.

## FIRST CLAIM FOR RELIEF

### Direct Infringement of Plaintiffs' Rights Under 17 U.S.C. § 101 et seq. as to the Los Originales Albums

### (Against Counter-defendants Yellowcake and Colonize)

31.     Counterclaimants repeat and reallege every allegation contained in paragraphs 1 through 30 as if fully set forth herein.

32.     This claim for relief arises under 17 U.S.C. § 501.

33.     At all times relevant, Counterclaimant has owned the Los Originales Albums and Los Originales Cover Art and has been the owner of the exclusive rights provided under 17 U.S.C. § 106.

34.     Counterclaimants' copyrighted works in the Los Originales Albums are sound and audiovisual recordings and are original works of authorship constituting copyrightable subject matter within the meaning of 17 U.S.C. § 102.

35.     Without authorization or compensation, Counter-defendants Yellowcake and Colonize are willfully and unlawfully reproducing, displaying, and/or publicly performing the Los Originales Copyrights in violation of 17 U.S.C. §§ 106 and 501.

36. These unauthorized reproductions, public performances and/or displays are distributed, uploaded, and exploited by Counter-defendants on such streaming services as Spotify, Apple ITunes, Apple Music Pandora, as well as YouTube. In the case of the Los Originales Cover Art, Counter-defendants reproduced such works and made them available without Counterclaimant's permission and/or license.

37. Counter-defendants' infringement of Counterclaimants' rights in each of the Los Originales Copyrights constitutes a separate and distinct act of infringement.

38. Counter-defendants' acts of infringement are knowing, willful and intentional and in disregard of and indifference to Counterclaimants' rights. As set forth above, Counter-defendants were aware of Counterclaimant's claim of ownership in the Los Originales Copyrights.

39. As a direct and proximate result of Counter-defendants' infringement of Counterclaimants' copyrights and exclusive rights under copyright, Counterclaimants are entitled to maximum statutory damages pursuant to 17 U.S.C. Section 504(c) in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. Section 504(c). Alternatively, at Counterclaimants election, pursuant to 17 U.S.C. Section 504(b), Counterclaimant is entitled to its actual damages, including Counterdefendant's profits from the infringement, as will be proven at trial.

40. Counter-defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Counterclaimant great and irreparable injury that cannot be fully compensated or measured in money damages. Counterclaimant has no adequate remedy at law. Accordingly, Counterclaimant is entitled to a permanent injunction prohibiting infringement of Counterclaimant's copyrights and exclusive rights under copyright pursuant to 17 U.S.C. § 502.

41. Counterclaimant is entitled to its costs and reasonable attorneys' fees pursuant to 17 U.S.C. Section 505.

///

////

////

**FIRST AMENDED COUNTERCLAIM**
- 8-

## SECOND CLAIM FOR RELIEF

### Direct Infringement of Plaintiffs' Rights Under 17 U.S.C. § 101 et seq. as to
### the Los Originales Cover Art
### (Against Counter-defendants Yellowcake and Colonize)

42. Counterclaimants repeat and reallege every allegation contained in paragraphs 1 through 41 as if fully set forth herein.

43. This claim for relief arises under 17 U.S.C. § 501.

44. At all times relevant, Counterclaimant has owned the Los Originales Cover Art and has been the owner of the exclusive rights provided under 17 U.S.C. § 106.

45. Counterclaimants' copyrighted works in the Los Originales Albums and Cover Art are sound and audiovisual recordings and are original works of authorship constituting copyrightable subject matter within the meaning of 17 U.S.C. § 102.

46. Without authorization or compensation, Counter-defendants Yellowcake and Colonize are willfully and unlawfully reproducing, exploiting, and displaying the Los Originales Cover Art in violation of 17 U.S.C. §§ 106 and 501.

47. Based on information and belief, it was Counter-defendants Yellowcake and Colonize that determined what cover art should accompany a stream of a sound recording and selected the cover art to be displayed. The cover art which Counter-defendants Yellowcake and Colonize are displaying, exploiting, and reproducing is identical to the Los Originales Cover Art, with the minor exception that Counter-defendants have replaced Counterclaimant's logo with their own logo.

48. Counter-defendants' infringement of Counterclaimants' rights in each of the Los Originales Cover Art constitutes a separate and distinct act of infringement.

49. Counter-defendants' acts of infringement are knowing, willful and intentional and in disregard of and indifference to Counterclaimants' rights. As set forth above, Counter-defendants' were aware of Counterclaimant's claim of ownership in the Los Originales Cover Art.

50. As a direct and proximate result of Counter-defendants' infringement of

Counterclaimants' copyrights and exclusive rights under copyright, Counterclaimants are entitled to maximum statutory damages pursuant to 17 U.S.C. Section 504(c) in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. Section 504(c).

51.     Counter-defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Counterclaimant great and irreparable injury that cannot be fully compensated or measured in money damages. Counterclaimant has no adequate remedy at law. Accordingly, Counterclaimant is entitled to a permanent injunction prohibiting infringement of Counterclaimant's copyrights and exclusive rights under copyright pursuant to 17 U.S.C. § 502.

52.     Counterclaimant is entitled to its costs and reasonable attorneys' fees pursuant to 17 U.S.C. Section 505.

### THIRD CLAIM FOR RELIEF

### Temporary, Permanent, and Injunctive Relief

### (Against Counter-defendants Yellowcake and Colonize)

53.     Counterclaimant realleges and incorporates by references the allegations set forth in Paragraphs 1 through 52, inclusive, and incorporates them by reference as though fully set forth herein.

54.     The continuing wrongful acts of Counter-defendants have harmed and continues to harm the interest of Counterclaimant and as a result, Counterclaimant has sustained and will continue to sustain substantial injury and damage to its ownership rights in the Los Originales Albums and Los Originales Cover Art. Unless enjoined, Counterclaimant will suffer irreparable harm for which there is no adequate remedy at law. As such, Counterclaimant seeks injunctive relief prohibiting Counter-defendants from engaging in further infringement and ordering Counter-defendants to destroy any and all copies of infringing work pursuant to 17 U.S.C. §§ 502 and 503.

///

///

////

## FOURTH CLAIM FOR RELIEF

### Intentional Interference with Prospective Business Advantage

### (Against Counter-defendants Yellowcake and Colonize)

55.     Counterclaimant repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 53, inclusive, and incorporates them by reference as though set forth fully herein.

56.     Counterclaimant was in an economic relationship with YouTube that, if not impeded by Counter-defendants, would have resulted in an economic benefit to Counterclaimant; specifically, by uploading and commercially exploiting the Los Originales Albums and Los Originales Cover Art which generated substantial views. Advertisements would be placed on Plaintiff's videos embodying the Los Originales Masters and Cover Art. The revenue derived from these advertisements would be shared between YouTube and Plaintiff.

57.     Counter-defendants knew of this economic relationship between Counterclaimants and YouTube and intended to disrupt it. Counter-defendants engaged in wrongful conduct by, among other things, sending fraudulent DMCA takedown notices to YouTube. In doing so, Counter-defendants knew that that their actions were substantially likely to result in interference with Counterclaimant's economic relationship with YouTube.

58.     Counterclaimant's relationship with YouTube with regard to their video channels was disrupted when YouTube agreed to block Counterclaimant's posting of videos in their YouTube channels and to cease payments of advertising revenues to Plaintiff for advertisements placed on Counterclaimant's videos embodying the Los Originales Masters and Los Originales Cover Art. This deprived Counterclaimants of the revenue that would have earned through the placement of advertisements on Counterclaimant's videos. As such, Counterclaimants were damaged as a result of the disruption of this relationship in an amount to be proven at trial. Counter-defendant's wrongful conduct was a substantial factor in causing this harm to Counterclaimant.

59.     As such, Counterclaimants have been damages by Counter-defendants and each of them with Counterclaimant's economic relations in an amount to be determined.

## FIFTH CLAIM FOR RELIEF

### Intentional Interference with Contractual Relations

### (Against Counter-defendants Hernandez, Yellowcake, and Colonize)

60. Counterclaimant repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 59, inclusive, and incorporate them by reference as though set forth fully herein.

61. Counter-defendant Hernandez is a principal of Counter-defendants Yellowcake and Colonize.

62. On or about April 2019, Counter-defendant Hernandez had a meeting with Counter-defendant Chavez in the County of Fresno wherein he expressed his interest in exploiting the Los Originales Albums. Counterclaimant is informed and believes that at that time, Counter-defendant Chavez advised Counter-defendant Hernandez that Counterclaimant was the owner of the Los Originales Albums.

63. Counterdefendant Hernandez intentionally and willfully misled Counter-defendant Chavez when he wrongfully and mistakenly told him that Counterclaimant had no rights to the Los Originales Albums, was free to sell the subject works to Hernandez's companies, Yellowcake and Colonize, and offered Chavez a significant sum of money to purportedly purchase the rights in the Los Originales Albums. Counter-defendant Hernandez further induced Counter-defendant Chavez to ignore is contractual obligations to Counterclaimant by promising to indemnify Chavez in the event Counterclaimant sought legal redress from Chavez. Counter-defendant Hernandez engaged in this conduct, both individually and in his capacity as a principal of Counterdefendants Yellowcake and Colonize, in an effort to disrupt the contractual relations between Counterclaimant and Counterdefendant Chavez.

64. As a result, thereof, Counter-defendant Chavez purportedly entered into an agreement with Counter-defendant Yellowcake whereby in exchange for these monies and promises, he wrongfully transferred his ownership and rights in the Los Originales Albums and Cover Art to Counter-defendant Yellowcake. At the time he entered into said agreement with Counter-defendant Yellowcake, Chavez had no such rights to grant.

65.     Counterclaimant has now been harmed by Counter-defendants' interference with its Agreement with Chavez. Counter-defendants' conduct was a substantial factor in causing the harm.

66.     Counterclaimant's damages will be determined in an amount according to proof at time of trial.

## SIXTH CLAIM FOR RELIEF

### Unfair Competition Under California Business and Professions Code § 17200
### (Against all Counter-defendants Yellowcake, Colonize, and Hernandez)

67.     Counterclaimant repeats and realleges every allegation contained in paragraphs 1 through 66 as if fully set forth herein.

68.     Without authorization, Counter-defendants Yellowcake and Colonize are reproducing and performing, or benefitting financially from, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the reproduction and performance of Counterclaimant's statutory and common law rights in the Los Originales Albums and Cover Art and have engaged in common law misappropriation. Counter-defendant Hernandez also induced Chavez to breach his agreement with Counterclaimant, in order to purportedly obtain rights which Chavez had no right to give.

69.     Counter-defendants' conduct as alleged herein constitutes an unfair method of competition and/or an unfair, unlawful, or deceptive practice within the meaning of Section 17200 of the California Business and Professions Code that has caused, and continues to cause, irreparable injury to Plaintiffs' business, goodwill and reputation.

70.     Counter-defendants' actions, if not enjoined, will continue. Plaintiffs have no adequate remedy at law and are entitled to permanent injunctive relief.

71.     As a result of Counter-defendants' unfair, unlawful or deceptive practices as set forth herein, Counterclaimant has suffered damage and is entitled to restitution in such amounts as will be proven at trial.

///

///

## SEVENTH CLAIM FOR RELIEF

### Conversion

### (Against Counter-defendant Yellowcake)

72.     Counterclaimant repeats and reallege every allegation contained in paragraphs 1 through 71 as if fully set forth herein.

73.     Counterclaimant owns the tangible master recordings embodying the musical performances contained in the Los Originales Albums (hereinafter, "Masters").

74.     Counter-defendant Yellowcake intentionally interfered with Counterclaimant's ownership and rights in the Masters by claiming ownership in such property, exercising dominion in such property, exploiting such property, and interfering with Counterclaimants' ability to commercially exploit such property. Counter-defendant's use and exploitation of the Masters was done without the consent of Counterclaimant.

75.     As a result, Counterclaimant has been harmed and Counter-defendant's conduct was a substantial factor in causing Counterclaimant's harm, the amount which will be proven at time of trial.

## EIGHTH CLAIM FOR RELIEF

### Breach of Oral Contract

### (Against Counter-defendant Jesus Chavez Sr.)

76.     Counterclaimant repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 75, inclusive, and incorporate them by reference as though set forth fully herein.

77.     Counter-defendant Chavez is the founder and principal of a musical group by the name of Los Originales De San Juan. Los Originales De San Juan is a popular musical group in the genre of Spanish-language Regional Mexican music.

78.     On February 2013, Counterclaimant Hyphy Music entered into an oral exclusive recording agreements with Jesus Chavez (hereinafter, "Agreement") whereby Counterclaimant commissioned Chavez, for a period of five (5) years, to exclusively provide services as a recording artist in the making of sound and audio-visual  recordings embodied in albums

(hereinafter, "Los Originales Albums"). Pursuant to the Agreement, Counterclaimant agreed to: 1) select the musical compositions to be recorded on the Los Originales Albums; 2) commission and/or provide the sound engineers and audio visual directors; 2) produce the musical performances to be embodied on the Los Originales Albums; 3) direct the recording and filming of musical and the audio visual performances to be embodied on the Los Originales Albums; and 4) pay Chavez a fixed amount per Los Originales Album. In turn, Chavez agreed to follow Hyphy's artistic direction, perform and record the sound and audiovisual recordings embodying the musical compositions chosen and produced by Hyphy Music, as well as to grant Counterclaimant the non-exclusive right to utilize Counter-defendant Chavez's name and likeness as well as his musical group's name in connection with the exploitation of the Los Originales Albums in perpetuity. In consideration for the services provided and payment thereto, Chavez agreed that Counterclaimant would be the owner of all title, right, and interest in and to the Los Originales Albums (including without limitation the copyrights and any extensions and renewals thereto) from the inception of the creation of each Los Originales Album.

79.     On April 2019, Counter-defendant Chavez breached the agreement by without limitation, purportedly transferring, licensing, selling, and/or authorizing Counter-defendants Yellowcake Colonize to exploit the Los Originales Albums and Cover Art.

80.     As a proximate result of Counter-defendant Chavez's breach, Counterclaimant has been damaged in an amount of $1,000,000.00.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaimant prays for judgment as follows:

### ON THE FIRST AND SECOND CLAIMS FOR RELIEF

1.     For actual or statutory damages for each of the Los Originales Albums and Los Originales Cover Art infringed upon pursuant to 17 U.S.C. §504.

2.     For damages in such amount as may be found, and requiring Counter-Defendants to account for and pay over to Plaintiff all profits derived from all acts of copyright infringement; alternatively, for statutory damages in the amount of $150,000 with respect to each copyright work involved in the action, for all infringements with respect to the copyrighted work concerned, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

3.     For Counterclaimant's reasonable attorney's fees and costs.

4. For such other relief as the Court deems just and proper.

## ON THE THIRD CLAIM FOR RELIEF

For a temporary, preliminary and permanent injunction enjoining Counter-defendants, and each of them and their agents, servants, employees and co-venturers, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

1. Commercially exploiting, displaying, reproducing, licensing, selling, distributing, or uploading the Los Originales Albums set forth in Exhibit B and works defined and/or described by Yellowcake in its Complaint as "Yellowcake's Copyrighted Works". In furtherance thereof, Counter-defendants shall not upload any of the Los Originales Albums or works defined and/or described as "Yellowcake's Copyrighted Works" onto any streaming platform including without limitation, YouTube, Spotify, ITunes, Apple Music, Spotify, or Amazon Music.

2. Commercially exploiting, displaying, reproducing, licensing, selling, distributing, or uploading the Los Originales Cover Art set forth in Exhibit C. In furtherance thereof, Counterdefendants shall not upload any of the Los Originales Cover Art onto any streaming platform including without limitation, YouTube, Spotify, ITunes, Apple Music, Spotify, or Amazon Music.

3. The Court shall also order Counter-defendants to remove from the Internet and any and all online platforms any of the Los Originales Albums which Counter-defendants are presently exploiting, distributing, licensing, or selling. This includes removing all works described by Yellowcake in its Complaint as "Yellowcake's Copyrighted Works".

3. The Court shall also order Counter-defendants to reverse the strikes associated with any DMCA takedown notices as to the Los Originales Albums.

4. The Court shall order Counter-defendants to destroy all copies of the Los Originales Albums or works defined and/or described by Yellowcake in its Complaint as "Yellowcake's Copyrighted Works" that Counter-defendants have downloaded, uploaded, stored, or maintained in any way.

5. The Court shall order Counter-defendants from engaging in any other activity

constituting an infringement of Counterclaimants' Los Originales Albums and Cover Art.

      6.      For Counter-defendant's profits from its infringement in an amount according to proof.

      7.      For actual damages in an amount according to proof.

      8.      For Counterclaimant's reasonable attorneys fee and costs.

      9.      For such other relief as the Court deems just and proper.

<strong><u>ON THE FOURTH CLAIM FOR RELIEF</u></strong>

      1.      For actual and compensatory damages in an amount in excess of One Million Dollars ($1,000,000.00).

      2.      For exemplary or punitive damages in an amount according to proof.

<strong><u>ON THE FIFTH CLAIM FOR RELIEF</u></strong>

      1.      For actual and compensatory damages in an amount according to proof.

      2.      For exemplary or punitive damages in an amount according to proof.

<strong><u>ON THE SIXTH CLAIM FOR RELIEF</u></strong>

      1.      For actual and compensatory damages according to proof, and to pay statutory damages, and restitution

<strong><u>ON THE SEVENTH CLAIM FOR RELIEF</u></strong>

      1.      For actual and compensatory damages in an amount not less than $1,000,000.00

      2.      For punitive damages.

<strong><u>ON THE EIGHTH CLAIM FOR RELIEF</u></strong>

      1.      For actual damages in an amount according to proof, but not less than $1,000,000.00

<strong><u>ON ALL CLAIMS FOR RELIEF</u></strong>

      1.      For all costs of suit herein.

      2.      For such other relief as the Court deems just and proper.

///

///

///

<strong>FIRST AMENDED COUNTERCLAIM</strong>

- 17-

Dated: August 28, 2020                    LOPEZ & PRAJIN

                                          By: ___*George L. Prajin*___
                                              George L. Prajin, Attorney for
                                              Counterclaimant

**FIRST AMENDED COUNTERCLAIM**
- 18-

# DEMAND FOR JURY TRIAL

Counterclaimant hereby demands a trial by jury.

Dated:   August 28,2020                    LOPEZ & PRAJIN

_George L. Prajin_
George L. Prajin, Esq.
Attorneys for the Counterclaimant

**EXHIBIT "A"**

**Los Originales Albums**

**1. Los Originales de San Juan- Amigos y Contrarios**

     1) Amigos y Contrarios

     2) El Tucan

     3) El Buchon

     4) El Puma de Tlazazalca

     5) Custodio Alvarez

     6) Dos Perros Malnacidos

     7) Rolando Junior

     8) Javier Guerrero

     9) Hugo S. Salazar

     10) Hoy Que Mis Hijos Se Fueron

     11) Jesus Herrera

     12) Corrido de Monchis

     13) Hartate Mugroso

     14) La Carera

**2. Los Originales de San Juan-Naci Con Suerte de Rey Con Mariachi**

     1) Naci Con Suerte de Rey

     2) Don Miguel Herrera

     3) Volver a Vivir

     4) Fiesta En Mi Rancho

     5) Que Bonito

     6) Que Vuelva Conmigo

**FIRST AMENDED COUNTERCLAIM**

- 20 -

7) Padre

8) Sin Llorar y Como Amigos

9) Devuelveme El Corazon

10) Que de Raro Tiene

11) Tarde Duo Con Paty Alvizo

12) Miraron Llorar A Este Hombre

**3.** **Los Originales de San Juan- Corridos de Poca M**

1) El Carlichi

2) Sin Fortuna

3) El Fantasma

4) Javier Fernandez

5) El Original

6) Manuel Gonzalez

7) Amanda Varela

8) Cuando No Se Nace Rico

9) Mi Viejo

10) Tan Solo Penas

**4.** **Los Originales de San Juan-El Campesino**

1) El Campesino

2) Solo Dios

3) El Arbol

4) El Paniqueado

5) Dinero Manchado

6) Corrido del Cach

**FIRST AMENDED COUNTERCLAIM**
- 21-

7) El Corrido de Camilo

8) El Martelito

9) Chicano Jaliciense

10) Miguel Fuentes

11) En Una Cajita de Oro

12) Mis Hijos Son Mi Tesoro

13) Marili

14) Suplica de Un Padre

**5.   Los Originales de San Juan-Desde La Cantina de Mi Barrio CD/DVD**

1) Mi Ultimo Deseo

2) La Peda

3) Paloma En Su Nido

4) El Morralito

5) Me Llaman Lineas de A Metro

6) Naci Con Suerte de Rey

7) El Tequilero

8) El Clavo

9) El Jabali

10) Con Una Copa En Mi Mano

11) La Cantina de Mi Barrio

12) El Carlichi

13) Vida Prestada

14) Fuiste Todo Para Mi

15) Eladio Mora

**6.** <u>**Los Originales de San Juan-Nuestra Historia CD/D**VD</u>

      1) El Rey del Cristal

      2) El Aguacatero Michoacano

      3) El Patas de Diablo

      4) El Cara de Chango

      5) La Raza Michoacana

      6) La Caspa del Diablo Ft. El Sinaloa

      7) La Troca del Mono Negro

      8) Deje de Engordar Marranos

      9) El Jardinero

      10) El Grande de Michoacan

      11) Rey de Reyes

      12) Pakas de A Kilo

      13) La Muerte de Manuelon

      14) Corrido del Charapo

      15) Los Cuatro Amigos

      16) El Numero Gratis

**EXHIBIT "B"**

**LOS ORIGINALES COPYRIGHTS**

**Sound Recording**

1. **Los Originales de San Juan- El Campesino-**
   **SR 0000810777**

2. **Los Originales de San Juan- Corridos de Poca M...-**
   **SR 0000869114**

3. **Los Originales de San Juan- En Vivo Desde La Cantina de Mi Barrio – SR**
   **0000820139**

4. **Los Originales de San Juan- Nuestra Historia En Vivo-**
   **SR 0000876925**

**AUDIOVISUAL WORKS**

**Motion Picture DVDs**

1. **Los Originales de San Juan - Desde La Cantina de Mi Barrio –**
   **PA 0002117425**

2. **Los Originales de San Juan- Nuestra Histeria (En Vivo)-**
   **PA 0002251974**

**Music Videos**

1. **Los Originales De San Suan- El Cara de Chango (En Vivo) –**
   **PA 0002198824**

2. **Los Originales De San Juan- El Morralito (En Vivo)**
   **PA 0002204506)**

**LOS ORIGINALES**

**COVER ART**

1. **Los Originales de San Juan "En Vivo Desde la Cantina de Mi Barrio" - VA**
   **0002204940**

**FIRST AMENDED COUNTERCLAIM**

- 24-

2.      Los Originales de San Juan "El Campesino" - VA 0002204942

3.      Los Originales de San Juan "Corridos de Poca M..." –
        VA 0002204354

4.      Los Originales de San Juan "Amigos y Contrarios" –
        VA 0002204356

5.      Los Originales de San Juan "Naci Con Suerte de Rey" –
        VA 0002204941

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2020, I electronically filed the foregoing with the document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties as follows:

THOMAS P. GRIFFIN, JR. Esq.
HEFNER, STARK & MAROIS, LLP
2150 RIVER PLAZA DRIVE, SUITE 450
SACRAMENTO, CA 95833

SETH L. BERMAN, sq.
ABRAMS, FENSTERMAN, FERNSTERMAN,
EISMAN, FORMATO, FERRARA, WOLF &
CARONE, LLP

In the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_George L. Prajin_
George L. Prajin

FIRST AMENDED COUNTERCLAIM
- 26-