1
2
3
4

LOPEZ & PRAJIN
GEORGE L. PRAJIN CASBN 280055
500 Newport Center Dr., Suite 600
Newport Beach, CA 92660
Telephone Number: (949) 706-1141
Email: gp@lopezprajin.com

5
6
7

ALEJANDRO MENCHACA CASBN 220471
9025 Wilshire Blvd., Suite 500
Beverly Hills, California 90211
Telephone Number: (626) 554-4744
Email: amenchaca@gmail.com

8

Attorneys for Defendant/Counterclaimant HYPHY MUSIC, INC.

9
10
11

UNITED STATES DISTRICT COURT

EASTERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., California corporation,<br><br>                    Plaintiff,<br>  v.<br><br>HYPHY MUSIC, INC.,<br><br>                    Defendant. | **CASE NO.:**<br><br>**1:20-CV-00988-DAD-BAM**<br><br>**OPPOSITION TO PLAINTIFF-COUNTERDEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT-COUNTERCLAIMANT'S COUNTERCLAIMS PURSUANT TO FEERAL RULES OF CIVIL PROCEDURE 12(b)(6)** |
| HYPHY MUSIC, INC.,<br><br>                    Counterclaimant,<br><br>    v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ SR,<br><br>                    Counterdefendants. | **DATE:        NOVEMBER 3, 2020**<br>**TIME:        9:30 A.M.**<br>**CTRM:       5 (7TH FLOOR)**<br><br>**JUDGE:       HON. DALE A. DROZD** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................ 1

II.   STATEMENT OF FACTS ............................... 1

III.  ARGUMENTS ........................................... 3

    A.    Hyphy's First Amended Counterclaim for Copyright
      Infringement and Third Amended Counterclaim for Related
      Injunctive Relief are Properly Alleged ............................ 4

    B.    Hyphy's Fourth, Fifth, Six and Seventh Amended Counterclaims
      for Intentional Interference With Prospective Business
      Advantage, Intentional Interference with Contractual Relations,
      Unfair Business Practices, and Conversion Are Not Barred By
      The Statute of Frauds ...................................... 6

    C.    Hyphy's Fourth, Fifth, Six and Seventh Amended Counterclaims
      for Intentional Interference With Prospective Business
      Advantage, Intentional Interference with Contractual Relations,
      Unfair Business Practices, and Conversion Are Not
      Preempted ........................................... 9

IV.   LEAVE TO FILE A FIRST AMENDED COMPLAINT SHOULD BE
      GRANTED .............................................. 10

V.    CONCLUSION ........................................ 12

OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS

1
2

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 ...................................................................3

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 ................................................3

*Conley v. Gibson* (1957) 355 U.S. 41 ....................................................................3

*Coto Settlement v. Eisenberg* (9th Cir. 2010) 593 F.3d 1031 ...............................4

*DCD Programs, Ltd. v. Leighton* (9th Cir. 1987) 833 F.2d 183 ..........................10

*Doe v. United States* (9th Cir. 2005) 419 F.3d 1058 .............................................5

*Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699 ...............................................4

*Starr v. Baca* (9th Cir. 2011) 652 F.3d 1202 ........................................................4

*Sybersound Records, Inc. v. UAV Corp.* (2008) 517 F.3d 1137 ........................4, 5

*Trenton v. Infinity Broad. Corp.* (C.D. Cal. 1994) 865 F.Supp. 1416 ...................9

*U.S. v. Corinthian Colleges* (9th Cir. 2011) 655 F.3d 984 ..................................10

*Zakk v. Diesel* (2019) 33 Cal.App.5th 431 ............................................................6

*Zucco Partners, LLC v. Digimarc Corp.* (9th Cir. 2009) 552 F.3d 981 ...............10

**Statutes**

102 ............................................................................................................................9

17 U.S.C. § 202 ........................................................................................................9

17 U.S.C. § 204(a) ...................................................................................................8

17 U.S.C. §§ 101 ......................................................................................................9

**Treatises**

Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 370 ............................6

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant/Counterclaimant HYPHY MUSIC, INC., a California corporation ("Hyphy") hereby opposes the Motion to Dismiss Hyphy's First Amended Counterclaims numbered 1, 3, 4, 5, 6, and 7 (the "Motion") brought by Plaintiffs/Counterdefendants YELLOW CAKE, INC., a California corporation ("Yellow Cake"), COLONIZE MEDIA, INC., a California corporation ("Colonize"), and JOSE DAVID HERNANDEZ, an individual ("Hernandez") (collectively, "Moving Counterdefendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") (the "Opposition").

## I.    INTRODUCTION

Hyphy's Amended Counterclaims at issue are based on its co-ownership of the copyrights in certain sound and audiovisual recordings, and, *in the alternative*, its acquisition of such rights *and other tangible rights in the physical manifestation thereof* via a fully performed oral agreement. Moving Counterdefendants focus their Motion solely on Hyphy's claim to the acquisition of rights via an oral agreement because their Motion can only be successful if this Court completely (and improperly) ignores Hyphy's well pled claim to co-ownership based on contributions of original authorship and full payment for the tangible masters. Furthermore, Hyphy's allegations of various state law claims are not preempted by the U.S. Copyright Act (the "Act") because such claims are partially based on Moving Counterdefendants' wrongful actions affecting Hyphy's ownership of, and right to exploit, tangible physical property rights in the masters embodying the relevant sound recordings.

## II.    STATEMENT OF FACTS

Hyphy is a record label in the business of producing, manufacturing, distributing, exploiting, selling and licensing sound and audiovisual recordings and artwork in the United States. ECF 15, ¶ 14. Counterdefendant JESUS CHAVEZ SR., an individual ("Chavez"), is the founder and principal of the popular Spanish-

language musical group Los Originales De San Juan. ECF 15, ¶ 15. In or about February 2013, Hyphy commissioned Counterdefendant Chavez (the "Agreement") to provide recording artist services on sound and audio-visual recordings embodied on various albums (collectively, the "Los Originales Albums"). ECF 15, ¶ 16; Exhibit A thereto.

Pursuant to the Agreement, Hyphy contributed sufficient original authorship to the creation of the Los Originales Albums by *inter alia* selecting the musical compositions, commissioning and directing engineers and directors and/or providing the services itself, directing the recording and filming of the musical and audio visual performances to be embodied on the Los Originales Albums and producing the Los Originales Albums. ECF 15, ¶ 17. Hyphy also produced, created and designed the album cover art associated with the Los Originales Albums. ECF 15, ¶ 18. As a result of these contributions of original authorship, Hyphy registered copyrights in such albums (the "Originales Copyrights"). ECF 15, ¶ 19; Exhibit B thereto.

Moving Counterdefendants Yellowcake and Colonize purport to be engaged in the business of intellectual property rights exploitation and digital music distribution, respectively. ECF 23, 2:8-10. Moving Counterdefendant Hernandez is a principal of both Moving Counterdefendants Yellowcake and Colonize. ECF 23, 2:10-11. In or about April 2019, Counterdefendant Hernandez met with Counterdefendant Chavez and intentionally and willfully mislead him into wrongfully transferring Chavez's ownership of, and rights in, the Los Originales Albums to Moving Counterdefendants. ECF 15, ¶¶ 21-22. This document is referred to by Moving Counterdefendants as the "Asset Purchase and Assignment Agreement" and was fraudulently entered into on or about March 21, 2019 (the "APA Agreement"). ECF 23, 2:11-17.

In or about May and/or June 2019, Hyphy discovered that Moving Counterdefendants Yellowcake and Colonize had created derivative works of the Los Originales Albums and were distributing, selling and commercially exploiting

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

- 2-

1  these derivative works without Hyphy's authorization. ECF 15, ¶ 24. In so doing,
2  Moving Counterdefendants were also unlawfully claiming ownership in the tangible
3  masters embodying the sound recordings thereof (the "Masters"). ECF 15, ¶ 25.
4  Moving Counterdefendants did all this despite not having any license or other
5  authorization from Hyphy. ECF 15, ¶ 27.

6  In a transparent attempt to be perceived as the victim before this Court,
7  Moving Counterdefendants rushed to be the first to file a complaint, contending that
8  they have "complied in all respects with the provisions of the Copyright Act" and
9  that Hyphy's actions in exploiting its rights in the Los Originales Albums are
10 "unauthorized." *See* ECF 23, 2:18-22 & 3:3-11. Based on Hyphy's rights in the Los
11 Originales Albums, including the Masters, Hyphy filed its Counterclaims on August
12 19, 2020. Thereafter, on or about August 28, 2020, Hyphy filed a First Amended
13 Counterclaim simply detailing Hyphy's specific rights in the tangible Masters,
14 which were affected by Counterdefendants' wrongful conduct as alleged.

15 Moving Counterdefendants now seek, via their Motion, to dismiss the First,
16 Third, Fourth, Fifth, Sixth and Seventh Amended Counterclaims found within
17 Hyphy's First Amended Counterclaims, pursuant to FRCP Rule 12(b)(6).

## III. **ARGUMENTS**

18
19 "To survive a motion to dismiss, a complaint or counterclaim must contain
20 sufficient factual matter, accepted as true, to state a claim to relief that is plausible
21 on its face." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 677-78 (internal citations
22 omitted). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain
23 statement of the claim showing that the pleader is entitled to relief,' in order to 'give
24 the defendant fair notice of what…the claim is and the grounds upon which it rests.'"
25 *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 555 (*citing Conley v. Gibson* (1957)
26 355 U.S. 41, 47). Stated differently, "a complaint must contain sufficient factual
27 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*,
28 556 U.S. at 678.

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

For purposes of Moving Counterdefendants' Motion, however, the Court may "augment" Hyphy's relevant counterclaims with matters of public record and facts susceptible to judicial notice, including those set forth in Moving Counterdefendants' own Motion. *Coto Settlement v. Eisenberg* (9th Cir. 2010) 593 F.3d 1031, 1038; *see also Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699, 706. Further, the Court must adopt whichever plausible inference supports a counterclaim's allegations where such allegations are capable of more than one inference. *Starr v. Baca* (9th Cir. 2011) 652 F.3d 1202, 1216. Based on such authority, and the allegations in Hyphy's relevant Counterclaims, the Motion should be dismissed and Hyphy's Counterclaims allowed to proceed.

A.    **Hyphy's First Amended Counterclaim for Copyright Infringement and Third Amended Counterclaim for Related Injunctive Relief are Properly Alleged**

Hyphy's First and Third Counterclaims are valid because Hyphy alleges that it is a joint author in, and therefore joint owner of, all right, title and interest in the Los Originales Albums, including the Masters. As a joint author, Hyphy shares an equal undivided interest in the whole of such rights with Chavez. *Sybersound Records, Inc. v. UAV Corp.* (2008) 517 F.3d 1137, 1144-1145 ("[C]o-owners are like tenants in common, each owning a share of the undivided whole.") (internal citations omitted). This is the case regardless of whether Hyphy also pleads in the alternative that it was granted an oral license to such rights.

Moving Counterdefendants make every effort to have this Court believe that Hyphy's Amended Counterclaims "arise from an alleged oral agreement." But, as alleged in Paragraph 17 of the First Amended Counterclaim, "Counterclaimant contributed sufficient original authorship in the creation of the Los Originales Albums by selecting the musical compositions, commissioning and directing engineers and directors and/or providing the services itself, directing the recording and filming of the musical and audio visual performances to be embodied on the Los

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

Originales Albums and producing the Los Originales Albums." ECF 15, ¶ 17. The Counterclaim further sets forth that "[i]n so doing, Counterclaimant contributed sufficient originality to these works so as to make Counterclaimant, at a minimum, the co-author, co-owner, and joint owner of the Copyrights in works under the Copyright Act." *Id*. Accordingly, this Court cannot accept Moving Counterdefendants' contention that Hyphy does not possess a valid copyright in the relevant sound recordings and Masters, or that any claim thereto is made only by way of an oral agreement with Counterdefendant Chavez. *Doe v. United States* (9th Cir. 2005) 419 F.3d 1058, 1062.

Because this Court must accept as true Hyphy's allegations that it is a joint author in the relevant copyrights, Hyphy may therefore sue Moving Counterdefendants for copyright infringement on the basis that Counterdefendant Chavez never had the ability to grant the rights that Moving Counterdefendants purport to have exclusively obtained. A co-owner of a copyright cannot grant exclusive rights in a copyright without the agreement of the other co-owner. *See Sybersound Records, Inc. supra* (2008) 517 F.3d at 1145. Moving Counterdefendants do not dispute Hyphy's contention that Moving Counterdefendants attempted to exclusively acquire, and then exploited, rights in the relevant copyrights in the Los Originales Albums. Since Counterdefendant Chavez had no right to license such rights to Moving Counterdefendants, though, Hyphy's claim for Copyright Infringement against Moving Counterdefendants for such actions should be allowed to proceed.

Accordingly, Hyphy's First and Third Amended Counterclaims are sufficiently alleged.

///

///

///

///

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

**B.** **Hyphy's Fourth, Fifth, Six and Seventh Amended Counterclaims for Intentional Interference with Prospective Business Advantage, Intentional Interference with Contractual Relations, Unfair Business Practices, and Conversion Are Not Barred By The Statute of Frauds**

Initially, Hyphy notes that its Fourth, Fifth, Sixth and Seventh Amended Counterclaims are not barred by the statute of frauds because each such claim is based upon Hyphy's rights in the relevant copyrights in the Los Originales Albums that result from its joint ownership of the same as Hyphy has alleged. *See* ECF 15, ¶ 17. Each such Amended Counterclaim alleges wrongdoing on the basis of its incorporation by reference to Hyphy's general claim to co-ownership of such rights, and to Hyphy's specific claim in its First Amended Counterclaim that it "owned the Los Originales Albums…" ECF 15, ¶ 33. Not one of such counterclaims rely solely "on Hyphy being able to establish written, contract-based ownership of the copyrights at issue herein." ECF 23, 8:3-7.

Putting aside Hyphy's well pled allegation in the alternative that it is a joint owner of all exclusive rights in the relevant copyrights, Hyphy also alleges that it is entitled to both tangible and intangible rights that were acquired via an oral agreement not barred by the statute of frauds and that form the basis of Hyphy's Fourth, Fifth, Sixth and Seventh Amended Counterclaims. "Where the contract…has been fully performed by one party, the remaining promise is taken out of the statute [of frauds], and the party who performed may enforce it against the other." *Zakk v. Diesel* (2019) 33 Cal.App.5th 431, 450 (quoting 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 370, p.414). Here, each relevant Amended Counterclaim is based on an alleged oral agreement that – as alleged – have been fully performed and does not contain any ongoing obligations of either party. *See* ECF 15 ¶¶ 16-17.

///

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

Hyphy's Fourth Amended Counterclaim for Intentional Interference of Prospective Economic Advantage is premised on Moving Counterdefendants' Yellowcake and Colonize interference with Hyphy's economic relationship with YouTube to exploit its rights in videos embodying the Los Originales Masters. ECF 15 ¶¶ 56-58. Notwithstanding Hyphy's claim to be a joint owner of such rights, Hyphy alleges in the alternative that its claim to the rights in the videos embodying the Los Originales Masters derives from its oral agreement with Counterdefendant Chavez in which it commissioned Counterdefendant Chavez to render services, and paid Counterdefendant Chavez for all right, title and interest in the Los Originales Albums. ECF 15 ¶¶ 16-17. Such oral agreement cannot be within the statute of frauds, however, because Hyphy has fully performed the same by actually commissioning Counterdefendant Chavez to render services and actually fully paying Counterdefendant Chavez for all rights. *See* ECF 15 ¶ 17.

Hyphy's Fifth Amended Counterclaim for Intentional Interference with Contractual Relations is premised on Moving Counterdefendants Hernandez, Yellowcake and Colonize's interference with Hyphy's oral agreement with Counterdefendant Chavez. ECF 15 ¶¶ 62-64. By meeting with Counterdefendant Chavez and tricking him into entering into the APA Agreement purportedly granting Moving Counterdefendants the relevant rights in the Los Originales Albums, as well as inducing Counterdefendant Chavez to ignore his contractual obligations to Hyphy and telling Counterdefendant Chavez that they would indemnify him in the event of a dispute with Hyphy, Moving Counterdefendants prevented Hyphy from realizing the benefit of its own oral agreement with Counterdefendant Chavez for the same rights. ECF 15 ¶ 63. Hyphy's oral agreement with Counterdefendant Chavez cannot be invalidated by being within the statute of frauds, though, because Hyphy fully performed the same. *See* ECF 15 ¶ 17.

Hyphy's Sixth Amended Counterclaim for Unfair Competition is premised on Moving Counterdefendants Hernandez, Yellowcake and Colonize exploiting the

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**
- 7-

1  rights in the Los Originales Albums, and benefiting financially therefrom. ECF 15 ¶

2  68. Hyphy alleges that such exploitation is unfair in the face of Hyphy's oral

3  agreement with Counterdefendant Chavez for the same rights. ECF 15 ¶ 69. Given

4  that such oral agreement was fully performed, though, it is not within the statute of

5  frauds and is therefore enforceable for purposes of Hyphy's allegations regarding.

6  *See* ECF 15 ¶ 17.

7       Hyphy's Seventh Amended Counterclaim for Conversion is premised on

8  Hyphy having rights in the tangible Masters embodying the intangible intellectual

9  property rights acquired by way of its fully performed oral agreement with

10 Counterdefendant Chavez. ECF 15 ¶ 73. Hyphy alleges that Moving

11 Counterdefendant Yellowcake has interfered with this right by claiming ownership

12 of, and exercising dominion over, all rights in the Los Originales Albums. ECF 15 ¶

13 74. As with all other Amended Counterclaims based on the oral agreement, though,

14 Hyphy's Seventh Amended Counterclaim should be entitled to proceed because the

15 oral agreement is not subject to the statute of frauds since it was fully performed by

16 Hyphy. *See* ECF 15 ¶ 17.

17      Furthermore, Moving Counterdefendants' claim that the "copyright statute of

18 frauds" created by Sections 101 and 204 of the Act prevents the enforceability of the

19 oral agreement is misplaced, to the extent that Hyphy's Counterclaims are based on

20 an oral agreement regarding tangible and intangible rights. Section 204 of the Act

21 only applies to "[a] transfer of copyright ownership" – not any other terms. *See* 17

22 U.S.C. § 204(a). It therefore makes no difference whether the 'copyright statute of

23 frauds' materially differs from California's statute of frauds, because Section 204 of

24 the Act is inapplicable to any portion of the alleged oral agreement unrelated to the

25 transfer of copyright ownership – which portions include the transfer of tangible real

26 property rights in the Masters.

27      Therefore, Hyphy's Fourth, Fifth, Sixth and Seventh Amended Counterclaims

28 are not barred by the statute of frauds and are sufficiently alleged.

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

- 8-

**C.      Hyphy's Fourth, Fifth, Six and Seventh Amended Counterclaims for Intentional Interference With Prospective Business Advantage, Intentional Interference with Contractual Relations, Unfair Business Practices, and Conversion Are Not Preempted**

Hyphy's Fourth, Fifth, Sixth and Seventh Amended Counterclaims are also not preempted by the Act because they do not involve all of the same "subject matter" covered by its copyright infringement counterclaims brought via the Act. A claim involves different subject matter "if qualitatively other elements are required, instead of or in addition to the acts of reproduction, performance, distribution or display…" *Trenton v. Infinity Broad. Corp.* (C.D. Cal. 1994) 865 F.Supp. 1416, 1428 (internal citations omitted). Here, each of Hyphy's Fourth, Fifth, Sixth and Seventh Amended Counterclaims all possess different subject matter because all such claims are at least partly based on Moving Counterdefendants' wrongdoing affecting Hyphy's right to own and possess the tangible Masters.

Copyright law protects the rights of authors who create works that include intangible sound recordings. 17 U.S.C. §§ 101 and 102. However, ownership of a copyright is "distinct from ownership of any material object in which the work is embodied," and any transfer of ownership of any such material object does not create or infer a transfer of the copyrights therein. 17 U.S.C. § 202. The tangible embodiment of intangible rights, like the tangible Masters here, are therefore qualitatively different, and any claim affecting such tangible embodiment necessarily involves different subject matter and another element for the claim to be established: *ownership of a material object not covered by copyright law or a claim for copyright infringement*.

Here, each and every one of Hyphy's Fourth, Fifth, Sixth and Seventh Amended Counterclaims ultimately include the allegation that Moving Counterdefendants' alleged actions have interfered with Hyphy's right to possess and exploit the tangible Masters. ECF 15, ¶¶ 56-58, 63-64, 68 and 74. Moving

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**
- 9-

Counterdefendants cite case law to support their proposition that each cause of action based on intangible intellectual property rights are preempted. ECF 23, 11:4-7 and 11:16-19. But this is simply a distraction, as none of such case law speaks to the separate property rights in the tangible masters that create another element to each relevant counterclaim.

Accordingly, Hyphy's Fourth, Fifth, Sixth and Seventh Amended Counterclaims are not preempted and are therefore sufficiently alleged.

## IV. <u>LEAVE TO FILE A FIRST AMENDED COMPLAINT SHOULD BE GRANTED</u>

In the event this Court grants all or any portion of Moving Counterdefendants' Motion, leave to amend should be granted. "The Standard for granting leave to amend is generous…[as] the court considers five factors in assessing the propriety of leave to amend – bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *U.S. v. Corinthian Colleges* (9th Cir. 2011) 655 F.3d 984 (internal citations omitted). Although Moving Counterdefendants have failed to raise in their Motion – and have therefore waived – any argument regarding why each of the above factors weigh against granting leave, each such factor weighs in Hyphy's favor as set forth below.

Given that Hyphy's counterclaims were originally filed just two months ago and this matter is still in its early stages, there can be no bad faith or undue delay. *See DCD Programs, Ltd. v. Leighton* (9th Cir. 1987) 833 F.2d 183, 187. Furthermore, Hyphy's amendments to its original counterclaims were minimal and voluntary (i.e. not pursuant to a request from Moving Defendants) and not made pursuant to a ruling from this Court regarding any potentially deficient allegations. Therefore, no indication is present that a potential second amendment would be futile in yielding additional facts critical to establishing the sufficiency of Hyphy's contentions. *See Zucco Partners, LLC v. Digimarc Corp.* (9th Cir. 2009) 552 F.3d 981, 1007. The only question is whether Hyphy's efforts to further amend the

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

Amended Counterclaims would be futile in establishing its alternative allegation for joint ownership of the relevant copyrights, or the additional element of its state law claims centering around possession of the tangible Masters.

Moving Counterdefendants' claim that Hyphy's First Amended Counterclaim for Copyright Infringement and Third Amended Counterclaim for related Injunctive Relief should be dismissed because Hyphy fails to establish valid ownership of the relevant copyrights. (ECF 23, 5:18-19.) But this is not the case, as Hyphy has made clear herein that such claim is based in part on its alternative allegations that it is, at a minimum, the co-author, co-owner, and joint owner of all copyrights in the Los Originales Albums based on its sufficiently original contributions thereto. *See* ECF 15, ¶ 17. To the extent this Court sees any ambiguity or lack of clarity in such alternative allegations, leave to amend would be productive in allowing Hyphy to clearly allege such joint ownership.

Moving Counterdefendants also claim that Hyphy's Fourth, Fifth, Sixth and Seventh Amended Counterclaims must be dismissed because each one is based on an oral agreement that is within the statute of frauds and therefore unenforceable. ECF 23, 8:9-11. To the extent each such Amended Counterclaims are based on Hyphy's oral agreement with Counterdefendant Chavez, in which it commissioned him to render services, and paid him for all right, title and interest in the Los Originales Albums, such oral agreement cannot be disregarded as being within the statute of frauds because Hyphy fully performed its obligations thereunder. Despite this, Hyphy is willing to further amend its Amended Counterclaims to state more expressly that it has performed *all* of such obligations under the oral agreement, if this Court finds that such fact is not completely clear in its present allegations.

Finally, Moving Counterdefendants claim that Hyphy's Fourth, Fifth, Sixth and Seventh Amended Counterclaims must be dismissed because each one is preempted by the Act. ECF 23, 9:7-8. As established herein, though, each such claim is also partially based on Moving Counterdefendants' respective actions that

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

interfered with Hyphy's right to freely possess the tangible Masters. To the extent it is unclear to this Court how each such Amended Counterclaim is qualitatively different because it involves the additional element of ownership of a material object (i.e. the Masters), granting Hyphy leave to further amend its Amended Counterclaims to clarify such point would not be futile.

Accordingly, in the event this Court finds that deficiencies exist within the Amended Counterclaims, Hyphy should be granted leave to file a Second Amended Counterclaim.

## V.    **CONCLUSION**

For the foregoing reasons, Moving Counterdefendants' Motion should be denied, or, in the alternative, leave should be granted for Hyphy to file a Second Amended Counterclaim curing any actual deficiencies found by this Court.

Dated: October 16, 2020                                    LOPEZ & PRAJIN


By:    _____/s/George L. Prajin_____
George L. Prajin, Attorney for
Counterclaimant

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2020, I electronically filed the foregoing with the document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties as follows:

THOMAS P. GRIFFIN, JR. Esq.
HEFNER, STARK & MAROIS, LLP
2150 RIVER PLAZA DRIVE, SUITE 450
SACRAMENTO, CA 95833

SETH L. BERMAN, sq.
ABRAMS, FENSTERMAN, FERNSTERMAN,
EISMAN, FORMATO, FERRARA, WOLF &
CARONE, LLP

In the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    /s/George L. Prajin
                                    George L. Prajin

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**