**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
    sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

**HEFNER STARK & MAROIS, LLP**
Thomas P. Griffin Jr., Esq. (SBN 155133)
    tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

Attorneys for Plaintiff YELLOWCAKE, INC., and Counterdefendants COLONIZE MEDIA, INC., and JOSE DAVID HERNANDEZ

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

YELLOWCAKE, INC., a California corporation,

        Plaintiff,

  v.

HYPHY MUSIC, INC.,

        Defendant.

Case No.:
**1:20-cv-00988-DAD-BAM**

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

**[Filed Concurrently with Request for Judicial Notice]**

Judge: Hon. Dale A. Drozd
Date: November 3, 2020
Time: 9:30 a.m.
Courtroom: Courtroom 5. 7th floor

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

1    _____
2    HYPHY MUSIC, INC.,                      )
                                             )
3                 Counterclaimant,           )
                                             )
4        v.                                  )
                                             )
5                                            )
6    YELLOWCAKE, INC.; COLONIZE              )
     MEDIA, INC.; JOSE DAVID                 )
7    HERNANDEZ, and JESUS CHAVEZ SR,         )
                                             )
8                                            )
9                 Counterdefendants.         )
                                             )
10   _____

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS
DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

1

## <u>TABLE OF CONTENTS</u>

2    TABLE OF CONTENTS...............................................................................................i

3    TABLE OF AUTHORITIES.......................................................................................ii

4    REPLY MEMORANDUM OF POINTS AND AUTHORITIES……...…................1

5       I.     INTRODUCTION…………………………………………………………1

6       II.    ARGUMENT……………………………………………………………...2

7              A.   Hyphy Cannot Overcome its Admissions that it Lacks the Written

8                  Agreements Required by Copyright Act §§101 and 204(a) .............2-3

9              B.   Hyphy's False Representations to the Copyright Office Invalidate its

10                 Registrations, Warranting Dismissal for Lack of Standing .............3

11             C.   Registrations Identified in Exhibit B to Hyphy's First Amended

12                 Counterclaims Utterly Refute Hyphy's Conflicting Theory

13                 of Co-Authorship ………...………………….………………..…..5

14             D.   If the Court Deems Hyphy and Chavez to be Co-Authors, All of

15                 Hyphy's Amended Counterclaims are Rendered Moot,

16                 and Must be Dismissed …………………..…………………………6

17             E.   The State Law Claims are Preempted by the Copyright Act Regardless

18                 of Whether Hyphy Alleges Ownership by Co-Authorship or by

19                 Contract ………………………………………………...……6

20             F.   Hyphy's Failure to Counter-Move and Attach a Proposed Pleading are

21                 Procedural Defects Warranting Denial

22                  of its Request to Amend ……………………………...……9

23      III.   CONCLUSION…………………………………………………….....10

24

25

26

27

28

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS
DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

1

## TABLE OF AUTHORITIES

2

**Cases**                                                                  **Page(s)**

3    *220 Laboratories, Inc. v. Babaii*,

4          No. CV 08-6125PSGSSX,

5          2008 WL 5158863, at *8 (C.D. Cal., Dec. 8, 2008) …………………..……7

6    *Aagard v. Palomar Builders, Inc.*,

7          344 F. Supp. 2d 1211, 1219 (E.D. Cal. 2004)…………………………..……8

8    *Dielsi v. Falk*,

9          916 F.Supp. 985, 992 (C.D.Cal. 1996)………………………………..........9

10   *Firoozye v. Earthlink Network*,

11         153 F.Supp.2d 1115, 1130 (N.D. Cal. 2001)……………………….…….......9

12   *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,

13         139 S.Ct. 881, 885 (2019) …………………………………………..…….....5

14   *Herrera v. California Highway Patrol*,

15         2017 WL 590244, at *2 (E.D. Cal. Feb. 14, 2017…………………………….10

16   *Konigsberg Int'l, Inc. v. Rice*,

17         16 F.3d 355 (9th Cir. 1994)…………………………………………….....…3

18   *Narayan v. Cty. of Sacramento*,

19         No. 219CV00466TLNCKDPS,

20         2020 WL 5658333, at *2 (E.D. Cal. Sept. 23, 2020)……………..…….….9, 10

21   *Oddo v. Ries*,

22         743 F.2d 630, 632-633 (9th Cir. 1984)………………………………………..5

23   *Sybersound Records, Inc. v. UAV Corp.*,

24         517 F.3d 1137 (9th Cir. 2008)……………………..………………....………..5

25   *Wild v. NBC Univ., Inc.*,

26         788 F.Supp.2d 1083, 1111 (C.D. Cal. 2011);.)………………………………9

27   **Federal Rules**

28   Fed. R. Civ. P. Rule 15……………………………………………………....9

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

---

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

1

### Federal Statutes

2   17 U.S.C. § 101……………………………………………….......2, 3

3   17 U.S.C. § 106……………………………………………………………8

4   17 U.S.C. § 202………………………………………………………...8

5   17 U.S.C. § 204(a)……………………………………………...2, 3

6   17 U.S.C. § 411……………………………………..…...……...1-5

7

### Local Rules

8   Local Rule 137(c)…………………………………...………...……9, 10

9   Local Rule 230(e) …………………………………….…………9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS
DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Yellowcake, Inc., ("Yellowcake") and Counterdefendants Colonize Media, Inc., ("Colonize") and Jose David Hernandez ("Hernandez"), submit this Reply Memorandum in further support of their Motion to Dismiss Defendant/Counterclaimant Hyphy Music, Inc.'s ("Hyphy") First Amended Counterclaims numbered 1, 3, 4, 5, 6, and 7 ("FACCs"). Hyphy's own Sound Recording copyright registrations listed in Exhibit B of its FACCs directly contradict its arguments, making it clear that these are indeed spurious amended counterclaims that must be dismissed without leave to amend. *See* ECF 15; Exhibits A, B, C & D to the accompanying Reply Declaration of Seth L. Berman, Esq., ("Berman R. Dec.").[1]

Hyphy has admitted in its FACCs that it does not claim ownership of the Sound Recording copyrights at issue by any written agreement, and that its ownership claim is based only on an oral agreement, insufficient to establish ownership under the Copyright Act. Hyphy's admission of no written contract in its FACCs is contradicted by the copyright registrations on which its counterclaim is based, in which Hyphy represented to the U.S. Copyright Office (U.S.C.O.) that it owns copyrights in the Sound Recordings at issue by written work for hire agreement (Berman R. Dec., Exs. A-C) and written agreement (Ex. D). Hyphy has not produced any of the required written agreements to that effect with its FACCs or Opposition. The absence of any written agreements, 'for hire' or otherwise, from Hyphy's FACCs and Opposition leads to a single conclusion: the written agreements required to show Hyphy's copyright ownership do not exist.

Further, Hyphy's false representation to the U.S.C.O. that it owned the Sound Recordings under non-existent work for hire agreements or written agreements, which it has not produced, invalidates its registrations and bars it from using those registrations to satisfy the prerequisites for bringing a copyright infringement claim under 17 U.S.C.

---

1 Berman R. Decl., **Exhibits. A-H** are U.S. Copyright Office records that are also submitted as attachments to the concurrently filed Request for Judicial Notice thereof.

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

§411. As Hyphy is unable to establish ownership, the first element of a copyright infringement claim, and the copyright registrations constituting its statutory prerequisite to suit are invalid, its counterclaims under the Copyright Act must be dismissed.

Hyphy's copyright registrations also refute its alternative basis for copyright ownership that it was a co-author with Chavez. Co-authorship would negate the need for a written agreement and both Hyphy and Chavez would have co-ownership rights in the Sound Recordings. If Hyphy truly believed it had a co-ownership interest in the Sound Recordings as a co-author with Chavez, then Hyphy still made false representations to the U.S.C.O. regarding authorship because Hyphy's registrations identify either Hyphy or Chavez alone as author, but never as co-authors. *See* Berman R. Dec., Exs. A-D.

Hyphy's argument that the oral agreement between Hyphy and Chavez is outside the California Statute of Frauds still cannot overcome the requirement under Copyright Act §204(a) and the definition of "work for hire" in §101 that copyright ownership and transfers thereof must be memorialized in a written agreement. Hyphy's argument that ownership of a "tangible" *i.e.,* physical copy of the Sound Recording Masters is an additional element qualitatively setting its state law claims apart from its federal copyright claims is untenable. Hyphy's state law claims would still be subject to dismissal as preempted by the Copyright Act as all of them are premised on an alleged agreement regarding the ownership and commercial exploitation of creative works – Copyright Act subject matter that lies in the particular domain of federal copyright law.

Hyphy's improper request for leave to amend, should be denied. Such a request is required to be made by counter-motion filed in addition to a party's opposition, instead of within the opposition memorandum. Hyphy failed to attach proposed pleadings, a procedural defect on which this Court has denied properly-noticed motions to amend. Amending would be futile and prejudicial as there is no basis on which Hyphy could amend its FACCs that would survive the arguments already set forth in this Motion.

## II.    ARGUMENT

### A. Hyphy Cannot Overcome its Admissions that it Lacks the Written

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**Agreements Required by Copyright Act §§101 and 204(a)**

Hyphy's amended copyright infringement claims fail to establish the ownership element of that cause of action and fail to state a claim. Hyphy's Opposition offers nothing that can overcome Hyphy's admission in its FACCs that its claim of copyright ownership is based on an oral agreement, insufficient to transfer copyright ownership under 17 U.S.C. §204(a)'s requirement that any transfer of copyright ownership be in writing. Moreover, §204(a) functions as the Copyright Act's own statute of frauds, and it is always applicable in the context of copyright ownership even when state statutes of frauds are not. *See Konigsberg Int'l, Inc. v. Rice*, 16 F.3d 355, 357 (9th Cir. 1994).

Hyphy's registrations represented to the U.S.C.O. that it owned one Sound Recording pursuant to a written agreement, and other three Sound Recordings as works for hire, requiring that Hyphy obtain a written work for hire agreement with the original author of the works. *See* Berman R. Decl., <u>Exs. D; A-C</u>; *see also*, 17 U.S.C. §101 (stating that a work may only be for hire "if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire."). Hyphy has not produced the written agreements needed to establish copyright ownership with its FACCs or Opposition. With Hyphy's concession that its alleged agreement with Chavez was oral, the only conclusion is that no written agreements, and no ownership, exist.

**B. Hyphy's False Representations to the Copyright Office Invalidate its Registrations, Warranting Dismissal for Lack of Standing**

The registration information for each of Hyphy's copyrights is unsupported by or directly contradicted by its admissions and omissions in its FACCs and Opposition. Hyphy claims to rely on these registrations as the statutory prerequisite for its infringement counterclaims under 17 U.S.C. §411, but it is clear that Hyphy willfully made false representations to the U.S.C.O. in order to obtain sham registrations. Its counterclaims based on false and invalid copyright registrations should be dismissed.

Neither copies nor even a mention of the written agreement or written work for hire agreements are contained in the FACCs and Opposition demonstrating that the

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

required writings do not exist. Copies of the written agreement and written work for hire agreements required by Hyphy's representations in its registrations (Berman R. Dec., <u>Exs. A-D)</u>, are absent from Hyphy's pleadings and Opposition demonstrating that the required writings do not exist. This invalidates Hyphy's copyright registrations, showing that Hyphy knowingly made false representations to the U.S.C.O. that it owned the Sound Recordings pursuant to non-existent written agreements. The fourth registration (Berman R. Dec., <u>Ex. D</u>) which alleges transfer of ownership by written agreement that Hyphy has not produced in its defense, is further suspect. The fourth registration was filed in early 2017, during the term of Hyphy and Chavez's alleged oral agreement. Yet Hyphy's FACCs do not allege the existence of a single written agreement from 2017 – the FACCs only claim ownership via the alleged oral agreement. ECF 15, ¶16.

Hyphy already had knowledge of Yellowcake's registration for the same exact works when it filed its application for Reg No. SR0000876925 in August 2020, days after this action was filed on July 16, 2020. *See* Berman R. Dec., <u>Exhibits F & B</u> respectively; *see also* <u>Exs. E, G, & H</u> (Yellowcake's registrations filed as Ex. A to ECF 1). Hyphy the alternative theory that it is a co-author with Chavez, but does not identify itself and Chavez as co-authors in this registration. (<u>Ex. B</u>). Instead, it represents that it authored those Sound Recording pursuant to a work for hire agreement, which is required to be in writing, and which Hyphy has not produced. The contradictory information in this post-suit registration further makes it clear that Hyphy willfully made false representations to the U.S.C.O., and in the case of Reg. No. SR0000876925, did so only to obtain a sham registration so it could file infringement counterclaims.

In this manner, each of Hyphy's copyright registrations fails on its face because it knowingly misrepresents material facts regarding ownership and authorship to the U.S.C.O. If the U.S.C.O. had known Hyphy knowingly provided false information on its applications, it would have denied registration. *See* 17 U.S.C. §411(b). As no action for copyright infringement can be instituted without copyright registration, the invalidation of Hyphy's copyright registrations requires dismissal of its claims. *See* 17

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York  11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

U.S.C. §411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881, 885 (2019)("[R]egistration...has been made not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application."). Hyphy already knew it had no valid defense to Yellowcake's infringement claims before it filed its post-suit copyright registration and FACCs. Rather than admit it had no defense, Hyphy needlessly prolonged and complicated this litigation by filing counterclaims based on invalid registrations obtained by false representations to the U.S.C.O. On this basis alone, Hyphy's FACCs should be dismissed.

### C. Registrations Identified in Exhibit B to Hyphy's First Amended Counter-claims Utterly Refute Hyphy's Conflicting Theory of Co-Authorship

Hyphy's own copyright registrations undercut its theory of co-authorship because the registrations represent that the works are 'for hire' and no co-authors are identified on the registration indicating that Hyphy, via work for hire agreement, is the sole owner and author. On one hand, Hyphy argues that its alleged oral agreement with Chavez is sufficient to transfer full ownership of the Sound Recordings to Hyphy. On the other hand, Hyphy argues that it co-authored the Sound Recordings with Chavez, a situation in which no agreement between Hyphy and Chavez would have been needed, and both would have had ownership rights as co-authors.

In the latter situation, Chavez could legally assign his partial ownership as co-author to Yellowcake by written agreement, without infringing Hyphy's rights as the other partial owner and co-author. *Oddo v. Ries*, 743 F.2d 630, 632-633 (9th Cir. 1984) ("A co-owner of a copyright cannot be liable to another co-owner for infringement of the copyright. Rather, each co-owner has an independent right to use or license the use of the copyright."). *Sybersound Records, Inc. v. UAV Corp*., 517 F.3d 1137 (9th Cir. 2008), cited by Hyphy is distinguishable as it only establishes that one co-owner of a copyright cannot transfer the entirety of an exclusive right in the copyright without the permission of the other co-owner(s). It does not mean that a co-owner could not sell its partial ownership interest to a third-party. As such the sale of Chavez's partial ownership

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

interest to Yellowcake is valid.

If they were truly co-authors, why did Hyphy not list Chavez and itself as co-authors instead of only naming itself and describing the work as "for hire" in its registrations? In fact, Hyphy did not list *any* co-authors on its registrations. In addition to Chavez, all other contributors, *i.e.,* the musicians and production professionals referred to in ¶17 of Hyphy's FACCs would all be alleged co-authors, not Hyphy. ECF 15. Even on the one registration where Hyphy identifies Chavez and several other individuals as co-authors, Hyphy does not identify itself as a co-author, showing that it never held itself out as a contributing co-author until this litigation. As such, Hyphy should be estopped from asserting its inconsistent alternative theory of co-authorship by its own representations to the U.S.C.O. regarding authorship.

**D. If the Court Deems Hyphy and Chavez to be Co-Authors, All of Hyphy's Amended Counterclaims are Rendered Moot, and Must be Dismissed**

Assuming *arguendo* that Hyphy was a co-author, (yet in reality, by its own admission, it is not), that still would not provide Hyphy with a basis for a viable counterclaim for copyright infringement or any of Hyphy's state law claims against Plaintiff/Counterdefendants. If the Court entertains Hyphy's proffered "alternative", and deems it a co-author and co-owner with Chavez, then all of Hyphy's other causes of action, including its state law claims based on a contract or implied contract, and the associated rights to possession of income or property, would have to be dismissed.

As a co-author with Yellowcake through its acquisition from Chavez, at best Hyphy would have a cause of action for an accounting for Yellowcake's sales and/or income earned from the Sound Recordings since Yellowcake's acquisition of its interest in the copyrights. Likewise Hyphy would have to make an accounting to Yellowcake for its sales and/or income after the date of acquisition and to Chavez prior to the date he transferred his partial ownership interest to Yellowcake.

**E. The State Law Claims are Preempted by the Copyright Act Regardless of Whether Hyphy Alleges Ownership by Co-Authorship or by Contract**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

Under Hyphy's alternative theory of co-authorship indicating co-ownership without the need for a contract, the Court would not need to address preemption of Hyphy's state law claims as they would all be rendered a nullity where both parties were co-authors and therefore co-owners. If the Court does not credit Hyphy's alternative theory, each of Hyphy's state law claims for interference with contractual relations, interference with business advantage, unfair competition, and conversion are *still* subject to dismissal as they each arise from issues of ownership, exploitation of, and loss of income from musical Sound Recordings, alleging violation of rights no broader than or distinct from those protected by the Copyright Act. ECF 15, ¶¶56-58, 64, 68, 74.

Hyphy's argument that Plaintiff/Counterdefendants only addressed "intangible" intellectual property rights in their preemption analysis of Hyphy's amended state law counterclaims, to the exclusion of "tangible" property rights, is absolutely ridiculous. Simply, if a claim "is predicated on the unauthorized reproduction of creative work" then the claim is preempted. *220 Laboratories, Inc. v. Babaii*, 2008 WL 5158863, at *8 (C.D. Cal., Dec. 8, 2008). Hyphy's amended state law counterclaims are all based on its alleged loss of income from its reproduction and distribution of the intangible digital Sound Recordings on intangible digital music consumer platforms such as the website www.youtube.com, due to Yellowcake's allegedly infringing reproduction and distribution of the same intangible digital products in the same intangible digital marketplaces. *See* ECF 1, ¶¶15-16; ECF 15, ¶¶56-58, 64, 68, 74.

In the paragraphs of its FACCs that Hyphy cites as the bases for its argument that possession of the tangible Masters adds a qualitatively different element to its claims, there is no allegation that Chavez improperly possessed a physical copy of the Sound Recordings or transferred any physical copy of the Sound Recordings to Yellowcake. ECF 15, ¶¶64, 68. In ¶¶56-58, 68, Hyphy's allegations pertain to the reproduction and distribution of the Sound Recordings on the digital platform www.youtube.com. No physical or "tangible" copy of the Sound Recordings is required for Hyphy or Yellowcake to reproduce and distribute the Sound Recordings in the exclusively digital

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

environment of sites such as www.youtube.com. As the alleged reproduction and distribution is in a digital web-based context independent of possession of a physical copy of the Sound Recordings, the tangible state of property is not an element of the exercise of dominion over property implicated in ¶74. ECF 15. Even if Hyphy owned the physical Master (which it does not), as author Chavez would still have the Copyright Act 106 right to make his own copies and grant that right to third parties like Yellowcake.

Hyphy's reliance on the *title* of Section 202 of the Copyright Act: **"**Ownership of copyright as distinct from ownership of material object" is wholly misplaced. The text of 17 U.S.C. §202[2] actually supports Plaintiff/Counterdefendants' position. It simply states that copyrights cannot be transferred by transferring ownership of the material object in which the work is first fixed – the so-called "Master copy." As such, even assuming that Hyphy could own the "Master copy" by virtue of its oral argument with Chavez, which it does not, Chavez would still retain the right as author to transfer the right to make copies of the master recordings to Plaintiff/Counterdefendants. On the other hand, Hyphy would still have no right to make any other copies without express written permission from Chavez.

As the foregoing makes clear, Hyphy's state law claims are not qualitatively different from its copyright infringement claims. Although a claimant may claim an "extra element", namely, loss of business and/or a defendants' intent, federal copyright laws already protect the exclusive right of distribution. *See Aagard v. Palomar Builders, Inc.,* 344 F.Supp.2d 1211, 1219 (E.D. Cal. 2004) (rejecting argument that loss of business resulting from defendant's sale of plaintiff's copyrighted work was extra element to intentional interference with prospective economic relations claim because "federal

---

2 "Ownership of a copyright, or of any of the exclusive rights under a copyright, is distinct from ownership of any material object in which the work is embodied. Transfer of ownership of any material object, including the copy or phonorecord in which the work is first fixed, does not of itself convey any rights in the copyrighted work embodied in the object; nor, in the absence of an agreement, does transfer of ownership of a copyright or of any exclusive rights under a copyright convey property rights in any material object."

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

copyright laws already protect the exclusive right of distribution"). Courts routinely dismiss interference claims as preempted where such claims "amount[] to nothing more than [a] reiterat[ion] [of] an economic loss resulting from the misappropriation of plaintiff's copyrighted work." *Wild v. NBC Univ., Inc*., 788 F.Supp.2d 1083, 1111 (C.D. Cal. 2011). "[W]hile a claim for conversion typically involves tangible property and thus may be immune from preemption, where a plaintiff is only seeking damages from a defendant's reproduction of a work - and not the actual return of a physical piece of property - the claim is preempted." *Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1130 (N.D. Cal. 2001); *Dielsi v. Falk*, 916 F.Supp. 985, 992 (C.D.Cal. 1996) (holding that a claim for conversion of intangible property arising from the reproduction of the property "is clearly equivalent to a copyright claim"). Accordingly, each of Hyphy's amended counterclaims under state law are equivalent to federal copyright infringement claims and are thus preempted by the Copyright Act.

### F. Hyphy's Failure to Counter-Move and Attach a Proposed Pleading are Procedural Defects Warranting Denial of its Request to Amend

Hyphy's unauthorized and improper request for leave to amend its counterclaims a *second* time should be denied. First, Hyphy's request to amend is not properly before the Court. Hyphy's time to amend as of right under Fed. R. Civ. P. Rule 15 has expired, and any request for amendment after that time period expires must be made by motion. Hyphy failed to file a notice and counter-motion to amend its amended counterclaims at the time it filed its Opposition, in violation of the requirements of Local Rule 230(e) ("Any counter-motion or other motion that a party may desire to make that is related to the general subject matter of the original motion shall be served and filed in the manner and on the date prescribed for the filing of opposition.")

Second, Hyphy made an additional fatal procedural mistake by failing to file the proposed Second Amended Counterclaims required by Local Rule 137(c). This Court has denied counter-motions to amend that fail to attach a proposed amended pleading. *See Narayan v. Cty. of Sacramento*, 2020 WL 5658333, at *2 (E.D. Cal. Sept. 23, 2020)

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

("[P]ursuant to Local Rule 137(c) parties are required to attach proposed amended complaints to their motion to amend. Here, plaintiff has not attached an amended complaint to his motion, in violation of Local Rule 137(c). Accordingly, plaintiff's motion to amend his complaint is DENIED."); *Herrera v. California Highway Patrol*, 2017 WL 590244, at *2 (E.D. Cal. Feb. 14, 2017) (same).

Amendment of counterclaims based on invalid copyright registrations would be futile and prejudicial. In the absence of a proposed amended pleading, consideration of Hyphy's representations in its Opposition provides a basis for dismissal. *Narayan*, 2020 WL 5658333 at *2 ("[E]ven if plaintiff had attached a proposed amended complaint…it is unlikely that the court would grant his request due to potential prejudice to defendants and futility of plaintiff's amendment.")  Courts consider five factors in assessing leave to amend: *bad faith*, undue delay, *prejudice to the opposing party*, *futility of amendment*, and whether the claimant has previously amended its claims. *See id*., at *2. There is nothing Hyphy can plead that can overcome its concession that its claim of copyright ownership is based on an oral agreement. There is nothing that Hyphy can plead that can overcome the invalidity of the registrations that Hyphy obtained in bad faith and relies on as the statutory prerequisite for its copyright counterclaims.

Hyphy's pleadings and Opposition have revealed that it has been developing the amended counterclaims it improperly seeks to amend (again) since this matter was filed, albeit by engaging in bad faith actions to obtain the prerequisite registrations through willful false representations to the U.S.C.O. *See* Argument §B. If granted leave to amend its amended counterclaims Hyphy will only use that opportunity to engage in further deceitful acts, resulting in prejudice to Plaintiff/Counterdefendants.

## III.   <u>CONCLUSION</u>

For all of the foregoing reasons, it is respectfully requested that this Court grant Plaintiff/Counterdefendants' Motion to Dismiss Hyphy's First Amended Counterclaims numbered 1, 3, 4, 5, 6, and 7, pursuant to FRCP 12(b)(6) for failure to state a claim, as well as such other and further relief as the Court may deem just and proper.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York  11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Dated:  October 27, 2020            Respectfully submitted,

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

By: /s/ Seth L. Berman
Seth L. Berman, Esq. (*admitted pro hac vice*)
***Attorneys for Plaintiff Yellowcake, Inc., and Counterdefendants Colonize Media, Inc., and Jose David Hernandez***

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that this document filed through the ECF system on this 27th

3  day of October 2020, will be sent electronically to the registered participants as

4  identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those

5  that are indicated as non-registered participants, if any.

6

7

8                                                    /s/ Seth L. Berman

9                                                    Seth L. Berman, Esq.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF AND COUNTERDEFENDANTS' REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS
DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**