**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
   tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
   sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HYPHY MUSIC, INC.,<br><br>　　　　　　Defendant. | **Case No.: 1:20-CV-00988-DAD-BAM**<br><br>Assigned to the Hon.<br>Magistrate Judge: Barbara A. McAuliffe<br><br>**JOINT REPORT OF PARTIES PURSUANT TO F.R.C.P. RULE 26**<br><br>Date:　　July 27, 2021<br>Time:　　9:30 AM<br><br>CONFERENCE WILL BE TELEPHONIC |

---

1

**JOINT REPORT OF PARTIES PURSUANT TO F.R.C.P. RULE 26**

| | |
|---|---|
| HYPHY MUSIC, INC., | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| YELLOWCAKE, INC., COLONIZE MEDIA, INC., JOSE DAVID HERNANDEZ, JESUS CHAVES, SR., | ) ) ) |
| | ) |
| Counterdefendants. | |

TO ALL PARTIES AND TO THE COURT:

Plaintiff/Counterdefendant YELLOWCAKE, INC. ("Plaintiff") and Counterdefendant COLONIZE MEDIA, INC. and JOSE DAVID HERNANDEZ ("Counterdefendant") (collectively, "Plaintiff/Counterdefendants") by and through their counsel of record, Seth L. Berman of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, and Thomas P. Griffin, Jr. of Hefner Stark & Marois, LLP and Defendant/Counterclaimant HYPHY MUSIC, INC. ("Defendant/Counterclaimaint"), by and through their counsel of record, George L. Prajin, Esq. of Lopez and Prajin, respectfully submit the following Joint Report of the Parties' Early Meeting of Counsel.

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and respective counsel for Plaintiff and Defendants held an early meeting of counsel on September 30, 2020 and discussed the following:

JOINT RULE 26(F) REPORT:

A.  STATEMENT OF THE CASE/STATEMENT OF FACTS

**Plaintiff/Counterdefendants' Statement**

Plaintiff Yellowcake, Inc. ("Yellowcake" or "Plaintiff"), is primarily engaged in the business of exploiting intellectual property rights.  Counterdefendant Colonize is a company primarily engaged in the business of digital music distribution.

Counterdefendant Hernandez is the principal of both Colonize and Yellowcake. On or about March 21, 2019, Yellowcake and Counterdefendant Chavez entered into an Asset Purchase and Assignment Agreement (hereinafter referred to as "the APA Agreement") whereby Yellowcake purchased the entirety of Chavez's ownership of the rights, title and interest in the sound recordings that comprise the albums of Chavez's musical group Los Originales De San Juan (hereinafter referred to as "Yellowcake's Copyrighted Works"). Chavez is the founder and principal of Los Originales De San Juan, which specializes in regional Mexican music..

Following that transaction, Yellowcake complied in all respects with the provision of the Copyright Act, 17 U.S.C. § 101 *et seq.,* by registering copyrights for the sound recordings that comprise Yellowcake's Copyrighted Works and recording the written assignment of the Copyrighted Works with the United States Copyright Office. As a result, Plaintiff was issued a Certificate of Registration for each copyrighted sound recording that comprises Yellowcake's Copyrighted Works. All of Yellowcake's Copyrighted Works are and were published with a copyright notice.

Notwithstanding, Yellowcake came to learn that Defendant/Counterclaimant Hyphy was engaging in unauthorized exploitations of Yellowcake's Copyrighted Works in violation of Yellowcake's exclusive rights under 17 U.S.C. § 106 by selling, reproducing, synchronizing, distributing and publicly performing the Copyrighted Works via digital transmission on online platforms. In addition, Yellowcake learned that Hyphy unlawfully created and/or uploaded and/or facilitated the uploading of videos containing unauthorized derivative works containing Yellowcake's Copyrighted Works to YouTube.

In or around May and June 2020, Plaintiff sent Defendant a cease and desist letter in which Plaintiff notified Defendant of its unauthorized exploitation of Yellowcake's Copyrighted Works. Nevertheless, despite being on notice of its infringement, Hyphy has continued its unauthorized exploitation of Yellowcake's Copyrighted Works and

**JOINT REPORT OF PARTIES PURSUANT TO F.R.C.P. RULE 26**

continues to benefit from said unauthorized exploitations to date, all to Yellowcake's detriment.

Faced with Defendant's refusal to cease exploiting its Copyrighted Works, Yellowcake filed this action on July 16, 2020, in the United States District Court for the Eastern District of California. Plaintiff's Complaint asserted a claim of federal copyright infringement and sought related injunctive relief.

On August 19, 2020, Hyphy filed its Answer. Hyphy also filed Counterclaims on August 19, 2020, against Plaintiff Yellowcake and Counterdefendants Colonize and Hernandez, alleging federal copyright infringement and seeking related injunctive relief, as well as state law claims of unfair competition under Cal. Bus. & Prof. Code § 17200, intentional interference with prospective business advantage, intentional interference with contractual relations and conversion.

On August 28, 2020, Defendant filed its First Amended Counterclaims, alleging identical counterclaims.

**Defendants'/Counterclaimants Statement**

In a transparent attempt to gain leverage in the parties' developing dispute, Yellowcake rushed to be the first to file a complaint, contending that they have "complied in all respects with the provisions of the Copyright Act" and that Hyphy Music's actions in exploiting its rights in the Los Originales Albums are "unauthorized."

Hyphy Music is a record label in the business of producing, manufacturing, distributing, exploiting, selling and licensing sound and audiovisual recordings and artwork in the United States.  Hyphy Music commissioned Counter-defendant Chavez to provide recording artist services on sound and audio-visual recordings embodied on various albums and purchased rights in tangible Masters.

Pursuant to that Agreement,  Hyphy Music contributed original authorship to the creation of the Los Originales Albums by selecting the musical compositions, commissioning and directing engineers and directors and/providing such services

itself, directing the recording of the musical performances to be embodied on the Los Originales Albums and videos, and producing the Los Originales Albums and videos, additionally Hyphy paid for all production costs and paid Counter-defendant Chavez for all rights title and interest in the tangible Masters and intellectual property embodied on the tangible Masters. Hyphy Music also produced, created and designed the album cover art associated with the Los Originales Albums. As a result of all of these contributions of original authorship, Hyphy Music is a joint author owner of copyrights in the Originales Albums and accordingly registered copyrights in such albums and videos. Moreover, at the minimum Hyphy Music is valid licensee of the copyrights in Los Originales Albums.

Counter-defendant Jose David Hernandez is a principal of both Yellowcake and Counter-defendant Colonize Media, Hernandez intentionally and willfully mislead Chavez into wrongfully transferring Counter-defendant Chavez's ownership and rights in the Los Originales Albums to Yellowcake.

On April 2019, Counter-defendant Chavez breached the agreement by without limitation, purportedly transferring, licensing, selling, and/or authorizing Counter-defendants Yellowcake Colonize to exploit the Tangible Masters and Los Originales Albums and Cover Art.

Counter-defendants, Yellowcake and Colonized Media are unlawfully distributing, selling, and commercially exploiting the copyrights in and to the Los Originales Albums without Hyphy Music's authorization. Yellowcake is unlawfully claiming ownership in the tangible masters embodying the sound recordings thereof. Yellowcake did all this despite not having any license or other authorization from Hyphy Music. Plaintiff along with Counter-defendants are engaged in any wrongful or unauthorized exploitation of any Los Originales sound recordings, copyrights, masters.

B. <u>SUBJECT MATTER JURISDICTION</u>

**JOINT REPORT OF PARTIES PURSUANT TO F.R.C.P. RULE 26**

This action arises out of 17 U.S.C., §501 and 504. The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1338(a).

### C. LEGAL ISSUES

**Plaintiff/Counterdefendants' Statement**

This action pertains to the unlawful exercise of rights belonging to Yellowcake by Defendants in works of authorship protected under the U.S. Copyright Act in the form of the continuous unauthorized distribution of such copyrighted works of authorship causing damage to Yellowcake as a result of the same.

**Defendants'/Counterclaimants' Statement**

This action pertains to the unlawful exercise of rights belonging to Hyphy by Defendants Yellowcake in works of authorship protected under the U.S. Copyright Act in the form of the continuous unauthorized distribution of such copyrighted works of authorship causing damage to Hyphy Music as a result of the same. The action also pertains to exercise of Defendants Yellowcake of the rights in works of authorship by joint owners of such rights, subject only to the duty of accounting imposed by the U.S. Copyright Act. Further, this action pertains to the damages caused by Yellowcake's activities of knowingly and materially misrepresenting Yellowcake's rights in the its catalogs of music and Yellowcake's activities with respect to the lawful distribution of its catalog of music being infringe upon.

This action further pertains to Intentional Interference With Prospective Business Advantage, Intentional Interference with Contractual Relations, Unfair Business Practices, and Conversion by Defendants of tangible rights in Masters.

### D. PARTIES AND EVIDENCE

**Plaintiff**

**Parties**: Yellowcake, Inc.

**Witnesses**: Jose David Hernandez, Kevin Berger, Jesus Chavez, a representative from www.YouTube.com.

**Key Documents/Evidence**:

i. Written Contracts between Plaintiff, Defendants and Defendants' predecessors in interest;

ii. Email Correspondence between Plaintiff and Defendants;

iii. Documents concerning Defendants' unauthorized sale of copyrighted works owned and/or controlled by Plaintiff;

iv. Records of music sales, advertising revenues, and other income derived by Plaintiff through all distribution channels, websites and platforms as a result of the distribution by Defendants of Plaintiff's catalogs of music.

v. Various copyright registrations;

vi. Copies of the allegedly infringed copyrighted works and copyrighted works owned and/or controlled by Plaintiffs;

vii. Documentation from YouTube showing Defendant Hyphy's unlawful trespass and destruction of Plaintiff's data;

viii. Documents substantiating the damages sustained by Plaintiff.

**Defendants/Counterclaimant**:

**Parties**: Hyphy Music

**Witnesses**: Chavez, Omar Rosales, Jorge Garcia, Al Perez, Jose Jesus Chavez Jr, Marcelino Mendoza, Jose David Hernandez, Kevin Berger, Jesus Chavez, Christopher Jorge Ramirez, Jose A. Martinez, Marcelino Mendoza, Chuck Films, and a representative from www.YouTube.com.

**Key Documents/Evidence**:

i. Studio and engineer Invoices, checks, bank cash withdrawals receipts;

ii. Master audio and video recording files, artwork files;

iii. Documents concerning s' unauthorized sale of copyrighted works owned and/or controlled by Defendants/Counterclaimant;

iv. Records of music sales, advertising revenues, and other income derived by Defendants/Counterclaimant through all distribution channels, websites and platforms

as a result of the distribution by Plaintiffs' of Defendants/Counterclaimant's catalogs of music.

  v. Various copyright registrations;

  vi. Copies of the allegedly infringed copyrighted works and copyrighted works owned and/or controlled by Defendants/Counterclaimant;

  vii. Documentation from YouTube showing Plaintiffs' unlawful trespass and destruction of Defendants/Counterclaimant's data;

  viii. Documents substantiating the damages sustained by Defendants/Counterclaimant/

**Counterdefendants**:

**Parties**: Yellowcake, Inc., Jose David Hernandez and Colonize Media, Inc.

**Witnesses**: Same as Plaintiff's.

**Key Documents/Evidence**: Same as Plaintiff's.

E. DAMAGES

**Plaintiff/Counterdefendants**

Pursuant to 17 U.S.C. § 504(c), Yellowcake is entitled to recover from Defendants' its actual damages or up to One Hundred Thousand Dollars ($150,000.00) in statutory damages for each work identified as "Yellowcake's Copyrighted Music" as a result of Defendants' acts of copyright infringement. The total actual damages are not readily ascertainable but - based on the pervasive and willful nature of the infringement are believed to be in excess of One Million Fifty Thousand Dollars ($1,050,000.00).

**Defendants/Counterclaimant**:

Pursuant to 17 U.S.C. § 504(c), Hyphy Music is entitled to recover from Defendants' its actual damages or up to One Hundred Thousand Dollars ($150,000.00) in statutory damages for each work identified as "Originales Copyrights" and "Originales Cover Art" as a result of Defendants' acts of copyright infringement. The total actual damages are not readily ascertainable but - based on the pervasive and willful

nature of the infringement are believed to be in excess of One Million Fifty Thousand Dollars ($1,050,000.00).

As a proximate result of Counter-defendant Chavez's breach, Counterclaimant has been damaged in an amount of $1,000,000.00

Damages to be proved at trial in regards to Intentional Interference With Prospective Business Advantage, Intentional Interference with Contractual Relations, Unfair Business Practices, and Conversion by Defendants of tangible rights in Masters.

**Defendants**

The action also pertains to exercise of Defendants/Counterclaimant of the rights in works of authorship by joint owners of such rights, subject only to the duty of accounting imposed by the U.S. Copyright Act.  Defendants allege that Plaintiff is barred from seeking attorneys' fees or statutory damages because Plaintiff failed to timely register the work at issue under 17 U.S.C. §§ 411 and 412.

F.    INSURANCE

Neither party has insurance coverage for the claims at issue in this case.

G.    MOTIONS

**Plaintiff**

Plaintiff and Counterdefendants believe that they will file a motion to dismiss the Counterclaims and that Plaintiff will move for summary judgment on the issue of liability.

H.    STATUS OF DISCOVERY

The parties have not yet begun discovery.

I.    DISCOVERY PLAN

**Plaintiff**

Plaintiff will be serving Interrogatories, Requests for Admissions and Requests for Documents on Defendants shortly and anticipates completing written discovery by December 21, 2020.  Plaintiff will be taking the depositions of the four defendants and anticipates completing that by February 3, 2022.  Plaintiff intends to conduct discovery

on the failure of Defendants to abide by their contractual obligations, the infringement of Plaintiff's copyrights, the amount of revenue earned by Defendants from the copyright infringement and Defendants interference with Plaintiff's ability to post videos on YouTube and otherwise digitally license, sell or distribute their music.

**Defendants/Counterclaimant**

Defendants/Counterclaimant will be compounding Interrogatories, Request for Documents and Request and setting depositions with a completion date of February 3, 2022.

J.   DISCOVERY CUT-OFF

The parties propose a Discovery Cut-Off date of March 28, 2022.

K.   EXPERT DISCOVERY

Expert Witness Disclosure Date: April 29, 2022.

Rebuttal Disclosure date: May 16, 2022.

Expert Discovery Cut-off: June 16, 2022.

L.   PROTECTIVE ORDER

The parties may need a protective order and may endeavor to stipulate to same.

M.   DISPOSITIVE MOTIONS

**Plaintiff**

Plaintiff believes that the issue of copyright infringement may be determined on a motion for summary adjudication.

**Defendants**

Defendants may elect to file a motion for summary judgment.

M.   SETTLEMENT/ADR

There have been no settlement discussions between the parties as of yet. The Plaintiff/Counterdefendant chooses ADR Procedure No. 1. The ADR Session should occur by February 3, 2022.

N.   TRIAL ESTIMATE

The parties estimate that the trial will take 8-10 days. Plaintiff estimates calling 4-5 witnesses. Defendant estimates calling 4-6 witnesses. Additionally, the court should be aware that many of the witnesses are native Spanish speakers and translators will be necessary.

O. <u>LEAD TRIAL COUNSEL</u>

Plaintiff's Lead Trial Counsel is Seth L. Berman.

Defendants' Lead Trial Counsel is George L. Parjin.

P. <u>INDEPENDENT EXPERT OR MASTER</u>

The parties do not believe that an independent expert or master is needed.

Q. <u>TIMETABLE</u>

See Attachment.

R. <u>MAGISTRATE JUDGE</u>

The parties have not agreed to have the case tried before a magistrate judge.

S. <u>OTHER ISSUES</u>

There are no other issues to be addressed at this time.

DATED: July 16, 2021            RESPECTFULLY SUBMITTED,

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP

By: /s/ Seth L. Berman
    Seth L. Berman
Attorney for Plaintiff Yellowcake, Inc. and Counterdefendants Yellowcake, Inc., Colonize Media, Inc. and Jose David Hernandez.

DATED: July 20, 2021

**LOPEZ AND PRAJIN**

By:_____/ARL/_____
    Anthony R. Lopez, Esq.
Attorneys for Defendant/Counterclaimant Hyphy Music, Inc.

---

11

**JOINT REPORT OF PARTIES PURSUANT TO F.R.C.P. RULE 26**