ALTVIEW LAW GROUP, LLP
JOHN M. BEGAKIS CASBN 278681
john@altviewlawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

Attorneys for Defendant/Counterclaimant HYPHY MUSIC, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYPHY MUSIC, INC.,<br><br>Defendant. | **CASE NO.:**<br>**1:20-CV-00988-DAD-BAM**<br><br>**REPLY TO COUNTER-DEFENDANTS' CHALLENGE TO THE VALIDITY OF CERTAIN COPYRIGHT REGISTRATIONS** |
| HYPHY MUSIC, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ SR,<br><br>Counterdefendants. | |

**REPLY TO DEFENDANT'S CHALLENGE TO VALIDITY OF COPYRIGHT REGISTRATIONS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant/Counterclaimant HYPHY MUSIC, INC., a California corporation ("Hyphy") hereby submits this supplemental reply brief as requested by the Court in its July 20, 2021 Order regarding the Motion to Dismiss Hyphy's various counterclaims brought by Plaintiffs/Counterdefendants YELLOW CAKE, INC., a California corporation ("Yellow Cake"), COLONIZE MEDIA, INC., a California corporation ("Colonize"), and JOSE DAVID HERNANDEZ, an individual ("Hernandez") (collectively, "Counterdefendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). *See* Dkt. 28.

## I.   INFORMATION IN HYPHY'S COPYRIGHT REGISTRATIONS THAT IS INCONSISTENT WITH ITS COUNTERCLAIM WAS SUBMITTED BY INADVERTENT MISTAKE

Hyphy alleges in its Amended Counterclaim *inter alia* that it has the right to own the sound, audio-visual recordings, and cover art embodied in the "Los Originales Albums" (collectively, the "Works"), in part, by virtue of an oral agreement with a third party. Specifically, Hyphy alleges that, in or about February 2013, it entered into an oral agreement commissioning Jesus Chavez to provide services as a recording artist on the Works. Declaration of Jose Martinez ("Martinez Decl.") at ¶ 2. Hyphy therefore paid Chavez for his contributions, and exerted creative direction over such contributions, but ultimately executed no further written documentation with Chavez regarding Hyphy's ownership of the Works. *Id*.

For at least some of such Works, however, Hyphy also commissioned two individuals to assist in their creation. Martinez Decl. at ¶¶ 3 & 6. In so doing, such individuals signed written employment agreements that included standard work-made-for-hire language. *Id*. at ¶ 3. As such, for at least some of the Works, Hyphy also became an owner by virtue of the work-made-for-hire doctrine.

///

**REPLY TO DEFENDANT'S CHALLENGE TO VALIDITY OF COPYRIGHT REGISTRATIONS**

-1-

1    Hyphy submitted applications for the registration of various Copyrights in the
2    Works. However, for the Works in which Hyphy was not an owner by virtue of the
3    work-made-for-hire doctrine, the applications inadvertently and mistakenly claimed
4    ownership via such doctrine. Hyphy's staff prepared and filed each of the
5    applications based on the information it had regarding how Hyphy came to possess
6    ownership of the Work, but acknowledges that it filed such applications without the
7    help of its attorneys, and therefore made the inadvertent mistake of selecting the
8    wrong basis for ownership for at least some of such applications. *Id*. at ¶¶ 7-8.

9    Accordingly, Hyphy acknowledges that the some of the Copyright
10   registrations for some of the Works contain an unintentional, minor substantive error
11   regarding how Hyphy possesses ownership of such Works. However, such a minor
12   substantiative error can likely be rectified by the U.S. Copyright Office without any
13   need for invalidation of such registrations. *See* 37 CFR § 201.7 ("Where a
14   registration includes minor substantive errors or omissions which would generally
15   have been rectified before registration, the Copyright Office will attempt to rectify
16   the error through correspondence…")

17   Additionally, any inconsistencies in some of Hyphy's Copyright registrations
18   for some of the Works do not undercut Hyphy's more fundamental Counterclaim for
19   Copyright Infringement. Not only does Hyphy own some of such Works under a
20   work-made-for-hire theory, but this Court has also acknowledged that Hyphy has a
21   claim for ownership of the Works as a joint owner. Dkt. 42. Therefore, Hyphy need
22   only further amend its Amended Counterclaim to (a) identify which of the Works it
23   owns under a work-made-for-hire theory, and (b) be in conformity with the Court's
24   stated requirement that Hyphy allege the proper basis for ownership of the remaining
25   Works, as well as identify how Yellowcake is not also a joint owner who may
26   therefore be subject to a copyright infringement claim regarding such Works.
27   ///
28
**REPLY TO DEFENDANT'S CHALLENGE TO VALIDITY OF
COPYRIGHT REGISTRATIONS**
- 2-

**III.    CONCLUSION**

Accordingly, and as set forth herein, Hyphy's inadvertent mistake in some of its application for registration of the Work was nothing more than unintentional, minor substantive error that the U.S. Copyright Office can rectify without the need for any invalidation of Hyphy's right to possession thereof.


Dated: August 3, 2021                                    ALTVIEW LAW GROUP, LLP


                                            By:    /s/ John M. Begakis, Esq.
                                                   John M. Begakis, Attorney for
                                                   Defendant/Counterclaimant


**REPLY TO DEFENDANT'S CHALLENGE TO VALIDITY OF
COPYRIGHT REGISTRATIONS**

1

2         I HEREBY CERTIFY that on August 3, 2021, I electronically filed the

3    foregoing with the document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all

4    counsel of record or pro se parties as follows:

5         THOMAS P. GRIFFIN, JR. Esq.
     HEFNER, STARK & MAROIS, LLP

6         2150 RIVER PLAZA DRIVE, SUITE 450
     SACRAMENTO, CA 95833

7

8         SETH L. BERMAN, sq.
     ABRAMS, FENSTERMAN, FERNSTERMAN,

9         EISMAN, FORMATO, FERRARA, WOLF &

10        CARONE, LLP

11

12   In the manner specified, either via transmission of Notices of Electronic Filing

13   generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of

14   Electronic Filing.

15

16                            /s/ John Begakis

17                             John M. Begakis

18

19

20

21

22

23

24

25

26

27

28

**REPLY TO DEFENDANT'S CHALLENGE TO VALIDITY OF COPYRIGHT REGISTRATIONS**