**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
   sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

**HEFNER STARK & MAROIS, LLP**
Thomas P. Griffin Jr., Esq. (SBN 155133)
   tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

Attorneys for Plaintiff YELLOWCAKE, INC., and Counterdefendants COLONIZE MEDIA, INC., and JOSE DAVID HERNANDEZ

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>HYPHY MUSIC, INC.,<br><br>   Defendant. | **Case No.:**<br>**1:20-cv-00988-DAD-BAM**<br><br>**PLAINTIFF AND COUNTERDEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT AND COUNTERPLAINTIFF'S SUPPLEMENTAL BRIEFING**<br><br>Judge: Hon. Anthony W. Ishii<br>Date: August 10, 2021<br>Time: 9:30 A.M.<br>Courtroom: Courtroom 2, 8th floor |

1

**PLAINTIFF AND COUNTERDEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT/COUNTERPLAINTIFF'S SUPPLEMENTAL BRIEFING**

| | |
|---|---|
| HYPHY MUSIC, INC., | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| YELLOWCAKE, INC., COLONIZE MEDIA, INC., JOSE DAVID HERNANDEZ, JESUS CHAVEZ, SR., | ) |
| | ) |
| Counterdefendants. | ) |

2

**PLAINTIFF AND COUNTERDEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT/COUNTERPLAINTIFF'S SUPPLEMENTAL BRIEFING**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Crafty Prods. v. Fuqing Sanxing Crafts Co.*, -- Fed. Appx. --,
  2020 U.S. App. LEXIS 39494 at *4 (9th Cir. Dec. 16, 2020) ................................... 3

*Tresóna Multimedia, LLC v. Burbank High School Vocal Music Ass'n*,
  953 F.3d 638 (9th Cir. 2020) ....................................................................................... 3

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*,
  959 F.3d 1194 (9th Cir. 2020) ..................................................................................... 4

**Statutes**

17 U.S.C. § 408(a) ............................................................................................................. 3

17 U.S.C. § 411(a) ............................................................................................................. 3

17 U.S.C. § 411(b)(1)-(2) .................................................................................................. 4

17 U.S.C. § 501(b) ............................................................................................................. 3

i

**PLAINTIFF AND COUNTERDEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT/COUNTERPLAINTIFF'S SUPPLEMENTAL BRIEFING**

## SUPPLEMENTAL REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Yellowcake, Inc., ("Yellowcake") and Counterdefendants Colonize Media, Inc. ("Colonize") and Jose David Hernandez ("Hernandez") (collectively with Yellowcake, "Plaintiffs"), respectfully submit this Memorandum in reply to the supplemental briefing filed by Defendant/Counterplaintiff, Hyphy Music, Inc. ("Defendant") regarding the validity of the purported copyright registrations filed by Defendant for the works at issue in the case. *See* Dkt. 29.

In its Order on Yellowcake's motion to dismiss Defendant's counterclaims dated July 20, 2021 (Dkt. 42) (the "Order"), the Court ordered that Defendant submit a supplemental brief explaining the inaccuracies in its copyright registration information and explain what information was presented as part of its registration application. However, Defendant failed to do both in its supplemental briefing. Instead, Defendant avoids responding directly to the Court by alleging a new legal theory and factual history, both of which are completely devoid of merit and contradicted by Defendant's own pleadings, in order to avoid cancelation of Defendants' copyright registrations and suffer penalties for its misrepresentations to the copyright office and the Court.

At the outset of this case, Defendant claimed ownership of the albums by Los Originales de San Juan: (i) Los Originales de San Juan-El Campesino (ii) Los Originales de San Juan-Corridos de Poca M... (iii) Los Originales de San Juan-En Vivo Desde La Cantina de Mi Barrio; (iv) Los Originales de San Juan- Nuestra Historia En Vivo; (v) Los Originales de San Juan-Amigos y Contrarios and (vi) Los Originales de San Juan-Naci Con Suerte de Rey Con Mariachi (collectively, the "Albums") strictly by virtue of an oral agreement with Jesus Chavez ("Chavez"). In response to the Order, Defendant alters its claim, now alleging that some of the Albums were, in part, works for a hire because Defendant had allegedly commissioned two individuals, Javier Elizondo ("Elizondo") and Marcelino Mendoza ("Mendoza"), to assist in some of the Albums creation. *See* Pg. 2 ¶¶ 22 -27 of the Declaration of John M. Begakis ("Begakis Dec.")

1

**PLAINTIFF AND COUNTERDEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT/COUNTERPLAINTIFF'S SUPPLEMENTAL BRIEFING**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

and Pg. 1 ¶ 3 of the Declaration of Jose Martinez (the "Martinez Dec.").

However, there was no mention of any work for hire agreement between Defendant and these two individuals in Defendant's counterclaims whatsoever. (*See* Dkt. 7). In its counterclaims, Defendant only claims ownership of the Albums by virtue of an oral agreement with Chavez. *Id*.

Defendant's employee, Jose Martinez conveniently claims that he cannot find a copy of the alleged employment agreements between Defendant and Elizondo and Mendoza which allegedly contain work for hire provisions and does not include a copy of any such employment agreements in its supplemental briefing. *See* Martinez Dec. Pg. 1, ¶ 3.

Defendant also conspicuously fails to submit declarations from these two individuals swearing under the penalty of perjury that they performed on the Albums or contributed sufficient artistic contributions to be deemed coauthors. This is because they had nothing to do with the recording of the Albums.

Furthermore, even if Elizondo and Mendoza were co-authors of the Albums and Defendant obtained its alleged interest in those Albums from them, *Defendant still conveniently failed to include Chavez as co-author on Defendant's copyright registrations for the Albums*. *See* Dkt. 29.

As set forth in Yellowcake's accompanying declarations, both Chavez and Hector Rosales, the audio engineer for three of the Albums, deny that Elizondo and Mendoza had anything to do with recording of any of the Albums.

Upon information and belief, these two individuals were not employees of Hyphy *until after the Albums were recorded*.

Furthermore, Defendant completely fails to respond to the Court's directive in the Order to explain what information was given or submitted to the Copyright Office at the time it submitted its registrations. Defendant did not provide a copy of any applications, deposit copies or any other documentation to substantiate what was submitted to the Copyright Office at the time of alleged registrations.

2

**PLAINTIFF AND COUNTERDEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT/COUNTERPLAINTIFF'S SUPPLEMENTAL BRIEFING**

Rather than comply with the Court's directive, Defendant merely tries to deflect the seriousness of its misrepresentations to the Copyright Office by alleging that the issue of identifying the basis for Defendant's alleged ownership of the Albums in the copyright registrations that it filed is a minor error or omission.

However, whether or not the disputed Albums are works for hire, an original work of authorship or obtained via a written agreement is material with regards to whether Defendant is actually the owner of the copyright that it is attempting to register and ultimately whether or not it has standing to allege counterclaims for copyright infringement.

If Defendant does not hold a valid copyright registration in the works at issue, Defendant does not have standing to bring any copyright-based claim under the Copyright Act. Section 501(b) of the Copyright Act establishes who is legally authorized to sue for infringement of a copyright. Pursuant to that section, "The *legal or beneficial owner of an exclusive right under a copyright* is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it. 17 U.S.C. § 501(b) (emphasis added).

The statute is clear: to be entitled to sue for copyright infringement, the plaintiff must register a validate copyright and be the legal or beneficial owner of an exclusive right under a copyright. *Crafty Prods. v. Fuqing Sanxing Crafts Co.*, -- Fed. Appx. --, 2020 U.S. App. LEXIS 39494 at *4 (9th Cir. Dec. 16, 2020); *Tresóna Multimedia, LLC v. Burbank High School Vocal Music Ass'n*, 953 F.3d 638, 645 (9th Cir. 2020); *see* 17 U.S.C. §§ 408(a), 411(a). Because Defendant does not have standing to bring any of its copyright claims, all of Defendant's causes of action arising under copyright must be dismissed as a matter of law.

The Ninth Circuit has explained that, "once a defendant alleges that (1) a plaintiff's certificate of registration contains inaccurate information; (2) 'the inaccurate information was included on the application for copyright registration'; and (3) the inaccurate information was included on the application 'with knowledge that it was

3

**PLAINTIFF AND COUNTERDEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT/COUNTERPLAINTIFF'S SUPPLEMENTAL BRIEFING**

inaccurate,' a district court is then required to submit a request to the Register of Copyrights 'to advise the court whether the inaccurate information, if known, would have caused [it] to refuse registration.'" *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194, 1197 (9th Cir. 2020), quoting 17 U.S.C. § 411(b)(1)-(2). It is respectfully submitted that this Court should send the applicable inquiry to the Copyright Office.

To the extent that Defendant claims that it owns the album Nuestra Historian pursuant to a written agreement, it failed to provide a copy of the written agreement or even identify the parties to the written agreement or describe its basic terms. Presumably, if Defendant had a valid written agreement at the time of registration, it would still have a copy and would have produced it with its supplemental briefing.

It simply not credible that Martinez would only remember the alleged written employment agreements and the non-descript Nuestra Historian agreement after Yellowcake filed a motion to dismiss the counterclaims and not even mention them in their initial counterclaims.

In fact, Martinez admits in his declaration that he was not aware that Defendant possessed any ownership interest in the Albums based on a joint authorship theory and inadvertently failed to indicate ownership on such grounds in the registrations filed by Defendants. It is obvious that this new strategy was devised by counsel after the Plaintiff had moved to dismiss the amended counterclaims on the basis of the alleged oral agreement with Chavez.

For all of the foregoing reasons, it is respectfully requested that this Court send an inquiry to the Copyright Office to determine the validity of the copyright registrations at issue, as well as such other and further relief as the Court may deem just and proper.

//
//
//

4

**PLAINTIFF AND COUNTERDEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT/COUNTERPLAINTIFF'S SUPPLEMENTAL BRIEFING**

Dated:  August 10, 2021

Respectfully submitted,

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

By: /s/ Seth L. Berman
Seth L. Berman, Esq. (*admitted pro hac vice*)
***Attorneys for Plaintiff Yellowcake, Inc., and Counterdefendants Colonize Media, Inc., and Jose David Hernandez***

5

**PLAINTIFF AND COUNTERDEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT/COUNTERPLAINTIFF'S SUPPLEMENTAL BRIEFING**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on this 29th day of March 2021, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those that are indicated as non-registered participants, if any.

/s/ Seth L. Berman
Seth L. Berman, Esq.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

6

PLAINTIFF AND COUNTERDEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT/COUNTERPLAINTIFF'S SUPPLEMENTAL BRIEFING