

**Long Island**
3 Dakota Drive, Suite 300
Lake Success, NY 11042
516.328.2300 | P

Long Island · Brooklyn · White Plains · Rochester · Albany · Manhattan

Seth L. Berman, Esq.
Partner/Director Intellectual Property and Entertainment Dept.
Email: sberman@abramslaw.com

August __, 2022

Via Email: John@altviewgroup.com

John M. Begakis
AltView Law Group, LLP
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025

      Re:    Yellowcake, Inc. v. Hyphy Music, Inc.
              Case No.:  1:20-cv-00988-DAD-BAM

Dear Mr. Begakis:

      We write in furtherance of our attempt to meet and confer with you on July 28, 2022, regarding continuing the deposition of Jose Martinez and your consent for leave to file an amended complaint adding a cause of action for breach of contract by Yellowcake, Inc. against Hyphy Music, Inc. arising out of a prior settlement agreement between the two parties.

      First, as you are well aware, we were forced to stop the deposition of Mr. Martinez based on your instance that questions about the retention of attorneys and the nature of the engagement were subject to attorney-client privilege even though I did not ask questions about the substance of any communications between your client and any attorney, and you improperly directing your client not to answer such questions.

      We were also forced to stop the deposition based on your directing your client not to answer questions related to a settlement agreement which your client referred to during the course of the deposition. Specifically, your client testified that Yellowcake's claim of copyright infringement of the album "Chuy Chavez y Sus Amigos" by Los Originales de San Juan was released in a prior settlement agreement between the parties dated December 20, 2019 (the "Settlement Agreement").

      A copy of the Settlement Agreement was produced and authenticated by the witness. However when the undersigned attempted to ask the witness questions about the terms of the agreement and Defendant Hyphy Music, Inc.'s performance under the terms of the Settlement Agreement, you directed your client not to answer any such questions on the erroneous basis that it was allegedly outside the scope of the notice of deposition. The purpose of the notice of deposition is to ensure that a witness with the requisite knowledge of the categories identified in



Page 2

the notice is produced. It is not a limitation on the scope of the deposition. A questioning attorney is free to ask any questions related and relevant to matters pursuant to Federal Rules of Civil Procedure 30(b)(1) and 20(c)(1).

Mr. Martinez was the first to raise the Settlement Agreement and then authenticated the agreement during the course of the deposition. On this basis alone, the undersigned is permitted and entitled to ask questions regarding Hyphy's performance under the terms of the agreement.

We hereby demand that you produce citations and authority that limits the scope of the deposition or allows you to direct your client not to answer a question based on whether or not such a question fell within the scope of the categories as outlined in the notice of deposition.

You also stated on the record that you were going to make a motion for a protective order under FRCP 30(c)(1) and 30(d)(3). We hereby ask in good faith for you to set forth the basis, purposes and scope of the alleged protective order you intend to file and the legal authority that would support your application for the protective order.

If we do not receive a substantive response within three (3) days of your receipt of this letter, we will make an application to the Court to compel the further deposition of Mr. Martinez as well as for sanctions.

Second, we ask for your consent to file an amended complaint adding a cause of action by Yellowcake, Inc. against Hyphy Music, Inc. for breach of the Settlement Agreement. Kindly please confirm your consent within three (3) days of receipt of this letter or either the undersigned or we will be forced to make an application to the court for leave to amend, which application will include a request for an award of the fees and costs occurred in connection therewith.

Lastly, on July 27, 2022, you sent us correspondence alleging that our client had called an alleged witnesses identified by Mr. Martinez during his deposition and made intimidating statements. We sent correspondence in response unequivocally denying such allegations and asked you to specifically identify who had contacted which alleged witness and to set forth specifically what was said. We have also asked you for the contact information for the witnesses. You have yet provided us with any such information.

To the extent that you still assert that either myself, my co-counsel or our clients called or intimidated the alleged witnesses in anyway, we will seek a hearing before the Magistrate Judge regarding this issue.

As stated above, kindly please respond to this correspondence within three (3) days of your receipt or we will have no choice but to seek judicial intervention. Of course, we are also willing to have an informal discovery conference with Magistrate Judge McAuliffe as provided under her


individual rules.  If you agree to such a conference, please let us know when you are available and we will coordinate such a conference with the Court.

      Please be guided accordingly.

                                       Very truly yours,

                                       Seth L. Berman

SLB/gar

cc:    Thomas P. Griffin, Esq.
        Kevin Berger
        David Hernandez