12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Tel: 310.230.5580
Fax: 562.275.8954
www.AltViewLawGroup.com

August 3, 2022

*Via E-Mail ONLY*

Seth L. Berman, Esq.
ABRAMS FENSTERMAN, LLP
3 Dakota Drive, Ste. 300
Lake Success, NY 11042
sberman@abramslaw.com

**RE:    Yellowcake, Inc. v. Hyphy Music, Inc.,** *et al.* **- Response to Meet & Confer Letter**
E.D.CA Case No.: 1:20-cv-00988-DAD-BAM

Mr. Berman:

We are in receipt of your correspondence apparently sent on August 1, 2022,[1] wherein you attempt to meet and confer regarding various issues developing in the above-referenced action. Please allow this correspondence to constitute our good faith response thereto.

***First***, it is wholly inaccurate and an intentional mischaracterization of the facts to complain that you were "forced to stop the deposition of Mr. Martinez" for any reason. We were abundantly clear on the record that we would not stop the deposition, and would absolutely permit you to ask any questions concerning any relevant, non-harassing topics. You have roughly four hours of time left to depose Mr. Martinez pursuant to Rule 30 of the Federal Rules of Civil Procedure ("FRCP"), but we will not permit any questions regarding the nature of Yellowcake's attorney-client privileged relationship with any of its current or former attorneys, or as to a completely unrelated December 20, 2019 settlement agreement (the "Settlement Agreement").

Given that you continue to falsely assert that only "communications" are protected by the attorney-client privilege, we feel it is necessary to first remind you that such privilege in fact extends to **any disclosure** of information between a client and attorney, **including** communications. *Fisher v. U.S.*, 425 U.S. 391, 403 (1976); *U.S. v. Margolis*, 557 F.2d 209, 211 (9th Cir. 1977). Whether the privilege applies also depends on the particular circumstances at hand. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Here, our position is that the circumstances of this case – i.e., Yellowcake's claim for copyright infringement – do not require Mr. Martinez to answer questions regarding the nature of Yellowcake's relationship with its current or former counsel, given that the nature of such relationship necessarily requires testimony regarding the

---

[1] Your correspondence fails to provide a date, which has a prejudicial effect on our ability to respond "within three (3) days" of our receipt of the same, as you unreasonably demand.

disclosure of information to such counsel, and given that such information is wholly irrelevant to Yellowcake's claim for infringement in any event.

The Settlement Agreement is also not relevant at all to the current litigation, including Yellowcake's claim of infringement of the "Chuy Chavez y Sus Amigos" album originally recorded by Jesus "Chuy" Chavez, Jr. (the "Relevant Album"). Not only did Mr. Martinez not testify that the Settlement Agreement released Hyphy from any claim for infringement of the Relevant Album, but such a statement would make no sense even if he did make such a claim, because the Relevant Album is not listed anywhere in the Settlement Agreement. In fact, and without waiving Hyphy's rights to keep the Settlement Agreement confidential pursuant to Section 8 thereof, the Settlement Agreement expressly states in Section 7 that "the claims being released pursuant to this Agreement **do not include**" any claims related to Chuy, Jr.'s catalog of music.

*Second*, we will not agree to allow Yellowcake to amend its Complaint to assert a breach of the Settlement Agreement, and will vigorously oppose any effort to petition the Court for leave to do so. Despite the fact that the Settlement Agreement was executed in December 2019, you have inexplicably allowed this dispute to proceed from July 17, 2020 to July 28, 2022 before springing Yellowcake's baseless claim for breach thereof on Hyphy, which fact alone is grounds for denial of your anticipated Motion to Amend based on undue delay and prejudice to Hyphy. *Minter v. Prime Equip. Co.* (10th Cir. 2006) 451 F.3d 1196, 1206; *Campbell v. Emory Clinic* (11th Cir. 1999) 166 F.3d 1157, 1162. As you have telegraphed in your communications with our office on this issue, you are now taking this desperate tactic – with dilatory motive – because you know that statutory damages and attorneys' fees will not be awarded *even if* Yellowcake is successful in its claim for infringement of the works at issue. *See* 17 U.S.C. § 412.[2]

Notwithstanding Hyphy's right to also Move for a Protective Order against future questioning of a Settlement Agreement that is clearly confidential, we are confident that the Court will side with us in denying any motion to compel further testimony of the same, due to the irrelevant, overbroad and harassing nature of the information sought. In the unlikely event your Motion for Leave to Amend to add a claim for alleged breach of the Settlement Agreement is successful, however, rest assured that we will freely permit any and all further questions on such topic. Accordingly, we suggest that your office not waste the Court's time with a Motion to Compel before the Court has had an opportunity to rule on Yellowcake's anticipated Motion for Leave to Amend, because the Court's conclusive answer thereon will dictate our further position regarding any subsequent Motion to Compel.

---

[2] A simple review of the undisputed facts of this case establishes that the works at issue were recorded and published between 2013 and 2017, but that registration of such works was not obtained until February 2020. Therefore, if infringement of such works occurred in 2019, as you allege, it occurred **after** first publication and before registration, but such registration was **not made** within three (3) months after first publication. 17 U.S.C. § 412(2).

If you have any questions or concerns regarding any of the foregoing, please do not hesitate to contact our office.

Sincerely,

**JOHN M. BEGAKIS, ESQ.**