

**Long Island**
3 Dakota Drive, Suite 300
Lake Success, NY 11042
516.328.2300 | P

**Long Island · Brooklyn · White Plains · Rochester · Albany · Manhattan**

Seth L. Berman, Esq.
Partner/Director Intellectual Property and Entertainment Dept.
Email: sberman@abramslaw.com

August 9, 2022

Via Email: John@altviewgroup.com

John M. Begakis
AltView Law Group, LLP
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025

      Re:    Yellowcake, Inc. v. Hyphy Music, Inc.
            Case No.: 1:20-cv-00988-DAD-BAM

Dear Mr. Begakis:

      We write in response to your letter of August 3, 2022, responding to our letter of August 1, 2022.

      First, as you are well aware, we were forced to stop the deposition of Mr. Martinez based on your constant interference, speaking objections and improper assertion of the attorney-client privilege. The questions asked regarding your client's history of engaging legal counsel with regards to transactions to acquire copyrighted sound recordings is relevant and does not require the disclosure of the substance of any conversation between counselor and client. Therefore, such questions are appropriate and your objections were inappropriate. The case law that you stated in your letter is completely distinguishable and irrelevant. The deposition record speaks for itself and our application to compel information will be supported by declarations from my co-counsel as well as counsel for Mr. Chavez.

      While attorney-client privilege may extend to "any disclosure," including communications, the privilege "does not extend . . . beyond the substance of the client's confidential communications to the attorney" and "will not conceal everything said and done in connection with an attorney's representation of a client in a matter." *U.S. v. Margolis*, 557 F.2d 209, 211 (9th Cir. 1977). It is disingenuous to state that questions regarding the nature of your client's relationship with his current or former counsel require testimony regarding the disclosure of information relating to any confidential communications with such counsel.

      The Ninth Circuit has defined the relevant standard for determining attorney-client privilege as: "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser



Page 2

in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *See Nathu v. City of Oakland*, No. 4:20-cv-05242, 2022 WL 2716522, at *3 (N.D. Cal. July 13, 2022) (citing *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)). Thus, "[t]he protection of the privilege extends only to communications and not to facts" as "a fact is one thing and a communication concerning that fact is an entirely different thing." *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981).

More specifically, "'[n]ot all communications between an attorney and client are privileged,' and Ninth Circuit courts 'have recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of work performed are usually not protected from disclosure by the attorney-client privilege.'" *See Gjerde v. U.S.*, No. MISC S-11-0075, 2012 WL 3528144, at *5 (E.D. Cal. Aug. 14, 2012) (citing *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992)); *see also In re Horn*, 976 F.2d 1314, 1316 (9th Cir. 1992); *Securities & Exchange Commission v. Coldicutt*, No. 2:17-cv-03888, 2017 WL 2485383, at *3 (C.D. Cal. June 8, 2017) (holding that information regarding the identity of clients and monetary transactions involving those clients were not subject to attorney-client privilege).

As a result of the foregoing, questions regarding the general nature of your client's relationship with legal counsel are permitted to be asked during the continuation of Mr. Martinez's deposition and such questioning should not be interrupted by speaking objections and improper assertions of the attorney-client privilege.

Second, in your letter of August 3, 2022, you fail to address the numerous instances in which you instructed your client not to answer questions that you asserted were outside the scope of categories set forth in our notice of deposition. We ask you to provide authority to support your position that the deposition was limited to the scope of those categories identified in a notice of deposition.

Third, , you claimed during the deposition that the settlement agreement dated December 29, 2017 (the "Settlement Agreement") is not relevant to this litigation. First and foremost, your client specifically testified that he believed the Settlement Agreement released certain claims concerning the relevant album and, therefore, made the settlement agreement relevant to this action. On this basis alone, the undersigned was entitled to ask questions about the Settlement Agreement and your client's performance thereunder. Nonetheless, relevancy is not a basis to direct a client not to answer a deposition question. You preserved your objection on the record and that was sufficient to preserve it for trial. However, it was completely inappropriate for you to direct your client not to answer questions related to the Settlement Agreement.



Page 3

Notwithstanding the fact that your analysis regarding relevance is erroneous, please be advised that Yellowcake, Inc. will be filing a state court action for breach of the settlement agreement, interest on the damages caused by that breach, costs and attorneys' fees.

Fourth, we asked you to articulate the nature of the protective order you allege that you would be seeking and when you intend to make a motion for such protective order so we can meet and confer regarding the same in an attempt to resolve any further issues regarding Mr. Martinez's deposition. This far, you have failed to provide us with any such information.

As a result of the foregoing, please provide us dates in the next few weeks as to when Mr. Martinez is available to complete his deposition without interference. If we do not receive a response by the close of business on Friday, August 12, 2022, we have no choice but to make a motion to compel and seek sanctions.

Lastly, we asked you to provide specific information regarding the accusation in your email of July 27, 2022, that either myself, co-counsel or our clients allegedly contacted and intimidated a witness identified by your client during his deposition. Despite our request, you have failed to provide us with any information concerning such behavior by counsel or our clients As such, we take your failure to respond as a retraction of this completely unfounded accusation.

Very truly yours,

Seth L. Berman

SLB/gar

cc:     Thomas P. Griffin, Esq.
        Kevin Berger
        David Hernandez