ALTVIEW LAW GROUP, LLP
JOHN M. BEGAKIS CASBN 278681
john@altviewlawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Defendant/Counterclaimant* HYPHY MUSIC, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYPHY MUSIC, INC.,<br><br>Defendant. | **Case No.: 1:20-cv-00988-AWI-BAM**<br><br>**DEFENDANT/COUNTERCLAIMANT'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT INITIAL DISCLOSURES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>[*Declarations of Jose Martinez and John Begakis; and [Proposed] Order Filed Concurrently Herewith*] |
| HYPHY MUSIC, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ SR,<br><br>Counterdefendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rules 16, 26 and 37 of the Federal Rules of Civil Procedure ("FRCP"), and this Court's Standing Order, Defendant/Counterclaimant HYPHY MUSIC, INC., a California corporation ("Hyphy"), by and through its attorneys of record, hereby respectfully requests, via this *ex parte* application, that the Court grant leave for Hyphy to supplement its Initial Disclosures and Reponses to Request Nos. 5, 12, 26, 29 and 31 of the first set of Requests for Production of Documents served on it (the "Application").

This Application is made on the grounds that Hyphy just discovered evidence that, for the first time, proves its counterclaim for infringement by YELLOWCAKE, INC., a California corporation ("Yellowcake"), COLONIZE MEDIA, INC., a California corporation ("Colonize"), JOSE DAVID HERNANDEZ, an individual ("Hernandez"), and JESUS CHAVEZ SR., an individual ("Chavez") (collectively, "Counter-Defendants") of certain album cover art owned by Hyphy. Given that Counter-Defendants have attempted to scrub the internet of all signs of their prior infringement, and have been less than forthcoming in discovery when probed on the same topic, Hyphy's recent discovery and request to supplement the record with such evidence, in addition to evidence of Hyphy's claim to co-ownership of certain rights in the albums at issue, is reasonable and justifiable. Counter-Defendants will also not be prejudiced if the Court permits such supplementation because Counter-Defendants have known such evidence exists (they were simply hoping Defendants wouldn't find it), and the Court can easily continue the discovery and dispositive motion cut-off dates without disturbing the June 27, 2023 trial date, if the Court believes it must do so in order to not prejudice Counter-Defendants by granting Hyphy's request via this Application.

Hyphy's request for such relief is also appropriate and necessarily brought on an *ex parte* basis because the deadline for Hyphy to supplement discovery has

2

DEFENDANT/COUNTERCLAIMANT'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT INITIAL DISCLOSURES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

passed, but such supplemental evidence is essential to Hyphy's success in this action. Declaration of John Begakis ("Begakis Decl.") at ¶ 8. Furthermore, such supplemental evidence will have an impact on both parties' anticipated motions for summary judgment, but the deadline for all parties to file such dispositive motions is November 15, 2022. *Id*. at ¶¶ 8, 10. It is therefore critical and indeed necessary that the Court rule on this issue prior to such dispositive motion deadline.

On October 12, 2022, Hyphy's counsel gave counsel for Counter-Defendants notice of this Application. *Id*. at ¶ 10; Exhibit "E" thereto. Based on prior email communications exchanged with counsel for Counter-Defendants, it is Hyphy's understanding that Counter-Defendants will not stipulate to allow for Hyphy to supplement the record with the evidence it possesses and will oppose this Application. *Id*.

The Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Jose Martinez and John Begakis filed concurrently herewith, all pleadings, files and records in this proceeding, all matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling hereon.

DATED: October 12, 2022          **ALTVIEW LAW GROUP, LLP**

By: _____
JOHN M. BEGAKIS
*Attorneys for Defendant/Counterclaimant*
HYPHY MUSIC, INC., a California corporation

3

DEFENDANT/COUNTERCLAIMANT'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT INITIAL DISCLOSURES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant/Counterclaimant HYPHY MUSIC, INC., a California corporation ("Hyphy") hereby brings this *ex parte* application for an order from the Court, pursuant to Rules 16, 26 and 37 of the Federal Rule of Civil Procedure ("FRCP"), granting Hyphy leave to supplement its Initial Disclosures and Responses to Request Nos. 5, 12, 26, 29 and 31 of the first set of Requests for Production of Documents (the "Application").

### I. INTRODUCTION

Both sides to this dispute have asserted claims for copyright infringement. Within the past week, Hyphy has discovered evidence proving its claim for infringement against Counter-Defendants, and is also in possession of copyright assignment agreements undercutting Counter-Defendants' ability to assert their own claims for infringement. Accordingly, Hyphy brings this Application, and respectfully requests that the Court issue an order permitting Hyphy to introduce evidence essential to its counterclaims and defenses.

Hyphy expects Counter-Defendants to argue that the admission of such supplemental evidence will prejudice them because the matter has been pending since 2020 and Hyphy is attempting to introduce such supplemental evidence only now. But, as this Application will establish, Hyphy is taking action to supplement the evidentiary record promptly, given that it just discovered the evidence it seeks to introduce, which discovery proved difficult as a result of Counter-Defendants' efforts to scrub any evidence of their infringing activities from the internet. Furthermore, Counter-Defendants cannot be prejudiced by the disclosure of such supplemental information because they have known about its existence since at least the commencement of this lawsuit, and the Court can make adjustments to the case calendar without continuing the actual trial, which is not set to commence until June 27, 2023.

4

DEFENDANT/COUNTERCLAIMANT'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT INITIAL DISCLOSURES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## II. RELEVANT FACTS

Hyphy is a record label in the business of producing, distributing, and otherwise exploiting sound and audiovisual recordings, coupled with artwork, in the U.S. Declaration of Jose Martinez ("Martinez Decl.") at ¶ 2. Plaintiff/Counter-Defendant YELLOWCAKE, INC., a California corporation ("Yellowcake") is a competing record label, which distributes rights through Counter-Defendant COLONIZE MEDIA, INC., a California corporation ("Colonize") – a company wholly owned and controlled by the same individuals who own Yellowcake. *Id*. Counter-Defendant JESUS CHAVEZ, SR. ("Chavez") is the lead singer of the Spanish-language musical group *Los Originales De San Juan* (the "Group"), which at all relevant times included band members Domingo Torres Flores ("Flores") and Alfonso Vargas ("Vargas"). *Id*.

In its Complaint, Yellowcake alleges that it acquired all rights in the sound recordings contained in multiple albums (collectively, the "Los Originales Albums" or "Albums") and Hyphy subsequently infringed Yellowcake's rights therein by distributing the Albums without authorization. Dkt. No. 1. Hyphy, however, asserts in its operative Amended Counterclaims that it acquired rights in the Albums first, and that is why Hyphy was exploiting them at the time Yellowcake discovered such use. Dkt. No. 15. Furthermore, Hyphy contends that when Yellowcake and Colonize first uploaded such Albums, they did so with Album cover art that Hyphy exclusively owns (the "Album Artwork") and did not grant rights to Yellowcake or Colonize to exploit. *Id*.

Yellowcake commenced this action on July 16, 2020. Dkt. No. 1. Hyphy filed Counterclaims on August 19, 2020, and thereafter Amended Counterclaims on August 28, 2020. Dkt. Nos. 7, 15. In response to Hyphy's Amended Counterclaims, Counter-Defendants filed a Motion to Dismiss on October 2, 2020. Dkt. No. 23. The matter was therefore not at issue until August 17, 2021, when Counter-Defendants

5

DEFENDANT/COUNTERCLAIMANT'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT INITIAL DISCLOSURES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

filed Answers to Hyphy's Amended Counterclaims, and fact discovery between the parties did not commence until November 24, 2021, when Counter-Defendants served their first sets of Special Interrogatories and Requests for Production of Documents. Declaration of John Begakis ("Begakis Decl.") at ¶¶ 2-3.

Throughout the discovery process, Counter-Defendants have stymied Hyphy's efforts to obtain evidence of Counter-Defendants' unauthorized upload of the Albums with Hyphy's Album Artwork. First, Counter-Defendants scrubbed (what they believed was) all evidence of such use from the internet. Martinez Decl. at ¶ 5. Then, Counter-Defendant JOSE DAVID HERNANDEZ, an individual ("Hernandez"), who is a co-owner of Yellowcake and Colonize, flat-out lied under oath when asked in his deposition whether Hyphy's Album Artwork was originally uploaded with the Albums. Martinez Decl. at ¶¶ 7-8; Exhibit "A" thereto; and Begakis Decl. at ¶¶ 4-5.

However, on or about Wednesday, October 5, 2022, Defendants discovered – **for the first time** – evidence of Counter-Defendants' infringement of Defendants' Album Artwork. Martinez Decl. at ¶¶ 7-8; Exhibit "A" thereto. Hyphy has also come into possession of Copyright Assignment Agreements from two members of the Group (collectively, the "Assignments"), which serve as critical evidence of Count-Defendants lack of standing to sue Hyphy for copyright infringement of the Albums for which members were co-authors. Martinez Decl. at ¶ 9; Exhibit "B" thereto. Accordingly, Hyphy must be allowed to supplement its Initial Disclosures with the identities of the Group members who assigned rights in the Albums to Hyphy, and to supplement their Responses to Counter-Defendants' first set of Requests for Production of Documents with copies of such Assignments and Hyphy's recently discovered evidence of infringement of the Album Artwork.

///

///

6

DEFENDANT/COUNTERCLAIMANT'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT INITIAL DISCLOSURES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## III. LEGAL STANDARD

Rule 26 requires all parties who have made disclosures or responded to discovery to supplement their disclosures or responses "in a timely matter if the party learns that in some material respect the disclosure or response is incomplete…" FRCP 26(e)(1). Rule 37 further sets forth that a party who fails to provide information pursuant to Rule 26(e) "is not allowed to use that information…unless the failure was substantially justified or is harmless." FRCP 37(c)(1). In determining whether the automatic exclusion provision of Rule 37 should apply, the Court should consider the following four (4) factors in assessing whether the perceived failure to disclose was substantially justified or harmless: (1) the importance of the excluded material; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the material to be used on a motion; and (4) the availability of a continuance to cure such prejudice. *Transclean Corp. v. Bridgewood Services, Inc.*, 77 F.Supp.2d 1045, 1064 (D. Minn. 1999).

## V. ARGUMENT

### A. Hyphy's Supplemental Evidence Is Critical To Its Counterclaims And Defenses

Hyphy's supplemental evidence of Counter-Defendants' infringement, and its acquisition of rights in the Albums is critical to Hyphy's ability to establish liability against Counter-Defendants, and to establish Counter-Defendants' lack of standing to bring their own claims for infringement. Accordingly, Hyphy would be severely prejudiced both in its opposition to Counter-Defendants' anticipated Motion for Summary Judgment, and in subsequently preparing its case for trial. Importantly, though, such supplemental evidence is <u>not</u> so far afield from the existing facts and allegations in the record that its introduction would prejudice Counter-Defendants by fundamentally changing the factual and legal landscape of the case.

7

DEFENDANT/COUNTERCLAIMANT'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT INITIAL DISCLOSURES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### B. Hyphy Has A Justifiable Explanation For Why Its Supplemental Evidence Was Not Produced Until Recently

Hyphy discovered its supplemental evidence of Counter-Defendants' infringement of Hyphy's Album Artwork less than a week ago, which fully justifies Hyphy's efforts to supplement its Initial Disclosures and Responses to Counter-Defendants' first set of Requests for Production of Documents this week. In their anticipated opposition, Counter-Defendants will likely lean on the fact that this case has been pending since 2020, but the reality is that discovery did not commence until less than a year ago (i.e., November 2021). Furthermore, **Counter-Defendants' misrepresentations under oath during deposition regarding the alleged non-existence of evidence that Hyphy just found**, is a significant contributing factor in such delayed discovery.

### C. Counter-Defendants Will Not Be Prejudiced By Hyphy's Disclosure Of Supplemental Evidence

Most importantly, Counter-Defendants will not be prejudiced if the Court were to permit such supplemental evidence. This is the case for two reasons.

*First*, Hyphy's supplemental evidence could not possibly be a surprise to Counter-Defendants. They have known about their own infringement since at least the moment Hyphy asserted a counterclaim for copyright infringement and then took active steps to scrub evidence of such infringement from the internet. Counter-Defendants have also known that Flores and Vargas were members of the Group at all relevant times alleged, and therefore cannot possibly claim ignorance to the fact that such individuals might at some point claim to be co-authors of the Albums.

*Second*, trial in this matter is not set to commence until **June 27, 2023**, and just last week Counter-Defendants' counsel expressed a willingness to continue the trial calendar in exchange for Hyphy's cooperation in a wholly unrelated matter. Begakis Decl. at ¶ 9; Exhibit "D" thereto. Therefore, even Counter-Defnedants

8

DEFENDANT/COUNTERCLAIMANT'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT INITIAL DISCLOSURES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

understand that discovery could be briefly re-opened with there being any prejudice to Counter-Defendants **and without having to even move the trial date**. If the Court believes that re-opening the discovery period is the only way it will grant this Application, Hyphy will gladly agree to any such re-opening and adjustment to the discovery and dispositive motion cut-off dates. Martinez Decl. at ¶ 10.

## VI.   CONCLUSION

Accordingly, Hyphy respectfully requests that the Court grant leave, via this Application, to allow Hyphy to supplement its Initial Disclosures and Responses to Request Nos. 5, 12, 26, 29 and 31 of Counter-Defendants' first set of Requests for Production of Documents.

DATED:  October 12, 2022          **ALTVIEW LAW GROUP, LLP**

By: _____
JOHN M. BEGAKIS
*Attorneys for Defendant/Counterclaimant*
HYPHY MUSIC, INC., a California corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: October 12, 2022          By:   /s/ John Begakis
                                       John M. Begakis