1  ALTVIEW LAW GROUP, LLP
   JOHN M. BEGAKIS CASBN 278681
2  john@altviewlawgroup.com
   12100 Wilshire Blvd., Suite 800
3  Los Angeles, California 90025
   Telephone: (310) 230-5580
4  Facsimile: (562) 275-8954

5  *Attorneys for Defendant/Counterclaimant* HYPHY MUSIC, INC.

6

7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9   | YELLOWCAKE, INC., California | **Case No.: 1:20-cv-00988-AWI-BAM** |
10  | corporation, | |
    | | **DECLARATION OF JOHN BEGAKIS** |
11  | Plaintiff, | **IN SUPPORT OF** |
    | | **DEFENDANT/COUNTERCLAIMANT'S** |
12  | v. | ***EX PARTE* APPLICATION FOR LEAVE** |
    | | **TO SUPPLEMENT INITIAL** |
13  | HYPHY MUSIC, INC., | **DISCLOSURES AND RESPONSES TO** |
    | | **REQUESTS FOR PRODUCTION OF** |
14  | Defendant. | **DOCUMENTS** |

15  HYPHY MUSIC, INC.,

16

17            Counterclaimant,

18       v.

19  YELLOWCAKE, INC.; COLONIZE
    MEDIA, INC; JOSE DAVID
20  HERNANDEZ; and JESUS
    CHAVEZ SR,
21
22  Counterdefendants.

23

24

25

26

27

28

DECLARATION OF JOHN BEGAKIS IN SUPPORT *EX PARTE* APPLICATION
FOR LEAVE TO SUPPLEMENT

1

## **DECLARATION OF JOHN BEGAKIS**

2
   I, John Begakis, declare and state as follows:

3
   1.    I am an attorney licensed to practice in California and before this Court.

4 I am a founding partner of AltView Law Group, LLP, and counsel for

5 Defendant/Counterclaimant HYPHY MUSIC, INC., a California corporation

6 ("Hyphy") in this matter. I hereby submit this declaration in support of Hyphy's *ex*

7 *parte* application for an order granting Hyphy leave to supplement its Initial

8 Disclosures and original Responses to Requests for Production of Documents (the

9 "Application"). I have personal knowledge of the facts stated herein, and, if called

10 upon as a witness, could and would testify competently thereto.

11
   2.    This action was commenced by Plaintiff/Counter-Defendant

12 YELLOWCAKE, INC., a California corporation ("Yellowcake") on July 16, 2020.

13 On or about August 19, 2020, Hyphy filed Counterclaims against Yellowcake and

14 Counter-Defendants COLONIZE MEDIA, INC., a California corporation

15 ("Colonize"), JOSE DAVID HERNANDEZ, an individual ("Hernandez"), and

16 JESUS CHAVEZ SR., an individual ("Chavez") (collectively, "Counter-

17 Defendants"), including a claim for infringement of Hyphy's artwork (the "Album

18 Artwork") that had originally been created by Hyphy when it acquired rights in

19 certain albums (collectively, the "Los Orignales Albums" or "Albums") recorded by

20 the musical group *Los Originales De San Juan* (the "Group"). Hyphy thereafter

21 filed an Amended Counterclaim on August 28, 2020, and, in response, Counter-

22 Defendants filed a Motion to Dismiss on October 2, 2020. After the Court ruled on

23 Counter-Defendants' Motion to Dismiss, Counter-Defendants filed Answers on

24 August 17, 2021.

25
   3.    Because the matter was not technically at issue until August 17, 2021,

26 discovery did not commence until on or about November 24, 2021, when Counter-

27 Defendants served their first set of Requests for Production of Documents on

28 Hyphy. And discovery has continued in earnest until a mere month and a half ago,

2

when Counter-Defendants supplemented their own document production on or about August 9, 2022.

4.     To say that Counter-Defendants have been less than transparent in discovery about their prior use of Hyphy's Album Artwork would also be an understatement. In fact, Hernandez flat-out lied under oath when asked in his deposition about whether Yellowcake and Colonize had exploited Hyphy's Album Artwork without authorization. The exchange was as follows:

> Q: Did you have [the Album Artwork] at the time that you uploaded the [Albums]?
>
> A: At the time, there were images. **But if I recall, Mr. Berger didn't want anything to do with Hyphy Music's artwork or anything, because there was some recordings or some artworks with the Hyphy Music Logo**. **And he specifically requested that we created brand-new artworks for those**.
>
> (Emphasis Added)

5.     However, on or about Wednesday, October 5, 2022, I was contacted by Jose Martinez, the owner and Chief Executive Officer of Hyphy, who discovered and presented me with proof that when Counter-Defendants first uploaded the Albums **they did so with artwork that included the Hyphy Music logo – in direct contradiction to Hernandez's referenced deposition testimony**.

6.     Accordingly, on or about October 10, 2022, our office attempted to supplement Hyphy's Initial Disclosures and original Responses to Counter-Defendants' Requests for Production of Documents. In response to such attempt, counsel for Counter-Defendants said it would oppose any use of such evidence because fact discovery had closed on July 28, 2022 – **even though Counter-Defendants essentially waived that argument by supplementing their own document production on or about August 9, 2022**. Accordingly, Hyphy hereby

3

DECLARATION OF JOHN BEGAKIS IN SUPPORT OF *EX PARTE*
APPLICATION FOR LEAVE TO SUPPLEMENT

brings this Application, seeking an order from the Court granting Hyphy leave to supplement their Initial Disclosures and original Responses to Requests for Production of Documents. For reference, a true and correct copy of Counter-Defendants' first set of Requests for Production of Documents, of which Hyphy desires to supplement Request Nos. 5, 12, 26, 29 and 31, is attached hereto as Exhibit "C" and incorporated herein by this reference.

7.    The supplemental evidence Hyphy desires to introduce amounts to (a) evidence of Counter-Defendants' infringement of Hyphy's rights in the Album Artwork, **which would prove Hyphy's counterclaim for copyright infringement**; and (b) evidence of certain Copyright Assignment Agreements executed by certain members of the Group who agreed to assign their rights in the Albums to Hyphy (collectively, the "Assignments"), **which would eviscerate Counter-Defendants' standing to sue Hyphy for infringement of such Albums**. Based on this evidence, Hyphy needs leave to supplement: (a) its responses to Request Nos. 5, 12, 26, 29 and 31 in Counter-Defendants' first set of Requests for Production, in order to provide screen shots of its newly discovered evidence of infringement, and copies of the Assignments; and (b) its Initial Disclosures, in order to identify, as relevant witnesses, the two members of the Group who have granted rights in the Albums to Hyphy.

8.    An order from this Court granting Hyphy's leave to supplement the factual record with evidence is necessary because the discovery cut-off date has passed, but such evidence is critical to Hyphy's ability to (a) prove their counterclaim for infringement against Counter-Defendants; and (b) defend itself against Counter-Defendants' claim for infringement of the Albums on the basis that Counter-Defendants lack standing to sue Hyphy as co-owner of such works.

9.    I anticipate that Counter-Defendants' counsel will lean on the argument that Counter-Defendants will be prejudiced because this case has been pending since 2020 and the fact discovery period has already closed. However, just last week

4

DECLARATION OF JOHN BEGAKIS IN SUPPORT OF *EX PARTE*
APPLICATION FOR LEAVE TO SUPPLEMENT

counsel for Yellowcake, Colonize and Hernandez signaled that such Counter-Defendants were willing to continue the trial period in exchange for Hyphy's cooperation in a separate, totally unrelated legal matter. If they were willing to allow for further discovery last week when doing so benefited them, they cannot possibly state now that they would be severely prejudiced by the introduction of minimal supplemental evidence now. A true and correct copy of my email correspondence with such counsel, wherein counsel states that his clients would be willing to stipulate to a thirty-day continuance of the discovery deadline, in exchange for Hyphy's cooperation in a separate matter is attached hereto as Exhibit "D" and incorporated herein by this reference.

10.    On or about October 12, 2022, I contacted all counsel for Counter-Defendants to notify them of Hyphy's effort to bring its request for leave *ex parte*. Given that the dispositive motion cut-off date (i.e., the deadline for both sides to submit motions for summary judgment) is November 15, 2022, there is insufficient time to have Hyphy's request for leave to supplement the record with pertinent and valuable evidence heard by noticed Motion before such cut-off date passes. I was unable to get ahold of any such counsel by telephone, so I left voicemails (which did not state that *ex parte* notice could not be left thereby) for all lead counsel. I then followed up with emails to all counsel confirming that I called and further notifying them of this Application via email. As of the filing of this Application, I have received email responses from all counsel, but none of them expressly set forth whether they would be opposing the Application. A true and correct copy of my email correspondence to all counsel evidencing our effort to provide notice is attached hereto as Exhibit "E" and incorporated herein by this reference.

///

///

///

5

DECLARATION OF JOHN BEGAKIS IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT

1

2

3

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on October 12, 2022, at Los Angeles, California.

4

5

6

_____

JOHN BEGAKIS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JOHN BEGAKIS IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: October 12, 2022                    By:   /s/ John Begakis
                                                   John M. Begakis

CERTIFICATE OF SERVICE