# EXHIBIT "C"

**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
　tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
　sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HYPHY MUSIC, INC.,<br><br>　　　　　Defendant. | Case No.: 1:20-CV-00988-DAD-BAM<br><br>**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT – SET ONE** |

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

1

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT – SET ONE**

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

|   |   |
|---|---|
| HYPHY MUSIC, INC., | ) |
| Counterclaimant, | ) |
| v. | ) |
| YELLOWCAKE, INC., COLONIZE MEDIA, INC., JOSE DAVID HERNANDEZ, JESUS CHAVES, SR., | ) |
| Counterdefendants. | ) |

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, Plaintiff/Counterdefendants Yellowcake, Inc., Colonize Media, Inc., and Jose David Hernandez request that defendant/counterclaimant, Hyphy Music, Inc., respond to the below requests to produce and/or permit Plaintiff/Counterdefendants and their attorneys to inspect and copy and to test or sample the following documents, including electronically stored information, within thirty (30) days of receipt of these requests.

## DEFINITIONS

1. **"You," "Your," "Defendant" or "Hyphy"** means and refers to defendant Hyphy Music, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

2. **"Plaintiff"** and/or **"Yellowcake"** means and refers to Plaintiff Yellowcake, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

3. **"Colonize"** means and refers to counter-defendant Colonize Media, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

4. **"Hernandez"** means and refers to Counterdefendant Jose David Hernandez and any of his agents or representatives.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT – SET ONE**

5. **"Yellowcake Parties"** means and refers to Plaintiff, Colonize, and Hernandez collectively.

6. **"Complaint"** means Plaintiff's complaint filed in the above-captioned action (Dkt. No. 1).

7. **"Counterclaim"** means Defendant's First Amended Counterclaim filed in the above-captioned action (Dkt. No. 15).

8. **"Yellowcake's Copyrighted Works"** shall have the same meaning ascribed to it in the Complaint.

9. **"Documents"** means and refers to any designated documents or electronically stored information – including documents, records, books, papers, contracts, memoranda, spreadsheets, invoices, emails, letters, texts, correspondence, notes, photographs, drawings, charts, graphs, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), any related metadata, and any other "documents" as defined in *California Evidence Code* Section 250 (handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them), stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy is a separate document.

10. **"Exploit**,**" "Exploited**,**"** and/or **"Exploitation"** means the sale, distribution, streaming, licensing, synchronization, public performance and/or any other use of any sound recordings, audio-visual works or other similar assets.

11. **"Persons"** includes a natural person, firm, association, partnership, business, trust, corporation, limited liability company, other organization of any kind or

public entity.

12.  The terms "**All**," "**Any**," and "**Each**" shall each be construed as encompassing any and all.

13.  The connectives "**And**" and "**Or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.  Responses to these Requests shall be supplemented and/or amended when additional information becomes available. These Requests shall be deemed to impose a continuing duty upon Defendant to properly serve upon the Yellowcake Parties supplemental and/or amended responses if Defendant discovers or acquires further documents and/or things responsive to these Requests.

2.  If Defendant is aware of a responsive document or thing (or a group of documents or things) that once existed, but has since been destroyed, Defendant is required to specifically identify such document or thing, when the document or thing was destroyed, the reason for destruction and the circumstances under which destruction occurred. This Request is to be regarded as continuing. Defendant is requested to provide, by way of supplemental responses, any other additional documents that it or any person on its behalf may hereafter obtain, which will supplement, augment or add to the documents previously provided. Such additional documents shall be served upon counsel for the Yellowcake Parties no later than two (2) weeks after receipt by Defendant. Nothing herein shall constitute a waiver of the right to bar at trial any documents not produced in a timely manner in response to this Request, or to seek any other appropriate sanction with regard to any document that is not produced in a timely manner in response to this Request.

3.  In the event that any portion of any numbered Request is objected to for any reason, Defendant must supply in a timely manner copies of all documents that are not objectionable.

4

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT –
SET ONE**

4. In the event that any document called for, or any portion of such a document, is withheld on the basis of any claim or privilege or any other objection, that document shall be identified by providing the following information: (i) a brief description of the document and any attachments or appendices and the subject matter of the document and any attachments or appendices; (ii) the author of the document and the position and title of the author; (iii) the addressee, if any, of the document and the position or title of the addressee; (iv) the date of the document; (v) the number of pages in the document; (vi) all persons to whom the document was distributed, shown or explained; (vii) the location and present custodian of the document; (viii) the identification of the paragraph of this Request to which the document relates; and (ix) a statement in detail of the nature of the privilege asserted with respect to each document.

## REQUESTS FOR PRODUCTION

1. Produce all documents concerning or related to Defendant's exploitation of Yellowcake's Copyrighted Works including, but not limited to, such exploitation on digital distribution platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii) reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard" information; and (viii) documents including, but not limited to, any royalty statements from any national or international performing rights organization such as ASACP, BMI, SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT – SET ONE**

2.  Produce all copies of any video, website, social media posting, or other document or file containing all or any part of any of Yellowcake's Copyrighted Works, and all metadata associated with such files.

3.  Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Plaintiff and Defendant concerning or regarding any of Yellowcake's Copyrighted Works.

4.  Produce all internal documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Defendant concerning or regarding any of Yellowcake's Copyrighted Works.

5.  Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Defendant and any third-party concerning or regarding any of Yellowcake's Copyrighted Works.

6.  Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning, regarding, or relating to the exploitation by Defendant, or anyone acting on its behalf, of any of Yellowcake's Copyrighted Works.

7.  Produce all documents sufficient to identify the name, and address, and job title of each employee, contractor, or agent of Defendant who had any role in designing, creating, programming, uploading, reviewing, and/or monitoring any video, website, social media posting, or other content containing all or any part of any of Yellowcake's Copyrighted Works.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT – SET ONE**

8. Produce all documents concerning, regarding, or relating to any investigation you have made concerning Defendant's exploitation of Yellowcake's Copyrighted Works.

9. Produce all documents concerning, regarding, or relating to any actual or potential license you have ever obtained for the exploitation of any of Yellowcake's Copyrighted Works.

10. Produce all contracts or other agreements, and any amendments thereto, by, between, or among Defendant and Plaintiff.

11. Produce all contracts or other agreements, and any amendments thereto, by, between, or among Defendant and Colonize.

12. Produce all contracts or other agreements, and any amendments thereto, by, between, or among Defendant and any third-party that concerns any of Yellowcake's Copyrighted Works.

13. Produce all documents, reflecting or concerning any revenue derived by Defendant arising from the exploitation of Yellowcake's Copyrighted Works, including, but not limited to, any royalty statements, spreadsheets, logs, ledgers, copies of checks and wire transfers.

14. Produce all of the financial statements, profit and loss statements, net income statements, balance sheets, financial forecasts, projections, internal memoranda,

ledgers, journals, bookkeeping entries, and business plans of Defendants from 2015 through the present.

15. Produce all documents pertaining to your policies and procedures for addressing claims by licensors concerning the exploitation of intellectual property beyond the licensors' contractual authorizations.

16. Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning the creation of Los Originales Cover Art referenced in paragraph 18 of the Counterclaim.

17. Produce all documents (including but not limited to copyright registrations, copyright applications, contracts, work-for-hire agreements, employment agreements, emails, letters, texts and other correspondence) concerning Hyphy's alleged ownership of the Los Originales Cover Art referenced in paragraph 18 of the Counterclaim.

18. Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Defendant and any of the Yellowcake Parties concerning the Los Originales Cover Art referenced in paragraph 18 of the Counterclaim.

19. Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Defendant and Jesus Chavez Sr. concerning the Los Originales Cover Art referenced in paragraph 18 of the Counterclaim.

20. Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Defendant and Jesus Chavez Sr. concerning any of the Yellowcake Parties.

21. Produce all contracts or other agreements, and any amendments thereto, by, between, or among Defendant and Jesus Chavez Sr. concerning the Los Originales Cover Art referenced in paragraph 18 of the Counterclaim.

22. Produce all contracts or other agreements, and any amendments thereto, by, between, or among Defendant and any third-party concerning the Los Originales Cover Art referenced in paragraph 18 of the Counterclaim.

23. Produce all documents, including, but not limited to, all contracts or other agreements, and any amendments thereto, substantiating an alleged work for hire relationship between Defendant and Jesus Chaves Sr.

24. Produce all documents, including, but not limited to, all contracts or other agreements, and any amendments thereto, concerning Jesus Chaves Sr.'s alleged employment with Defendant.

25. Produce all documents concerning Defendant's filing of copyright registrations in the Los Originales Albums referenced in paragraph 17 of the Counterclaim including, but not limited to any copyright registration certificates, copyright applications or supporting documents submitted to the U.S. Copyright Office.

26. Produce all documents that substantiate that Defendant is a co-author, co-owner, and/or joint owner of all copyrights in the Los Originales Albums referenced in paragraph 16 of the Counterclaim.

27. Produce all documents concerning Defendant's involvement in the recording of the Los Originales Albums referenced in paragraph 16 of the Counterclaim.

28. Produce all documents that demonstrate that Defendant has allegedly not infringed Yellowcake's Copyrighted Works.

29. Produce all documents that allegedly support Defendant's Counterclaim.

30. Produce all documents referred to in Defendant's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26.

31. Produce all documents Defendant intends to rely on in the defense of this action not already demanded herein.

Dated: November 24, 2021

          **ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

          By: */s/ Seth L. Berman*
               Seth L. Berman, Esq. (*pro hac vice*)
               ***Attorneys for Plaintiff Yellowcake, Inc.***

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT – SET ONE has been served upon the Attorneys for Defendant via Electronic Mail addressed to:

ALTVIEW LAW GROUP, LLP

John M. Begakis, Esq.

john@altviewlawgroup.com

12100 Wilshire Blvd., Suite 800

Los Angeles, California 90025

Telephone: (310) 230-5580

Facsimile: (562) 275-8954

on November 24, 2021.

_____

Seth L. Berman

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT – SET ONE**