

**Long Island**
3 Dakota Drive, Suite 300
Lake Success, NY 11042
516.328.2300 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany

Seth L. Berman, Esq.
Partner/Director Intellectual Property and Entertainment Dept.
Email: sberman@abramslaw.com

October 18, 2022

<u>**VIA EFC and EMAIL**</u>
Hon. Barbara A. McAuliffe
United States Magistrate Judge
United States District Court-Eastern District of California
Robert E. Coyle United States Courthouse
2500 Tulare Street, Sixth Floor
Fresno, California 93721

   Re: *Yellowcake, Inc. v. Hyphy Music, Inc.*
      <u>Case No. 1:20-CV-00988</u>

Dear Judge McAuliffe:

  This firm represents the Plaintiff/Counterdefendants (collectively "Plaintiff") in the above-referenced matter. We file this letter to respectfully request: (i) an additional one week extension of the time to file opposition to Defendant/Counterclaimant's ("Defendant") *ex parte* application filed on October 12, 2022 (Doc. No. 55) at 8:43 pm (and made without a Meet and Confer as required by Local Rule 251) requesting leave to supplement their discovery disclosures after the close of fact discovery; and (ii) for a 60-day extension of the existing deadline to file summary judgment motions, because such motions are relevant to Defendant's *ex parte* application, as they will be impacted by the outcome of the *ex parte* motion. As set forth below, there is no need for this motion to be heard on an expedited basis and Plaintiff will be unfairly prejudiced if not given more time to submit a substantive opposition and be granted an extension of the deadline to file a summary judgment motion.

  The impetus for Defendant's filing of an *ex parte* application, rather than a motion on notice, was the fact that the deadline to file summary judgment motions is October 24, 2022, and Defendant presumably wants its allegedly newly found documents to be part of the record in opposition to Plaintiff's summary judgment motion. There was no other reason requiring the motion to be made on an *ex parte* basis. However, Plaintiff's attorneys were out of town attending Counter-defendant David Hernandez's wedding on October 13th and the undersigned was traveling from California to New York on the 14th (see enclosure). Yesterday the undersigned, despite being out of the office for the Jewish holiday of Simchat Torah, met and conferred with Defendant's counsel to try and resolve the dispute. Plaintiff agreed to accept Defendant's late disclosures as timely, so long as Plaintiff can take limited discovery concerning the newly disclosed documents, including deposing Defendant's principal (Jose Martinez) and the counterparties to the agreements that were just disclosed (Domingo Torres Flores and Alfonso



Page 2

Vargas) and sent Defendant's counsel a stipulation to that effect. However, Defendant refused and is insisting on reopening discovery beyond the scope of the newly disclosed documents, which is not even relief Defendant requested in its *ex parte* application. The undersigned then asked Defendant to consent to an extension of the time to oppose the motion and reset the summary judgment cutoff since the outcome of the *ex parte* motion effects Plaintiff's summary judgment motion, but Defendant's counsel refused.

Plaintiff greatly appreciates the Court's *sua sponte* extension of time to oppose to October 20, 2022. However, fair opposition to the motion will require consultation with Mr. Hernandez who will be unavailable for at least another week as the result of his wedding. Furthermore, the undersigned is also out of the office with his children, who are off from school observing the Jewish holiday and had to interrupt his holiday and time with his children to address this non-emergency. As the Court is also aware, Defendant's counsel made a similar *ex parte* motion in the matter *Yellowcake Inc. v. Morena Music*, Case No. 1:20-cv-00787 requiring Plaintiff to file opposition to two unnecessary *ex parte* applications in essentially only two working days.

Given that there is no real exigency and that the motion was only filed *ex parte* because of the pending deadline to file summary judgment motions, adjourning the deadline to file summary judgment motions sixty (60) days would moot the need for an *ex parte* application and would allow Plaintiff to consult with Mr. Hernandez and give Plaintiff a fair opportunity to file opposition to an important motion and then file a summary judgment motion based on the settled record.

As such, Plaintiff respectfully requests that its deadline to file opposition to the *ex parte* motion be extended to October 28, 2022 and that the deadline for filing summary judgment motions, and all other deadlines, be adjourned for sixty (60) days. Alternatively, Plaintiff is willing to participate in a status conference with the Court at the Court's earliest convenience if the motion and summary judgment deadlines are stayed pending the conference.

This is Plaintiff's first request for the extension of deadlines in this matter. We thank the Court in advance for its accommodation.

Respectfully submitted,

*[signature]*

Seth L. Berman, Esq.

SLB/gar
cc: John Begakis, Esq. (via ECF)




# Arani & David

# Schedule



## Wedding

THURSDAY, OCTOBER 13, 2022

1:30 PM - 10:00 PM



Temecula, CA 92592

Vestuario/ Attire : Bohemio Elegante /

