



John Begakis &lt;john@altviewlawgroup.com&gt;

# Morena/Hyphy Discovery Stipulations
5 messages

**Seth L. Berman** &lt;SBerman@abramslaw.com&gt;     Mon, Oct 17, 2022 at 3:29 PM
To: John Begakis &lt;john@altviewlawgroup.com&gt;
Cc: Tom Griffin &lt;tgriffin@hsmlaw.com&gt;

John:

After further discussion, we are willing to accept your supplemental discovery responses on the condition that we are permitted to take discovery on the issues raised in your supplemental responses. As such, please see the stipulations with our edits. Please let us know you position on this as soon as possible and confirm that we may file the stipulations.

Thank you,

Seth

_**Seth L. Berman**_, _**Esq.**_ | _Partner/Director Intellectual Property and Entertainment Dept._



_Long Island Office_
3 Dakota Drive Suite 300
Lake Success, New York 11042
516-328-2300 x 251 | Phone

516-328-6638 |     Fax

sberman@abramslaw.com

www.abramslaw.com



CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient. AF/02

**4 attachments**

📄 **Morena adv. Yellowcake - Stipulation to Stay Action - 101422 (draft) SLB v4.doc**
88K

📄 **Morena adv. Yellowcake - Stipulation to Stay Action (Prop Order) - 101422 (draft) SLB v.2.doc**
80K

📄 **Hyphy adv. Yellowcake - Stipulation to Stay Action - 101222 (draft) SLB v4.doc**
89K

📄 **Hyphy adv. Yellowcake - Stipulation to Stay Action (Prop Order) - 101222 (draft) SLB v.2.doc**
82K

---

**John Begakis** <john@altviewlawgroup.com>                                               Mon, Oct 17, 2022 at 4:49 PM
To: "Seth L. Berman" <SBerman@abramslaw.com>
Cc: Tom Griffin <tgriffin@hsmlaw.com>

Seth:

We agree that stipulating to further, but limited, discovery on the issues supplemented is the better route to go.  And we do have the ability to produce the two band members that you seek by way of the draft stipulations.  With that said, the stipulations are too narrow in that they do not permit Hyphy/Morena to also conduct further discovery on the evidence of infringement we've found.  Accordingly, here is what we would need in both cases, in order to agree to give you what you seek by way of the draft stipulations:

1.) The further deposition of Jose David Hernandez, as the PMK for Yellowcake, on the issue of distribution of all relevant works and our evidence of infringement; and
2.) The deposition of Jesus Chavez, Sr. in his individual capacity (who we are informed is healthy and back touring).

If you agree, we will revise the stipulations and send them back for approval.

Best,
John

[Quoted text hidden]

--

**John M. Begakis, Esq.** | Partner

# AltView Law Group, LLP

T: 310.230.5580 x1
F: 310.943.2540
Email: John@altviewlawgroup.com
Website: www.altviewlawgroup.com/



**CONFIDENTIALITY NOTICE:  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

---

**Seth L. Berman** <SBerman@abramslaw.com>                                               Mon, Oct 17, 2022 at 5:19 PM
To: John Begakis <john@altviewlawgroup.com>
Cc: Tom Griffin <tgriffin@hsmlaw.com>

John:

You served  "allegedly new discovery" that was in your clients' possession but disclosed late without excuse and its late disclosure is highly prejudicial to our clients. As a compromise, we are agreeing to accept your late disclosures so long as we have a fair opportunity to challenge your client on the disclosures. That doesn't mean that you now get to reopen discovery on other issues beyond the scope of your late disclosures. This is more than a fair offer and if it's not accepted, we will have no choice but to oppose your applications, advise the court of our offer, and write to the court to request an extension of time to file opposition and for an adjournment of the remaining deadlines. We will also be forced to advise the court that you have refused our good faith request for an extension without justification. Kindly please let us know how you would like to proceed as soon as possible.

Sent from my iPhone

**_Seth L. Berman_**_, Esq._ | _Partner/Director Intellectual Property and Entertainment Dept._



**Long Island Office**
3 Dakota Drive Suite 300
Lake Success, New York 11042
516-328-2300 x 251 | Phone

516-328-6638 |    Fax

sberman@abramslaw.com

www.abramslaw.com



**CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient. AF/01**

On Oct 17, 2022, at 7:49 PM, John Begakis <john@altviewlawgroup.com> wrote:

**Caution: This email originated outside of the organization**

Seth:

We agree that stipulating to further, but limited, discovery on the issues supplemented is the better route to go. And we do have the ability to produce the two band members that you seek by way of the draft stipulations. With that said, the stipulations are too narrow in that they do not permit Hyphy/Morena to also conduct further discovery on the evidence of infringement we've found.  Accordingly, here is what we would need in both cases, in order to agree to give you what you seek by way of the draft stipulations:

1.) The further deposition of Jose David Hernandez, as the PMK for Yellowcake, on the issue of distribution of all relevant works and our evidence of infringement; and
2.) The deposition of Jesus Chavez, Sr. in his individual capacity (who we are informed is healthy and back

touring).

If you agree, we will revise the stipulations and send them back for approval.

Best,
John

On Mon, Oct 17, 2022 at 3:29 PM Seth L. Berman <SBerman@abramslaw.com> wrote:

> John:
>
> After further discussion, we are willing to accept your supplemental discovery responses on the condition that we are permitted to take discovery on the issues raised in your supplemental responses. As such, please see the stipulations with our edits. Please let us know you position on this as soon as possible and confirm that we may file the stipulations.
>
> Thank you,
>
> Seth
>
> **_Seth L. Berman_**_, Esq._ | **_Partner/Director Intellectual Property and Entertainment Dept._**
>
> <image4fab15.PNG>
>
> **_Long Island Office_**
> 3 Dakota Drive Suite 300
> Lake Success, New York 11042
> 516-328-2300 x 251 | Phone
> 516-328-6638 |   Fax
>
> sberman@abramslaw.com
>
> www.abramslaw.com
>
> <imageb4ab32.PNG>  <image6522bf.PNG>  <imagefc1d45.PNG>  <image9d777f.PNG>
>
> CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient. AF/02
>
> [Quoted text hidden]

**5 attachments**



 **imageb4ab32.PNG**
2K

 **image6522bf.PNG**
1K

 **imagefc1d45.PNG**
1K

 **image9d777f.PNG**
1K

**image4fab15.PNG**
52K

---

**John Begakis** <john@altviewlawgroup.com>     Mon, Oct 17, 2022 at 6:26 PM
To: "Seth L. Berman" <SBerman@abramslaw.com>
Cc: Tom Griffin <tgriffin@hsmlaw.com>

Counsel:

The court will easily see (and we will file a supplemental reply to point out) that your request for unilateral additional discovery, and your rejection of our reasonable proposal for mutual additional discovery, is not actually a reasonable good faith attempt to resolve this issue. We will also remind the court that the mere fact you are willing to agree to any additional discovery at all is clear evidence that there will be no prejudice if our supplementations are accepted and discovery is reopened by the court to address them.

Our offer remains open, should you recognize the reasonableness of our counter proposal and change your mind.

Best,
John

[Quoted text hidden]

---

**John Begakis** <john@altviewlawgroup.com>     Mon, Oct 17, 2022 at 6:33 PM
To: "Seth L. Berman" <SBerman@abramslaw.com>
Cc: Tom Griffin <tgriffin@hsmlaw.com>

And to be clear, counsel, our request for mutual additional discovery would be limited to questions on the evidence supplemented only. This is only fair - particularly as it relates to evidence of infringement our client just discovered, but that your client testified falsely under oath did not exist.

Best,
John

[Quoted text hidden]