# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California Corporation, | Case No. 1:20-cv-00988-AWI-BAM |
| Plaintiff, | **AMENDED SCHEDULING ORDER** |
| v. | Expert Disclosure: February 27, 2023 |
| HYPHY MUSIC, INC., | Supplemental Expert Disclosure: March 10, 2023 |
| Defendant. | Expert Discovery Deadline: April 7, 2023 |
| HYPHY MUSIC, INC., Counterclaimant, | Dispositive Motion Filing Deadline: July 14, 2023 |
| v. YELLOWCAKE INC., a California Corporation; COLONIZE MEDIA, INC.; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ, SR., | Pretrial Conf.: Date: February 21, 2024  Time: 10:00 a.m.  Dept.: 2 (AWI) |
| Counter-Defendants. | Jury Trial: (8-10 days) Date: May 14, 2024  Time: 8:30 a.m.  Dept.: 2 (AWI) |

This Court conducted a status conference on February 21, 2023. Counsel Seth Berman and Tomas Griffin appeared on behalf of Plaintiffs/Counter-Defendants Yellowcake Inc., Colonize Media, Inc., and Jose David Hernandez. Counsel John Begakis appeared on behalf of Defendant/Counterclaimant Hyphy Music, Inc. No appearance by Counter Defendant Jesus Chavez, Sr. The Court sets the following amended schedule:

**1.  Discovery Cutoffs and Limits**

Initial expert witness disclosures by any party shall be served no later than **February 27, 2023.** Supplemental expert witness disclosures by any party shall be served no later than **March 10, 2023**.

1

1  Such disclosures must be made pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) and shall include all
2  information required thereunder.  In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) shall
3  specifically apply to all discovery relating to expert witnesses and their opinions.  Each expert witness
4  must be prepared fully to be examined on all subjects and opinions included in the designations.
5  Failure to comply with these requirements will result in the imposition of appropriate sanctions, which
6  may include the preclusion of testimony or other evidence offered through the expert witness.  In
7  particular, this Court will enforce preclusion of testimony or other evidence if Fed. R. Civ. P. 26(e) is
8  not strictly complied with.

9  All expert discovery, including motions to compel, shall be completed no later than **April 7,**
10 **2023.**  Compliance with these discovery cutoffs requires motions to compel be filed and heard
11 sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted
12 discovery time.  A parties' failure to have a discovery dispute heard sufficiently in advance of the
13 discovery cutoff may result in denial of the motion as untimely.

14 **2.    Pre-Trial Motion Schedule**

15 All pre-trial motions, both dispositive and non-dispositive (except motions to compel,
16 addressed above), shall be served <u>and filed</u> on or before **July 14, 2023**.  Non-dispositive motions are
17 heard on Fridays at 9:00 a.m., before the Honorable Barbara A. McAuliffe, United States Magistrate
18 Judge, in Courtroom 8.  Before scheduling such motions, the parties shall comply with Local Rule 230
19 or Local Rule 251.

20 Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion
21 will be denied without prejudice and dropped from calendar.  In addition to filing a joint statement
22 electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to
23 bamorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one
24 **telephonic or in person conference** as part of their obligations to meet and confer in good faith to
25 resolve their discovery dispute prior to seeking judicial intervention.  The parties are further cautioned
26 that boilerplate objections to written discovery will be summarily denied.

27 Upon stipulation of the parties, Judge McAuliffe will resolve discovery disputes by informal
28 telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil

2

Procedure governing noticed motions to compel. The procedures for requesting an informal telephonic conference are set forth in Judge McAuliffe's Case Management Procedures located on the Court's website, http://www.caed.uscourts.gov. If the parties stipulate to an informal ruling on a discovery dispute that arises during a deposition, they may request an informal ruling during the deposition by contacting Judge McAuliffe's Courtroom Deputy, Esther Valdez, by telephone at (559) 499-5788.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue non-dispositive motions before Judge McAuliffe by telephone by dialing the court's teleconference line at (877) 411-9748 and entering access code 3190866, provided they indicate their intent to appear telephonically on their pleadings or by email to evaldez@caed.uscourts.gov at least one week prior to the hearing.

Dispositive Pre-Trial Motions are heard in Courtroom 2 before the Honorable Anthony W. Ishii, Chief United States District Court Judge. In scheduling such motions, the parties shall comply with Local Rules 230 and 260.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

3

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

**3.       Settlement Conference**

A Settlement Conference has not been scheduled.  The parties are advised to contact the Court if they determine that a settlement conference would be beneficial.  If a settlement conference is set, the parties are advised that unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**4.       Pre-Trial Conference Date**

The pre-trial conference will be held on **February 21, 2024, at 10:00 a.m. in Courtroom 2** before the Honorable Anthony W. Ishii.

The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281. The parties are further directed to submit an electronic copy of their pretrial statement in Word format, directly to Senior District Judge Ishii's chambers by emailing it to awiorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 281 and 282.  The parties must identify all exhibits and witnesses, including those for rebuttal and/or impeachment purposes.  No exhibit or witness other than those listed in the joint pretrial statement and included in the Pretrial Order may be used at trial.  This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**5.       Trial Date**

An eight-to-ten-day jury trial is set for **May 14, 2024, at 8:30 a.m.** in Courtroom 2 before United States Senior District Judge Anthony W. Ishii.  ///

///

///

4

**6.     Effect of this Order**

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Requests to alter the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**

The failure to comply with this order shall result in the imposition of sanctions, including but not limited to, dismissal of this action.

IT IS SO ORDERED.

Dated:   **February 21, 2023**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

5