EXHIBIT E

ALTVIEW LAW GROUP, LLP
JOHN M. BEGAKIS CASBN 278681
john@altviewlawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Defendant/Counterclaimant* HYPHY MUSIC, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., California corporation,<br><br>                          Plaintiff,<br><br>                 v.<br><br>HYPHY MUSIC, INC.,<br><br>                          Defendant.<br><br>HYPHY MUSIC, INC.,<br><br>                          Counterclaimant,<br><br>                 v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ SR,<br><br>                          Counterdefendants. | **Case No.:**<br>**1:20-cv-00988-DAD-BAM**<br><br>**DEFENDANT/COUNTERCLAIMANTS' RESPONSES TO PLAINTIFF/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES** |

DEFENDANT/COUNTERLCAIMANT'S RESPONSES TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff/Counterdefendants |
| | YELLOWCAKE, INC., COLONIZE |
| | MEDIA, INC., and JOSE DAVID |
| | HERNANDEZ |
| RESPONDING PARTY: | Defendant/Counterclaimant |
| | HYPHY MUSIC, INC. |
| SET NUMBER: | ONE (1) |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("FRCP"), Defendant/Counterclaimant HYPHY MUSIC, INC. ("Responding Party"), hereby respond to Plaintiff/Counterdefendants' YELLOWCAKE, INC., COLONIZE MEDIA, INC., and JOSE DAVID HERNANDEZ (collectively, "Requesting Party") First Set of Interrogatories.

**PRELIMINARY STATEMENT**

Responding Party makes these responses solely for the purpose of this action. Responding Party has not fully completed its investigation of the facts relating to this case, has not completed its discovery, and has not completed its preparation for trial in this matter. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to and specifically known to Responding Party. Further discovery and independent investigation may supply additional facts and documents which may, in turn, clarify and add meaning to known facts as well as establish entirely new matters, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact(s) or document(s) that later may be recalled. Accordingly, Responding Party reserves the right to produce at trial all facts, opinions, or documents, the existence of which

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

1  are subsequently discovered through investigation, discovery, or otherwise, which
2  support or tend to support its contentions at the time of trial.

3       Any information provided in response to the Interrogatories is subject to any
4  and all objections regarding competence, relevance, materiality, propriety and
5  admissibility. Responding Party reserves these objections and any other objections
6  not stated herein that would require the exclusion of any information, if such
7  information is offered as evidence at any time during this action. Responding Party
8  may interpose these objections at any time prior to and during the trial of this case.
9  Further, attorneys' work product and/or privileged information are not referred to
10  herein. Any disclosure of or reference herein to attorney-client privileged
11  information or attorney work product is inadvertent and does not constitute a waiver
12  such privilege.

13       No incidental or implied admissions are intended by these responses. The
14  fact that Responding Party responds to or objects to an Interrogatory should not be
15  taken as an admission that Responding Party accepts or admits the existence of any
16  facts or legal conclusions assumed or presumed by the Interrogatory. The fact that
17  Responding Party responds to part or all of an Interrogatory is not intended to be,
18  and shall not be, construed as a waiver by Responding Party of any part of any
19  objection to the Interrogatory.

20              **RESPONSES TO SPECIAL INTERROGATORIES**
21  **INTERROGATORY NO. 1:**

22       State whether or not You have ever Exploited any of Yellowcake's
23  Copyrighted Works.

24  **RESPONSE TO INTERROGATORY NO. 1:**

25       Responding Party responds as follows: Responding Party has exploited the
26  relevant Copyrights, of which Responding Party is a co-owner. Additionally,
27
28                                   3

1  discovery is ongoing. As such, Responding Party reserves the right to supplement,
2  amplify or amend its responses to this Interrogatory.

3  **INTERROGATORY NO. 2:**

4      If the answer to the foregoing interrogatory is in the affirmative, identify: (i)
5  the name of the artist of each sound recording Exploited; (ii) the title of each sound
6  recording Exploited; (iii) the date of each Exploitation; (iv) the nature of each such
7  Exploitation; (v) the identity of any third parties involved in each such Exploitation
8  (including, but not limited to, any digital service providers such as Amazon Music,
9  Spotify, Apple Music, iTunes and YouTube.com ("YouTube")); (vi) the gross
10 amount of revenue generated from each such Exploitation; (vii) the name of every
11 party that received any revenue generated by each such Exploitation; and (viii) the
12 amount of revenue received by each such party.

13 **RESPONSE TO INTERROGATORY NO. 2:**

14     Responding Party responds as follows:

15     (i)    Band: Los Originales de San Juan; Members/Co-Owners: Jesus Chavez
16         Sr., who may be contacted through Mandy Jeffcoach, Esq., and

17     (ii)   Domingo Torres, who may be contacted through counsel for
18         Responding Party

19     (iii)  Albums: El Campesino; Des de la Cantina de Mi Barrio; Nuestra
20         Historia en Vivo; Corridos de Poca M; and Amigos y Contrarios

21     (iv)  El Campesino – 5/31/16; Des de la Cantina de Mi Barrio – 3/24/17;
22         Nuestra Historia en Vivo – 3/31/17; Corridos de Poca M – 2/24/15;
23         Amigos y Contrarios – 2/21/13;

24     (v)   El Campesino – via CD and digital transmission through all available
25         Digital Service Providers ("DSPs"); Des de la Cantina de Mi Barrio –
26         via CD, DVD and digital transmission through all available DSPs;
27         Nuestra Historia en Vivo – via CD, DVD and digital transmission

28

4

1    through all available DSPs; Corridos de Poca M – via CD and digital

2    transmission through all available DSPs; Amigos y Contrarios – via CD

3    and digital transmission through all available DSPs

4    (vi)    See above

5    (vii)   Approximately $15,000 - $20,000 per album for each of the three

6    studio album and approximately $15,000 - $20,000 for collectively for

7    both live albums

8    (viii)  Responding Party

9    (ix)    See above

10   Additionally, discovery is ongoing. As such, Responding Party reserves the

11   right to supplement, amplify or amend its responses to this Interrogatory.

12   **INTERROGATORY NO. 3:**

13   State whether or not Hyphy ever posted or uploaded a digital transmission

14   and/or video containing any of Yellowcake's Copyrighted Works to online

15   platforms, including, without limitation, Amazon Music, Spotify, Apple Music,

16   iTunes and YouTube.

17   **RESPONSE TO INTERROGATORY NO. 3:**

18   Responding Party responds as follows: Responding Party posted or uploaded

19   the relevant Copyrights, of which Responding Party is a co-owner, via digital

20   transmission through all available DSPs. Responding Party also posted or uploaded

21   videos of Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo.

22   Additionally, discovery is ongoing. As such, Responding Party reserves the right to

23   supplement, amplify or amend its responses to this Interrogatory.

24   **INTERROGATORY NO. 4:**

25   If the answer to the foregoing interrogatory is in the affirmative, set forth: (i)

26   the URL for each digital transmission and/or video; (ii) the name of the performing

27

28

5

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

artist and title of the sound recording; and (iii) the gross amount of revenue Hyphy received from the online platform for each digital transmission and/or video.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party responds as follows:

(i)     There are no existing URLs, as Responding Party has taken down all links solely in the interest of caution during the pendency of this dispute.

(ii)    El Campesino, Des de la Cantina de Mi Barrio, Nuestra Historia en Vivo, Corridos de Poca M, and Amigos y Contrarios – all performed by Los Originales de San Juan

(iii)   Approximately $15,000 - $20,000 per album for each of the three studio album and approximately $15,000 - $20,000 for collectively for both live albums

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 5:**

If the answer to Interrogatory No. 1 is in the affirmative, identify the basis upon which Hyphy believes it has, or had, the right to Exploit Yellowcake's Copyrighted Works.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party responds as follows: Responding Party is a co-owner in the sound recordings at issue pursuant to Responding Party's commissioning of such works from Jesus Chavez Sr. and Domingo Torres, who Responding Party fully compensated. Additionally, the two live albums (Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo) were recorded at Responding Party's direction by Pyramid Recording and Jesus Ramirez, who was compensated by Responding Party, videotaped and edited at Responding Party's direction by Marcelino Mendoza, who

6

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

1  was compensated by Responding Party, and cleaned up at Responding Party's
2  direction by a bass player named Javier Elizondo, who was also compensated by
3  Responding Party, and such recording took place at a venue paid for solely by
4  Responding Party. Additionally, discovery is ongoing. As such, Responding Party
5  reserves the right to supplement, amplify or amend its responses to this
6  Interrogatory.

7  **INTERROGATORY NO. 6:**

8      Identify the parties to, and dates of, any agreements upon which Hyphy has,
9  or had, relied in asserting that it has, or had, the right to Exploit any of Yellowcake's
10  Copyrighted Works.

11  **RESPONSE TO INTERROGATORY NO. 6:**

12      Responding Party responds as follows:

13      (a) El Campesino – recorded on 2/2/16 pursuant to Responding Party's
14      agreement to commission such work from Jesus Chavez, Sr. and Domingo
15      Torres for a full buyout of all rights and an advance of any monies needed
16      for advertising, at Responding Party's direction pursuant to an agreement
17      with Omar Rosales, the studio engineer

18      (b) Corridos de Poca M – recorded on 1/24/15 pursuant to Responding Party's
19      agreement to commission such work from Jesus Chavez, Sr. and Domingo
20      Torres for a full buyout of all rights and an advance of any monies needed
21      for advertising, at Responding Party's direction pursuant to an agreement
22      with Omar Rosales, the studio engineer

23      (c) Amigos y Contrarios – recorded on 1/21/13 pursuant to Responding
24      Party's agreement to commission such work from Jesus Chavez, Sr. and
25      Domingo Torres for a full buyout of all rights and an advance of any
26      monies needed for advertising, at Responding Party's direction pursuant to
27      an agreement with Omar Rosales, the studio engineer

28

7

(d) Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo – both recorded on 11/23/16 pursuant to Responding Party's agreement to commission such work from Jesus Chavez, Sr. and Domingo Torres for a full buyout of all rights and an advance of any monies needed for advertising, at Responding Party's direction by Pyramid Studio pursuant to an agreement with Jesus Ramriez, the sound engineer, and Marcelino Mendoza, the video editor. Such works were also cleaned up at Responding Party's direction pursuant to an agreement with Javier Elizondo, the bass player.

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 7:**

State whether or not Hyphy received any correspondence from Yellowcake, or any third-party purporting to be acting on Yellowcake's behalf, instructing or directing Hyphy to cease the Exploitation of any of Yellowcake's Copyrighted Works.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party responds as follows: Not that Responding Party is presently aware. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 8:**

If the answer to the foregoing interrogatory is in the affirmative, identify: (i) each Person who sent such correspondence; (ii) each Person who received each such correspondence; (iii) the date of each such correspondence; and (iv) the substance of each such correspondence.

///

///

8

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

1  **RESPONSE TO INTERROGATORY NO. 8:**

2      Responding Party responds as follows: N/A. Additionally, discovery is

3  ongoing. As such, Responding Party reserves the right to supplement, amplify or

4  amend its responses to this Interrogatory.

5  **INTERROGATORY NO. 9:**

6      Describe the circumstances concerning how Hyphy allegedly commissioned

7  Jesus Chaves Sr. to record the Los Originales Albums as works-for-hire for Hyphy.

8  **RESPONSE TO INTERROGATORY NO. 9:**

9      Responding Party responds as follows: Jesus Chavez Sr. and Domingo Torres

10  were free from a label agreement with Morena Music, Inc., and were therefore

11  looking for a new record label to compensate them to release new works. As such,

12  Chavez and Torres first came to Responding Party in 2013, around the time the first

13  relevant album was recorded. Responding Party agreed to pay Chavez and Torres

14  $25,000 total per album, as a full buyout of all rights, as well as to advance any

15  monies needed for advertising, for such parties to record and deliver as many

16  albums as they chose. Ultimately, Responding Party paid the following amounts for

17  each album:

18      (a) El Campesino – $14,000 in checks and $11,000 in cash, plus $5,000 in

19          checks and $10,000 in cash for promotion

20      (b) Corridos de Poca M – $29,500 in checks and $500 in cash

21      (c) Amigos y Contrarios – $20,000 cash

22      (d) Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo – $15,500 in

23          checks and $15,000 in cash, plus $3,000 for on-site audio mixing and

24          $1,200 for video production

25      Additionally, discovery is ongoing. As such, Responding Party reserves the

26  right to supplement, amplify or amend its responses to this Interrogatory.

27  ///

28

9

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 10:**

Describe the exact terms of the alleged agreement between Hyphy and Jesus Chavez Sr. concerning the Los Originales Albums.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party responds as follows: Responding Party agreed to pay Chavez and Torres $25,000 total per album, as a full buyout of all rights, as well as to advance any monies needed for advertising, for such parties to record and deliver as many albums as they chose. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 11:**

Set forth whether or not Jesus Chavez Sr. was ever an employee of Hyphy.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party responds as follows: No. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 12:**

If the answer to the foregoing interrogatory is in the affirmative, set forth the dates of Jose Chavez Sr.'s alleged employment with Hyphy and the terms thereof.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Party responds as follows: N/A. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 13:**

Set forth all facts substantiating Hyphy's claim that it is the owner of the Los Originales Albums.

///

10

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Party responds as follows: Responding Party is a co-owner in the sound recordings at issue pursuant to Responding Party's commissioning of such works from Jesus Chavez Sr. and Domingo Torres, who Responding Party fully compensated. Additionally, the two live albums (Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo) were recorded at Responding Party's direction by Pyramid Recording and Jesus Ramirez, and videotaped at Responding Party's direction by Marcelino Mendoza, who was compensated by Responding Party, and cleaned up at Responding Party's direction by a bass player named Javier Elizondo, who was also compensated by Responding Party, and such recording took place at a venue paid for solely by Responding Party. Ultimately, Responding Party paid the following amounts for each album:

  (e) El Campesino – $14,000 in checks and $11,000 in cash, plus $5,000 in checks and $10,000 in cash for promotion

  (f) Corridos de Poca M – $29,500 in checks and $500 in cash

  (g) Amigos y Contrarios – $20,000 cash

  (h) Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo – $15,500 in checks and $15,000 in cash, plus $3,000 for on-site audio mixing and $1,200 for video production

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 14:**

Identify all individuals who allegedly provided original authorship to the Los Originales Albums including, but not limited to: (i) the exact nature of the contribution; (ii) when such contribution was made; (iii) where such contribution was made; (iv) the identity and contact information for any witnesses to such contribution; (v) whether such individual was an employee of Hyphy and the dates

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

of any such employment; and (vi) whether such person received any compensation for such contribution and if so, the amount of such compensation.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party responds as follows:

(i)    Jesus Chavez Sr. – singer; Domingo Torres – accordion, backup vocals, and producer; Pyramid Recording and Jesus Ramirez – recording and sound engineer; Marcelino Mendoza – videographer and editor; Omar Rosales – studio engineer; Javier Elizondo – bass player and music producer, who did clean-up work on live album

(ii)    El Campesino – recorded on 2/2/16; Corridos de Poca M – recorded on 1/24/15; Amigos y Contrarios – recorded on 1/21/13; Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo – both recorded on 11/23/16

(iii)    All three studio albums were recorded at Estudios Rosales in Selma, CA; both live albums were recorded at Aldo's Nightclub in Fresno, CA

(iv)    Aldo and Eddie Quintana – owners of Aldo's Nightclub.

(v)    Only Marcelino Mendoza, who was an independent contractor from in or about 2013 to in or about 2017 and employee from in or about 2017 to in or about 2018.

(vi)    As an independent contractor and employee, Marcelino Mendoza only received regular monthly compensation pursuant to the terms of his employment, not compensation for any purported "contributions."

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 15:**

Set forth all facts substantiating Hyphy's claim that it is the owner of the Los Originales Cover Art.

///

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party responds as follows: Marcelino Mendoza, who was an independent contractor from in or about 2013 to in or about 2017 and employee from in or about 2017 to in or about 2018, created the cover art for Requesting Party. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 16:**

Identify all individuals who allegedly provided original authorship to the Los Originales Cover Art including, but not limited to: (i) the exact nature of the contribution; (ii) when such contribution was made; (iii) where such contribution was made; (iv) the identity and contact information for any witnesses to such contribution; (v) whether such individual was an employee of Hyphy and the dates of any such employment; and (vi) whether such person received any compensation for such contribution and if so, the amount of such compensation.

**RESPONSE TO INTERROGATORY NO. 16:**

Responding Party responds as follows:

(i)     Marcelino Mendoza designed, and took pictures of all images for, the cover art for all five albums

(ii)    Each album's cover art was designed approximately 20 days prior to the release thereof;

(iii)   Responding Party's Office – 2660 West Shaw Lane, Suite 110, Fresno, CA 93711;

(iv)   None other than the Band members

(v)    Marcelino Mendoza was an independent contractor from in or about 2013 to in or about 2017 and employee from in or about 2017 to in or about 2018

13

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

(vi)    As an independent contractor and employee, Marcelino Mendoza only received regular monthly compensation pursuant to the terms of his employment, not compensation for any purported "contributions."

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 17:**

Set forth all facts substantiating any defenses claimed or to be asserted by either Defendant.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party responds as follows: Responding Party is not liable for copyright infringement or any claim related thereto because Responding Party is an equal co-owner in the relevant Copyrights by virtue of its commissioning of such works from Chavez and Torres. Additionally, discovery is ongoing. As such Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

DATED: March 31, 2022

s for     fendant     unter-

INC.

14

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

**VERIFICATION**

1

2    **STATE OF CALIFORNIA**      )
                                   )   ss.
3    **COUNTY OF LOS ANGELES**     )

4

5    I have read the foregoing **DEFENDANT/COUNTERCLAIMANT'S**
6    **RESPONSES TO PLAINTIFF/COUNTERDEFENDANTS' FIRST SET OF**
7    **REQUESTS FOR PRODUCTION** and know its contents.

8    _____I am a party to this action. The matters stated in the foregoing document are
9    true of my own knowledge except as to those matters which are stated on
     information and belief, and as to those matters I believe them to be true.

10

11   __X__I am __X__ an Officer ___ a partner of Hyphy Music Inc., a party to this action,
     and am authorized to make this verification for and on its behalf, and I make this
12   verification for that reason. _____I am informed and believe and on that ground
     allege that the matters stated in the foregoing document are true. __X__The matters
13   stated in the foregoing document are true of my own knowledge, except as to those
14   matters which are stated on information and belief, and as to those matters I believe
15   them to be true.

16   _____I am one of the attorneys for _____, a
17   party to this action. Such party is absent from the county of aforesaid where such
     attorneys have their offices, and I make this verification for and on behalf of that
18   party for that reason. I am informed and believe and on that ground allege that the
19   matters stated in the foregoing document are true.

20   Executed on March 29, 2022, at Fresno, California.

21   I declare under penalty of perjury under the laws of the State of California that the
22   foregoing is true and correct.

23

24   ___Jose Martinez_____
25   **Type or Print Name**                              **Signature**

26

27                                      16
28   ─────────────────────────────────────────────────────
         DEFENDANT/COUNTERCLAIMANT'S RESPONSES TO
     PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF REQUESTS FOR
                         PRODUCTION

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California.  I am over the age
4  of eighteen years and not a party to the within action; my business address is 12100
Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

5  On March 31, 2022, I served the documents described as:

6  **DEFENDANT/COUNTERCLAIMANTS' RESPONSES TO**
**PLAINTIFF/COUNTERDEFENDANTS' FIRST SET OF**
7  **INTERROGATORIES**

8  **DEFENDANT/COUNTERCLAIMANT'S RESPONSES TO**
**PLAINTIFF/COUNTERDEFENDANTS' FIRST SET OF REQUESTS FOR**
9  **PRODUCTION**

10  on all interested parties in this action by placing _____ the original _X_ a true copy
thereof enclosed in sealed envelope(s) addressed as follows:
11

12  Thomas P. Griffin, Jr., Esq.
HEFNER, STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
13  Sacramento, CA 95833

14  Seth L. Berman, Esq.
ABRAMS, FENSTERMAN, EISMAN LLP
15  3 Dakota Drive, Suite 300
Lake Success, NY 11042
16

17  [X]:   BY MAIL:

18  As follows:  I am readily familiar with the firm's practice of collection and
processing correspondence for mailing.  Under that practice, it would be deposited
19  with the U.S. Postal Service on the same day with postage thereon fully prepared at
Los Angeles, California, in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or
20  postage meter date is more than one day after date of deposit for mailing in affidavit.

21  [X]:   (STATE) - I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.
22

I declare under penalty of perjury that the foregoing is true and correct.
23

EXECUTED on March 31, 2022, in Los Angeles, California.
24

25

26                                              John Begakis

27

28
_____
PROOF OF SERVICE