# EXHIBIT I

ALTVIEW LAW GROUP, LLP
JOHN M. BEGAKIS CASBN 278681
john@altviewlawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Defendant/Counterclaimant* HYPHY MUSIC, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HYPHY MUSIC, INC.,<br><br>　　　　　Defendant. | **Case No.:**<br>**1:20-cv-00988-DAD-BAM**<br><br>**DEFENDANT/COUNTERCLAIMANT'S RESPONSES TO PLAINTIFF/COUNTERDEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION** |
| HYPHY MUSIC, INC.,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ SR,<br><br>　　　　　Counter-Defendants. | |

DEFENDANT/COUNTERCLAIMANT'S RESPONSES TO
PLAINTIFFS/COUNTERDEFENDANTS' SECOND SET OF REQUESTS FOR
PRODUCTION

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | Plaintiff/Counter-Defendants YELLOWCAKE, INC., COLONIZE MEDIA, INC., and JOSE DAVID HERNANDEZ |
| RESPONDING PARTY: | | Defendant/Counterclaimant HYPHY MUSIC, INC. |
| SET NUMBER: | | TWO (2) |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), Defendant/Counterclaimant HYPHY MUSIC, INC. ("Responding Party"), hereby provides the following responses to Plaintiff/Counter-Defendants' YELLOWCAKE, INC., COLONIZE MEDIA, INC., and JOSE DAVID HERNANDEZ (collectively, "Requesting Party") Second Set of Requests for Production.

## PRELIMINARY STATEMENT

Responding Party makes these responses solely for the purpose of this action. Responding Party has not fully completed its investigation of the facts relating to this case, has not completed its discovery, and has not completed its preparation for trial in this matter. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to and specifically known to Responding Party. Further discovery and independent investigation may supply additional facts and documents which may, in turn, clarify and add meaning to known facts as well as establish entirely new matters, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact(s) or document(s) that later may be recalled. Accordingly, Responding Party reserves the right to produce at trial all facts, opinions, or documents, the existence of which

are subsequently discovered through investigation, discovery, or otherwise, which support or tend to support its contentions at the time of trial.

Any information provided in response to the Requests is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility. Responding Party reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Responding Party may interpose these objections at any time prior to and during the trial of this case. Further, attorneys' work product and/or privileged information are not referred to herein. Any disclosure of or reference herein to attorney-client privileged information or attorney work product is inadvertent and does not constitute a waiver such privilege.

No incidental or implied admissions are intended by these responses. The fact that Responding Party responds to or objects to a Request should not be taken as an admission that Responding Party accepts or admits the existence of any facts or legal conclusions assumed or presumed by the Request. The fact that Responding Party responds to part or all of a Request is not intended to be, and shall not be, construed as a waiver by Responding Party of any part of any objection to the Request.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1 (Actually No. 32):**

Produce any and all documents concerning or related to the Flores Agreement, including but not limited to any drafts thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1 (Actually No. 32):**

Responding Party objects to this Request to the extent it seeks information that is protected by Responding Party's rights of privacy (or that of any third party), or is protected by the attorney-client and/or attorney work product doctrine.

Responding Party further objects to this Request to the extent it is vague and ambiguous.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search, no such documents presently exist in Responding Party's possession, custody, and/or control. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Request.

**REQUEST FOR PRODUCTION NO. 2 (Actually No. 33):**

Produce any and all documents (including but not limited to emails, letters, texts and other communication or correspondence) by, between, or among Defendant and Flores concerning or regarding the Flores Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2 (Actually No. 33):**

Responding Party objects to this Request to the extent it seeks information that is protected by Responding Party's rights of privacy (or that of any third party), or is protected by the attorney-client and/or attorney work product doctrine. Responding Party further objects to this Request to the extent it is vague and ambiguous.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search, no such documents presently exist in Responding Party's possession, custody, and/or control. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Request.

**REQUEST FOR PRODUCTION NO. 3 (Actually No. 34):**

Produce any and all documents concerning or related to the Vargas Agreement including but not limited to any drafts thereof.

///
///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3 (Actually No. 34):**

Responding Party objects to this Request to the extent it seeks information that is protected by Responding Party's rights of privacy (or that of any third party), or is protected by the attorney-client and/or attorney work product doctrine. Responding Party further objects to this Request to the extent it is vague and ambiguous.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search, no such documents presently exist in Responding Party's possession, custody, and/or control. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Request.

**REQUEST FOR PRODUCTION NO. 4 (Actually No. 35):**

Produce any and all documents (including but not limited to emails, letters, texts and other communication or correspondence) by, between, or among Defendant and Vargas concerning or regarding the Flores Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4 (Actually No. 35):**

Responding Party objects to this Request to the extent it seeks information that is protected by Responding Party's rights of privacy (or that of any third party), or is protected by the attorney-client and/or attorney work product doctrine. Responding Party further objects to this Request to the extent it is vague and ambiguous.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search, no such documents presently exist in Responding Party's possession, custody, and/or control. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Request.

///

**REQUEST FOR PRODUCTION NO. 5 (Actually No. 36):**

Produce any other documents concerning, related to or that reference the documents produced by Defendant/Counterclaimant Bates Nos. 000159-000167, including but not limited to emails, letters, texts and other communication or correspondence by, between or among Defendant and any other party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5 (Actually No. 36):**

Responding Party objects to this Request to the extent it seeks information that is protected by Responding Party's rights of privacy (or that of any third party), or is protected by the attorney-client and/or attorney work product doctrine. Responding Party further objects to this Request to the extent it is vague and ambiguous.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search, no such documents presently exist in Responding Party's possession, custody, and/or control. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Request.

DATED: November 28, 2022          **ALTVIEW LAW GROUP, LLP**

By: _____
JOHN M. BEGAKIS
*Attorneys for Defendant/Counterclaimant*
HYPHY MUSIC, INC.

## VERIFICATION

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I have read the foregoing **DEFENDANT/COUNTERCLAIMANT'S RESPONSES TO PLAINTIFF/COUNTERDEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION** and know its contents.

\_\_\_\_\_I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

\_\_X\_\_I am \_\_X\_\_ an Officer \_\_\_ a partner of Hyphy Music Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. \_\_\_\_\_I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. \_\_X\_\_The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

\_\_\_\_\_I am one of the attorneys for _____, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on November 28, 2022, at Fresno, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Jose Martinez | _[signature]_ |
| --- | --- |
| **Type or Print Name** | **Signature** |

7
DEFENDANT/COUNTERCLAIMANT'S RESPONSES TO PLAINTIFFS/COUNTERDEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 12100 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On November 28, 2022, I served the documents described as:

**DEFENDANT/COUNTERCLAIMANT'S RESPONSES TO PLAINTIFF/COUNTERDEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION**

on all interested parties in this action by placing ___ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Thomas P. Griffin, Jr., Esq.
HEFNER, STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
tgriffin@hsmlaw.com

Seth L. Berman, Esq.
ABRAMS, FENSTERMAN, EISMAN LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
SBerman@abramslaw.com

Mandy L. Jeffcoach, Esq.
WHITNEY, THOMPSON & JEFFCOACH, LLP
970 W. Alluvial Avenue
Fresno, CA 93711
Mjeffcoach@wtjlaw.com

[X]: BY ELECTRONIC MAIL:

   As follows: I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed below at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]: (FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.
   I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on November 28, 2022, in Los Angeles, California.

*John Begakis*

PROOF OF SERVICE