**ABRAMS FENSTERMAN, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
   sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

**HEFNER STARK & MAROIS, LLP**
Thomas P. Griffin Jr., Esq. (SBN 155133)
   tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

Attorneys for Plaintiff/Counterdefendants YELLOWCAKE, INC., COLONIZE MEDIA, INC. and DAVID HERNANDEZ

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>                Plaintiff,<br><br>       v.<br><br>HYPHY MUSIC, INC.,<br><br>                Defendant. | Case No.: 1:20-cv-00988-JLT-BAM<br><br>**DECLARATION OF KEVIN BERGER** |

---

1

**DECLARATION OF KEVIN BERGER**

|  |
|---|
| HYPHY MUSIC, INC., |
| Counterclaimant, |
| v. |
| YELLOWCAKE, INC., COLONIZE MEDIA, INC., JOSE DAVID HERNANDEZ, JESUS CHAVEZ, SR., |
| Counterdefendants. |

KEVIN BERGER, declares under penalty of perjury the following to be true and correct pursuant to 28 U.S.C. § 1746:

1. I am the President of the Plaintiff/Counterdefendant, Yellowcake, Inc. ("Yellowcake"). As such, I am fully familiar with the facts set forth and circumstances described herein.

2. I submit this declaration in support of Yellowcake's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

3. Yellowcake is primarily engaged in the business of, among other things, purchasing, owning, licensing and exploiting intellectual property rights.

4. Among the musical acts with whom Yellowcake has acquired an intellectual property right(s) is Jesus Chavez Sr. ("Chavez"). Chavez is a legend in the Mexican music genre who performs with backing musicians under the name Los Originales de San Juan (the "Band").

5. Yellowcake's attorneys advise me that Hyphy Music, Inc. has acknowledged in their filings in this lawsuit that Chavez was the founder, owner and principal of the Band, and that Hyphy previously obtained their former rights to distributed the Albums

at issue in this lawsuit directly from Chavez and Chavez alone.

6. Between 2013 and 2015, the Band recorded the following six albums: (i) Los Originales de San Juan- *El Campesino*; (ii) Los Originales de San Juan-*Corridos de Poca M*; (iii) Los Originales de San Juan-*En Vivo Desde La Cantina de Mi Barrio*; (iv) Los Originales de San Juan- *Nuestra Historia En Vivo*; (v) Los Originales de San Juan-*Amigos y Contrarios*; and (vi) Los Originales de San Juan-*Naci Con Suerte de Rey Con Mariachi* (collectively, "Albums").

7. Beginning in or around the beginning of 2019, Yellowcake wished to purchase the intellectual property rights owned by Chavez, including the Albums, and entered into negotiations with Chavez to accomplish same.

8. While negotiating the terms of any such acquisition of Chavez's and the Band's intellectual property rights, including in the Albums, Yellowcake did its "due diligence" to determine what, if any, copyright registrations already existed for the Albums.

9. Upon Yellowcake's search of the United States Copyright Office, Yellowcake determined that no other individual or entity filed any documentation with the Copyright Office to assert an ownership claim in the Albums.

10. On or about March 21, 2019, Yellowcake and Chavez entered into an Asset Purchase and Assignment Agreement (hereinafter referred to as the "APA Agreement"), whereby Yellowcake purchased Chavez's entire ownership of the rights, title and interest in Chavez's catalog of sound recordings, including the Albums for five hundred thousand dollars ($500,000.00) and free and clear of all encumbrances.

11. A true and correct copy of the APA Agreement is annexed to the Declaration of Seth L. Berman, Esq. ("Berman Declaration").

12. Following the APA Agreement, Yellowcake complied with all requirements set forth by the Copyright Act, 17 U.S.C. § 101, *et seq.*, by registering copyrights for each Album acquired by the APA Agreement and recorded the written assignment with the United States Copyright Office.

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

13. The United States Copyright Office issued Plaintiff a Certificate of Registration for each copyrighted Album.

14. Once Yellowcake acquired the rights in the Albums, they were distributed through Colonize Media Inc. ("Colonize"), a digital music distributor that Yellowcake uses to distribute many of the sound recordings in its catalog.

15. Colonize distributed the Albums on multiple digital service provider platforms, such as Spotify, YouTube, iTunes, Apple Music and Amazon Music (collectively "Retail Platforms"), which then make the sound recordings accessible to consumers.

16. After the APA Agreement had been executed and the United States Copyright Office issued Certificates of Registration for each Album, Hyphy Music engaged in the exploitation of Yellowcake's copyrighted Albums in direct violation of Yellowcake's exclusive rights provided by 17 U.S.C. § 106 by selling, reproducing, synchronizing, distributing, and publicly performing the Albums on various digital service provider platforms.

17. Specifically, Hyphy sold copies of the Albums on iTunes and created and/or uploaded and/or facilitated the uploading of videos containing songs on the copyrighted Albums to YouTube.

18. In or about June 2020, Yellowcake was notified by Colonize that it discovered that "conflicts" had arisen on a number of digital service provider platforms because Hyphy was distributing the Albums purchased by Yellowcake.

19. As a result of these conflicts, Yellowcake sent "Takedown Notices" to YouTube pursuant to YouTube's internal protocols and in compliance with 17. U.S.C. § 512 *et seq*. to assert is ownership rights in the Albums.

20. Notwithstanding the fact that Yellowcake sent the "Takedown Notices," Hyphy continued to unlawfully sell the Albums through multiple digital service providers. A true and correct copy of the notice of infringement sent by Yellowcake to Hyphy's distributor, The Orchard, is attached to the Berman Declaration.

21. It is my understanding that Hyphy never brought a declaratory judgment or any other actions claiming ownership of the Albums, did not attempt to file copyright registrations in the Albums until after Yellowcake filed this action, and made no other claim of ownership of the Albums until Yellowcake sued Hyphy in this action.

22. It is my understanding that Hyphy Music has generated significant revenue from its willful infringement of the Albums and continues to benefit from said unauthorized exploitations to Yellowcake's detriment and that Yellowcake is entitled to disgorge $120,000 in profits from Hyphy.

23. As such, it is my understanding that Yellowcake is entitled to disgorge these amounts from Hyphy as well as Yellowcake's lost profits.

24. Furthermore, it is my understanding that Hyphy is not a co-owner of the Albums as set forth in the accompanying Memorandum of Points and Authorities and that any such claim by Hyphy does not prevent Yellowcake from being entitled to summary judgment.

25. It is also my understanding that Hyphy has asserted a claim of copyright infringement against Yellowcake alleging that Yellowcake used Hyphy's allegedly copyrighted album artwork it created when it previously distributed the Albums subsequently purchased by Yellowcake from Chavez.

26. Nothing could be further from the truth. Yellowcake never used Hyphy's artwork. Yellowcake created its own new Album covers after it acquired the sound recordings of the Albums from Chavez. Attached hereto as **Exhibit "A"** is a true and correct comparison of Hyphy's artwork and Yellowcake's artwork for five of the Albums. As the Court can see, the album covers are completely different.

27. It is my understanding that Hyphy is supporting its allegation by maintaining that Yellowcake and Colonize distributed copies of the Albums using Hyphy's artwork on an online music store named Daddy Kool Records.

28. However, Daddy Kool Records has never been a retail client of Yellowcake's and Yellowcake never sold any sound recordings it owns through Daddy Kool Records,

5

**DECLARATION OF KEVIN BERGER**

let alone the Albums at issue in this lawsuit.

29. *In addition, I have reviewed the Daddy Kool Records website screenshots relied on by Hyphy, and they do not mention or identify either Yellowcake or Colonize in any way.*

30. In fact, after I became aware of the allegation that Yellowcake had allegedly used Hyphy's artwork on Daddy Kool Records, Yellowcake and Colonize investigated the allegation. Not only did I confirm that Yellowcake did not upload or distribute the Los Originales albums using Hyphy's artwork to Daddy Kool Records, I also confirmed that Yellowcake has never distributed anything to Daddy Kool Records at all. *Yellowcake also discovered that in fact it was Hyphy Music, in corroboration with Morena Music, Inc. doing business as Long Play Music, Inc., who uploaded the albums to Daddy Kool Records and is now attempting to pass off such acts as being attributed to Yellowcake.*

31. Colonize found that Daddy Kool Records received the Albums, with Hyphy's artwork, from Morena, through Hyphy and Morena's distributor, The Orchard.

32. Furthermore, it is my understanding that Hyphy did not produce these alleged screenshots of the album artwork until October 2022, almost two years after the commencement of litigation and only on the eve of the first deadline to file summary judgment motions which supports the inference that Hyphy manufactured this "evidence" which is consistent with Hyphy's history of manufacturing evidence such as the alleged assignment agreements from Chavez's former backing musicians.

33. Yellowcake's attorneys advised me that Hyphy's alleged evidence is unsubstantiated, lacks a foundation, and makes no mention of Yellowcake anywhere. Hyphy's attempt to pass the screenshots off as evidence of Yellowcake's acts when it was uploaded by Morena is a fraud on the Court.

34. Accordingly, Yellowcake's attorneys advise me that Yellowcake is entitled to summary judgment in its favor on its first cause of action for copyright infringement and to summary judgment with regards to Hyphy's second cause of action for copyright

6

**DECLARATION OF KEVIN BERGER**

infringement related to the album artwork.

35. For all of the foregoing reasons, it is respectfully requested that this Court: (i) grant Yellowcake's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on its first cause of action for copyright infringement against Hyphy; (ii) grant Yellowcake and Colonize's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on Hyphy's second cause of action for copyright infringement; (iii) issue a judgment holding that Hyphy is liable to Yellowcake for damages in the amount of 120,000; (iv) issue a permanent injunction pursuant to 17 U.S.C. § 502 prohibiting Hyphy, Martinez, or any of their employees or agents from exercising any of the rights provided by 17 U.S.C. § 106 with regards to the Albums; and (v) such other and further relief as the Court may deem just and proper.

Dated: July 12, 2023

Respectfully submitted:

_____
KEVIN BERGER