Whitney, Thompson & Jeffcoach LLP
Mandy L. Jeffcoach, #232313
  mjeffcoach@wtjlaw.com
William H. Littlewood, #202877
  blittlewood@wtjlaw.com
Jaskarn S. Chahal, #348641
  jchahal@wtjlaw.com
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:      (559) 753-2550
Facsimile:      (559) 753-2560

Attorneys for JESUS CHAVEZ, SR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYPHY MUSIC, INC.,<br><br>Defendant.<br>———————————————<br>HYPHY MUSIC, INC.,<br><br>Cross-Complainant,<br><br>v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC.; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ SR.,<br><br>Cross-Defendant. | Case No. 1:20-CV-00988-JLT-BAM<br><br>**DECLARATION OF WILLIAM H. LITTLEWOOD IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:      September 29, 2023<br>Time:      9:00 a.m.<br>Crtrm.:   4<br><br>The Hon.  District Judge Jennifer L. Thurston |

I, William H. Littlewood, declare as follows:

1.      I am an attorney at law licensed to practice before the Courts of the State of California and before this Court.  I am a partner with the law firm of Whitney, Thompson & Jeffcoach LLP, attorneys of record for Counter-Defendant JESUS CHAVEZ, SR. ("Chavez").

WHITNEY
THOMPSON &
JEFFCOACH

2.      If called as a witness, I would and could competently testify to all facts stated herein from my personal knowledge except where stated upon information and belief and, as to these matters, I am informed and believe them to be true.

3.      On July 26, 2022, my partner, Mandy L. Jeffcoach, attended the deposition of Jose Martinez on behalf of Chavez. True and correct copies of the pertinent excerpts from the deposition of Jose Martinez are attached as **Exhibit "E"** to the Statement of Evidence ("SOE") filed herewith.

4.      On March 31, 2022, I received Counterclaimant's Responses to Counter-Defendants' First Set of Interrogatories. A true and correct copy of Counterclaimant's discovery responses is attached as **Exhibit "F"** to the SOE filed herewith.

5.      On March 31, 2022, I received Counterclaimant's Responses to Counter-Defendants' First Set of Requests for Production of Documents. A true and correct copy of Counterclaimant's discovery responses is attached as **Exhibit "G"** to the SOE filed herewith.

6.      On December 6, 2022, I attended the deposition of Alfonso Vargas on behalf of Mr. Chavez. True and correct copies of the pertinent excerpts of the transcript are attached as **Exhibit "I"** to the SOE filed herewith.

7.      On December 7, 2022, I attended the deposition of Domingo Torres Flores on behalf of Mr. Chavez.  True and correct copies of the pertinent excerpts of the transcript are attached as **Exhibit "J"** to the SOE filed herewith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on this 14th day of July, 2023, at Fresno, California.

_____
William H. Littlewood

# Exhibit "E"

1

1          IN THE UNITED STATES DISTRICT COURT

2             EASTERN DISTRICT OF CALIFORNIA

3     _____

4     YELLOWCAKE, INC.,

5              Plaintiff,

6         v.                          Case No:

7     HYPHY MUSIC, INC.,              1:20-CV-00988-DAD-BAM

8              Defendant.

9     _____

10         VIDEOTAPED DEPOSITION OF JOSE MARTINEZ

11    DATE:          Tuesday, July 26, 2022

12    TIME:          1:02 p.m.

13    REPORTED BY:   Lani Watts, CVR-CM

14    JOB No.:       11545

15

16    Conducted by videoconference via the Remote Legal

17    platform.

18

19

20

21

22

23

24

25

**REMOTE LEGAL**
COURT REPORTING
646-461-3400

2

```
 1                    A P P E A R A N C E S

 2    ON BEHALF OF PLAINTIFF:

 3         MR. SETH BERMAN, ESQUIRE

 4         MR. THOMAS GRIFFIN, ESQUIRE

 5         Abrams Fensterman, LLP

 6         3 Dakota Drive, Suite 300

 7         Lake Success, NY 11042

 8         sberman@abramslaw.com

 9         516-328-2300

10

11    ON BEHALF OF DEFENDANT:

12         MR. JOHN BEGAKIS, ESQUIRE

13         AltView Law Group

14         12100 Wilshire Boulevard, Suite 800

15         Los Angeles, CA 90025

16         john@altviewlawgroup.coom

17         310-230-5580

18

19    ON BEHALF OF COUNTERDEFENDANT:

20         MS. MANDY JEFFCOACH, ESQUIRE

21         Whitney Thompson & Jeffcoach

22         970 W Alluvial Avenue

23         Fresno, CA 93711

24         mjeffcoach@wtjlaw.com

25         559-753-2553
```



3

```
1              A P P E A R A N C E S  (continued)

2    ALSO PRESENT:

3         Susan LaPooh, Notary Public

4         Kevin Berger, Observer

5         Jose Hernandez, Counter-Claim Defendant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

4

1                          INDEX

2    EXAMINATION:                              PAGE

3        By Mr. Berman                           11

4

5

6

7                    E X H I B I T S

8    NO.          DESCRIPTION              PAGE

9    A            Def/Counterclaimants Responses

10                 to Plaintiff/Counterdefendant's

11                 First Set of Interrogatories    66

12   B            Copyright Registrations      91

13   C            First Amended Counterclaim   104

14   D            Registrations of Cover Art   132

15   E            Settlement Agreement         140

16

17

18

19

20       R E Q U E S T S   F O R   P R O D U C T I O N

21   DESCRIPTION                      PAGE   LINE

22   Name of Accounting Firm           29     24

23   Check Stubs                       51     10

24   Documents to Determine Number in

25   Interrogatory                     69     5



**REMOTE LEGAL**
COURT REPORTING
646-461-3400

5

R E Q U E S T S   F O R   P R O D U C T I O N

| DESCRIPTION | PAGE | LINE |
|---|---|---|
| Invoices | 70 | 13 |
| Documents Related to Notifications | | |
| of Competing Claims | 101 | 18 |
| Name and Contact Info of Witnesses | 109 | 23 |
| Written Independent Contract | | |
| Agreement with Mr. Mendoza | 130 | 4 |
| Documents Related to | | |
| Correspondence between Hyphy | | |
| and The Orchard | 157 | 22 |

JOSE MARTINEZ - JULY 26, 2022                              6

1                    P R O C E E D I N G S

2              THE DIGITAL REPORTER:  Good afternoon.

3    We are now on the record.  Today's date is July 26,

4    2022, and the time is approximately 1:02 p.m. Eastern

5    Time.  My name is Lani Watts, and I'm the officer

6    designated by Remote Legal, 381 Park Avenue South, New

7    York, New York, to take the record of this proceeding.

8              This is the deposition of Jose Martinez

9    taking in the matter of Yellowcake, Inc., versus Hyphy

10   Music, Inc., Case Number 1:20-CV-00988-DAD-BAM, filed in

11   the United States District Court, Eastern District of

12   California.  This deposition is being taken remotely on

13   behalf of the plaintiff and is being conducted pursuant

14   to the procedural rules and laws governing this matter.

15   As such, all parties agree to this means of capturing

16   the record, which may include recording by audio,

17   audiovisual, or stenographic needs as if it were done by

18   traditional in person means.

19              Further, all parties agree that the

20   deposition officer or person administering the oath may

21   be authorized to administer the oath under the rules of

22   the state where they reside.  Do all parties so

23   stipulate?

24              MR. BERMAN:  So stipulated.

25              MR. BEGAKIS:  We stipulate.

**JOSE MARTINEZ - JULY 26, 2022**    7

1    MR. MARTINEZ:  Yes.

2    MS. JEFFCOACH:  So stipulated.

3    THE DIGITAL REPORTER:  Thank you.

4    And would all counsel please identify

5    themselves for the record, starting with the noticing

6    attorney.

7    MR. BERMAN:  Counsel for Plaintiff,

8    Yellowcake, Inc., and Counterdefendants Yellowcake,

9    Inc., Colonize Media, Inc., and Jose David Hernandez,

10    Abrams Fensterman by Seth Berman.

11    MR. BEGAKIS:  Good morning.  John Begakis

12    appearing on behalf of Defendant and counterclaimant,

13    Hyphy Music.

14    MS. JEFFCOACH:  Good morning.  Mandy

15    Jeffcoach appearing on behalf of Mr. Chavez.

16    MR. BERGER:  Kevin Berger, observer,

17    Plaintiff.

18    THE DIGITAL REPORTER:  Thank you.

19    And would the notary please identify

20    themselves for the record.

21    THE NOTARY PUBLIC:  Yes.  My name is

22    Susan LaPooh, I'm Director of Testimony Capture for

23    Remote Legal and remote online notary.

24    THE DIGITAL REPORTER:  Thank you.  And as

25    far as observers, I've got Kevin Berger, and will the

JOSE MARTINEZ - JULY 26, 2022                    8

1   other observer, Mr. Griffin, please announce themselves

2   for the record.

3             I guess he's not there.

4             MR. BERMAN:  He may be muted.

5             THE DIGITAL REPORTER:  Mr. Griffin, can

6   you hear us?

7             He sent a message saying that his video

8   was blocked.  Let me make sure he can actually hear us.

9   One moment.

10      (Pause.)

11            THE DIGITAL REPORTER:  Mr. Griffin, if

12  you can hear me, at the bottom of your of your screen,

13  there's a more button, and you can click on settings and

14  you can change your mic settings that way; so we can try

15  that.

16            And I know, Mr. Berman, you said he was

17  here just to observe, so if he doesn't need to say

18  anything and he can hear us, and if he's okay with that,

19  that's fine, too.

20            MR. BERMAN:  Okay.  And for the record,

21  Mr. Griffin is co-counsel to the same parties that I

22  represent.

23            THE DIGITAL REPORTER:  Okay.  Perfect.

24            And I also see now a Mr. Hernandez.

25            Can you hear us, Mr. Hernandez?



JOSE MARTINEZ - JULY 26, 2022                    9

1           MR. BERMAN:  Yeah.

2           THE DIGITAL REPORTER:  No.  Same thing.

3  I'm sure he can hear us.

4           MR. BERMAN:  And for the record, Mr.

5  Hernandez is a -- also a party to the litigation.  So

6  he's a counterclaim defendant.

7           THE DIGITAL REPORTER:  Okay.  Perfect.

8  Thank you.

9           Will the witness read and sign the

10  transcript?

11           MR. MARTINEZ:  Jose Martinez, the

12  witness.

13           THE DIGITAL REPORTER:  Thank you.

14           MR. BERMAN:  I'm okay with a read and

15  sign.

16           Counsel?

17           MR. BEGAKIS:  Fine by me.

18           THE DIGITAL REPORTER:  Okay.  Thank you.

19           And let's see, the notary will now swear

20  in the witness.

21           THE NOTARY PUBLIC:  Yes.  Mr. Martinez,

22  would you raise your right hand please?  Can you state

23  and spell your name for the record?

24           MR. MARTINEZ:  Jose, J-O-S-E, Martinez,

25  M-A-R-T-I-N-E-Z.



**JOSE MARTINEZ - JULY 26, 2022**          10

1                    THE NOTARY PUBLIC:  Thank you.  Do you

2      swear or affirm the testimony you shall give today in

3      this proceeding will be the truth, the whole truth, and

4      nothing but the truth?

5                    MR. MARTINEZ:  Yes.

6      WHEREUPON,

7                    J O S E   M A R T I N E Z

8      having been called as a witness, being duly sworn by the

9      notary public present, testified as follows:

10                   THE NOTARY PUBLIC:  Thank you.  You may

11     put your hand down.

12                   THE WITNESS:  Thank you.

13                   THE DIGITAL REPORTER:  Thank you.

14                   And, Mr. Berman, you may begin.

15                   MR. BERMAN:  Thank you.

16                   Good morning, Mr. Martinez.  My name is

17     Seth Berman.  I'm an attorney with the law firm Abrams

18     Fensterman, LLP, and I represent the plaintiff,

19     Yellowcake, Inc., and the counterclaim defendants,

20     Yellowcake, Inc., Colonize Media, Inc., and Jose David

21     Hernandez in the action that was previously referenced

22     by the court reporter, and I'm going to be asking you

23     some questions about the action today.

24                   Before we start, I just want to go over

25     some basic ground rules to make the deposition go



JOSE MARTINEZ - JULY 26, 2022                    39

1      A      Like I stated prior, I have been working with

2   his son, Jesus Chavez, Jr., and I was invited to his

3   house, to Mr. Chavez, Senior's home.  He played a demo

4   of a song in which it was going to feature one of our

5   exclusive artists and he said, "Look, I have one more

6   album to distribute to Morena Music, I will be free

7   after that.  The one thing I don't like about Morena is

8   that they did not allow me to record personal corridos,"

9   in other words, pay for songs.  And he said, "I kind of

10  need that freedom because they're asking me to record

11  all these cover songs, and essentially I have to take

12  Morena's direction as to what I can record and cannot

13  record, and I would like to have a little bit more

14  flexibility and freedom.  Plus my son tells me that you

15  guys pay really good in exchange for rights, and so I'd

16  like to, you know, discuss that further."  And it's when

17  we started working on that first album.

18      Q      And Mr. Chavez was never an employee of Hyphy

19  Music, correct?

20      A      No.

21      Q      And in fact, none of the band members were

22  ever employees of Hyphy Music, correct?

23      A      No.

24      Q      And you never -- or withdraw.

25          There was never any independent contractor

JOSE MARTINEZ - JULY 26, 2022                    40

1   agreement between Hyphy and any of the band members,

2   correct?

3                    MR. BEGAKIS:  Objection.  Asked and

4   answered.

5                    MR. BERMAN:  No.  He did not --

6                    MR. BEGAKIS:  You asked about a written

7   agreement between him and the band --

8                    MR. BERMAN:  I asked for an independent

9   contractor agreement.  Was there ever an independent

10  contract --

11                   MR. BEGAKIS:  Objection.  Asked and

12  answered.

13  BY MR. BERMAN:

14      Q    Was there ever any independent contractor

15  agreements, written independent contractor agreements,

16  between Hyphy Music and any of the band members?

17                   MR. BEGAKIS:  Objection.  Asked and

18  answered.

19                   MR. BEGAKIS:  Over your counsel's

20  objection, you can answer.

21                   THE WITNESS:  Not written.  However,

22  there was definitely a mutual understanding amongst

23  everybody that there was an exchange of copyrights for

24  the consideration that we were paying.

25  BY MR. BERMAN:

JOSE MARTINEZ - JULY 26, 2022                    125

1      A    Yes.

2      Q    And would you say that you have some knowledge

3   of the sound recording process?

4      A    Yes.

5      Q    Okay.  So then would you agree with me, sir,

6   based on your prior experience, that a digital sound

7   recording could basically be copied an infinite amount

8   of times without suffering any degradation and sound

9   quality?

10              MR. BEGAKIS:  Same objections.

11              THE WITNESS:  I believe that the most

12   important piece of the sound recording is the actual

13   master, which holds all the stamps, all the individual

14   tracks.  From there, you can -- you can modify that,

15   and, yes, create endless numbers of copies off of the

16   mother master.

17   BY MR. BERMAN:

18      Q    Do you have any documents or any -- withdrawn.

19              Do you have any documents in writing that

20   would memorialize any agreement or understanding between

21   Hyphy and the band that Hyphy would own any master

22   recordings as you just described them of the albums?

23              MR. BEGAKIS:  Objection.  Objection.

24   Asked and answered.

25              MR. BERMAN:  Definitely not.  But you

**JOSE MARTINEZ - JULY 26, 2022**                    126

1    could answer.

2              THE WITNESS:  I have a general and

3    precise understanding of everyone involved as a

4    contributor, that that was the situation.  It was not

5    written, however, the agreement still exists.  That was

6    everyone's mutual understanding that Hyphy was to be the

7    owner under a buyout clause, which the band demanded a

8    certain amount of money in exchange for their rights.

9              And we have the check stubs to support

10   it.  Every single dollar was issued to the band in

11   exchange for the rights.

12   BY MR. BERMAN:

13      Q    Did you ever send any sort of correspondence

14   to Yellowcake demanding the return of any alleged master

15   recordings of the album?

16      A    No.  But we'd like them back.

17      Q    Well, you don't own them, so you're not

18   entitled to them.

19              MR. BEGAKIS:  Objection.  Argumentative,

20   badgering the witness.  Stick with your BS move to

21   strike statements that mean absolutely nothing, Counsel.

22   BY MR. BERMAN:

23      Q    Who created the artwork for the four albums

24   that were -- or for the albums that were -- withdrawn.

25      A    Marcelino Mendoza.



**REMOTE LEGAL**
COURT REPORTING
646-461-3400

Exhibit "F"

1  ALTVIEW LAW GROUP, LLP
2  JOHN M. BEGAKIS CASBN 278681
   john@altviewlawgroup.com
3  12100 Wilshire Blvd., Suite 800
4  Los Angeles, California 90025
   Telephone: (310) 230-5580
5  Facsimile: (562) 275-8954

6
   *Attorneys for Defendant/Counterclaimant* HYPHY MUSIC, INC.
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  YELLOWCAKE, INC., California          **Case No.:**
    corporation,
12                                        **1:20-cv-00988-DAD-BAM**

13                  Plaintiff,            **DEFENDANT/COUNTERCLAIMANTS'**
                                          **RESPONSES TO**
14            v.                          **PLAINTIFF/COUNTERDEFENDANTS'**
                                          **FIRST SET OF INTERROGATORIES**
15  HYPHY MUSIC, INC.,

16                  Defendant.

17

18  HYPHY MUSIC, INC.,

19

20                  Counterclaimant,

21            v.

22  YELLOWCAKE, INC.; COLONIZE
    MEDIA, INC; JOSE DAVID
23  HERNANDEZ; and JESUS CHAVEZ
    SR,
24

25                  Counterdefendants.

26

27

28

DEFENDANT/COUNTERLCAIMANT'S RESPONSES TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:          Plaintiff/Counterdefendants

YELLOWCAKE, INC., COLONIZE

MEDIA, INC., and JOSE DAVID

HERNANDEZ

RESPONDING PARTY:          Defendant/Counterclaimant

HYPHY MUSIC, INC.

SET NUMBER:                ONE (1)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("FRCP"), Defendant/Counterclaimant HYPHY MUSIC, INC. ("Responding Party"), hereby respond to Plaintiff/Counterdefendants' YELLOWCAKE, INC., COLONIZE MEDIA, INC., and JOSE DAVID HERNANDEZ (collectively, "Requesting Party") First Set of Interrogatories.

## **PRELIMINARY STATEMENT**

Responding Party makes these responses solely for the purpose of this action. Responding Party has not fully completed its investigation of the facts relating to this case, has not completed its discovery, and has not completed its preparation for trial in this matter. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to and specifically known to Responding Party. Further discovery and independent investigation may supply additional facts and documents which may, in turn, clarify and add meaning to known facts as well as establish entirely new matters, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact(s) or document(s) that later may be recalled. Accordingly, Responding Party reserves the right to produce at trial all facts, opinions, or documents, the existence of which

2

are subsequently discovered through investigation, discovery, or otherwise, which support or tend to support its contentions at the time of trial.

Any information provided in response to the Interrogatories is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility. Responding Party reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Responding Party may interpose these objections at any time prior to and during the trial of this case. Further, attorneys' work product and/or privileged information are not referred to herein. Any disclosure of or reference herein to attorney-client privileged information or attorney work product is inadvertent and does not constitute a waiver such privilege.

No incidental or implied admissions are intended by these responses. The fact that Responding Party responds to or objects to an Interrogatory should not be taken as an admission that Responding Party accepts or admits the existence of any facts or legal conclusions assumed or presumed by the Interrogatory. The fact that Responding Party responds to part or all of an Interrogatory is not intended to be, and shall not be, construed as a waiver by Responding Party of any part of any objection to the Interrogatory.

### RESPONSES TO SPECIAL INTERROGATORIES

### INTERROGATORY NO. 1:

State whether or not You have ever Exploited any of Yellowcake's Copyrighted Works.

### RESPONSE TO INTERROGATORY NO. 1:

Responding Party responds as follows: Responding Party has exploited the relevant Copyrights, of which Responding Party is a co-owner. Additionally,

3

1  discovery is ongoing. As such, Responding Party reserves the right to supplement,

2  amplify or amend its responses to this Interrogatory.

3  **INTERROGATORY NO. 2:**

4      If the answer to the foregoing interrogatory is in the affirmative, identify: (i)

5  the name of the artist of each sound recording Exploited; (ii) the title of each sound

6  recording Exploited; (iii) the date of each Exploitation; (iv) the nature of each such

7  Exploitation; (v) the identity of any third parties involved in each such Exploitation

8  (including, but not limited to, any digital service providers such as Amazon Music,

9  Spotify, Apple Music, iTunes and YouTube.com ("YouTube")); (vi) the gross

10  amount of revenue generated from each such Exploitation; (vii) the name of every

11  party that received any revenue generated by each such Exploitation; and (viii) the

12  amount of revenue received by each such party.

13  **RESPONSE TO INTERROGATORY NO. 2:**

14      Responding Party responds as follows:

15      (i)      Band: Los Originales de San Juan; Members/Co-Owners: Jesus Chavez

16              Sr., who may be contacted through Mandy Jeffcoach, Esq., and

17      (ii)     Domingo Torres, who may be contacted through counsel for

18              Responding Party

19      (iii)    Albums: El Campesino; Des de la Cantina de Mi Barrio; Nuestra

20              Historia en Vivo; Corridos de Poca M; and Amigos y Contrarios

21      (iv)     El Campesino – 5/31/16; Des de la Cantina de Mi Barrio – 3/24/17;

22              Nuestra Historia en Vivo – 3/31/17; Corridos de Poca M – 2/24/15;

23              Amigos y Contrarios – 2/21/13;

24      (v)      El Campesino – via CD and digital transmission through all available

25              Digital Service Providers ("DSPs"); Des de la Cantina de Mi Barrio –

26              via CD, DVD and digital transmission through all available DSPs;

27              Nuestra Historia en Vivo – via CD, DVD and digital transmission

28

4

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

through all available DSPs; Corridos de Poca M – via CD and digital transmission through all available DSPs; Amigos y Contrarios – via CD and digital transmission through all available DSPs

(vi)   See above

(vii)  Approximately $15,000 - $20,000 per album for each of the three studio album and approximately $15,000 - $20,000 for collectively for both live albums

(viii) Responding Party

(ix)   See above

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 3:**

State whether or not Hyphy ever posted or uploaded a digital transmission and/or video containing any of Yellowcake's Copyrighted Works to online platforms, including, without limitation, Amazon Music, Spotify, Apple Music, iTunes and YouTube.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party responds as follows: Responding Party posted or uploaded the relevant Copyrights, of which Responding Party is a co-owner, via digital transmission through all available DSPs. Responding Party also posted or uploaded videos of Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 4:**

If the answer to the foregoing interrogatory is in the affirmative, set forth: (i) the URL for each digital transmission and/or video; (ii) the name of the performing

5

artist and title of the sound recording; and (iii) the gross amount of revenue Hyphy received from the online platform for each digital transmission and/or video.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party responds as follows:

(i)    There are no existing URLs, as Responding Party has taken down all links solely in the interest of caution during the pendency of this dispute.

(ii)    El Campesino, Des de la Cantina de Mi Barrio, Nuestra Historia en Vivo, Corridos de Poca M, and Amigos y Contrarios – all performed by Los Originales de San Juan

(iii)    Approximately $15,000 - $20,000 per album for each of the three studio album and approximately $15,000 - $20,000 for collectively for both live albums

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 5:**

If the answer to Interrogatory No. 1 is in the affirmative, identify the basis upon which Hyphy believes it has, or had, the right to Exploit Yellowcake's Copyrighted Works.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party responds as follows: Responding Party is a co-owner in the sound recordings at issue pursuant to Responding Party's commissioning of such works from Jesus Chavez Sr. and Domingo Torres, who Responding Party fully compensated. Additionally, the two live albums (Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo) were recorded at Responding Party's direction by Pyramid Recording and Jesus Ramirez, who was compensated by Responding Party, videotaped and edited at Responding Party's direction by Marcelino Mendoza, who

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

was compensated by Responding Party, and cleaned up at Responding Party's direction by a bass player named Javier Elizondo, who was also compensated by Responding Party, and such recording took place at a venue paid for solely by Responding Party. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 6:**

Identify the parties to, and dates of, any agreements upon which Hyphy has, or had, relied in asserting that it has, or had, the right to Exploit any of Yellowcake's Copyrighted Works.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party responds as follows:

(a) El Campesino – recorded on 2/2/16 pursuant to Responding Party's agreement to commission such work from Jesus Chavez, Sr. and Domingo Torres for a full buyout of all rights and an advance of any monies needed for advertising, at Responding Party's direction pursuant to an agreement with Omar Rosales, the studio engineer

(b) Corridos de Poca M – recorded on 1/24/15 pursuant to Responding Party's agreement to commission such work from Jesus Chavez, Sr. and Domingo Torres for a full buyout of all rights and an advance of any monies needed for advertising, at Responding Party's direction pursuant to an agreement with Omar Rosales, the studio engineer

(c) Amigos y Contrarios – recorded on 1/21/13 pursuant to Responding Party's agreement to commission such work from Jesus Chavez, Sr. and Domingo Torres for a full buyout of all rights and an advance of any monies needed for advertising, at Responding Party's direction pursuant to an agreement with Omar Rosales, the studio engineer

7

(d) Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo – both recorded on 11/23/16 pursuant to Responding Party's agreement to commission such work from Jesus Chavez, Sr. and Domingo Torres for a full buyout of all rights and an advance of any monies needed for advertising, at Responding Party's direction by Pyramid Studio pursuant to an agreement with Jesus Ramriez, the sound engineer, and Marcelino Mendoza, the video editor. Such works were also cleaned up at Responding Party's direction pursuant to an agreement with Javier Elizondo, the bass player.

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 7:**

State whether or not Hyphy received any correspondence from Yellowcake, or any third-party purporting to be acting on Yellowcake's behalf, instructing or directing Hyphy to cease the Exploitation of any of Yellowcake's Copyrighted Works.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party responds as follows: Not that Responding Party is presently aware. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 8:**

If the answer to the foregoing interrogatory is in the affirmative, identify: (i) each Person who sent such correspondence; (ii) each Person who received each such correspondence; (iii) the date of each such correspondence; and (iv) the substance of each such correspondence.

///

///

8

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party responds as follows: N/A. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 9:**

Describe the circumstances concerning how Hyphy allegedly commissioned Jesus Chaves Sr. to record the Los Originales Albums as works-for-hire for Hyphy.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party responds as follows: Jesus Chavez Sr. and Domingo Torres were free from a label agreement with Morena Music, Inc., and were therefore looking for a new record label to compensate them to release new works. As such, Chavez and Torres first came to Responding Party in 2013, around the time the first relevant album was recorded. Responding Party agreed to pay Chavez and Torres $25,000 total per album, as a full buyout of all rights, as well as to advance any monies needed for advertising, for such parties to record and deliver as many albums as they chose. Ultimately, Responding Party paid the following amounts for each album:

(a) El Campesino – $14,000 in checks and $11,000 in cash, plus $5,000 in checks and $10,000 in cash for promotion

(b) Corridos de Poca M – $29,500 in checks and $500 in cash

(c) Amigos y Contrarios – $20,000 cash

(d) Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo – $15,500 in checks and $15,000 in cash, plus $3,000 for on-site audio mixing and $1,200 for video production

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

///

9

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 10:**

Describe the exact terms of the alleged agreement between Hyphy and Jesus Chavez Sr. concerning the Los Originales Albums.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party responds as follows: Responding Party agreed to pay Chavez and Torres $25,000 total per album, as a full buyout of all rights, as well as to advance any monies needed for advertising, for such parties to record and deliver as many albums as they chose. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 11:**

Set forth whether or not Jesus Chavez Sr. was ever an employee of Hyphy.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party responds as follows: No. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 12:**

If the answer to the foregoing interrogatory is in the affirmative, set forth the dates of Jose Chavez Sr.'s alleged employment with Hyphy and the terms thereof.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Party responds as follows: N/A. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 13:**

Set forth all facts substantiating Hyphy's claim that it is the owner of the Los Originales Albums.

///

10

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Party responds as follows: Responding Party is a co-owner in the sound recordings at issue pursuant to Responding Party's commissioning of such works from Jesus Chavez Sr. and Domingo Torres, who Responding Party fully compensated. Additionally, the two live albums (Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo) were recorded at Responding Party's direction by Pyramid Recording and Jesus Ramirez, and videotaped at Responding Party's direction by Marcelino Mendoza, who was compensated by Responding Party, and cleaned up at Responding Party's direction by a bass player named Javier Elizondo, who was also compensated by Responding Party, and such recording took place at a venue paid for solely by Responding Party. Ultimately, Responding Party paid the following amounts for each album:

(e) El Campesino – $14,000 in checks and $11,000 in cash, plus $5,000 in checks and $10,000 in cash for promotion

(f) Corridos de Poca M – $29,500 in checks and $500 in cash

(g) Amigos y Contrarios – $20,000 cash

(h) Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo – $15,500 in checks and $15,000 in cash, plus $3,000 for on-site audio mixing and $1,200 for video production

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 14:**

Identify all individuals who allegedly provided original authorship to the Los Originales Albums including, but not limited to: (i) the exact nature of the contribution; (ii) when such contribution was made; (iii) where such contribution was made; (iv) the identity and contact information for any witnesses to such contribution; (v) whether such individual was an employee of Hyphy and the dates

11

of any such employment; and (vi) whether such person received any compensation for such contribution and if so, the amount of such compensation.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party responds as follows:

(i)     Jesus Chavez Sr. – singer; Domingo Torres – accordion, backup vocals, and producer; Pyramid Recording and Jesus Ramirez – recording and sound engineer; Marcelino Mendoza – videographer and editor; Omar Rosales – studio engineer; Javier Elizondo – bass player and music producer, who did clean-up work on live album

(ii)    El Campesino – recorded on 2/2/16; Corridos de Poca M – recorded on 1/24/15; Amigos y Contrarios – recorded on 1/21/13; Des de la Cantina de Mi Barrio and Nuestra Historia en Vivo – both recorded on 11/23/16

(iii)   All three studio albums were recorded at Estudios Rosales in Selma, CA; both live albums were recorded at Aldo's Nightclub in Fresno, CA

(iv)    Aldo and Eddie Quintana – owners of Aldo's Nightclub.

(v)     Only Marcelino Mendoza, who was an independent contractor from in or about 2013 to in or about 2017 and employee from in or about 2017 to in or about 2018.

(vi)    As an independent contractor and employee, Marcelino Mendoza only received regular monthly compensation pursuant to the terms of his employment, not compensation for any purported "contributions."

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 15:**

Set forth all facts substantiating Hyphy's claim that it is the owner of the Los Originales Cover Art.

///

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party responds as follows: Marcelino Mendoza, who was an independent contractor from in or about 2013 to in or about 2017 and employee from in or about 2017 to in or about 2018, created the cover art for Requesting Party. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 16:**

Identify all individuals who allegedly provided original authorship to the Los Originales Cover Art including, but not limited to: (i) the exact nature of the contribution; (ii) when such contribution was made; (iii) where such contribution was made; (iv) the identity and contact information for any witnesses to such contribution; (v) whether such individual was an employee of Hyphy and the dates of any such employment; and (vi) whether such person received any compensation for such contribution and if so, the amount of such compensation.

**RESPONSE TO INTERROGATORY NO. 16:**

Responding Party responds as follows:

(i)    Marcelino Mendoza designed, and took pictures of all images for, the cover art for all five albums

(ii)    Each album's cover art was designed approximately 20 days prior to the release thereof;

(iii)    Responding Party's Office – 2660 West Shaw Lane, Suite 110, Fresno, CA 93711;

(iv)    None other than the Band members

(v)    Marcelino Mendoza was an independent contractor from in or about 2013 to in or about 2017 and employee from in or about 2017 to in or about 2018

---

13

(vi)  As an independent contractor and employee, Marcelino Mendoza only received regular monthly compensation pursuant to the terms of his employment, not compensation for any purported "contributions."

Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

**INTERROGATORY NO. 17:**

Set forth all facts substantiating any defenses claimed or to be asserted by either Defendant.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party responds as follows: Responding Party is not liable for copyright infringement or any claim related thereto because Responding Party is an equal co-owner in the relevant Copyrights by virtue of its commissioning of such works from Chavez and Torres. Additionally, discovery is ongoing. As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Interrogatory.

DATED:  March 31, 2022          **ALTVIEW LAW GROUP, LLP**

By: _____

JOHN M. BEGAKIS

*Attorneys for Defendant/Counter-Claimant* HYPHY MUSIC, INC.

14

DEFENDANT/COUNTERCLAIMANTS' RESPONSE TO
PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES

**VERIFICATION**

1

2  **STATE OF CALIFORNIA**          )
                                    )  **ss.**
3  **COUNTY OF LOS ANGELES**        )

4

5  I have read the foregoing **DEFENDANT/COUNTERCLAIMANT'S**
6  **RESPONSES TO PLAINTIFF/COUNTERDEFENDANTS' FIRST SET OF**
   **REQUESTS FOR PRODUCTION** and know its contents.
7

8  _____I am a party to this action. The matters stated in the foregoing document are
   true of my own knowledge except as to those matters which are stated on
9  information and belief, and as to those matters I believe them to be true.

10

11  __X__I am __X__ an Officer ___ a partner of Hyphy Music Inc., a party to this action,
    and am authorized to make this verification for and on its behalf, and I make this
12  verification for that reason. _____I am informed and believe and on that ground
    allege that the matters stated in the foregoing document are true. __X__The matters
13  stated in the foregoing document are true of my own knowledge, except as to those
14  matters which are stated on information and belief, and as to those matters I believe
    them to be true.
15

16  _____I am one of the attorneys for _____, a
17  party to this action. Such party is absent from the county of aforesaid where such
    attorneys have their offices, and I make this verification for and on behalf of that
18  party for that reason. I am informed and believe and on that ground allege that the
    matters stated in the foregoing document are true.
19

20  Executed on March 29, 2022, at Fresno, California.

21
    I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct.

23

24  _____Jose Martinez_____          _____
25      **Type or Print Name**                    **Signature**

26

27

28                                        16
    _____
          DEFENDANT/COUNTERCLAIMANT'S RESPONSES TO
    PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF REQUESTS FOR
                              PRODUCTION

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California.  I am over the age

4

of eighteen years and not a party to the within action; my business address is 12100 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

5

On March 31, 2022, I served the documents described as:

6

**DEFENDANT/COUNTERCLAIMANTS' RESPONSES TO**

7

**PLAINTIFF/COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES**

8

**DEFENDANT/COUNTERCLAIMANT'S RESPONSES TO**

9

**PLAINTIFF/COUNTERDEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

10

on all interested parties in this action by placing _____ the original _X_ a true copy

11

thereof enclosed in sealed envelope(s) addressed as follows:

12

Thomas P. Griffin, Jr., Esq.
HEFNER, STARK & MAROIS, LLP

13

2150 River Plaza Drive, Suite 450
Sacramento, CA 95833

14

Seth L. Berman, Esq.

15

ABRAMS, FENSTERMAN, EISMAN LLP
3 Dakota Drive, Suite 300

16

Lake Success, NY 11042

17

[X]:   BY MAIL:

18

As follows:  I am readily familiar with the firm's practice of collection and

19

processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepared at

20

Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

21

[X]:   (STATE) - I declare under penalty of perjury under the laws of the State of

22

California that the above is true and correct.

23

I declare under penalty of perjury that the foregoing is true and correct.

24

EXECUTED on March 31, 2022, in Los Angeles, California.

25

26

John Begakis

27

28

PROOF OF SERVICE

Exhibit "G"

1  ALTVIEW LAW GROUP, LLP
2  JOHN M. BEGAKIS CASBN 278681
   john@altviewlawgroup.com
3  12100 Wilshire Blvd., Suite 800
4  Los Angeles, California 90025
   Telephone: (310) 230-5580
5  Facsimile: (562) 275-8954

6
   *Attorneys for Defendant/Counterclaimant* HYPHY MUSIC, INC.
7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  YELLOWCAKE, INC., California corporation, <br><br> 13                          Plaintiff, <br><br> 14                     v. <br><br> 15  HYPHY MUSIC, INC., <br><br> 16                          Defendant. | **Case No.:** <br><br> **1:20-cv-00988-DAD-BAM** <br><br> **DEFENDANT/COUNTERCLAIMANT'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF/COUNTERDEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |
| 18  HYPHY MUSIC, INC., <br><br> 20                     Counterclaimant, <br><br> 21                     v. <br><br> 22  YELLOWCAKE, INC.; COLONIZE MEDIA, INC; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ SR, <br><br> 25                     Counter-Defendants. | |

27

28

DEFENDANT/COUNTERCLAIMANT'S FURTHER SUPPLEMENTAL
RESPONSES TO PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION

PROPOUNDING PARTY:              Plaintiff/Counter-Defendants

YELLOWCAKE, INC., COLONIZE

MEDIA, INC., and JOSE DAVID

HERNANDEZ

RESPONDING PARTY:              Defendant/Counterclaimant

HYPHY MUSIC, INC.

SET NUMBER:              ONE (1)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), Defendant/Counterclaimant HYPHY MUSIC, INC. ("Responding Party"), hereby provides the following further supplemental responses to Plaintiff/Counter-Defendants' YELLOWCAKE, INC., COLONIZE MEDIA, INC., and JOSE DAVID HERNANDEZ (collectively, "Requesting Party") First Set of Requests for Production.

## PRELIMINARY STATEMENT

Responding Party makes these responses solely for the purpose of this action. Responding Party has not fully completed its investigation of the facts relating to this case, has not completed its discovery, and has not completed its preparation for trial in this matter. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to and specifically known to Responding Party. Further discovery and independent investigation may supply additional facts and documents which may, in turn, clarify and add meaning to known facts as well as establish entirely new matters, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact(s) or document(s) that later may be recalled. Accordingly, Responding Party reserves the right to produce at trial all facts, opinions, or documents, the existence of which

2

are subsequently discovered through investigation, discovery, or otherwise, which support or tend to support its contentions at the time of trial.

Any information provided in response to the Requests is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility. Responding Party reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Responding Party may interpose these objections at any time prior to and during the trial of this case. Further, attorneys' work product and/or privileged information are not referred to herein. Any disclosure of or reference herein to attorney-client privileged information or attorney work product is inadvertent and does not constitute a waiver such privilege.

No incidental or implied admissions are intended by these responses. The fact that Responding Party responds to or objects to a Request should not be taken as an admission that Responding Party accepts or admits the existence of any facts or legal conclusions assumed or presumed by the Request. The fact that Responding Party responds to part or all of a Request is not intended to be, and shall not be, construed as a waiver by Responding Party of any part of any objection to the Request.

**FURTHER SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents that allegedly support Defendant's Counterclaim.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party will comply with this Request and is producing all documents presently in Responding Party's possession, custody and/or control, identified as: HYPHY000178 - HYPHY000186. Additionally, discovery is ongoing.

3

DEFENDANT/COUNTERCLAIMANT'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

As such, Responding Party reserves the right to supplement, amplify or amend its responses to this Request.


DATED:  January 18, 2023                    **ALTVIEW LAW GROUP, LLP**


By: _____
        JOHN M. BEGAKIS
        *Attorneys for Defendant/Counterclaimant*
        HYPHY MUSIC, INC.

DEFENDANT/COUNTERCLAIMANT'S FURTHER SUPPLEMENTAL
RESPONSES TO PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION

# VERIFICATION

**STATE OF CALIFORNIA** )
                                  ) **ss.**
**COUNTY OF LOS ANGELES** )

I have read the foregoing **DEFENDANT/COUNTERCLAIMANT'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF/COUNTERDEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** and know its contents.

_____I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

___X__I am __X__ an Officer ___ a partner of Hyphy Music Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. _____I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ___X__The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

_____I am one of the attorneys for _____, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on January 18, 2023, at Fresno, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


   Jose Martinez_____                _____
    **Type or Print Name**                         **Signature**

DEFENDANT/COUNTERCLAIMANT'S FURTHER SUPPLEMENTAL
RESPONSES TO PLAINTIFFS/COUNTERDEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 12100 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

5

On January 18, 2023, I served the documents described as:

6

7

**DEFENDANT/COUNTERCLAIMANT'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF/COUNTERDEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

8

9

on all interested parties in this action by placing _____ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

10

11

12

| Thomas P. Griffin, Jr., Esq.<br>HEFNER, STARK & MAROIS, LLP<br>2150 River Plaza Drive, Suite 450<br>Sacramento, CA 95833<br>tgriffin@hsmlaw.com | Seth L. Berman, Esq.<br>ABRAMS, FENSTERMAN, EISMAN LLP<br>3 Dakota Drive, Suite 300<br>Lake Success, NY 11042<br>SBerman@abramslaw.com |
| --- | --- |
| Mandy L. Jeffcoach, Esq.<br>Bill Littlewood, Esq.<br>WHITNEY, THOMPSON & JEFFCOACH, LLP<br>970 W. Alluvial Avenue<br>Fresno, CA 93711<br>Mjeffcoach@wtjlaw.com<br>Blittlewood@wtjlaw.com | Richard Sherman, Esq.<br>Abha Khosla, Esq.<br>SHERMAN LAW GROUP<br>9454 Wilshire Blvd., Suite 850<br>Beverly Hills, CA 90212<br>Richard@shermanlawgroup.com<br>Abhay@shermanlawgroup.com |

13

14

15

16

17

18

[X]:    BY ELECTRONIC MAIL:

19

20

    As follows: I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed below at their most recent e-mail address of record in this action.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

21

22

23

[X]:    (FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

    I declare under penalty of perjury that the foregoing is true and correct.

25

    EXECUTED on January 18, 2023, in Los Angeles, California.

26

27

John Begakis

28

PROOF OF SERVICE

Exhibit "I"

**In The Matter Of:**

*Yellowcake, Inc., a California corportation, v.*

*Hyphy Music, Inc.,*

*Alfonso Vargas*

*December 6, 2022*

*Remote Legal*

*(646) 461-3400*



**REMOTE LEGAL**

**COURT REPORTING**

Original File Vargas_A_13845_12622_CERTIFIEDtxt.txt

Min-U-Script® with Word Index

1

YELLOWCAKE, INC.,
a California corporation,

       Plaintiff,

  v.                    Case No:

HYPHY MUSIC, INC.,          1:20-CV-00988-DAD-BAM

       Defendant.

DEPOSITION

WITNESS:          Alfonso Vargas

DATE:             Tuesday, December 6, 2022

START TIME:       1:18 p.m.
END TIME:         5:05 p.m.

REPORTER:         Shenay Crawford, Digital Reporter
JOB NO.:          13845

2

1

2

3        ABRAMS, FENSTERMAN, LLP

         3 Dakota Drive
4        Suite 300

         Lake Success, New York 11042
5        By:  MR. SETH BERMAN, ESQUIRE

              sberman@abramslaw.com
6        Appearing for Plaintiff

7

8        ALTVIEW LAW GROUP

         12100 Wilshire Boulevard
9        Suite 800

         Los Angeles, California 90025
10       By:  MR. JOHN BEGAKIS, ESQUIRE

              john@altviewlawgroup.com
11       Appearing for Defendant

12

13       WHITNEY THOMPSON & JEFFCOACH LLP

         970 West Alluvial Avenue
14       Fresno, California 93711
         By:  MR. WILLIAM LITTLEWOOD, ESQUIRE
15            blittlewood@wtjlaw.com
         Appearing for Jesus Chavez, Sr.

16

17

     ALSO PRESENT:
18       Robert Molina, Law Clerk for Mr. Berman
         Kevin Berger, Principal for Yellowcake
19       Nhanaxhi Chavez, Interpreter

20

21

3

1              I N D E X   O F   T E S T I M O N Y

2

3    EXAMINATION OF ALFONSO VARGAS                    PAGE

4        By Mr. Berman                                 11

5        By Mr. Begakis                               142

6        By Mr. Littlewood                            149

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1                    I N D E X   O F   E X H I B I T S

2                      (available for download)

3

4   EXHIBIT     DESCRIPTION                                    PAGE

5   A           Signed Agreement                                55

6   B           Certificate of Registration                    104

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

1                       I N D E X   O F   R E Q U E S T S

2

3    DESCRIPTION                                        PAGE   LINE

4    Email from Counsel                                  20     19

5    Emails with Mr. Martinez and attorneys

6    Regarding litigation and deposition                 23     11

7    Band Tax Returns                                    42      4

8    Sound Exchange Correspondence                      110     24

9    Recording Agreements                               126     21

10   Personal Tax Returns 2020-Present                  141     21

11   Schedules Related to Tax Returns

12   Including K1s                                      142      1

13

14

15

16

17

18

19

20

21

22

23

24

25

6

1                    FEDERAL STIPULATIONS

2

3              IT IS HEREBY STIPULATED AND AGREED by and

4     between the attorneys for the respective parties that

5     the presence of the Referee be waived;

6              IT IS FURTHER STIPULATED AND AGREED that all

7     objections, except as to form, are reserved until the

8     time of trial;

9              IT IS FURTHER STIPULATED AND AGREED that this

10    deposition may be utilized for all purposes as provided

11    by the Federal Rules of Civil Procedure;

12              AND FURTHER STIPULATED AND AGREED that all

13    rights provided to all parties by the Federal Rules of

14    Civil Procedure shall not be deemed waived and the

15    appropriate sections of the Federal Rules of Civil

16    Procedure shall be controlling with respect thereto.

17

18

19

20

21

22

23

24

25

7

1                    FEDERAL REMOTE STIPULATIONS

2

3             IT IS HEREBY STIPULATED, by and between the

4    attorneys of record for all parties to the above-

5    entitled action, that:

6             Pursuant to Rule 30(b)(4) of the Federal Rules

7    of Civil Procedure, this deposition will be conducted by

8    remote videoconference with the oath being administered

9    remotely and a court reporter creating an accurate

10   written record; that, if necessary, the parties agree

11   that each witness can be identified with picture

12   identification;

13            No attorney, nor any party or witness, shall

14   capture any still photographs, nor record, by video or

15   audio, any part of these deposition proceedings;

16            Each attorney agrees to instruct their witness

17   that there is to be no communication with anyone outside

18   of the identified and participating group, by chat,

19   text, email, or other means during the deposition;

20            There shall be no other person in the room

21   with the witness during their deposition;

22            Any phone or electronic device in the room

23   with a witness shall be identified and not read,

24   referred to, or otherwise used during the witness'

25   deposition, unless agreed to by all counsel on record.

## EASTERN DISTRICT OF CALIFORNIA

8

```
1              P R O C E E D I N G S
2         THE REPORTER:  Good afternoon.  We're now
3    on the record.  Today's date is December 6, 2022, and
4    the time is approximately 1:18 p.m. Eastern Time.
5         My name is Shenay Crawford, and I am the
6    officer designated by Remote Legal at 381 Park Avenue
7    South, New York, New York to take the record of this
8    proceeding
9         This is the deposition of Alonso (sic)
10   Vargas taken in the matter of Yellowcake, Inc., a
11   California corporation v. Hyphy Music, Inc., Case Number
12   1:20-CV-00988-DAD-BAM filed in the United States
13   District Court, Eastern District of California
14        This deposition is being taken remotely
15   on behalf of the plaintiff and is being conducted
16   pursuant to the procedural rules and laws governing this
17   matter.  As such, all parties agree to this means of
18   capturing the record, which may include recording my
19   audio, audiovisual or stenographic means as if it were
20   done by traditional in-person means.
21        Further, all parties agree that
22   deposition officer or person administering the oath may
23   be authorized to administer the oath under the rules of
24   the state where they reside.
25        Do parties so stipulate?
```

## EASTERN DISTRICT OF CALIFORNIA

9

1      MR. BERMAN:  So stipulated.

2      MR. BEGAKIS:  So stipulated.

3      MR. LITTLEWOOD:  So stipulated.

4      THE REPORTER:  Thank you.  Would counsels

5  please identify themselves for the record?

6      MR. BERMAN:  Counsel for Plaintiff

7  Yellowcake, Inc., Abrams Fensterman by Seth Berman, 3

8  Dakota Drive, Suite 300, Success, New York, 11042.  I'm

9  joined by co-counsel, Thomas P. Griffin.

10     MR. BEGAKIS:  And John Begakis on behalf

11  of -- John Begakis for AltView Law Group on behalf of

12  the defendant and counterclaimant Hyphy Music, Inc.

13     MR. LITTLEWOOD:  This is William

14  Littlewood of Whitney Thompson & Jeffcoach LLP on behalf

15  of Jesus Chavez, Sr.

16     MR. BERMAN:  And also for the record,

17  observing is principal of Plaintiff Yellowcake, Inc.,

18  Kevin Berger; and I also have with me, off camera, is my

19  law clerk, Robert Molina.

20     THE REPORTER:  Thank you.  Counsel, for

21  the witness, would you like the witness to read and sign

22  the transcript following the deposition?

23     MR. BERMAN:  Well, we haven't established

24  whether or not there is an attorney appearing today for

25  Mr. Vargas.

**EASTERN DISTRICT OF CALIFORNIA**

1          MR. BERMAN:  Yes, can you please mark it

2     as Plaintiffs Exhibit A.

3              THE REPORTER:  I'm sorry, as Plaintiff's?

4          MR. BERMAN:  Exhibit A.

5              THE REPORTER:  Okay.  Will do.

6      (Exhibit A marked for identification.)

7     BY MR. BERMAN:

8      Q    Mr. Vargas, is this your signature on the

9     second page of the agreement?

10     A    Yeah.

11     Q    And did you sign this agreement on March 22nd,

12     2022?

13     A    Yeah.

14     Q    All right.  And where were you when you signed

15     this agreement?

16     A    I believe we were here in the offices of

17     Hyphy.

18     Q    And who, if anybody else, was in the office at

19     the time that you signed this agreement?

20     A    Me, Domingo Torres, and the people here from

21     the office.

22     Q    The people in the office you're referring to,

23     who are they?

24     A    Jose and his assistant.

25     Q    Are you referring to Jose Martinez?

EASTERN DISTRICT OF CALIFORNIA

56

1    A    Yes.

2    Q    Okay.  And what do you understand the purpose

3 of this agreement to be?

4    A    Well, I believe this would be the agreement

5 that we -- that you're sharing them -- that -- the deal

6 that we had verbally talked about with the records that

7 were going to be handled by Hyphy and Morena.

8    Q    Did you read this agreement before you signed

9 it?

10    A    Not all of it.  But we -- you know, we talked

11 about it and we knew all the agreements that we had

12 originally done.

13    Q    Okay.  And were you represented by counsel

14 when you signed this agreement?

15    A    No.

16    Q    So you -- just to be clear for the record, you

17 never had an attorney read this agreement?

18    A    Did I do what?

19    Q    You never retained an attorney to read this

20 agreement for you?

21    A    No.

22    Q    And you never had an attorney explain the

23 agreement to you?

24    A    No.

25    Q    Okay.  And why did you sign this agreement?

**EASTERN DISTRICT OF CALIFORNIA**

1    A    Well, because that's when we found out that

2    Jesus Chavez was going -- how should I say it?  He was

3    doing stuff that you shouldn't be doing with those

4    records.  And there was a -- this ongoing problem

5    because the Hyphy has some of those records.  And we

6    came here to ask them if they would support us, to

7    sign -- you know, if we could work a deal to record new

8    albums.  You know, since we were going to be working

9    without Jesus Chavez because Jesus Chavez can't sing no

10   more.

11       And we wanted to maybe come to some sort of

12   agreement with new CDs.  So when we came here to Hyphy

13   to ask them if they wanted to help us out, you know,

14   with the deal -- recording deal, that's when they told

15   us about all this nonsense is going around right now

16   with Jesus Chavez doing this illegal sales of those

17   records.  And we -- going back on our original deals

18   with these records with Morena and Hyphy Music.

19    Q    All right.  So just to be clear, so you sign

20   this agreement because you came to an understanding with

21   Hyphy Music that you and the band that you perform with

22   would potentially release new music with Hyphy Music?

23   Is that right?

24       MR. BEGAKIS:  Objection.  Misstates the

25   witness' prior testimony.  Assumes facts not in

EASTERN DISTRICT OF CALIFORNIA

58

1   evidence.  Vague.

2            MR. BERMAN:  Over his objection, you can

3   answer.

4            THE WITNESS:  Well, yeah, we came here to

5   ask Hyphy if they would do some sort of deal -- work

6   some sort of deal with us, with our -- you know, we

7   wanted -- we were going to continue working as Los

8   Originales de San Juan.  Obviously, Chewy -- Jesus

9   Chavez cannot be in the band because he can't sing.  He

10  could -- you know, he's really sick.

11           And so we wanted to continue and we

12  needed a recording company to help us out.  So -- so

13  we've been -- we worked with this company before, so we

14  came over here to ask for their support and see if they

15  could help us out.  You know, recording some more new

16  albums.  And when we came here, then that's when we

17  found out about all this mess.

18  BY MR. BERMAN:

19      Q    And then, so Mr. Martinez said that he would

20  help you out if you sign this agreement?

21      A    No.  He didn't -- he didn't exactly say that.

22  You know, he told me what the problem is.  And I said,

23  okay, well, we got to fix this.  And so that's why we

24  started all this.  You know, part of fixing this right,

25  like it's supposed to be, is for me and Domingo Torres

157

CERTIFICATE OF NOTARY PUBLIC

State of New York )

County of Bronx   )

    I hereby certify that on the 6th day of December,
2022, before me, a RON notary public for the State of
New York, ALFONSO VARGAS remotely appeared via
videoconference, and prior to testifying, swore an oath,
to tell the truth.

    DATED this 6th day of December, 2022.

_____

Shenay Crawford, Digital Reporter

RON Notary Public, State of New York

Commission No.: 01CR6406178

Commission Expires: March 23, 2024

158

CERTIFICATE OF REPORTER

I, Shenay Crawford, hereby certify:

That the foregoing proceedings were taken before me at the time and place therein set forth;

That the proceedings were recorded by me and thereafter formatted into a full, true, and correct transcript of same;

I further certify that I am neither counsel for nor related to any parties to said action, nor in any way interested in the outcome thereof.

DATED, this 6th day of December, 2022.

_____
Shenay Crawford
Digital Reporter

646-461-3400

159

E R R A T A    S H E E T

Witness: Alfonso Vargas
Case Name: YELLOWCAKE, INC., a California corporation
v. MORENA MUSIC, INC., a California corporation;
EDUARDO LEON, d/b/a LONG PLAY MUSIC; and Does 1
through 50, inclusive
Deposition Date: Tuesday, December 6, 2022

PAGE  LINE   CHANGE FROM/TO    REASON FOR CHANGE

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

Under penalties of perjury, I declare that I have
read the foregoing deposition and hereby affix my
signature that same is true and correct, except as noted
above.

_____        _____
ALFONSO VARGAS                  Date

Sworn to before me this ___ day of _____, 20__

_____
Notary Public

Exhibit "J"

1

1              IN THE UNITED STATES DISTRICT COURT

2                 EASTERN DISTRICT OF CALIFORNIA

3    ─────────────────────────────────

4    YELLOWCAKE, INC., a California

5    Corporation,

6             Plaintiff,

7        v.                              Case No:

8    HYPHY MUSIC, INC.,                  1:20-CV-00988-DAD-BAM

9             Defendant.

10   ─────────────────────────────────

11   HYPHY MUSIC, INC.,

12             Counterclaimant,

13        v.

14   YELLOWCAKE, INC, COLONIZE MEDIA,

15   INC., JOSE DAVID HERNANDEZ,

16   JESUS CHAVES, SR.,

17             Counterdefendants.

18   ─────────────────────────────────

19      VIDEOTAPED DEPOSITION OF DOMINGO TORRES FLORES

20   DATE:          Wednesday, December 7, 2022

21   TIME:          1:14 p.m.

22   REPORTED BY:   Jaime Godinez

23   JOB No.:       13846

24   Conducted by videoconference via the Remote Legal

25   platform



**REMOTE LEGAL**
COURT REPORTING
646-461-3400

2

1                    A P P E A R A N C E S

2   ON BEHALF OF PLAINTIFF YELLOWCAKE, INC.:

3        MR. SETH L. BERMAN, ESQUIRE

4        Abrams Fensterman LLP

5        3 Dakota Drive, Suite 300

6        Lake Success, New York 11042

7        sberman@abramslaw.com

8        (516)328-2300

9

10  ON BEHALF OF DEFENDANT/COUNTERCLAIMANT HYPHY MUSIC,

11  INC.:

12       MR. JOHN M. BEGAKIS, ESQUIRE

13       Altview Law Group

14       12100 Wilshire Boulevard

15       Los Angeles, California 90025

16       john@altviewlawgroup.com

17       (310)230-5580

18

19  ON BEHALF OF CROSSDEFENDANT JESUS CHAVES, SR.

20       MR. WILLIAM LITTLEWOOD, ESQUIRE

21       Whitney, Thompson & Jeffcoach, LLP

22       970 West Alluvial Avenue

23       Fresno, California 93711

24       blittlewood@wtjlaw.com

25       (559) 753-2550



3

1              A P P E A R A N C E S  (cont'd)

2    ALSO PRESENT:

3         Nanaxhi Chavez, Interpreter

4         Alexa Kraft, Notary Public

5         Magistrate Judge Barbara McAuliffe

6         Ester Valdez, Law Clerk

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1                          INDEX

2    EXAMINATION:                              PAGE

3        By Mr. Berman                          33

4        By Mr. Begakis                         82

5

6

7                     E X H I B I T S

8    NO.              DESCRIPTION              PAGE

9    A                Written Agreement         55

10

11        R E Q U E S T S   F O R   P R O D U C T I O N

12   DESCRIPTION                        PAGE   LINE

13   Birth Certificate                   78     24

14

15

16

17

18

19

20

21

22

23

24

25



**REMOTE LEGAL**
COURT REPORTING
646-461-3400

**DOMINGO TORRES FLORES - DECEMBER 7, 2022**          5

1                    P R O C E E D I N G S

2              THE DIGITAL REPORTER:  Good morning.  We

3    are now on the record.  Today's date is December 7,

4    2022, and the time is approximately 1:14 p.m. Eastern.

5              My name is Jaime Godinez, and I am the

6    officer designated by Remote Legal, 381 Park Avenue

7    South, New York, New York, to take the record of this

8    proceeding.

9              This is the deposition of Domingo Torres

10   Flores taken in the matter of Yellowcake versus Hyphy,

11   Case Number 1:20-CV-00988-DAD-BAM filed in the United

12   States District Court Eastern District of California.

13   This deposition is being taken remotely on behalf of the

14   plaintiff and is being conducted pursuant to the

15   procedural rules and laws governing this matter.  As

16   such, all parties agree to this means of capturing the

17   record, which may include recording by audio,

18   audiovisual, or stenographic means, as if it were done

19   by traditional in-person means.

20              Further, all parties agree that the

21   deposition officer or person administering the oath may

22   be authorized to administer the oath under the rules of

23   the state where they reside.

24              Do all parties so stipulate?

25              MR. BERMAN:  So stipulated.

DOMINGO TORRES FLORES - DECEMBER 7, 2022          6

1          MR. BEGAKIS:  So stipulated.

2          MR. LITTLEWOOD:  So stipulated.

3          THE COURT REPORTER:  Thank you so much.

4    And would counsel please identify themselves for the

5    record, starting with the noticing attorney.

6          MR. FENSTERMAN: Counsel for Plaintiff

7    Yellowcake, Inc., Abrams Fensterman by Seth Berman, 3

8    Dakota Drive, Suite 300, Lake Success, New York 11042.

9          MR. BEGAKIS:  John Begakis from Altview

10   Law Group on behalf of Defendant/Counter Hyphy Music.

11          MR. LITTLEWOOD:  William Littlewood of

12   Whitney, Thompson & Jeffcoach on behalf of cross-

13   defendant Jesus Chaves, Sr.  The address is 970 W.

14   Alluvial, A-L-L-U-V-I-A-L, Avenue, Fresno, California

15   93711.

16          THE COURT REPORTER:  Okay.  Thank you and

17   would the notary please swear in the interpreter and the

18   witness?

19          THE NOTARY PUBLIC:  Yes.  This is Alexa

20   Kraft with Remote Legal.  Ms. Chavez, will you please

21   state your full name for the record?

22          THE INTERPRETER:  Nanaxhi Chavez, that's

23   N-A-N-A-X-H-I, last name Chavez, C-H-A-V-E-Z.

24          THE COURT REPORTER:  Thank you.  Will you

25   please raise your right hand?  Do you swear or affirm



DOMINGO TORRES FLORES - DECEMBER 7, 2022          7

1    that you will accurately, completely, and impartially

2    interpret from English into Spanish and from Spanish

3    into English to the best of your abilities?

4                    THE INTERPRETER:  Yes.

5                    THE NOTARY PUBLIC:  I will now swear in

6    the witness.  Mr. Torres, will you please state your

7    full name for the record.

8                    MR. C. TORRES:  Carlos Torres or Domingo,

9    me right?

10                   MR. BERMAN:  No, Domingo Torres.

11                   MR. C. TORRES:  Domingo?

12                   MR. BERMAN:  Ms. Interpreter?

13                   THE INTERPRETER:  Yes.

14                   MR. BERMAN:  So let the record reflect,

15   Ms. Interpreter, don't interpret this.  Let the record

16   reflect that there is an individual in the room with the

17   witness, Domingo Torres whose name is Carlos Torres.

18   Mr. Carlos Torres, you are not attorney admitted to

19   practice law in the State of California, correct?

20                   MR. C. TORRES:  Can you say that -- can

21   you repeat it again?  I couldn't hear you.

22                   MR. BERMAN:  You're not an attorney

23   admitted to practice law in the State of California,

24   correct?

25                   MR. C. TORRES:  I -- I -- that's correct.

**DOMINGO TORRES FLORES - DECEMBER 7, 2022**          57

1   A   At the bottom, yes.

2   Q   Okay.  Does he recognize either of these two

3   signatures?

4   A   At the bottom, yes.

5   Q   Does he recognize -- does he recognize either

6   of the two signatures on the document to be his

7   signature?

8   A   Well, it looks like it, you know.

9   Q   Okay.  Does he recall ever signing this

10  document?

11  A   Me?  No.  I don't remember anymore.  No, no,

12  no.

13  Q   My question is did he sign this document?

14  A   Well, I don't know what it says.  How could I

15  sign it?

16  Q   The question is yes or no, did he sign this

17  document?

18  A   I'm not sure, you know.  I'd have to see

19  the -- the signature better.

20  Q   Does he recall ever signing any document with

21  Hyphy music as the other party to the document?

22  A   Where I give the rights, the masters, that's

23  my part.

24  Q   Could you ask him to explain -- okay.

25  Withdrawn.

DOMINGO TORRES FLORES - DECEMBER 7, 2022          58

1          Do you recall having a meeting with Mr. Vargas

2     and Mr. Martinez at the offices of Hyphy Music in or

3     about March of 2022?

4          A    Around then?  Yes, no, I don't remember, but

5     maybe, yes.  My son's here with me.  He's the one who

6     knows.  I don't know.

7          Q    I'm asking if he knows.  He can answer the

8     question.

9          A    I didn't hear it.

10         Q    Does he recall meeting with Mr. Vargas and Mr.

11    Martinez at the offices of Hyphy Music in or about March

12    22, 2022?

13         A    I don't remember.  My son -- my son's the one

14    who knows.

15         Q    Tell him again I'm not asking what his son

16    knows.  I'm asking what he remembers.  He doesn't

17    remember there was such a meeting?

18         A    Yes.  We've had meetings, but I don't know the

19    date.

20         Q    And what were the meetings about?

21         A    I don't remember.

22         Q    Okay.  Who was at these meetings?

23         A    Well, perhaps it would have been my son

24    because he's the only one who goes with me.

25         Q    Was Mr. Vargas at any of these meetings?



**REMOTE LEGAL**
COURT REPORTING
646-461-3400

**DOMINGO TORRES FLORES - DECEMBER 7, 2022**      60

1    to him -- withdrawn.

2            Did he ever have anybody translate this

3    agreement for him?

4            THE INTERPRETER:  Sorry, Counselor, just

5    because I have to translate every -- I want to make sure

6    we're not getting confused.  You're speaking to him,

7    correct?  Like you?  Just because if I translate him --

8            MR. BERMAN:  Yeah.  Did anybody ever --

9            THE INTERPRETER:  Yeah.  Thank you.

10   BY MR. BERMAN:

11       Q    Did anybody ever translate this document for

12   you?

13       A    This one right here?  No.  Well, it's just

14   that my son takes care of everything.  He takes care of

15   everything.  I just sign and that's it.  He does

16   everything.

17       Q    Okay.  Does he recall recording an album for

18   the band called El Campesino?

19       A    Of course I do, by the Originales de San Juan.

20       Q    All right.  Did he preform on that -- the

21   recording of that album?

22            MR. BEGAKIS:  Objection.  Vague.

23            THE INTERPRETER:  Again, he is Mr.

24   Torres, correct?  Not --

25            MR. BERMAN:  Mr. Torres, yes.



**DOMINGO TORRES FLORES - DECEMBER 7, 2022**    90

1    ordering a copy.  Thank you.

2              THE COURT REPORTER:  Ordering copy.

3              Okay.  The time is now 4:46 p.m. Eastern

4    and we're off the record.

5          (Proceedings concluded at 4:46 p.m.)

6                    *  *  *  *  *

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DOMINGO TORRES FLORES - DECEMBER 7, 2022          91

1                    CERTIFICATE OF NOTARY PUBLIC

2

3    State of Arizona    )

4    County of Maricopa )

5

6         I hereby certify that on the 7th day of DECEMBER

7    2022 before me, a notary public for the State of

8    Arizona, DOMINGO TORRES FLORES remotely appeared via

9    videoconference, and prior to testifying, swore an oath

10   to tell the truth.

11

12        DATED this 7th day of DECEMBER 2022.

13

14

15        *Alexa Kraft*

16        Alexa Kraft

17        Notary Public, State of Arizona

18        Commission No.: 610827

19        Commission Expiration: 9/30/2025

20

21

22

23

24

25

DOMINGO TORRES FLORES - DECEMBER 7, 2022                92

1                   CERTIFICATE OF REPORTER

2

3        I, Jaime Godinez, Digital Reporter certify:

4        That the foregoing proceedings were taken before me

5   at the time and place therein set forth.

6        That the testimony of the witness and all

7   objections made at the time of the examination were

8   electronically recorded by me and thereafter

9   transcribed;

10       That the foregoing is a true and correct transcript

11  of my electronic recording;

12       And I further certify that I am not a relative or

13  employee of any attorney, or of any party, nor

14  financially interested in the action.

15

16       DATED this 7th day of DECEMBER 2022.

17

18                   *Jaime Godinez*

19                   _____

20                   Jaime Godinez, CER-1260

21                   Digital Reporter

22

23

24

25