**ALTVIEW LAW GROUP, LLP**
JOHN M. BEGAKIS (SBN 278681)
john@altviewlawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

**SHERMAN LAW GROUP, LLP**
RICHARD LLOYD SHERMAN (SBN 106597)
richard@shermanlawgroup.com
9454 Wilshire Blvd., Suite 850
Beverly Hills, California 90212
Telephone: (310) 246-0321
Facsimile: (310) 246-0305

*Attorneys for Defendant/Counterclaimant* HYPHY MUSIC, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYPHY MUSIC, INC.,<br><br>Defendant. | **Case No.: 1:20-cv-00988-JLT-BAM**<br><br>[Assigned to the Hon. Jennifer L. Thurston]<br><br>**[PROPOSED] ORDER RE: HYPHY MUSIC, INC.'S OBJECTIONS TO YELLOWCAKE, INC. AND COLONIZE MEDIA INC.'S EVIDENCE PROFFERED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |
| HYPHY MUSIC, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ SR,<br><br>Counter-Defendants. | Date:  September 29, 2023<br>Time: 9:00 a.m.<br>Dept.: Courtroom 4 (7th Floor)<br>   2500 Tulare Street<br>   Fresno, CA 93721<br>Judge: Hon. Jennifer L. Thurston |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

The evidentiary objections timely filed pursuant to Federal Rule of Civil Procedure ("***FRCP***") 56(c)(2), by Defendant/Counterclaimant Hyphy Music, Inc. ("***Hyphy***") came on for hearing in this Court. Specifically, Hyphy's objections to: (i) the Declaration of Kevin Berger ("***Berger***"), as the principal for Plaintiff and Counter-Defendant Yellowcake, Inc. ("***Yellowcake***"); and (ii) the Declaration of Jose David Hernandez ("Hernandez"), as the principal for Counter-Defendant Colonize Media, Inc. ("***Colonize***").

The, Court having read and considered the objections, hereby rules as follows:

## DECLARATION OF KEVIN BERGER

| Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|
| **¶ 4, 2:22-25** | Hyphy objects to the statement from Kevin Berger ("***Berger***") that "[a]mong the musical acts with whom Yellowcake has acquired an intellectual property right(s) is Jesus Chavez Sr. ("Chavez")", and the statement that "Chavez is a legend in the Mexican music genre who performs with backing musicians under the name Los Originales de San Juan (the "Band")" on the grounds that both such statements are conclusory. *Hansen,* 7 F.3d at 138. | **Sustained:** _____  <br><br> **Overruled:** _____ |

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| **¶ 5, 2:26-3:1** | Hyphy objects to the statement from Berger that "Yellowcake's attorneys advise me that Hyphy Music, Inc. has acknowledged in their filings in this lawsuit that Chavez was the founder, owner and principal of the Band, and that Hyphy previously obtained their former rights to distributed the Albums at issue in this lawsuit directly from Chavez and Chavez alone" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Berger gained knowledge of facts purportedly underlying such assertion from others, such facts also constitute inadmissible hearsay. Federal Rule of Evidence ("**FRE**") 802. | **Sustained:** _____<br><br><br>**Overruled:** _____ |
| **¶ 8, 3:11-14** | Hyphy objects to the statement from Berger that "[w]hile negotiating the terms of any such acquisition of Chavez's and the Band's intellectual property rights, including in the Albums, Yellowcake did its 'due diligence' to determine what, if any, copyright registrations already existed for the Albums" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br><br>**Overruled:** _____ |

3

| | | | |
|---|---|---|---|
| **¶ 9, 3:15-17** | Hyphy objects to the statement from Berger that "[u]pon Yellowcake's search of the United States Copyright Office, Yellowcake determined that no other individual or entity filed any documentation with the Copyright Office to assert an ownership claim in the Albums" on the grounds that such statement is conclusory. *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993). | **Sustained:** _____ | **Overruled:** _____ |
| **¶ 10, 3:18-22** | Hyphy objects to the statement from Berger that "[o]n or about March 21, 2019, Yellowcake and Chavez entered into an Asset Purchase and Assignment Agreement (hereinafter referred to as the "APA Agreement"), whereby Yellowcake purchased Chavez's entire ownership of the rights, title and interest in Chavez's catalog of sound recordings, including the Albums for five hundred thousand dollars ($500,000.00) and free and clear of all encumbrances" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____ | **Overruled:** _____ |

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| **¶ 12, 3:25-28** | Hyphy objects to the statement from Berger that "[f]ollowing the APA Agreement, Yellowcake complied with all requirements set forth by the Copyright Act, 17 U.S.C. § 101, *et seq.*, by registering copyrights for each Album acquired by the APA Agreement and recorded the written assignment with the United States Copyright Office" on the grounds that that such statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br><br>**Overruled:** _____ |
| **¶ 13, 4:1-2** | Hyphy objects to the statement from Berger that "[t]he United States Copyright Office issued Plaintiff a Certificate of Registration for each copyrighted Album" on the grounds that that such statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br><br>**Overruled:** _____ |
| **¶ 14, 4:3-5** | Hyphy objects to the statement from Berger that "[o]nce Yellowcake acquired the rights in the Albums, they were distributed through Colonize Media Inc. ("Colonize"), a digital music distributor that Yellowcake uses to distribute many of the sound recordings in its catalog" to the extent that such a statement suggests a level of legal separation between Colonize and Yellowcake that is contradicted | **Sustained:** _____<br><br><br>**Overruled:** _____ |

| | | | |
|---|---|---|---|
| 1 | | by Hernandez's deposition testimony establishing, in reality, that Colonize was nothing more than Yellowcake's wholly owned and controlled "distribution arm" used for the purpose of helping Yellowcake avoid liability for distribution of works it acquired. *Kennedy v. Allred Mutual Ins.*, 952 F.2d 262, 266 (9th Cir. 1991). This is the case because Hernandez testified in his deposition ("**Hernandez Depo**") that Colonize is commonly owned by Yellowcake, shares common business operations, office space, staff, and other resources, and distributes Yellowcake's music for free. Hernandez Depo at 79:7-80:20. Defendants also object to such statement because it is conclusory. *Hansen*, 7 F.3d at 138. | |
| 18 | **¶ 16, 4:10-15** | Hyphy objects to the statement from Berger that "[a]fter the APA Agreement had been executed and the United States Copyright Office issued Certificates of Registration for each Album, Hyphy Music engaged in the exploitation of Yellowcake's copyrighted Albums in direct violation of Yellowcake's exclusive rights provided by 17 U.S.C. § 106 by selling, reproducing, synchronizing, distributing, and publicly performing the | **Sustained:** _____  <br><br><br> **Overruled:** _____ |

6

| | | | |
|---|---|---|---|
| 1 2 3 4 | | Albums on various digital service provider platforms" on the grounds that such statement because it is conclusory. *Hansen*, 7 F.3d at 138. | |
| 5 6 7 8 9 10 11 12 13 | **¶ 18, 4:19-21** | Hyphy objects to the statement from Berger that "[i]n or about June 2020, Yellowcake was notified by Colonize that it discovered that 'conflicts' had arisen on a number of digital service provider platforms because Hyphy was distributing the Albums purchased by Yellowcake" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br><br>**Overruled:** _____ |

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO
YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| **¶ 19, 4:22-24** | Hyphy objects to the statement from Berger that "[a]s a result of these conflicts, Yellowcake sent 'Takedown Notices' to YouTube pursuant to YouTube's internal protocols and in compliance with 17. U.S.C. § 512 *et seq*. to assert is ownership rights in the Albums" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br><br>**Overruled:** _____ |

| | | |
|---|---|---|
| **¶ 20, 4:25-28** | Hyphy objects to the statement from Berger that "[n]otwithstanding the fact that Yellowcake sent the 'Takedown Notices,' Hyphy continued to unlawfully sell the Albums through multiple digital service providers. A true and correct copy of the notice of infringement sent by Yellowcake to Hyphy's distributor, The Orchard, is attached to the Berman Declaration" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br><br>**Overruled:** _____ |
| **¶ 21, 5:1-4** | Hyphy objects to the statement from Berger that "[i]t is my understanding that Hyphy never brought a declaratory judgment or any other actions claiming ownership of the Albums, did not attempt to file copyright registrations in the Albums until after Yellowcake filed this action, and made no other claim of ownership of the Albums until Yellowcake sued Hyphy in this action" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Defendants also object because Berger has not stated facts in his Declaration establishing that he has the personal knowledge necessary to make this | **Sustained:** _____<br><br><br>**Overruled:** _____ |

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO
YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| | statement. FRE 602. Additionally, to the extent Berger gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | |

| | | | |
|---|---|---|---|
| **¶ 22, 5:5-8** | Hyphy objects to the statement from Berger that "[i]t is my understanding that Hyphy Music has generated significant revenue from its willful infringement of the Albums and continues to benefit from said unauthorized exploitations to Yellowcake's detriment and that Yellowcake is entitled to disgorge $120,000 in profits from Hyphy" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Defendants also object because Berger has not stated facts in his Declaration establishing that he has the personal knowledge necessary to make these statements. FRE 602. Additionally, to the extent Berger gained knowledge of facts purportedly underlying such assertions from others, such facts would also constitute inadmissible hearsay. FRE 802. | **Sustained:** _____<br><br><br>**Overruled:** _____ |

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| ¶ 23, 5:9-10 | Hyphy objects to the statement from Berger that "[a]s such, it is my understanding that Yellowcake is entitled to disgorge these amounts from Hyphy as well as Yellowcake's lost profits" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Berger gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | **Sustained:** _____<br><br><br>**Overruled:** _____ |
| --- | --- | --- |

| ¶ 24, 5:11-14 | Hyphy objects to the statement from Berger that "[f]urthermore, it is my understanding that Hyphy is not a co-owner of the Albums as set forth in the accompanying Memorandum of Points and Authorities and that any such claim by Hyphy does not prevent Yellowcake from being entitled to summary judgment" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Berger gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | Sustained: _____<br><br><br>Overruled: _____ |
| --- | --- | --- |
| ¶ 26, 5:19-23 | Hyphy objects to the statement from Berger that "[n]othing could be further from the truth. Yellowcake never used Hyphy's artwork. Yellowcake created its own new Album covers after it acquired the sound recordings of the Albums from Chavez. Attached hereto as **Exhibit "A"** is a true and correct comparison of Hyphy's artwork and Yellowcake's artwork for five of the Albums. As the Court can see, the album covers are completely different" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d | Sustained: _____<br><br><br>Overruled: _____ |

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5 | | at 138. Additionally, to the extent Berger gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18 | **¶ 27, 5:24-26** | Hyphy objects to the statement from Berger that "[i]t is my understanding that Hyphy is supporting its allegation by maintaining that Yellowcake and Colonize distributed copies of the Albums using Hyphy's artwork on an online music store named Daddy Kool Records" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Berger gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | **Sustained:** _____<br><br><br>**Overruled:** _____ |
| 19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | **¶ 28, 5:27-6:1** | Hyphy objects to the statement from Berger that "[h]owever, Daddy Kool Records has never been a retail client of Yellowcake's and Yellowcake never sold any sound recordings it owns through Daddy Kool Records, let alone the Albums at issue in this lawsuit" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Defendants also object because Berger has not stated facts in his | **Sustained:** _____<br><br><br>**Overruled:** _____ |

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| 1 | | Declaration establishing that he has the | |
| 2 | | personal knowledge necessary to make this | |
| 3 | | statement. FRE 602. | |
| 4 | **¶ 29, 6:2-4** | Hyphy objects to the statement from Berger | **Sustained:** _____ |
| 5 | | that "[*i*]*n addition, I have reviewed the Daddy* | |
| 6 | | *Kool Records website screenshots relied on* | |
| 7 | | *by Hyphy, and they do not mention or identify* | **Overruled:** _____ |
| 8 | | *either Yellowcake or Colonize in any way*" on | |
| 9 | | the grounds that such statement is conclusory. | |
| 10 | | *Hansen*, 7 F.3d at 138. | |
| 11 | **¶ 30, 6:5-13** | Hyphy objects to the statement from Berger | **Sustained:** _____ |
| 12 | | that "[i]n fact, after I became aware of the | |
| 13 | | allegation that Yellowcake had allegedly used | |
| 14 | | Hyphy's artwork on Daddy Kool Records, | **Overruled:** _____ |
| 15 | | Yellowcake and Colonize investigated the | |
| 16 | | allegation. Not only did I confirm that | |
| 17 | | Yellowcake did not upload or distribute the | |
| 18 | | Los Originales albums using Hyphy's | |
| 19 | | artwork to Daddy Kool Records, I also | |
| 20 | | confirmed that Yellowcake has never | |
| 21 | | distributed anything to Daddy Kool Records | |
| 22 | | at all. *Yellowcake also discovered that in fact* | |
| 23 | | *it was Hyphy Music, in corroboration with* | |
| 24 | | *Morena Music, Inc. doing business as Long* | |
| 25 | | *Play Music, Inc., who uploaded the albums to* | |
| 26 | | *Daddy Kool Records and is now attempting* | |
| 27 | | *to pass off such acts as being attributed to* | |

28

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO
YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| 1 | | *Yellowcake*" on the grounds that such | |
| 2 | | statement is conclusory. *Hansen*, 7 F.3d at | |
| 3 | | 138. Defendants also object because Berger | |
| 4 | | has not stated facts in his Declaration | |
| 5 | | establishing that he has the personal | |
| 6 | | knowledge necessary to make this statement. | |
| 7 | | FRE 602. Additionally, to the extent Berger | |
| 8 | | gained knowledge of facts purportedly | |
| 9 | | underlying such assertion from others, such | |
| 10 | | facts would also constitute inadmissible | |
| 11 | | hearsay. FRE 802. | |
| 12 | **¶ 31, 6:14-15** | Hyphy objects to the statement from Berger | **Sustained:** _____ |
| 13 | | that "Colonize found that Daddy Kool | |
| 14 | | Records received the Albums, with Hyphy's | |
| 15 | | artwork, from Morena, through Hyphy and | **Overruled:** _____ |
| 16 | | Morena's distributor, The Orchard" on the | |
| 17 | | grounds that such statement is conclusory. | |
| 18 | | *Hansen*, 7 F.3d at 138. Defendants also object | |
| 19 | | because Berger has not stated facts in his | |
| 20 | | Declaration establishing that he has the | |
| 21 | | personal knowledge necessary to make this | |
| 22 | | statement. FRE 602. Additionally, to the | |
| 23 | | extent Berger gained knowledge of facts | |
| 24 | | purportedly underlying such assertion from | |
| 25 | | others, such facts would also constitute | |
| 26 | | inadmissible hearsay. FRE 802. | |
| 27 | **¶ 32, 6:16-21** | Hyphy objects to the statement from Berger | **Sustained:** _____ |
| 28 | | | |

| | | | |
|---|---|---|---|
| | | that "[f]urthermore, it is my understanding that Hyphy did not produce these alleged screenshots of the album artwork until October 2022, almost two years after the commencement of litigation and only on the eve of the first deadline to file summary judgment motions which supports the inference that Hyphy manufactured this "evidence" which is consistent with Hyphy's history of manufacturing evidence such as the alleged assignment agreements from Chavez's former backing musicians" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Berger gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | **Overruled:** _____ |
| | **¶ 33, 6:22-25** | Hyphy objects to the statement from Berger that "Yellowcake's attorneys advised me that Hyphy's alleged evidence is unsubstantiated, lacks a foundation, and makes no mention of Yellowcake anywhere. Hyphy's attempt to pass the screenshots off as evidence of Yellowcake's acts when it was uploaded by Morena is a fraud on the Court" on the grounds that such statement is conclusory. | **Sustained:** _____  <br><br> **Overruled:** _____ |

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| 1 | | *Hansen*, 7 F.3d at 138. Additionally, to the extent Berger gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | |
| 6 | **¶ 34, 6:26-7:1** | Hyphy objects to the statement from Berger that "[a]ccordingly, Yellowcake's attorneys advise me that Yellowcake is entitled to summary judgment in its favor on its first cause of action for copyright infringement and to summary judgment with regards to Hyphy's second cause of action for copyright infringement related to the album artwork" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Berger gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | **Sustained:** _____ <br><br><br> **Overruled:** _____ |
| 20 | **¶ 35, 7:2-12** | Hyphy objects to the statement from Berger that "[f]or all of the foregoing reasons, it is respectfully requested that this Court: (i) grant Yellowcake's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on its first cause of action for copyright infringement against Hyphy; (ii) grant Yellowcake and Colonize's Motion for | **Sustained:** _____ <br><br><br> **Overruled:** _____ |

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| 1 | | Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on Hyphy's second cause of action for copyright infringement; (iii) issue a judgment holding that Hyphy is liable to Yellowcake for damages in the amount of 120,000; (iv) issue a permanent injunction pursuant to 17 U.S.C. § 502 prohibiting Hyphy, Martinez, or any of their employees or agents from exercising any of the rights provided by 17 U.S.C. § 106 with regards to the Albums; and (v) such other and further relief as the Court may deem just and proper" on the grounds that such statement is conclusory. *Hansen,* 7 F.3d at 138. | |

## DECLARATION OF JOSE DAVID HERNANDEZ

| Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|
| **¶ 3, 2:20-23** | Hyphy objects to the statement from Hernandez that "Colonize is a global leader in the business of digital music distribution and monetization" because the probative value of this statement is substantially outweighed by the danger of unfair prejudice to Defendants from the unnecessary, and factually inaccurate, positive connotation it implies of Colonize. Federal Rule of Evidence ("**FRE**") | **Sustained:** _____  **Overruled:** _____ |

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO
YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|
| | 403. To the extent Hernandez gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | |
| **¶ 5, 3:1-2** | Hyphy objects to the statement from Hernandez that "[o]ne of Colonize's clients, on whose behalf we distribute sound records is Yellowcake, Inc." to the extent that such a statement suggests a level of legal separation between Colonize and Yellowcake that is contradicted by Hernandez's deposition testimony establishing, in reality, that Colonize was nothing more than Yellowcake's wholly owned and controlled "distribution arm" used for the purpose of helping Yellowcake avoid liability for distribution of works it acquired. *Kennedy*, 952 F.2d 266. This is the case because Hernandez testified in his deposition that Colonize is commonly owned by Yellowcake, shares common business operations, office space, staff, and other resources, and distributes Yellowcake's music for free. Hernandez Depo at 79:7-80:20. Defendants also object to such statement because it is | Sustained: _____<br><br><br>Overruled: _____ |

| Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|
| | conclusory. *Hansen*, 7 F.3d at 138. | |
| **¶ 7, 3:6-13** | Hyphy objects to the statement from Hernandez that "[i]t is my understanding that in about March 2019, Jesus Chavez, Sr., sold the entirety of the rights, title and interest in the copyrights of the sound recordings of six Albums by his band, Los Originales de San Juan: (i) *Los Originales de San Juan- El Campesino*; (ii) *Los Originales de San Juan- Corridos de Poca M*; (iii) *Los Originales de San Juan-En Vivo Desde La Cantina de Mi Barrio*; (iv) *Los Originales de San Juan- Nuestra Historia En Vivo*; (v) *Los Originales de San Juan- Amigos y Contrarios*; and (vi) *Los Originales de San Juan-Naci Con Suerte de Rey Con Mariachi* (hereinafter the "Albums") to Yellowcake pursuant to a written agreement" on the grounds that such statement is conclusory. *Hansen,* 7 F.3d at 138. Additionally, to the extent Hernandez gained knowledge of facts purportedly underlying the above assertion from others, such facts such facts would also constitute inadmissible hearsay. FRE 802. | Sustained: _____   Overruled: _____ |
| **¶ 9, 3:16-18** | Hyphy objects to the statement from Hernandez that "[i]n or about June 2020, | Sustained: _____ |

| Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|
| | Colonize discovered conflicts with certain sound recordings on the Albums being exploited by Hyphy and notified Yellowcake of such conflicts" because the claimed date of discovery of Morena's original exploitation of the Albums is contradicted by Hernandez' deposition testimony establishing Hernandez's (and therefore Yellowcake's and Colonize's) prior knowledge of the Group and its distribution of albums through record labels like Morena. *Kennedy*, 952 F.2d 266. This is the case because Hernandez testified in his deposition that Hernandez has known of Chavez Sr. and Los Originales San De San Juan since he was a kid, and has been working with him and the Band since 2016. Hernandez Depo at 134:2-19. Defendants also object to such statement because it is conclusory. *Hansen*, 7 F.3d at 138. | **Overruled:** _____ |
| **¶ 10, 3:19-22** | Hyphy objects to the statement from Hernandez that "[f]urthermore, it is my understanding that Hyphy has asserted a claim of copyright infringement against Colonize and Yellowcake alleging that Yellowcake used Hyphy's allegedly copyrighted artwork created for the Albums | **Sustained:** _____  **Overruled:** _____ |

22

| Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|
| | when it previously distributed the Albums" on the grounds that such statement is conclusory. *Hansen,* 7 F.3d at 138. | |
| **¶ 11, 3:23-26** | Hyphy objects to the statement from Hernandez that "[n]othing could be further from the truth. It is my understanding that Yellowcake never used Hyphy's artwork and that created its own new Album covers after it acquired the sound recordings of the Albums from Chavez. Colonize never distributed the Albums using Hyphy's artwork" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Hernandez gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | Sustained: _____<br><br>Overruled: _____ |
| **¶ 12, 3:27-4:1** | Hyphy objects to the statement from Hernandez that "[i]t is my understanding that Hyphy is supporting its allegation maintaining that Yellowcake and Colonize have distributed copies of the Albums using Hyphy's artwork on an online music store named Daddy Kool Records" on the grounds that such statement is conclusory. *Hansen*, 7 | Sustained: _____<br><br>Overruled: _____ |

[PROPOSED] ORDER RE: HYPHY MUSIC'S OBJECTIONS TO YELLOWCAKE AND COLONIZE MEDIA'S EVIDENCE PROFFERED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

| Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|
| | F.3d at 138. Additionally, to the extent Hernandez gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | |
| **¶ 13, 4:2-4** | Hyphy objects to the statement from Hernandez that "[h]owever, Daddy Kool Records has never been an account of or associated with Colonize, and Colonize has never distributed any sound recordings through Daddy Kool Records, let alone the Albums with Hyphy's artwork" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |
| **¶ 14, 4:5-6** | Hyphy objects to the statement from Hernandez that "*I have reviewed the alleged screenshots relied on by Hyphy and the screenshots do not mention or identify either Yellowcake or Colonize in any way*" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. | **Sustained:** _____<br><br>**Overruled:** _____ |

| | Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|---|
| | | | |
| | **¶ 15, 4:7-15** | Hyphy objects to the statement from Hernandez that "[i]n fact, after I became aware of the allegation that Yellowcake and Colonize had allegedly distributed artwork through Daddy Kool Records, Colonize investigated the allegation. Not only did I confirm that Colonize did not upload or distribute the Albums using Hyphy's artwork through Daddy Kool Records, it never distributed anything through Daddy Kool Records at all. *Yellowcake also discovered that in fact it was Hyphy Music, in corroboration with Morena Music, Inc. doing business as Long Play Music, who uploaded the albums to Daddy Kool Records, through its distributor, The Orchard, and is now attempting to pass off such acts as being attributed to Yellowcake*" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Hernandez gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | **Sustained:** _____  <br><br><br> **Overruled:** _____ |
| | **¶ 16, 4:16-17** | Hyphy objects to the statement from | **Sustained:** _____ |

| Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|
| | Hernandez that "Colonize discovered that Daddy Kool Records received the Albums, with Hyphy's artwork, from Morena, through Hyphy and Morena's distributor, The Orchard" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Hernandez gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | **Overruled:** _____ |
| **¶ 17, 4:18-24** | Hyphy objects to the statement from Hernandez that "[a]ttached hereto as **Exhibit "A"** is an email chain between Colonize and one of Daddy Kool Records' digital distributors, Audible Magic, who acknowledged that it had acquired the Albums with Hyphy's artwork from The Orchard, who in turn received them from Morena d/b/a Long Play Music, and uploaded the albums and artwork to Daddy Kool Records. This is definitive and objective proof that it was not Yellowcake or Colonize who gave the Albums to Daddy Kool Records, but in fact Morena who provided the albums" on the grounds that such statement is | **Sustained:** _____<br><br>**Overruled:** _____ |

| Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|
| | conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Hernandez gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | |
| **¶ 18, 4:25-5:3** | Hyphy objects to the statement from Hernandez that "[f]urthermore, it is my understanding that Hyphy did not produce these alleged screenshots of its album artwork on Daddy Kool Records website until October 2022, almost two years after the commencement of litigation and only on the eve of the first deadline to file summary judgment motions. This supports the obvious inference that Hyphy manufactured this 'evidence' which is consistent with Hyphy's prior actions of manufacturing evidence such as the alleged assignment agreements from Chavez's former backing musicians" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Hernandez gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | Sustained: _____  Overruled: _____ |

| Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|
| **¶ 19. 5:4-10** | Hyphy objects to the statement from Hernandez that "[f]urthermore, Colonize's attorneys advise me that Hyphy's screenshots are unsubstantiated and lack a foundation. Hyphy has provided no evidence of who actually uploaded the Albums to Daddy Kool Records or when they were uploaded, let alone any proof it was Colonize or Yellowcake, because it was neither of them. Most tellingly, the screenshots themselves make no mention of either Colonize or Yellowcake and that Hyphy's attempt to use the screenshots as evidence of Colonize and Yellowcake's acts when they were uploaded by Morena, is a fraud on the Court" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Hernandez gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | **Sustained:** _____<br><br>**Overruled:** _____ |
| **¶ 20, 5:11-15** | Hyphy objects to the statement from Hernandez that "[f]or all of the foregoing reasons, it is respectfully requested that this Court grant both Colonize's and Yellowcake's motion for Summary Judgment | **Sustained:** _____<br><br>**Overruled:** _____ |

28

| | Berger Decl. | Hyphy's Objections | Court's Ruling |
|---|---|---|---|
| | | pursuant to Federal Rule of Civil Procedure 56 on Hyphy's second counterclaim for copyright infringement, as well as grant such other and further relief as the Court may deem just and proper" on the grounds that such statement is conclusory. *Hansen*, 7 F.3d at 138. Additionally, to the extent Hernandez gained knowledge of facts purportedly underlying such assertion from others, such facts would also constitute inadmissible hearsay. FRE 802. | |

DATED: August 15, 2023        **ALTVIEW LAW GROUP, LLP**

By: _____
JOHN M. BEGAKIS
*Attorneys for Defendant/Counterclaimant*
HYPHY MUSIC, INC., a California
corporation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: August 15, 2023          By: _ /s/ John Begakis_____
                                      John M. Begakis