**ABRAMS FENSTERMAN, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
   sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

**HEFNER STARK & MAROIS, LLP**
Thomas P. Griffin Jr., Esq. (SBN 155133)
   tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

Attorneys for Plaintiff/Counterdefendants YELLOWCAKE, INC., COLONIZE MEDIA, INC. and DAVID HERNANDEZ

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>HYPHY MUSIC, INC.,<br><br>        Defendant. | **Case No.: 1:20-cv-00988-DJC-JDP**<br><br>**DECLARATION OF JESUS CHAVEZ, SR.** |

1

**DECLARATION OF JESUS CHAVEZ, SR.**

|  |  |
|---|---|
| HYPHY MUSIC, INC., | ) |
| Counterclaimant, | ) |
| v. | ) |
| YELLOWCAKE, INC., COLONIZE MEDIA, INC., JOSE DAVID HERNANDEZ, JESUS CHAVEZ, SR., | ) |
| Counterdefendants. | ) |

JESUS CHAVEZ, SR., declares under penalty of perjury the following to be true and correct pursuant to 28 U.S.C. § 1746:

1. I make this declaration in reply and further support of Yellowcake, Inc.'s ("Yellowcake") motion for summary judgment.

2. I make this declaration based on my firsthand knowledge of the facts and circumstances of this matter.

3. I founded Los Originales de San Juan in or about 1987.

4. I have always been the principal performer, lead singer, and leader of Los Originales de San Juan, which is the name that I use when I perform with backing musicians.

5. I am now, and have always been, the sole author of all intellectual property created by Los Originales de San Juan, including the sound recordings titled: (i) *Los Originales de San Juan- El Campesino*; (ii) *Los Originales de San Juan- Corridos de Poca M*; (iii) *Los Originales de San Juan-En Vivo Desde La Cantina de Mi Barrio*; (iv) *Los Originales de San Juan- Nuestra Historia En Vivo*; (v) *Los Originales de San Juan- Amigos y Contrarios*; and (vi) *Los Originales de San Juan- Naci Con Suerte de Rey Con Mariachi* (hereinafter the "Albums").

6. I was also the sole registrant for the trademarks associated with Los

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Phone: (516) 328-2300 / Fax: (516) 328-6638

Originales de San Juan filed in 2009. Annexed as **Exhibit "A"** are copies of the records of the United States Patent and Trademark Office documenting my registration of the marks associated with Los Originales De San Juan, having the Registration Numbers of 3598310 and 3598263.

7. Over the years I have used many different backing musicians and there has been no consistent lineup of Los Originales de San Juan performers, except me.

8. My understanding is that in this case Domingo Torres Flores ("Torres") and Alfonso Vargas ("Vargas") claim to be co-owners of Los Originales de San Juan and its intellectual property along with myself, and claim to have co-authored or co-created the sound recordings on the Albums. These claims are not true. The first time I ever heard that either Torres or Vargas were making these types of claims to anyone was a few years after this lawsuit began, which was many years after these Albums were recorded.

9. Vargas and Torres were merely two former backing musicians who mainly performed in live shows with Los Originales de San Juan and who I occasionally asked to perform as backing musicians when I recorded studio albums, including the Albums.

10. My understanding is that in this case, Torres and Vargas have claimed that they were partners with me and had an equal right along with myself to make decisions for Los Originales de San Juan. This is also not true. The final decisions made for any activity engaged in by Los Originales de San Juan have always belonged to me.

11. I merely had a general business relationship with Vargas and Torres who have acted as backing musicians for me for a number of years. As I stated at my deposition, there was never any written partnership agreement between myself or Vargas and Torres and they were paid for their live performances by me.

12. Until now, neither Vargas nor Torres ever made a claim of ownership of any of the approximately thirty-nine (39) albums I have recorded as Los Original de

3
**DECLARATION OF JESUS CHAVEZ, SR.**

San Juan, nor have they ever filed a copyright registration for any of them.

13. It is my understanding that Vargas and Torres are assisting Hyphy Music, Inc. ("Hyphy") in connection with this lawsuit because they are upset that they are no longer performing live with Los Originales de San Juan, which has been taken over by my son. My son took over Los Originales de San Juan because I have had two strokes over the past few years, and therefore I am unable to tour anymore.

14. It is also my understanding that Vargas and Torres would like to release new music with a new band through Hyphy.

15. Contrary to Hyphy's claims, Hyphy did not commission or request that any specific Albums be recorded. I had recorded many albums before my business dealings with Hyphy, and I only entered into an oral distribution agreement with Hyphy whereby Hyphy agreed to distribute the Albums that I delivered to it in exchange for copies of physical CDs as well as royalties I was to be paid from sales of the Albums.

16. I selected all of the songs to be performed on the Albums, and I was the sole producer of all of the Albums. All creative decisions regarding the recording, arrangements, and sequencing of songs on the Albums were mine. At no time did Martinez or any other employee of Hyphy assist in the actual recording of any of the Albums or provide any creative input of any kind in connection with the Albums.

17. Hyphy's entire involvement with the Albums was limited to distributing them. I never had any intent to sell, assign, or irrevocably license the Albums to Hyphy.

18. I had no written agreement with Hyphy and it was my understanding that I could terminate the oral distribution agreement with Hyphy at any time.

19. Despite the fact that I had delivered the Albums to Hyphy for distribution, I never received any royalties from the sale of the Albums despite multiple requests for an accounting of how many Albums were sold.

20. Since I was unhappy with the fact that I never received an accounting or

royalties from Hyphy, I notified Hyphy in or about January 2019, that I was terminating our oral distribution agreement and that I would be selling the Albums.

21. No one from Hyphy ever objected to the termination of the oral distribution agreement or the sale of the Albums to Yellowcake at the time I notified Hyphy.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 16, 2023

*Jesus Chavez*

JESUS CHAVEZ, SR.