Whitney, Thompson & Jeffcoach LLP
Mandy L. Jeffcoach, #232313
  mjeffcoach@wtjlaw.com
William H. Littlewood, #202877
  blittlewood@wtjlaw.com
Jaskarn S. Chahal, #348641
  jchahal@wtjlaw.com
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:   (559) 753-2550
Facsimile:   (559) 753-2560

Attorneys for JESUS CHAVEZ, SR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HYPHY MUSIC, INC.,<br><br>　　　　Defendant.<br><br>HYPHY MUSIC, INC.,<br><br>　　　　Cross-Complainant,<br><br>　　v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC.; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ, SR.,<br><br>　　　　Cross-Defendants. | Case No. 1:20-CV-00988-JLT-BAM<br><br>**REPLY IN SUPPORT OF JESUS CHAVEZ, SR.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　September 29, 2023<br>Time:　　9:00 a.m.<br>Crtrm.:　4<br><br>The Hon. Jennifer L. Thurston |

Cross-Defendant JESUS CHAVEZ, SR. ("Chavez") hereby submits the following Reply in Support of his Motion for Summary Judgment as to the seventh claim for relief alleged by Hyphy Music, Inc.

# I.
# INTRODUCTION

By way of its opposition, Hyphy concedes that the five-year oral agreement it allegedly entered into with Chavez could not, as a matter of law, transfer "all title, right, and interest in and to the Los Originales Albums." It is simply undisputed that such a claim is fatally defective under the Copyright Act, section 101 *et seq*.

Recognizing the fatally defective nature of its claim against Chavez, Hyphy, yet again, changes course now dubiously claiming that Chavez has "misconstrued the nature of the breach." *Nevertheless, a wolf in sheep's clothing is still a wolf.* A simple review of Hyphy's seventh claim for relief reveals that the gravamen of its claim against Chavez is that Chavez allegedly breached this oral agreement with Hyphy when he transferred and sold his Albums to Yellowcake / Colonize in April 2019. (FACC ¶¶78 and 79.) In this regard, Hyphy unambiguously alleges Chavez's "breach" as follows: **"On April 2019, Counter-defendant Chavez breached the agreement by without limitation, purportedly transferring, licensing, selling, and/or authorizing Counter-defendants Yellowcake Colonize to exploit the Los Originales Albums and Cover Art."** (FACC ¶ 79 [emphasis added].) Hyphy could only maintain such a claim if it had a legally cognizable ownership interest in the Albums which could only have been transferred to it via a written agreement – concededly, it does not. There is no other allegation of breach as it pertains to Chavez found anywhere in Hyphy's First Amended Counterclaim.

Nevertheless, Hyphy now claims that the oral agreement entered into in February 2013 was: (1) not with Chavez, but with the "Group"[1]; (2) not only for the transfer of all ownership, title, right, and interest in an to the Los Originales Albums in favor of Hyphy; (3) but further required Chavez to follow Hyphy's artistic direction and involved the granting of a ***"non-exclusive right"*** to Hyphy to use Chavez's name and likeness "in perpetuity."

---

[1] This change in tact is belied by Hyphy's own judicial admission: "On February 2013, Counterclaimant Hyphy Music entered into an oral exclusive recording agreements with Jesus Chavez (hereinafter, "Agreement") whereby Counterclaimant commissioned Chavez, for a period of five (5) years, to exclusively provide services as a recording artist in the making of sound and audio-visual recordings embodied in albums (hereinafter, "Los Originales Albums")." (FACC ¶78.)

337.0 05940000.000

2

REPLY IN SUPPORT OF JESUS CHAVEZ, SR.'S MOTION FOR SUMMARY JUDGMENT

Even if Hyphy's change in course was given credence, the breach of contract claim against Chavez still fails as a matter of fact and law. It is simply impossible for Chavez to have breached the oral agreement with Hyphy under this alternate theory when he sold his interests in the Albums to Yellowcake. First, by Hyphy's own judicial admission, the alleged five year oral agreement commenced in February 2013; thus, the agreement terminated by its alleged terms in **February 2018**.

Hyphy's smoke and mirrors effort to avoid summary judgment of the seventh claim for relief is legally doomed from the outset. In this regard, the new oral agreement purportedly giving rise to Hyphy's cries of breach is unequivocally barred by the Statute of Frauds. Indeed, a right granted in "perpetuity" is, by its very nature, incapable of being performed within a year. Thus, the oral "contract" purportedly granting Hyphy the right to use Chavez' name and likeness in perpetuity is simply unenforceable as a matter of law.

Further, even accepting the alleged agreement as true for purposes of this Reply, only, Chavez' transfer of the intellectual property rights in the Los Originales albums to Yellowcake in **April 2019** could not constitute a breach. First, Chavez had no "obligation" to follow Hyphy's "artistic direction" after February 2018 (if he ever did), when the fiver year oral contract ended. Second, by its own admission, Hyphy's alleged right to use the name and likeness of Chavez "in perpetuity" was **non-exclusive** and nothing more than an adjunct of its allegation claiming that ownership in the Albums was transferred to it by Chavez via an oral agreement.

No matter how Hyphy attempts to slice it, its breach of contract claim against Chavez is legally and factually infirm. Summary judgment in favor of Chavez and against Hyphy on its seventh claim for relief, therefore, must be grated.

## II.
## LAW AND ANALYSIS

**A.    Hyphy Concedes That It Could Not, As a Matter of Law, Acquire All Ownership, Right, Title and Interest in the Albums by Way of Its Oral Agreement with Chavez**

An individual claiming to own copyrightable work through a transfer or because it was a work made for hire must generally establish the fact through a signed writing. The Copyright Act of 1976 defines "transfer of copyright ownership" as an "assignment, mortgage, exclusive license,

or any other conveyance, alienation, or hypothecation of a copyright or of any of the exclusive rights comprised in a copyright, whether or not it is limited in time or place of effect, but not including a nonexclusive license." (17 U.S.C.A. § 101.) Copyright owners may transfer any exclusive rights comprised in a copyright so long as the transfer is evidence by a signed writing. (*Corbello v. Devito* (9th Cir. 2015) 777 F.3d 1058, 1062.) A transfer of copyright ownership is not valid unless the instrument of conveyance is in writing and signed by the owner of the rights conveyed. (17 U.S.C. § 204(a).) In other words, a contract transferring an exclusive license in a copyrighted work is invalid without a signed writing. (*Valente-Kritzer Video v. Pinckney* (9th Cir. 1989) 881 F.2d 772, 774; *Effects Associates, Inc. v. Cohen* (9th Cir. 1990) 908 F.2d 555, 556 ["…section 204 of the Copyright Act invalidates a purported transfer of ownership unless it is in writing."].)

Hyphy does not dispute this well settled authority, despite unambiguously alleging in its First Amended Counterclaim that Chavez breached an oral agreement whereby he purportedly "agreed that [Hyphy] would be the owner of all title, right, and interest in and to the Los Originales Albums (including without limitation **the copyrights and any extensions and renewals thereto**) from the inception of the creation of each Los Originales Album." Despite this allegation, and Hyphy's claim that Chavez breached the oral agreement when he sold his interests in the Album to Yellowcake, Hyphy now concedes by way of its opposition that such a claim is barred as a matter of law.

While this was the gravamen of Hyphy's claim against Chavez from the inception of this case, Hyphy now concedes it has no path forward under this analysis. Summary judgment in favor of Chavez as to Hyphy's seventh claim for relief, therefore, should be granted.

**B.    Hyphy's Alternative Breach Theories Fail as a Matter of Law Based on Its Own Judicial Admissions**

1. The alleged oral agreement with Hyphy whereby Chavez purportedly granted Hyphy a non-exclusive right to use Chavez' name and likeness *in perpetuity* is barred by the California Statute of Frauds because the "agreement" was oral and not capable of being performed within one year

/ / /

/ / /

/ / /

Pursuant to California Civil Code section 1624[2], "an oral agreement that by its terms is not capable to be performed within a year from the making thereof" is invalid. (Cal. Civ. §1624(a)(1).) A contract is invalid under the statute of frauds when it is evident from the subject matter that the parties contemplated a longer period than one year as time for performance. (*Tostevin v. Douglas* (1958) 160 Cal.App.2d 321, 325 [finding an oral agreement for services to be rendered in connection with a television series "to be produced," without definite time for performance, and with payment to continue so long as program was broadcast throughout world, was not to be performed within a year and hence was within statute of frauds]; *Aero Bolt & Screw Vo. of Cal. v. Iaia* (1960) 180 Cal.App.2d 728, 740-741 [applying statute of frauds to oral license agreement not capable of being performed within one year].) Moreover, "[a]n agreement that by its terms is not to be performed during the lifetime of the promisor" is also invalid. (Cal. Civ. §1624(a)(1).)

The primary purpose of the statute of frauds is evidentiary, to require reliable evidence of the existence and terms of the contract and to prevent enforcement through fraud or perjury of contracts never in fact made. (*Sterling v. Taylor* (2007) 40 Cal.4th 757, 766-767, *citing Seaman's Direct Buying Service, Inc. v. Standard Oil Co.* (1984) 36 Cal.3d 752, 764-765.) Hyphy's ever-evolving-revisionist history is a stark reminder why the Statute of Frauds was codified under California law.

As alleged, Chavez purportedly orally agreed to allow Hyphy to non-exclusively use his name and likeness ***in perpetuity***. Hyphy further alleges that Chavez orally agreed to follow its artistic direction. These oral agreements were supposedly reached in February 2013, and according to Hyphy's allegations were contemplated to extend well beyond one year of entering into the agreement.

Thus, the "agreement" – by its alleged terms – is not capable of being performed within a year of its making. Indeed, as proposed by Hyphy, this agreement "in perpetuity" would supposedly

---

[2] Hyphy's seventh claim for relief is based on common law breach of contract. Because it is undisputed that the purported contract was entered into and/or performed in California, California law applies. (See *Catalfamo v. Countywide Home Loan* (E.D.C.A. 2008) 2008 WL 4158432 *4 citing *Levi v. Murrell* (1933) 63 F.2d 670, cert. denied, 290 U.S. 638 ["Where the statute of frauds is involved, federal courts look to the law of the forum state, and, if by such law the statute of frauds is procedural and remedial, the law of the forum controls."].)

survive Chavez' death. Because the statute of frauds clearly bars such oral agreements, neither can form the basis of an alternative theory of breach of "other rights" to salvage Hyphy's fatally defective breach of contract claim against Chavez. Summary judgment in favor of Chavez on Hyphy's seventh claim for relief, therefore, should be granted.

   2. <u>The alleged oral agreement between Hyphy and Chavez whereby Chavez purportedly agreed to follow Hyphy's "artistic direction" for a period of five years is similarly unenforceable under the Statute of Frauds</u>

In addition to Hyphy's faulty contractual claim to have rights to use Chavez's name and likeness in perpetuity, Hyphy also claims that Chavez somehow breached an oral agreement to follow Hyphy's artistic direction when Chavez sold his rights in the albums to Yellowcake. Because this so-called agreement was oral, and by its terms spanned five (5) years, it too is barred by the statute of frauds. A contract is invalid under the statute of frauds when it is evident from the subject matter that the parties contemplated a longer period than one year as time for performance. (*Tostevin v. Douglas, supra* at 325 [finding an oral agreement for services to be rendered in connection with a television series "to be produced," without definite time for performance, and with payment to continue so long as program was broadcast throughout world, was not to be performed within a year and hence was within statute of frauds]; *Aero Bolt & Screw Vo. of Cal. v. Iaia*, *supra* at 740-741 [applying statute of frauds to oral license agreement not capable of being performed within one year].)

While it is entirely unclear how Chavez's transfer of rights in his Albums to Yellowcake could constitute a failure to follow Hyphy's *artistic direction*, the "breach" alleged is simply unenforceable as a matter of law under the Statute of Frauds as it was incapable of being performed within a year. Summary judgment in favor of Chavez on Hyphy's seventh claim for relief, therefore, should be granted.

   3. <u>Assuming Hyphy's alleged oral agreement with Chavez is not rendered unenforceable under the Statute of Frauds (which is it), the five year oral agreement lapsed in February 2018, more than one year before Chavez sold his interest in the Albums to Yellowcake</u>

Based on Hyphy's own recitation of the oral agreement it allegedly entered into with Chavez, the agreement was for a period of ***five years*** and commenced in ***February 2013***. (FACC,

15-16.) Thus, by its alleged terms, the oral agreement terminated in February 2018. Notably, Hyphy has never alleged, nor has it adduced any admissible evidence to establish, that the five year oral agreement was ever renewed or extended. The obvious reason for this, of course, is that it never was.

Thus, at the time that Chavez entered into the APA with Yellowcake, he was no longer in contractual privity with Hyphy – assuming he ever was so (see Statute of Frauds analysis above). It follows, therefore, that Chavez could not have acted in breach of the oral agreement when he entered into the APA with Yellowcake, as there was in existence no operative or ongoing contract with Hyphy at that time that would bar him from doing so.

### III.
### CONCLUSION

Try as it might, Hyphy can no longer keep Chavez in its mudslinging battle with Yellowcake. Hyphy concedes that Chavez did not, and could not, transfer ownership of the Albums to it by way of an alleged oral agreement. Further, Hyphy's pivot on the "nature" of Chavez's breach by way of its opposition simply cannot withstand legal or factual scrutiny, as analyzed fully above. Hyphy's oral agreement with Chavez is plainly unenforceable under the statute of frauds, and by virtue of the fact that the "agreement", as alleged, terminated more than a year before Chavez sold his interests in the Album to Yellowcake. Summary judgement , thus, on Hyphy's seventh claim for relief should be granted in favor of Chavez, and against Hyphy.

Dated: September 15, 2023                    WHITNEY, THOMPSON & JEFFCOACH LLP

By: _____
Mandy L. Jeffcoach
William H. Littlewood
Jaskarn S. Chahal
Attorneys for JESUS CHAVEZ, SR.

# PROOF OF SERVICE

**YELLOWCAKE, INC. v. HYPHY MUSIC**
Case No. 1:20-CV-00988-JLT-BAM

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Fresno, State of California. My business address is 970 W. Alluvial Ave., Fresno, CA 93711.

On September 15, 2023, I served true copies of the following document(s) described as **REPLY IN SUPPORT OF JESUS CHAVEZ, SR.'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

**BY ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) through the ECF system. Participants in the case who are registered ECF users will be served by the ECF system. Participants in the case who are not registered ECF users, if any, will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 15, 2023, at Fresno, California.

_/s/ Kisten Jensen_____
Kisten Jensen