Whitney, Thompson & Jeffcoach LLP
Mandy L. Jeffcoach, #232313
  mjeffcoach@wtjlaw.com
William H. Littlewood, #202877
  blittlewood@wtjlaw.com
Jaskarn S. Chahal, #348641
  jchahal@wtjlaw.com
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:    (559) 753-2550
Facsimile:     (559) 753-2560


Attorneys for JESUS CHAVEZ, SR.


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION


| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>HYPHY MUSIC, INC.,<br><br>        Defendant.<br>_____<br>HYPHY MUSIC, INC.,<br><br>        Cross-Complainant,<br><br>    v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC.; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ SR.,<br><br>        Cross-Defendants. | Case No. 1:20-CV-00988-JLT-BAM<br><br>**REPLY TO HYPHY MUSIC INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS**<br><br>Date:        September 29, 2023<br>Time:       9:00 a.m.<br>Crtrm.:    4<br><br>The Hon. Jennifer L. Thurston |

Pursuant to Federal Rule of Civil Procedure 56 and Eastern District of California Local Rule 260, Cross-Defendant JESUS CHAVEZ, SR. ("Chavez") hereby responds to the Separate Statement of Undisputed Facts submitted by Defendant/Cross-Complainant HYPHY MUSIC, INC. ("Hyphy") in Opposition to Chavez's Motion for Summary Judgment filed on or about July 14, 2023.

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Evidence | Moving Party's Reply to Response |
|---|---|---|
| 1.  Counterclaimant alleges that it entered into an oral exclusive recordings agreement (the "Oral Agreement") with Chavez in or about February 2013.<br><br>**Supporting Evidence:**<br><br>Counterclaimant's First Amended Counterclaim ("FAC") ¶ 16, 78 attached as **Exhibit "B"** to the Statement of Evidence ("SOE"); Request for Judicial Notice ("RJN") at ¶ 1 attached as **Exhibit "C"** to the SOE. | Undisputed. | Undisputed. |
| 2.  Counterclaimant alleges that the Oral Agreement was for a period of five (5) years pursuant to which Chavez was to exclusively provide services as a recording artist in the making of sound and audio-visual recordings with respect to the Los Originales Albums.<br><br>**Supporting Evidence:**<br><br>FAC ¶ 16, 78 attached as **Exhibit "B"** | Disputed, to the extent that such an assessment of the terms of the Oral Agreement fails to include other alleged terms thereof, including, without limitation, that Hyphy agreed to: 1) select the musical compositions to be recorded on the Los Originales Albums; 2) commission and/or provide the sound engineers and audio visual directors; 3) produce the musical performances to be embodied on the Los Originales Albums; 4) direct the recording and filming of musical and the audio visual performances to be embodied on the Los Originales Albums; and 5) pay Chavez a fixed amount per Los Originales Album, Chavez agreed to follow Hyphy's artistic direction, perform and record the sound and audiovisual recordings embodying the musical compositions chosen and produced by Hyphy, and grant Hyphy the non-exclusive right to utilize | Undisputed.<br><br>Hyphy's citation to other portions of its First Amended Counterclaim does not create a material issue of fact. |

WHITNEY THOMPSON & JEFFCOACH

| | | | |
|---|---|---|---|
| | Chavez's name and likeness in connection with the exploitation of the Los Originales.<br><br>FACC at ¶ 16 (Dkt. 15). | | |
| 4. Counterclaimant alleges that, in or about April 2019, Chavez breached the Oral Agreement by without limitation, purportedly transferring, licensing, selling, and/or authorizing Counter-defendants Yellowcake, Inc. and Colonize Media, Inc. to exploit the Los Originales Albums and Cover Art.<br><br>**Supporting Evidence:**<br><br>FAC ¶ 79 attached as Exhibit "B" to the SOE; RJN at ¶ 1 attached as **Exhibit "C"** to the SOE. | Undisputed. | | Undisputed. |
| 5. Counterclaimant alleges that, at the time of the transfer to Yellowcake, Chavez possessed no transferable rights with respect to the Los Originales Albums.<br><br>**Supporting Evidence:**<br><br>FAC ¶ 23 attached as Exhibit "B" to the SOE; RJN at ¶ 1 attached as Exhibit "C" to the SOE. | Disputed, to the extent it mischaracterizes Hyphy's allegations, which are that Chavez transferred his ownership and rights in the Los Originales Albums that Chavez had no such rights to grant.<br><br>FACC at ¶ 23 (Dkt. 15) | | Undisputed.<br><br>There is no material dispute as to the allegations appearing at Paragraph 23 of Hyphy's FACC. By way of its opposition, Hyphy concedes that it has no ownership interest in the Albums. Rather, Hyphy now claims that its oral agreement with Chavez was a ***non-exclusive right*** to use his name and likeness in perpetuity, which as analyzed in Chavez' reply is barred by the statute of frauds. |

3

REPLY TO HYPHY MUSIC INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| 6. Counterclaimant admits that Chavez was not an employee of Counterclaimant.<br><br>**Supporting Evidence:**<br><br>Deposition Transcript of Jose Martinez ("Martinez Dep.") at pp. 39:18-20 attached as Exhibit "E" to the SOE; Declaration of William H. Littlewood ("Littlewood Decl.") at ¶ 3 attached as Exhibit "D" to the SOE. Counterclaimant's Reponses to Counter-Defendants' First Set of Interrogatories, Response to Interrogatory ("SROG Response") No. 11 attached as Exhibit "F" to the SOE; Littlewood Decl. at ¶ 4 attached as Exhibit "D" to the SOE. Counterclaimant's Reponses to Counter-Defendants' First Set of Requests for Production of Documents ("RPD Response") Nos. 23-24 attached as Exhibit "G" to the SOE; Littlewood Decl. at ¶ 5 attached as Exhibit "D" to the SOE. | Undisputed. | Undisputed. |
| 7. Counterclaimant admits that none of the Los Originales band members were employees of Counterclaimant.<br><br>**Supporting Evidence:**<br><br>Martinez Dep. at pp. 39:21-23 attached as Exhibit "E" to the SOE; | Undisputed. The group operated as a co- equal partnership comprised of Chavez, accordion player Domingo Torres Flores ("Flores") and drummer Alfonso Vargas ("Vargas").Begakis Decl. at ¶ 9, Exhibit "I" thereto, Deposition Transcript of Alfonso Vargas ("Vargas Depo") at17:16-19, 27:17-22, 143:7-10, 143:14-16, 143:17-20, 143:25-144:3, 144:4-7; Begakis | Undisputed.<br><br>The "additional" facts proffered by Hyphy do not raise a triable issue of fact as to Hyphy's breach of contract claim against Chavez. |

| | | |
|---|---|---|
| Littlewood Decl. at ¶ 3 attached as Exhibit "D" to the SOE. | Decl. at ¶ 10, Exhibit "J" thereto, Deposition Transcript of Domingo Torres Flores ("Flores Depo") at 47:15-25, 48:19-23, 82:13-15, 82:22-83:2, 83:4-13, 85:25-86:11, 86:13-21; Begakis Decl. at ¶ 11, Exhibit "K" thereto, Chavez Depo I at 18:16-19:3, 20:8-16, 21:16-19; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Chavez Depo II at 20:20-21:16, 26:13-20, 31:8-16, 33:18-34:1, 38:8-18, 41:13-42:2. | |
| 8. There is no written agreement between Counterclaimant and Chavez substantiating an alleged work for hire relationship between the parties.<br><br>**Supporting Evidence:**<br><br>RPD Response Nos. 23-24 attached as Exhibit "G" to the SOE; Littlewood Decl. at ¶ 5 attached as Exhibit "D" to the SOE. | Undisputed. | Undisputed. |
| 9. There is no written agreement between Counterclaimant and Chavez whereby Chavez agreed that Counterclaimant would be the owner of all title, right, and interest in the Los Originales Albums.<br><br>**Supporting Evidence:**<br><br>Martinez Dep. at pp. 39:25-40:24; 125:19-126:11 attached as Exhibit "E" to the SOE; Littlewood Decl. at ¶ 3 attached as Exhibit "D" to the SOE. RPD Response Nos. 23-24 | Undisputed. | Undisputed. |

| | |
|---|---|
| attached as Exhibit "G" to the SOE; Littlewood Decl. at ¶ 5 attached as Exhibit "D" to the SOE. | |

## HYPHY'S ADDITIONAL UNDISPUTED MATERIAL FACTS

### I.
### RESPONSE TO ADDITIONAL FACTS REGARDING CLAIM THAT HYPHY AND CHAVEZ WERE PARTIES TO AN ENFORCEABLE AGREEMENT THAT CHAVEZ ALLEGEDLY BREACHED

| Hyphy's Undisputed Material Facts and Supporting Evidence | Chavez's Response and Evidence |
|---|---|
| 1. Hyphy is a record label in the business of collaborating with recording artists to produce, distribute, and otherwise exploit sound and audiovisual recordings by such artists, coupled with artwork.<br><br>**Supporting Evidence:**<br><br>Declaration of John Begakis ("Begakis Decl.") at ¶ 6, Exhibit "F" thereto, Jose Martinez Deposition Transcript ("Martinez Depo") at 13:6-14:6. | 1. Undisputed, but immaterial to the issues raised in Chavez's motion for summary judgment. |
| 2. Counter-Defendant Jesus Chavez Sr. ("Chavez") is the lead singer of the Spanish-language musical group Los Originales De San Juan (the "Group").<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 11, Exhibit "K" thereto, Jesus Chavez, Sr. Deposition, Volume I ("Chavez Depo I") at 25:13-14; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Jesus Chavez, Sr. Deposition, Volume II ("Chavez Depo II") at 16:22-17:5. | 2. Undisputed. He is further the founder and principal of the Group as judicially admitted by Hyphy.<br><br>(See FACC ¶15.) |
| 3. The Group operates as a co-equal partnership comprised of Chavez, accordion player Domingo Torres Flores ("Flores"), and drummer Alfonso Vargas ("Vargas"). | 3. Disputed, but immaterial to Hyphy's breach of contract claim against Chavez. |

| Hyphy's Undisputed Material Facts and Supporting Evidence | Chavez's Response and Evidence |
|---|---|
| **Supporting Evidence:**<br><br>Begakis Decl. at ¶ 9, Exhibit "I" thereto, Deposition Transcript of Alfonso Vargas ("Vargas Depo") at17:16-19, 27:17-22, 143:7-10, 143:14-16, 143:17-20, 143:25-144:3, 144:4-7; Begakis Decl. at ¶ 10, Exhibit "J" thereto, Deposition Transcript of Domingo Torres Flores ("Flores Depo") at 47:15-25, 48:19-23,82:13-15, 82:22-83:2, 83:4-13, 85:25- 86:11, 86:13-21; Begakis Decl. at ¶ 11, Exhibit "K" thereto, Chavez Depo I at 18:16-19:3, 20:8-16, 21:16-19; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Chavez Depo II at 20:20-21:16, 26:13-20, 31:8-16, 33:18-34:1, 38:8-18, 41:13-42:2. | |
| 4.   In or about February 2013, Hyphy and the Group began working together to co-create various sound recordings to be embodied on multiple albums (collectively, the "Los Originales Albums" or "Albums"), which they had orally agreed amongst themselves were to be owned by Hyphy (the "Agreement").<br><br>**Supporting Evidence:**<br><br>Declaration of Jose Martinez ("Martinez Decl.") at ¶ 3; Begakis Decl. at ¶ 11, Exhibit "K" thereto, Chavez Depo I at 34:7-11; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Chavez Depo II at 19:14-17, 32:16-20, 35:12-21. | 4.   Disputed but immaterial to Hyphy's breach of contract claim against Chavez. Hyphy judicially admits that it orally contracted with Chavez, only, not the musicians that Chavez provided.  (FACC ¶16.) |
| 5.   The albums created pursuant to the Agreement were entitled (1) "Amigos y Contrarios"; (2) "Corridos de Poca M"; (3) "El Campesino"; (4) "Desde La Cantina de Mi Barrio (En Vivo)"; and (5) "Nuestra Historia (En Vivo)" (collectively, the "Los Originales Albums" or "Albums"). | 5.   Disputed as to the faulty definition of Agreement, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |

| Hyphy's Undisputed Material Facts and Supporting Evidence | Chavez's Response and Evidence |
|---|---|
| **Supporting Evidence:**<br><br>Martinez Decl. at ¶ 4; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 44:7-23, 51:22-25. | |
| 6.   One of the other two albums identified in Yellowcake's Complaint, entitled "Chuy Chavez y Sus Amigos," has no connection to this dispute and wasn't even recorded by Chavez.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 4; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 44:24:-9, 154:11-155:25. | 6.   Immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 7.   Though this Agreement was not initially memorialized in writing, Flores and Vargas understood that such Agreement existed, and therefore intended that all rights in and to their recording services, and the five Albums produced under the Agreement and pursuant to such services, be conveyed to Hyphy.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶¶ 4-5. Declaration of Domingo Torres Flores ("Flores Decl.") at ¶¶ 3-5; Declaration of Alfonso Vargas ("Vargas Decl.") at ¶¶ 3-5. | 7.   Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez.  Further, this "fact" is not supported by admissible evidence.<br><br>(See Chavez' Objections to Evidence.) |
| 8.   Flores and Vargas later confirmed their belief and intent to convey all rights in the Albums to Hyphy by executing enforceable Copyright Assignment Agreements on or about March 22, 2022 (collectively the "Assignments").<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 5, Exhibit "A" thereto. | 8.   Disputed, immaterial to the breach of contract claim asserted by Hyphy against Chavez.  Further, this "fact" is not supported by admissible evidence.<br><br>(See Chavez' Objections to Evidence.) |

| Hyphy's Undisputed Material Facts and Supporting Evidence | Chavez's Response and Evidence |
|---|---|
| 9.  Unlike larger record labels, however, Hyphy closely collaborated with the Group to create the Albums.  **Supporting Evidence:**  Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-76:25, 83:11-84:22, 84:24-85:8, 85:14-86:16. | 9.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 10.  For the first three (of five) of the Los Originales Albums, Hyphy helped determine the "theme and overall creative direction of each Album.  **Supporting Evidence:**  Martinez Decl. at ¶ 6. | 10.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 11.  For the first three (of five) of the Los Originales Albums, Hyphy selected the songs to be included in each Album.  **Supporting Evidence:**  Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 83:11-84:22. | 11. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 12.  For the first three (of five) of the Los Originales Albums, Hyphy selected the recording studio and paid for all costs associated with the recording of each Album.  **Supporting Evidence:**  Martinez Decl. at ¶ 6. | 12. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |

WHITNEY THOMPSON & JEFFCOACH

| Hyphy's Undisputed Material Facts and Supporting Evidence | Chavez's Response and Evidence |
|---|---|
| 13.  For the first three (of five) of the Los Originales Albums, Hyphy hired the sound engineer.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 59:21-60:7, 61:10-16. | 13. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 14.  For the first three (of five) of the Los Originales Albums, Hyphy paid the Group a substantial amount to record the Albums.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6. | 14.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 15.  For the first three (of five) of the Los Originales Albums, Hyphy oversaw and generally supervised the recording and production of each Album.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 85:14-86:16. | 15. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 16.  For the final two (of five) of the Los Originales Albums, Hyphy also selected and paid for the venue of the live performance.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-25. | 16. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 17.  For the final two (of five) of the Los Originales Albums, Hyphy also selected the songs to be performed at the live performance (and then recorded for the Albums). | 17. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |

337.0 05942687.000

REPLY TO HYPHY MUSIC INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| Hyphy's Undisputed Material Facts and Supporting Evidence | Chavez's Response and Evidence |
|---|---|
| **Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-25. | |
| 18.  For the final two (of five) of the Los Originales Albums, Hyphy also directly employed, supervised, and directed the services of the sound engineer and videographer who each recorded the audio and video of the live performance.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-25. | 18. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 19.  For the final two (of five) of the Los Originales Albums, Hyphy also wrote a script for the history of the Group as presented as part of the live performance and hired an "MC"/commentator who narrated the script.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-25. | 19. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 20.  For the final two (of five) of the Los Originales Albums, Hyphy also re-recorded whole portions of the guitarist's contributions to the live performance afterwards, using a new guitarist selected, hired and paid for by Hyphy.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-25. | 20. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |

| Hyphy's Undisputed Material Facts and Supporting Evidence | Chavez's Response and Evidence |
|---|---|
| 21.  It should also be noted here that Flores and Vargas were plainly joint authors of the Albums because they were equally involved in all activities of the Band, which existed as an unincorporated partnership in which all Band members were joint owners, participants and contributors.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 9, Exhibit "I" thereto, Vargas Depo at 27:17-22, 143:7-10, 143:14-16, 143:17-20, 143:25-144:3, 144:4-7; Begakis Decl. at ¶ 10, Exhibit "J" thereto, Flores Depo at 47:15-25, 82:13-15, 82:22-83:2, 83:4-13, 85:25- 86:11, 86:13-21; Begakis Decl. at ¶ 11, Exhibit "K" thereto, Chavez Depo I at 18:23-19:3. | 21. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez.<br><br>This "fact" is based on inadmissible evidence. (See Chavez' Objections to Evidence). Further, the evidence cited does not support the fact asserted. |
| 22.  It should also be noted here that Flores and Vargas were plainly joint authors of the Albums because they were equally credited on all Albums in which each of them made contributions.<br><br>**Supporting Evidence:**<br><br>See Begakis Decl. at ¶ 9, Exhibit "I" thereto, Vargas Depo at 27:17-22, 143:7-10, 143:14-16, 143:17-20, 143:25-144:3, 144:4-7; Begakis Decl. at ¶ 10, Exhibit "J" thereto, Flores Depo at 47:15-25, 82:13-15, 82:22-83:2, 83:4-13, 85:25-86:11, 86:13-21. | 22.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez.<br><br>This "fact" is based on inadmissible evidence. (See Chavez' Objections to Evidence.) Further, the evidence cited does not support the fact asserted. |
| 23.  It should also be noted here that Flores and Vargas were plainly joint authors of the Albums because they shared equally in all profits of the Band and were granted equal access to inspect all records related to the Band's receipt of all such profits.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 9, Exhibit "I" thereto, Vargas Depo at 27:17-22, 143:7-10, | 23. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez.<br><br>This "fact" is based on inadmissible evidence. (See Chavez' Objections to Evidence.) Further, the evidence cited does not support the fact asserted. |

REPLY TO HYPHY MUSIC INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

WHITNEY THOMPSON & JEFFCOACH

| Hyphy's Undisputed Material Facts and Supporting Evidence | Chavez's Response and Evidence |
|---|---|
| 143:14-16, 143:17-20, 143:25-144:3, 144:4-7; Begakis Decl. at ¶ 10, Exhibit "J" thereto, Flores Depo at 47:15-25, 82:13-15, 82:22-83:2, 83:4-13, 85:25- 86:11, 86:13-21; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Chavez Depo II at 20:20-21:16, 26:13-20, 31:8-16, 33:18-34:1, 38:8-18, 41:13-42:2. | |
| 24.  In addition to its original creative contributions to the production, recording and overall creation of the Los Originales Albums, Hyphy also designed and created the artwork featured on the cover of each Album (the "Album Artwork").<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 7; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 127:12-21. | 24. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 25.  Hyphy released the Albums, with the Album Artwork, for distribution through all available digital service providers ("DSPs") between 2013 and 2017.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 8, Exhibit "B" thereto; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 44:7-23; 51:18-25; 67:24-69:5. | 25. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 26.  Thereafter, Hyphy obtained copyright registrations for all of such Album Artwork.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 9, Exhibit "C" thereto; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 133:9-136:5. | 26.  Undisputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 27.  Plaintiff/Counter-Defendant Yellowcake, Inc. ("Yellowcake") is a | 27. Chavez lacks sufficient information to admit to or dispute this "fact," however, it is |

| Hyphy's Undisputed Material Facts and Supporting Evidence | Chavez's Response and Evidence |
|---|---|
| competing record label and distributor of sound recordings, utilizing Counter-Defendant Colonize Media, Inc. ("Colonize") as its "distribution arm" to release and exploit rights acquired by Yellowcake.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 7, Exhibit "G" thereto, Deposition Transcript of Kevin Berger ("Berger Depo") at 91:19-23; Begakis Decl. at ¶ 8, Exhibit "H" thereto, Deposition Transcript of Jose David Hernandez, Volume I ("Hernandez Depo I") at 77:19-21. | immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 28.  Counter-Defendant Jose David Hernandez ("Hernandez"), who is a co-owner of both Yellowcake and Colonize, knew that Hyphy only had an oral agreement with the Group, and therefore approached Chavez, in or about March 2019, about selling the Los Originales Albums to Yellowcake.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 8, Exhibit "H" thereto, Hernandez Depo I at 51:9-11, 116:18-117:14, 148:24-149:5; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Chavez Depo II at 77:13-17, 79:7-9, 79:17-80:2, 81:7-16. | 28. Chavez lacks sufficient information to admit to or dispute this "fact," however, it is immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 29.  Chavez, who at this time was advanced in age and suffering from significant health problems, which prevented him from performing or generating income, therefore agreed to accept $500,000 for the Albums.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 8, Exhibit "H" thereto, Hernandez Depo I at 107:4-20; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Chavez | 29. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |

| Hyphy's Undisputed Material Facts and Supporting Evidence | Chavez's Response and Evidence |
|---|---|
| Depo II at 77:13-17, 79:7-9, 79:17-80:2, 80:5-13, 81:7-16, 88:25-89:9. | |
| 30.  Chavez and Yellowcake attempted to codify their purported agreement via an "Asset Purchase and Assignment Agreement" executed on or about March 21, 2019 (the "Asset Purchase Agreement").<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 5, Exhibit "E" thereto, Plaintiff/Counter-Defendant's Document Production (PLF000021-PLF000039). | 30. Disputed as to the argumentative terms "attempted" and "purported."  Otherwise undisputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 31.  In Section 13.e. of the Asset Purchase Agreement, Chavez represented and warranted to Yellowcake that Chavez was "the only owner of" the Albums, and possessed "good and marketable title" thereto at the time of sale.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 5, Exhibit "E" thereto, Plaintiff/Counter-Defendant's Document Production (PLF00024). | 31. Undisputed.  This was an accurate warranty and representation. |
| 32.  Chavez never obtained signed written agreements from Flores, Vargas or Hyphy acquiring each party's respective contributions to, and rights in, the Albums and sound recordings embodied thereon.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 4, Exhibit "D" thereto, Yellowcake Interrogatory Responses at pp. 4-5; Begakis Decl. at ¶ 5, Exhibit "E" thereto, Yellowcake Responses to Request for Production at p. 4. | 32. Undisputed that Chavez never obtained written consent from Flores, Vargas or Hyphy, as such consent was not needed. Disputed that Flores, Vargas or Hyphy had any contributions and/or rights in the Albums to acquire.<br>Nevertheless, this "fact" is immaterial to the breach of contract claims asserted by Hyphy against Chavez.<br><br>This fact is not supported by admissible evidence.  (See Chavez' Objections to Evidence.) |

**II.**
**RESPONSE TO HYPHY'S ADDITIONAL FACTS CLAIMING THAT CHAVEZ'S**
**OTHER ARGUMENTS ARE IRRELEVANT**

| | |
|---|---|
| 33.  Hyphy is a record label in the business of collaborating with recording artists to produce, distribute, and otherwise exploit sound and audiovisual recordings by such artists, coupled with artwork.<br><br>**Supporting Evidence:**<br><br>Declaration of John Begakis ("Begakis Decl.") at ¶ 6, Exhibit "F" thereto, Jose Martinez Deposition Transcript ("Martinez Depo") at 13:6-14:6. | 33. Undisputed, but immaterial to the issues raised in Chavez' motion for summary judgment. |
| 34.  Counter-Defendant Jesus Chavez Sr. ("Chavez") is the lead singer of the Spanish-language musical group Los Originales De San Juan (the "Group").<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 11, Exhibit "K" thereto, Jesus Chavez, Sr. Deposition, Volume I ("Chavez Depo I") at 25:13-14; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Jesus Chavez, Sr. Deposition, Volume II ("Chavez Depo II") at 16:22-17:5. | 34.  Undisputed.  He is further the founder and principal of the Group as judicially admitted by Hyphy.<br><br>(See FACC ¶15.) |
| 35.  The Group operates as a co-equal partnership comprised of Chavez, accordion player Domingo Torres Flores ("Flores"), and drummer Alfonso Vargas ("Vargas").<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 9, Exhibit "I" thereto, Deposition Transcript of Alfonso Vargas ("Vargas Depo") at17:16-19, 27:17-22, 143:7-10, 143:14-16, 143:17-20, 143:25-144:3, 144:4-7; Begakis Decl. at ¶ 10, Exhibit "J" thereto, Deposition Transcript of Domingo Torres Flores ("Flores Depo") at 47:15-25, 48:19-23, 82:13-15, 82:22-83:2, 83:4-13, 85:25- 86:11, 86:13-21; | 35.  Disputed, but immaterial to Hyphy's breach of contract claim against Chavez. |

| | |
|---|---|
| Begakis Decl. at ¶ 11, Exhibit "K" thereto, Chavez Depo I at 18:16-19:3, 20:8-16, 21:16-19; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Chavez Depo II at 20:20-21:16, 26:13-20, 31:8-16, 33:18-34:1, 38:8-18, 41:13-42:2. | |
| 36.  In or about February 2013, Hyphy and the Group began working together to co-create various sound recordings to be embodied on multiple albums (collectively, the "Los Originales Albums" or "Albums"), which they had orally agreed amongst themselves were to be owned by Hyphy (the "Agreement").<br><br>**Supporting Evidence:**<br><br>Declaration of Jose Martinez ("Martinez Decl.") at ¶ 3; Begakis Decl. at ¶ 11, Exhibit "K" thereto, Chavez Depo I at 34:7-11; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Chavez Depo II at 19:14-17, 32:16-20, 35:12-21. | 36.  Disputed but immaterial to Hyphy's breach of contract claim against Chavez. 36. Hyphy judicially admits that it orally contracted with Chavez, only, not the musicians that Chavez provided.  (FACC ¶16.) |
| 37.  The albums created pursuant to the Agreement were entitled (1) "Amigos y Contrarios"; (2)"Corridos de Poca M"; (3) "El Campesino"; (4) "Desde La Cantina de Mi Barrio (En Vivo)"; and (5) "Nuestra Historia (En Vivo)" (collectively, the "Los Originales Albums" or "Albums").<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 4; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 44:7-23, 51:22-25. | 37.  Disputed as to the faulty definition of Agreement, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 38.  One of the other two albums identified in Yellowcake's Complaint, entitled "Chuy Chavez y Sus Amigos," has no connection to this dispute and wasn't even recorded by Chavez.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 4; Begakis Decl. at ¶ 6, | 38.  Immaterial to the breach of contract claim asserted by Hyphy against Chavez. |

| | |
|---|---|
| Exhibit "F" thereto, Martinez Depo at 44:24:-9, 154:11-155:25. | |
| 39.  Though this Agreement was not initially memorialized in writing, Flores and Vargas understood that such Agreement existed, and therefore intended that all rights in and to their recording services, and the five Albums produced under the Agreement and pursuant to such services, be conveyed to Hyphy.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶¶ 4-5. Declaration of Domingo Torres Flores ("Flores Decl.") at ¶¶ 3-5; Declaration of Alfonso Vargas ("Vargas Decl.") at ¶¶ 3-5. | 39.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez.  Further, this "fact" is not supported by admissible evidence.<br><br>(See Chavez' Objections to Evidence.) |
| 40.  Flores and Vargas later confirmed their belief and intent to convey all rights in the Albums to Hyphy by executing enforceable Copyright Assignment Agreements on or about March 22, 2022 (collectively the "Assignments").<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 5, Exhibit "A" thereto. | 40.  Disputed, immaterial to the breach of contract claim asserted by Hyphy against Chavez.  Further, this "fact" is not supported by admissible evidence.<br><br>(See Chavez' Objections to Evidence.) |
| 41.  Unlike larger record labels, however, Hyphy closely collaborated with the Group to create the Albums.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-76:25, 83:11-84:22, 84:24-85:8, 85:14-86:16. | 41.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 42.  For the first three (of five) of the Los Originales Albums, Hyphy helped determine the "theme and overall creative direction of each Album. | 42.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |

| | |
|---|---|
| **Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6. | |
| 43.  For the first three (of five) of the Los Originales Albums, Hyphy selected the songs to be included in each Album.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 83:11-84:22. | 43.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 44.  For the first three (of five) of the Los Originales Albums, Hyphy selected the recording studio and paid for all costs associated with the recording of each Album.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6. | 44.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 45.  For the first three (of five) of the Los Originales Albums, Hyphy hired the sound engineer.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 59:21-60:7, 61:10-16. | 45.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 46.  For the first three (of five) of the Los Originales Albums, Hyphy paid the Group a substantial amount to record the Albums.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6. | 46.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 47.  For the first three (of five) of the Los Originales Albums, Hyphy oversaw and generally supervised the recording and production of each Album. | 47.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |

WHITNEY
THOMPSON &
JEFFCOACH

| | |
|---|---|
| **Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 85:14-86:16. | |
| 48.  For the final two (of five) of the Los Originales Albums, Hyphy also selected and paid for the venue of the live performance.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-25. | 48.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 49.  For the final two (of five) of the Los Originales Albums, Hyphy also selected the songs to be performed at the live performance (and then recorded for the Albums).<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at  6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-25. | 49.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 50.  For the final two (of five) of the Los Originales Albums, Hyphy also directly employed, supervised, and directed the services of the sound engineer and videographer who each recorded the audio and video of the live performance.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-25. | 50.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 51.  For the final two (of five) of the Los Originales Albums, Hyphy also wrote a script for the history of the Group as presented as part of the live performance, and hired an "MC"/commentator who narrated the script. | 51.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |

REPLY TO HYPHY MUSIC INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| **Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-25. | |
| 52. For the final two (of five) of the Los Originales Albums, Hyphy also re-recorded whole portions of the guitarist's contributions to the live performance afterwards, using a new guitarist selected, hired and paid for by Hyphy.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 6; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 75:6-25. | 52. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 53. It should also be noted here that Flores and Vargas were plainly joint authors of the Albums because they were equally involved in all activities of the Band, which existed as an unincorporated partnership in which all Band members were joint owners, participants and contributors.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 9, Exhibit "I" thereto, Vargas Depo at 27:17-22, 143:7-10, 143:14-16, 143:17-20, 143:25-144:3, 144:4-7; Begakis Decl. at ¶ 10, Exhibit "J" thereto, Flores Depo at 47:15-25, 82:13-15, 82:22-83:2, 83:4-13, 85:25-86:11, 86:13-21; Begakis Decl. at ¶ 11, Exhibit "K" thereto, Chavez Depo I at 18:23-19:3. | 53. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez.<br><br>This "fact" is based on inadmissible evidence. (See Chavez' Objections to Evidence). Further, the evidence cited does not support the fact asserted. |
| 54. It should also be noted here that Flores and Vargas were plainly joint authors of the Albums because they were equally credited on all Albums in which each of them made contributions.<br><br>**Supporting Evidence:**<br><br>See Begakis Decl. at ¶ 9, Exhibit "I" thereto, Vargas Depo at 27:17-22, 143:7- | 54. Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez.<br><br>This "fact" is based on inadmissible evidence. (See Chavez' Objections to Evidence.) Further, the evidence cited does not support the fact asserted. |

| | |
|---|---|
| 10, 143:14-16, 143:17-20, 143:25-144:3,144:4-7; Begakis Decl. at ¶ 10, Exhibit "J" thereto, Flores Depo at 47:15-25, 82:13-15, 82:22-83:2, 83:4-13, 85:25-86:11, 86:13-21. | |
| 55.  It should also be noted here that Flores and Vargas were plainly joint authors of the Albums because they shared equally in all profits of the Band, and were granted equal access to inspect all records related to the Band's receipt of all such profits.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 9, Exhibit "I" thereto, Vargas Depo at 27:17-22, 143:7-10, 143:14-16, 143:17-20, 143:25-144:3, 144:4-7; Begakis Decl. at ¶ 10, Exhibit "J" thereto, Flores Depo at 47:15-25, 82:13-15, 82:22-83:2, 83:4-13, 85:25-86:11, 86:13-21; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Chavez Depo II at 20:20-21:16, 26:13-20, 31:8-16, 33:18-34:1, 38:8-18, 41:13-42:2. | 55.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez.<br><br>This "fact" is based on inadmissible evidence. (See Chavez' Objections to Evidence.) Further, the evidence cited does not support the fact asserted. |
| 56.  In addition to its original creative contributions to the production, recording and overall creation of the Los Originales Albums, Hyphy also designed and created the artwork featured on the cover of each Album (the "Album Artwork").<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 7; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 127:12-21. | 56.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 57.  Hyphy released the Albums, with the Album Artwork, for distribution through all available digital service providers ("DSPs") between 2013 and 2017.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 8, Exhibit "B" thereto; Begakis Decl. at ¶ 6, Exhibit "F" thereto, | 57.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |

| | |
|---|---|
| Martinez Depo at 44:7-23; 51:18-25; 67:24-69:5. | |
| 58.  Thereafter, Hyphy obtained copyright registrations for all of such Album Artwork.<br><br>**Supporting Evidence:**<br><br>Martinez Decl. at ¶ 9, Exhibit "C" thereto; Begakis Decl. at ¶ 6, Exhibit "F" thereto, Martinez Depo at 133:9-136:5. | 58.  Undisputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 59.  Plaintiff/Counter-Defendant Yellowcake, Inc. ("Yellowcake") is a competing record label and distributor of sound recordings, utilizing Counter-Defendant Colonize Media, Inc. ("Colonize") as its "distribution arm" to release and exploit rights acquired by Yellowcake.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 7, Exhibit "G" thereto, Deposition Transcript of Kevin Berger ("Berger Depo") at 91:19-23; Begakis Decl. at ¶ 8, Exhibit "H" thereto, Deposition Transcript of Jose David Hernandez, Volume I ("Hernandez Depo I") at 77:19-21. | 59.  Chavez lacks sufficient information to admit to or dispute this "fact," however, it is immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 60.  Counter-Defendant Jose David Hernandez ("Hernandez"), who is a co-owner of both Yellowcake and Colonize, knew that Hyphy only had an oral agreement with the Group, and therefore approached Chavez, in or about March 2019, about selling the Los Originales Albums to Yellowcake.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 8, Exhibit "H" thereto, Hernandez Depo I at 51:9-11, 116:18-117:14, 148:24-149:5; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Chavez Depo II at 77:13-17, 79:7-9, 79:17-80:2, 81:7-16. | 60.  Chavez lacks sufficient information to admit to or dispute this "fact," however, it is immaterial to the breach of contract claim asserted by Hyphy against Chavez. |

| | |
|---|---|
| 61.  Chavez, who at this time was advanced in age and suffering from significant health problems, which prevented him from performing or generating income, therefore agreed to accept $500,000 for the Albums.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 8, Exhibit "H" thereto, Hernandez Depo I at 107:4-20; Begakis Decl. at ¶ 12, Exhibit "L" thereto, Chavez Depo II at 77:13-17, 79:7-9, 79:17-80:2, 80:5-13, 81:7-16, 88:25-89:9. | 61.  Disputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 62.  Chavez and Yellowcake attempted to codify their purported agreement via an "Asset Purchase and Assignment Agreement" executed on or about March 21, 2019 (the "Asset Purchase Agreement").<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 5, Exhibit "E" thereto, Plaintiff/Counter-Defendant's Document Production (PLF000021-PLF000039). | 62.  Disputed as to the argumentative terms "attempted" and "purported."  Otherwise undisputed, but immaterial to the breach of contract claim asserted by Hyphy against Chavez. |
| 63.  In Section 13.e. of the Asset Purchase Agreement, Chavez represented and warranted to Yellowcake that Chavez was "the only owner of" the Albums, and possessed "good and marketable title" thereto at the time of sale.<br><br>**Supporting Evidence:**<br><br>Begakis Decl. at ¶ 5, Exhibit "E" thereto, Plaintiff/Counter-Defendant's Document Production (PLF00024). | 63.  Undisputed.  This was an accurate warranty and representation. |
| 64.  Chavez never obtained signed written agreements from Flores, Vargas or Hyphy acquiring each party's respective contributions to, and rights in, the Albums and sound recordings embodied thereon. | 64.  Undisputed that Chavez never obtained written consent from Flores, Vargas or Hyphy, as such consent was not needed.<br>Disputed that Flores, Vargas or Hyphy had any contributions and/or rights in the Albums to acquire. |

| **Supporting Evidence:**<br><br>Begakis Decl. at ¶ 4, Exhibit "D" thereto, Yellowcake Interrogatory Responses at pp. 4-5; Begakis Decl. at ¶ 5, Exhibit "E" thereto, Yellowcake Responses to Request for Production at p. 4. | Nevertheless, this "fact" is immaterial to the breach of contract claims asserted by Hyphy against Chavez.<br><br>This fact is not supported by admissible evidence.  (See Chavez' Objections to Evidence.) |
|---|---|

Dated:  September 15, 2023                    WHITNEY, THOMPSON & JEFFCOACH LLP


By:  _____
                    Mandy L. Jeffcoach
                    William H. Littlewood
                    Jaskarn S. Chahal
                    Attorneys for JESUS CHAVEZ, SR.

WHITNEY
THOMPSON &
JEFFCOACH

**PROOF OF SERVICE**

**YELLOWCAKE, INC. v. HYPHY MUSIC**
**Case No. 1:20-CV-00988-JLT-BAM**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

  At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Fresno, State of California.  My business address is 970 W. Alluvial Ave., Fresno, CA 93711.

  On September 15, 2023, I served true copies of the following document(s) described as **REPLY TO HYPHY MUSIC INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS** on the interested parties in this action as follows:

  **BY ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) through the ECF system.  Participants in the case who are registered ECF users will be served by the ECF system.  Participants in the case who are not registered ECF users, if any, will be served by mail or by other means permitted by the court rules.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Executed on September 15, 2023, at Fresno, California.



Kisten Jensen

WHITNEY
THOMPSON &
JEFFCOACH