Whitney, Thompson & Jeffcoach LLP
Mandy L. Jeffcoach, #232313
  mjeffcoach@wtjlaw.com
William H. Littlewood, #202877
  blittlewood@wtjlaw.com
Jaskarn S. Chahal, #348641
  jchahal@wtjlaw.com
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:  (559) 753-2550
Facsimile:  (559) 753-2560

Attorneys for JESUS CHAVEZ, SR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>HYPHY MUSIC, INC.,<br><br>  Defendant. | Case No. 1:20-CV-00988-JLT-BAM<br><br>**JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     September 29, 2023<br>Time:     9:00 a.m.<br>Crtrm.:   4<br><br>The Hon. Jennifer L. Thurston |
| HYPHY MUSIC, INC.,<br><br>  Cross-Complainant,<br><br>  v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC.; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ SR.,<br><br>  Cross-Defendants. | |

Cross-Defendant JESUS CHAVEZ, SR.'s (hereinafter "Chavez") hereby submits the following Objections to Evidence offered by Defendant/Cross-Complainant HYPHY MUSIC, INC. ("Hyphy") in Opposition to Chavez's Motion for Summary Judgment on the following grounds:

337.0 05943302.000

1

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

# I.
## OBJECTIONS TO BEGAKIS' DECLARATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| Paragraph | Line | Objectionable Evidence | Objections | Ruling |
|---|---|---|---|---|
| 4 | 2:21-3:8 | "On or about February 11, 2022, Yellowcake served responses to Hyphy's First Set of Interrogatories, which included a verification (the "***Yellowcake Interrogatory Responses***"). Notably, the Yellowcake Interrogatory Responses include the following: **INTERROGATORY NO. 1:** State all facts regarding YOUR belief that YOU are the sole owner of all right, title, and interest in and to the COPYRIGHTED WORKS. **RESPONSE TO INTERROGATORY NO. 1:** Subject to and without waiving any General Objections, Plaintiff/Counter-Defendant is the sole owner of all right, title, and interest in and to the COPYRIGHTED WORKS by virtue of the Asset Purchase Agreement dated March 21, 2019, between Yellowcake and Jesus Chavez, Sr., and the related copyright registrations. A true and correct copy of the Yellowcake Interrogatory Responses are attached hereto as **Exhibit "D"** and incorporated herein by this reference." | Hearsay; Relevance; Improper use of interrogatory response of third-party Yellowcake. | ☐ Sustain<br>☐ Overruled |
| 5 | 3:9-24 | "On or about February 11, 2022, Yellowcake served responses to Hyphy's First Set of Requests for Production of Documents, which included a verification (the "***Yellowcake Responses to Requests for*** | Hearsay; Relevance; Improper use of response to demand for production of documents by | ☐ Sustain<br>☐ Overruled |

WHITNEY THOMPSON & JEFFCOACH

337.0 05943302.000

2

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

| | | | | |
|---|---|---|---|---|
| | | | *Production*"). Notably, the Yellowcake Responses to Requests for Production include the following: **REQUEST NO. 1:** All DOCUMENTS evidencing YOUR exclusive ownership of all right, title, and interest in and to the COPYRIGHTED WORKS **RESPONSE TO REQUEST NO. 1:** Plaintiff/Counter-Defendant objects to this request on the grounds that such documents are publicly available to the Defendant/Counterclaimant. Notwithstanding Plaintiff/Counter-Defendant's general and specific objections, all relevant documents in Plaintiff/Counter-Defendant's possession, custody and control are annexed hereto and Bates stamped PLF000001-PLF000051. True and correct copies of the Yellowcake Responses to Requests for Production, and the relevant documents produced therewith, are attached hereto as **Exhibit "E"** and incorporated herein by this reference." | third party Yellowcake. | |
| | 6 | 3:25-4:12 | "On or about July 26, 2022, Counter-Defendants took the deposition of Jose Martinez as the "Person Most Knowledgeable" for Hyphy (the "*Martinez Depo*"). During that deposition, Mr. Martinez testified to: (a) the business of Hyphy and the albums at issue that Hyphy commissioned (13:6-14:6, 44:7-23, 44:24-9, 51:22-25, 154:11-155:25); (b) Hernandez's prior work with Hyphy (26:2-12); (c) Hyphy's close collaboration with the | Hearsay; Testimony speaks for itself; Counsel's paraphrasing of witness testimony is not relevant; argumentative. | ☐ Sustain<br><br>☐ Overruled |

337.0 05943302.000

3

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

WHITNEY THOMPSON & JEFFCOACH

| | | | | |
|---|---|---|---|---|
| | | Group (59:21-60:7, 61:10-16, 75:6-76:25, 83:11-84:22, 84:24-85:8, 85:14-86:16); (d) Hyphy's creation of the Album Artwork and distribution thereof along with the Albums (44:7-23; 51:18-25; 67:24-68:24, 67:24-69:5, 127:12-21, 133:9-136:5); and (e) the limited value (if any) of Chavez's contributions to the music the Group creates (111:24-112:3). True and correct copies of the portions of the Martinez Depo evidencing such testimony, located at (page:line) 13:6-14:6, 26:2-12, 44:7-23, 44:24-9, 51:18-25, 51:22-25, 59:21-60:7, 61:10-16, 67:24-68:24, 67:24-69:5, 75:6-76:25, 83:11-84:22, 84:24-85:8, 85:14-86:16, 111:24-112:3, 127:12-21, 133:9-136:5, and 154:11-155:25 of the deposition transcript, are attached hereto as **Exhibit "F"** and incorporated herein by this reference. | | |
| 7 | 4:13-18 | "On or about August 16, 2022, Hyphy took the deposition of Kevin Berger as the "Person Most Knowledgeable" for Yellowcake (the "***Berger Depo***"). During that deposition, Mr. Berger testified to the relationship between Yellowcake and Colonize. True and correct copies of the portions of the Berger Depo evidencing such testimony, located at (page:line) 91:19-23 of the deposition transcript, are attached hereto as **Exhibit "G"** and incorporated herein by this reference." | Hearsay; Testimony speaks for itself; Counsel's paraphrasing of witness testimony is not relevant; argumentative. | ☐ Sustain<br><br>☐ Overruled |

337.0 05943302.000

4

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

WHITNEY THOMPSON & JEFFCOACH

| | | | | |
|---|---|---|---|---|
| 8 | 4:19-5:2 | "On or about August 17, 2022, Hyphy took the first volume of the deposition of Jose David Hernandez ("**Hernandez Depo I**"). During that deposition, Hernandez testified to (a) the relationship between Yellowcake and Colonize (77:19-21); (b) the ownership of Yellowcake and Colonize (51:9-11, 116:18-117:14); (c) the operation of Yellowcake and Colonize as one single economic entity (80:3-20); (d) Counter-Defendants' acquisition and distribution of the albums at issue in this dispute (148:24-149:5 and 107:4-20); and (e) Counter-Defendants' desire not to have "anything to do with Hyphy Music's artwork." True and correct copies of the portions of Hernandez Depo I evidencing such testimony, located at (page:line) 51:9-11, 77:19-21, 80:3-20, 107:4-20, 116:18-117:14, 148:24-149:5 and 211:24-212:6 of the deposition transcript, are attached hereto as **Exhibit "H"** and incorporated herein by this reference." | Hearsay; Testimony speaks for itself; Counsel's paraphrasing of witness testimony is not relevant; argumentative. | ☐ Sustain<br><br>☐ Overruled |
| 9 | 5:3-10 | "On or about December 6, 2022, Counter-Defendants took the deposition of Alfonso Vargas (the "**Vargas Depo**"). During that deposition, Vargas testified to the Group's status as a co-equal partnership in which all members were also joint owners and authors of the relevant albums based on their contributions to the creation thereof. True and correct copies of the portions of the Vargas Depo evidencing such | Hearsay; Testimony speaks for itself; Counsel's paraphrasing of witness testimony is not relevant; argumentative. | ☐ Sustain<br><br>☐ Overruled |

337.0 05943302.000

5

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

| | | | | |
|---|---|---|---|---|
| | | | testimony, located at (page:line) 17:16-19, 27:17-22, 143:7-10, 143:14-16, 143:17-20, 143:25-144:3, and 144:4-7 of the deposition transcript, are attached hereto as **Exhibit "I"** and incorporated herein by this reference." | | |
| | 10 | 5:11-19 | "On or about December 7, 2022, Counter-Defendants took the deposition of Domingo Torres Flores (the "***Flores Depo***"). During that deposition, Flores testified to the Group's status as a co-equal partnership in which all members were also joint owners and authors of the relevant albums based on their contributions to the creation thereof. True and correct copies of the portions of the Flores Depo evidencing such testimony, located at (page:line) 47:15-25, 48:19-23, 82:13-15, 82:22-83:2, 83:4-13, 85:25-86:11, and 86:13-21 of the deposition transcript, are attached hereto as **Exhibit "J"** and incorporated herein by this reference." | Hearsay; Testimony speaks for itself; Counsel's paraphrasing of witness testimony is not relevant; argumentative. | ☐ Sustain<br><br>☐ Overruled |
| | 11 | 5:20-28 | "On or about December 14, 2022, Hyphy took the first volume of the deposition of Jesus Chavez Sr. ("***Chavez Depo I***"). During that deposition, Chavez testified to (a) his role in the Group (25:13-14); (b) the Group's status as a co-equal partnership between all the members (18:16-19:3; 20:8-16; 21:16-19); and (c) the Group's recording of the relevant albums pursuant to their agreement with Hyphy (34:7-11). True and correct copies of | Hearsay; Testimony speaks for itself; Counsel's paraphrasing of witness testimony is not relevant; argumentative. | ☐ Sustain<br><br>☐ Overruled |

| | | | | |
|---|---|---|---|---|
| | | the portions of Chavez Depo I evidencing such testimony, located at (page:line) 18:16-19:3, 20:8-16, 21:16-19, 25:13-14 and 34:7-11 of the deposition transcript, are attached hereto as **Exhibit "K"** and incorporated herein by this reference." | | |
| 12 | 6:1-14 | "On or about January 9, 2023, Hyphy took the second volume of the deposition of Jesus Chavez Sr. ("**Chavez Depo II**"). During that deposition, Chavez testified to (a) his role in the Group (16:22-17:5); (b) the Group's recording of the relevant albums pursuant to their agreement with Hyphy (19:14-17, 32:16-20, 35:12-21); (c) the Group's status as a co-equal partnership in which all members were also joint authors of the relevant albums based on their contributions to the creation thereof (20:20-21:16, 26:13-20, 31:8-16, 33:18-34:1, 38:8-18, 41:13-42:2); and (d) Hernandez's efforts to purchase rights in the relevant albums from Chavez (77:13-17, 79:7-9, 79:17-80:2, 80:5-13, 81:7-16). True and correct copies of the portions of Chavez Depo I evidencing such testimony, located at (page:line) 16:22-17:5, 19:14-17, 20:20-21:16, 26:13-20, 31:8-16, 32:16-20, 33:18-34:1, 35:12-21, 38:8-18, 41:13-42:2, 77:13-17, 79:7-9, 79:17-80:2, 80:5-13, 81:7-16 and 88:25-89:9 of the deposition transcript, are attached hereto as **Exhibit "L"** and incorporated herein by this reference." | Hearsay; Testimony speaks for itself; Counsel's paraphrasing of witness testimony is not relevant; argumentative. | ☐ Sustain<br><br>☐ Overruled |

## II.
## OBJECTIONS TO VARGAS' DECLARATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| Paragraph | Line | Objectionable Evidence | Objections | Ruling |
|---|---|---|---|---|
| 2 | 2:7-13 | "I am a drummer. I also am, and during all relevant times alleged in the Complaint filed by Plaintiff/Counter-Defendant YELLOWCAKE, INC., a California corporation ("Yellowcake"), and the Amended Counterclaims filed by Defendant/Counterclaimant HYPHY MUSIC, INC., a California corporation ("Hyphy"), was a co-founding member and owner of the popular Spanish-language Regional Mexican musical group Los Originales De San Juan (the "Group"), together with Counter-defendant JESUS CHAVEZ, SR. ("Chavez") and others." | Lacks foundation; argumentative; improper legal opinion. | ☐ Sustain<br><br>☐ Overruled |
| 3 | 2:14-18 | "In or about February 2013, Hyphy entered into an oral agreement with myself, Chavez, and all other members of the Group, for us as a Group to exclusively provide services in the making of sound and audio-visual recordings (the "Agreement") embodied on certain albums (collectively, the "Los Originales Albums")." | Lacks foundation; relevance; hearsay; argumentative; improper legal opinion. | ☐ Sustain<br><br>☐ Overruled |
| 3 | 2:18-28 | "Pursuant to the terms of the Agreement, Hyphy agreed to (i) select the musical compositions to be recorded on the Los Originales Albums; (ii) commission and/or provide the sound engineers and audiovisual directors; (iii) produce the musical | Lacks foundation; relevance; hearsay; argumentative; improper legal opinion. | ☐ Sustain<br><br>☐ Overruled |

| | | | | |
|---|---|---|---|---|
| | | performances to be embodied on the Los Originales Albums; (iv) direct the recording and filming of musical and audiovisual performances to be embodied on the Los Originales Albums; and (v) pay myself, Chavez and all other members of the Group a fixed amount per album. In exchange, I agreed, among other things, that Hyphy would be the owner of all right, title and interest in and to the Los Originales Albums, and all intellectual property rights in the musical performances embodied in the tangible masters therefor, from inception of creation of each of the Los Originales Albums." | | |
| 5 | 3:3-6 | "At the time the Agreement was entered into with Hyphy, I genuinely believed that I was assigning all right, title and interest in my interest in the Los Originales Albums to Hyphy. I was not aware at the time that such assignment needed to be in writing to be valid and enforceable." | Lacks foundation; relevance; argumentative; improper legal opinion. | ☐ Sustain<br>☐ Overruled |
| 6 | 3:7-9 | "I am aware that Chavez now claims that he entered into an agreement with Yellowcake for Yellowcake to acquire all right, title and interest in and to the Los Originales Albums." | Hearsay. | ☐ Sustain<br>☐ Overruled |
| 6 | 3:9-11 | "However, I never signed any document directly with Yellowcake that would effectuate a transfer of all right, title and interest in and | Relevance; improper legal opinion; argumentative. | ☐ Sustain<br>☐ Overruled |

337.0 05943302.000

9

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

WHITNEY THOMPSON & JEFFCOACH

| Paragraph | Line | Objectionable Evidence | Objections | Ruling |
|---|---|---|---|---|
| | | to my interest in the Los Originales Albums to Yellowcake." | | |
| 6 | 3:11-14 | "I also never signed any document giving Chavez all right, title and interest in and to my interest in the Los Originales Albums, which would have allowed him to subsequently transfer such interest to Yellowcake." | Relevance; improper legal opinion; argumentative. | ☐ Sustain<br>☐ Overruled |
| 6 | 3:14-15 | "In fact, I didn't even know that Chavez agreed to transfer rights to Yellowcake until I found out about this lawsuit." | Relevance; hearsay; argumentative. | ☐ Sustain<br>☐ Overruled |

## III.
## OBJECTIONS TO FLORES' DECLARATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| Paragraph | Line | Objectionable Evidence | Objections | Ruling |
|---|---|---|---|---|
| 2 | 2:7-14 | "I am an accordion player. I also am, and during all relevant times alleged in the Complaint filed by Plaintiff/Counter-Defendant YELLOWCAKE, INC., a California corporation ("Yellowcake"), and the Amended Counterclaims filed by Defendant/ Counter-Claimant HYPHY MUSIC, INC., a California corporation ("Hyphy"), was a co-founding member and owner of the popular Spanish-language Regional Mexican musical group Los Originales De San Juan (the "Group"), together with Counter-defendant JESUS CHAVEZ, SR. ("Chavez") and others." | Lacks foundation; argumentative; improper legal opinion. | ☐ Sustain<br>☐ Overruled |
| 3 | 2:15-19 | "In or about February 2013, Hyphy entered into an oral | Lacks foundation; | ☐ Sustain |

337.0 05943302.000

10

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

WHITNEY THOMPSON & JEFFCOACH

| | | | | |
|---|---|---|---|---|
| | | agreement with myself, Chavez, and all other members of the Group, for us as a Group to exclusively provide services in the making of sound and audio-visual recordings (the "Agreement") embodied on certain albums (collectively, the "Los Originales Albums")." | relevance; hearsay; argumentative; improper legal opinion. | ☐ Overruled |
| 3 | 2:19-3:2 | "Pursuant to the terms of the Agreement, Hyphy agreed to (i) select the musical compositions to be recorded on the Los Originales Albums; (ii) commission and/or provide the sound engineers and audiovisual directors; (iii) produce the musical performances to be embodied on the Los Originales Albums; (iv) direct the recording and filming of musical and audiovisual performances to be embodied on the Los Originales Albums; and (v) pay myself, Chavez and all other members of the Group a fixed amount per album. In exchange, I agreed, among other things, that Hyphy would be the owner of all right, title and interest in and to the Los Originales Albums, and all intellectual property rights in the musical performances embodied in the tangible masters therefor, from inception of creation of each of the Los Originales Albums." | Lacks foundation; relevance; hearsay; argumentative; improper legal opinion. | ☐ Sustain<br>☐ Overruled |
| 5 | 3:5-8 | "At the time the Agreement was entered into with Hyphy, I genuinely believed that I was assigning all right, title and interest in my interest in the | Lacks foundation; relevance; argumentative; improper legal | ☐ Sustain<br>☐ Overruled |

| | | | | |
|---|---|---|---|---|
| | | Los Originales Albums to Hyphy. I was not aware at the time that such assignment needed to be in writing to be valid and enforceable." | opinion. | |
| 6 | 3:9-11 | "I am aware that Chavez now claims that he entered into an agreement with Yellowcake for Yellowcake to acquire all right, title and interest in and to the Los Originales Albums." | Hearsay. | ☐ Sustain<br>☐ Overruled |
| 6 | 3:11-13 | "However, I never signed any document directly with Yellowcake that would effectuate a transfer of all right, title and interest in and to my interest in the Los Originales Albums to Yellowcake." | Relevance; improper legal opinion; argumentative | ☐ Sustain<br>☐ Overruled |
| 6 | 3:13-16 | "I also never signed any document giving Chavez all right, title and interest in and to my interest in the Los Originales Albums, which would have allowed him to subsequently transfer such interest to Yellowcake." | Relevance; improper legal opinion; argumentative | ☐ Sustain<br>☐ Overruled |
| 6 | 3:16-17 | "In fact, I didn't even know that Chavez agreed to transfer rights to Yellowcake until I found out about the lawsuit." | Relevance; hearsay; argumentative | ☐ Sustain<br>☐ Overruled |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

337.0 05943302.000

12

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

## IV.
## OBJECTIONS TO MARTINEZ'S DECLARATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| Paragraph | Line | Objectionable Evidence | Objections | Ruling |
|---|---|---|---|---|
| 3 | 2:11-16 | "In or about February 2013, I – through Hyphy – began working together – through member and lead singer Jesus Chavez, Sr. ("***Chavez***") – with the musical group Los Originales De San Juan ("the ***Group***"), to co-create various sound recordings to be embodied on multiple albums, which we orally agreed were to be owned by Hyphy in exchange for payment of a fixed amount and other valuable consideration (the "***Agreement***")." | Relevance; improper legal opinion | ☐ Sustain<br><br>☐ Overruled |
| 3 | 2:16-21 | "The Group, which was comprised of Chavez, as the lead singer, Domingo Torres Flores ("***Flores***"), as the accordion player, and Alfonso Vargas ("***Vargas***"), as the drummer, performs a style of accordion music originating from Northern Mexico, and is popular with listeners primarily because of the accordion music contained within the songs the Group performs and records." | Lacks foundation; relevance | ☐ Sustain<br><br>☐ Overruled |
| 3 | 2:21-27 | "It should also be noted that Counter-Defendant Jose David Hernandez ("***Hernandez***"), a party to this action who also co-owns and controls Plaintiff/Cross-Defendant Yellowcake, Inc. ("***Yellowcake***") and Counter-Defendant Colonize Media, Inc. ("***Colonize***"), is someone who also used to work with | Relevance | ☐ Sustain<br><br>☐ Overruled |

337.0 05943302.000

13

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

WHITNEY THOMPSON & JEFFCOACH

| | | | | |
|---|---|---|---|---|
| | | Hyphy. As such, Hernandez obtained valuable information about Hyphy throughout the course of his work therewith – including the knowledge that Hyphy's Agreement with the Group was oral." | | |
| 4 | 3:1-6 | "The albums created pursuant to the Agreement are entitled (1) "Amigos y Contrarios"; (2) "Corridos de Poca M"; (3) "El Campesino"; (4) "Desde La Cantina de Mi Barrio (En Vivo)"; and (5) "Nuestra Historia (En Vivo)" (collectively, the "**Los Originales Albums**" or "**Albums**"). One of the other two albums identified in Yellowcake's Complaint, entitled "Chuy Chavez y Sus Amigos," has no connection to this dispute and wasn't even recorded by Chavez." | Relevance; improper legal conclusion | ☐ Sustain<br>☐ Overruled |
| 5 | 3:7-13 | "Though the Agreement was not initially memorialized in writing, Flores and Vargas executed Copyright Assignment Agreements on or about March 22, 2022 (collectively, the "**Assignments**"), which reflected their respective understandings of the Agreement's existence, and their respective original intent to convey all rights in and to their recording services rendered pursuant to the Agreement to Hyphy. Attached hereto as **Exhibit "A"** and incorporated herein by this reference are true and correct copies of the Assignments." | Relevance | ☐ Sustain<br>☐ Overruled |

337.0 05943302.000

14

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

| | 6 | 3:14-4:5 | "Unlike the types of large, corporate record labels that most people think of when they think of a "record label," Hyphy closely collaborated with the Group to create the Albums. For the first three (of five) Albums, which were recorded in studio, Hyphy's close collaboration with the Group included, without limitation: (a) helping determine the "theme" and overall creative direction of each such Album; (b) selecting the songs to be included in each such Album; (c) selecting the recording studio, and paying for all costs associated with the recording of each such Album; (d) hiring the sound engineer; (e) paying the Group a substantial amount to record the Albums; and (f) overseeing and generally supervising the recording and production of each Album. For the final two (of five) Albums, which are each comprised of recordings from a previous live performance by the Group, Hyphy's close collaboration with the Group included, without limitation: (a) selecting and paying for the venue where the live performance occurred; (b) selecting the songs to be performed at the live performance; (c) directly employing, supervising and directing the services of the sound engineer and videographer who each recorded the audio and video of the live performance, respectively; (d) writing the | Relevance | ☐ Sustain<br><br>☐ Overruled |

337.0 05943302.000

15

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

WHITNEY THOMPSON & JEFFCOACH

| | | | | |
|---|---|---|---|---|
| | | script for the history of the Group as part of the Group's live performance, and hiring an "MC"/ commentator to narrate the script; and (e) re-recording whole portions of the guitarist's contributions to the live performance afterwards, using a new guitarist selected, hired and paid for by Hyphy." | | |
| 7 | 4:6-8 | "In addition to Hyphy's original contributions to the production, recording and overall creation of the Los Originales Albums, Hyphy also designed and created artwork featured on the cover of each Album (the "**Album Artwork**")." | Relevance | ☐ Sustain<br>☐ Overruled |
| 8 | 4:9-15 | "Hyphy released the Albums, with the Album Artwork, for distribution through all available digital service providers (the "**DSPs**") upon each Album's creation, between 2013 and 2017. When each of such Albums were released, they were each assigned unique International Standard Recording Codes ("**ISRCs**") and Universal Product Codes ("**UPCs**"). Attached hereto as **Exhibit "B"** and incorporated herein by this reference are true and correct copies of screenshots evidencing the UPCs associated with each of the Albums as distributed by Hyphy." | Relevance; hearsay; lack foundation; lack of authentication | ☐ Sustain<br>☐ Overruled |
| 9 | 4:16-19 | "In or about May of 2020, Hyphy obtained copyright registrations for all of the Album Artwork. True and | Relevance | ☐ Sustain<br>☐ Overruled |

337.0 05943302.000

16

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

WHITNEY THOMPSON & JEFFCOACH

| | | | | |
|---|---|---|---|---|
| | | | correct copies of the copyright registrations for all of such Album Artwork are attached hereto as **Exhibit "C"** and incorporated herein by this reference." | | |
| | 10 | 4:20-5:5 | "Hyphy was never, at any point during all times alleged, made aware by Yellowcake or anyone else that Yellowcake had apparently entered into an "Asset Purchase and Assignment Agreement" with Chavez on or about March 21, 2019 (the "**Asset Purchase Agreement**"), which purportedly granted Yellowcake rights in the Albums. I and everyone else at Hyphy had a healthy, working relationship with the Group, and Hyphy was making significant efforts to revive the Group's popularity, including by investing in radio and social media advertising campaigns promoting the Group, and by providing the Group with all of the financial support the Group needed to produce albums. As such, no one in the Group ever told anyone for Hyphy that they were unhappy with their arrangement with Hyphy, wanted to terminate such arrangement, or believed that anyone other than Hyphy actually possessed the rights in the Albums Hyphy possesses. In fact, at the time of apparent execution of the Asset Purchase Agreement, the Group had just posed for pictures to be incorporated into the Album Artwork of a new album to be released." | Relevance | ☐ Sustain<br><br>☐ Overruled |

337.0 05943302.000

17

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT

| | | | | |
|---|---|---|---|---|
| 11 | 5:6-11 | "If Chavez did indeed have the ability to assign rights in the Albums to any other record label, Hyphy would have expected such record label to reach out to Hyphy to coordinate the transfer of the sound recording files, and the unique ISRCs and UPCs assigned to each Album upon initial release by Hyphy. Instead, Hyphy simply discovered in or about April of 2019 that Yellowcake was distributing versions of the Albums with Hyphy's Album Artwork." | Relevance; argumentative | ☐ Sustain<br><br>☐ Overruled |
| 12 | 5:12-15 | "Accordingly, Hyphy brought Counterclaims against Yellowcake, Colonize and Hernandez, including a Second Counterclaim for Copyright Infringement of the Album Artwork and a Sixth Counterclaim for Unfair Competition." | Relevance | ☐ Sustain<br><br>☐ Overruled |

Dated: September 15, 2023         WHITNEY, THOMPSON & JEFFCOACH LLP

By: _____
Mandy L. Jeffcoach
William H. Littlewood
Jaskarn S. Chahal
Attorneys for JESUS CHAVEZ, SR.

# PROOF OF SERVICE

**YELLOWCAKE, INC. v. HYPHY MUSIC**
Case No. 1:20-CV-00988-JLT-BAM

STATE OF CALIFORNIA, COUNTY OF FRESNO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Fresno, State of California. My business address is 970 W. Alluvial Ave., Fresno, CA 93711.

On September 15, 2023, I served true copies of the following document(s) described as **JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/ CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

**BY ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) through the ECF system. Participants in the case who are registered ECF users will be served by the ECF system. Participants in the case who are not registered ECF users, if any, will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 15, 2023, at Fresno, California.

_____
Kisten Jensen

337.0 05943302.000

19

JESUS CHAVEZ, SR'S OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANT/CROSS-COMPLAINANT'S OPPOSITION IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT