**ALTVIEW LAW GROUP, LLP**
JOHN M. BEGAKIS (SBN 278681)
john@altviewlawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

**SHERMAN LAW GROUP, LLP**
RICHARD LLOYD SHERMAN (SBN 106597)
richard@shermanlawgroup.com
9454 Wilshire Blvd., Suite 850
Beverly Hills, California 90212
Telephone: (310) 246-0321
Facsimile: (310) 246-0305

*Attorneys for Defendant/Counterclaimant* HYPHY MUSIC, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYPHY MUSIC, INC.,<br><br>Defendant. | **Case No.: 1:20-cv-00988-DJC-JDP**<br><br>[Reassigned to the Hon. Daniel J. Calabretta]<br><br>**DEFENDANTS' OBJECTION TO NEW EVIDENCE FILED IN SUPPORT OF PLAINTIFF AND COUNTER-DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| HYPHY MUSIC, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>YELLOWCAKE, INC.; COLONIZE MEDIA, INC; JOSE DAVID HERNANDEZ; and JESUS CHAVEZ SR,<br><br>Counter-Defendants. | |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THIS COURT SHOULD STRIKE ALL NEW EVIDENCE AND ARGUMENTS IMPROPERLY OFFERED BY PLAINTIFF AND COUNTER-DEFENDANTS IN THEIR REPLY

Plaintiff and Counter-Defendants have filed an astonishing *twenty-three* pages of ***brand new***, third-party witness declarations and exhibits **as part of their Reply** in support of their Motion for Summary Judgment ("***Motion***"). *See*, Dkt. No. 90.

This includes declarations from witnesses who had previously submitted declarations in connection with the Motion and/or the Opposition filed by Plaintiff and Counter-Defendants to *Defendants*' Motion for Summary Judgment (*e.g.*, Jesus Chavez, Sr.). Plaintiff and Counter-Defendants had ***every opportunity*** to previously brief this matter thoroughly and in a manner that would have afforded Defendants an opportunity to respond, but waited until past the eleventh hour to submit new evidence and arguments never raised in their moving papers.

This is **highly improper** and cannot be permitted by this Court. A moving party is not permitted to offer new evidence or arguments in its reply. Indeed, the body of caselaw on this elementary and fundamental point of civil procedure is massive, with a few examples set forth here:

- *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (**"[A]rguments raised for the first time in a reply brief are waived"**);
- *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (**court should not consider new evidence submitted in reply without affording non-moving party opportunity to respond**);
- *Clark v. State of California*, 739 F. Supp. 2d 1168, 1223 n.14 (N.D. Cal. 2010) ("**Defendants have submitted new evidence … [B]ecause Defendants have failed to explain why this evidence was not developed in a timely manner… this Court declines to consider it**.")

- *Townsend v. Monster Beverly*. 303 F. Supp. 1010, 1027 (CD Cal. 2018) (**"new evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond"**);

Worse still, Plaintiff and Counter-Defendants appear to attach, as an Exhibit to a newly introduced Declaration from Jesus Chavez Sr., an un-bates-stamped document that was never produced in discovery. This is <u>remarkable</u> considering one of the key issues before this Court is Plaintiff and Counter-Defendants' abject disregard for its Rule 26 Initial Disclosure obligations.[1] In filing their Reply with such improperly added, previously undisclosed, new evidence, Plaintiff and Counter-Defendants essentially asks that this Court to sanction a <u>total abdication</u> of their responsibilities in discovery.

Plaintiff and Counter-Defendants' eleventh-hour games threaten the integrity of this Court. And their lack of diligence is no excuse. Any new arguments in their Reply brief based upon improperly introduced, new declarations must be stricken, as those arguments have been **<u>waived</u>**.

## II. <u>CONCLUSION</u>

Based upon the foregoing, Defendants respectfully request that this objection be sustained.

DATED: October 2, 2023         **ALTVIEW LAW GROUP, LLP**

By: _____
JOHN M. BEGAKIS
*Attorneys for Defendant/Counterclaimant*
HYPHY MUSIC, INC., a California corporation

---

[1] This introduction of brand new evidence is also ironic considering Plaintiff's own efforts to attack the validity of the Assignments obtained, and produced, by Defendants because Defendants initially produced them after the discovery cut-off period (but were later permitted by the Court to do so). *See*, Dkt. No. 59.

3

DEFENDANT/COUNTERCLAIMANT'S OBJECTION TO NEW EVIDENCE

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" automatically generated by the CM/ECF System and sent by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service pursuant to L.R. 5-3.3.

Dated: October 2, 2023              By:  /s/ John Begakis
                                             John M. Begakis