UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>HYPHY MUSIC, INC.,<br><br>            Defendant. | Case No.  1:20-cv-00988-JLT-FRS (SAB)<br><br>**ORDER GRANTING SETH BERMAN'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>(ECF No. 103) |
| HYPHY MUSIC, INC.,<br><br>            Counterclaimant,<br><br>   v.<br><br>YELLOWCAKE, INC., A CALIFORNIA CORPORATION; COLONIZE MEDIA, INC.; JOSE DAVID HERNANDEZ,<br><br>            Counterdefendants. | |

Currently before the Court is Seth Berman of Abrams Fensterman, LLP's motion to withdraw as counsel of record for Counterdefendant Jose David Hernandez.  (ECF No. 103.)  No party has filed an opposition, and time to do so has passed.  The matter is therefore deemed unopposed.  Having considered the moving papers, the lack of opposition by any party, and the case on file, the Court finds this matter suitable for decision without oral argument.  See L.R. 230(g).  Accordingly, the previously scheduled hearing set for January 30, 2026 will be vacated and the parties will not be required to appear at that time.  For the reasons discussed herein, the

1

Court deems it appropriate to grant counsel's motion.

## I.

## BACKGROUND

On July 16, 2020, Plaintiff Yellowcake, Inc. filed this action against Defendant Hyphy Music, Inc.  (ECF No. 1.)  On August 28, 2020, Hyphy Music, Inc. filed a First Amended Counterclaim against Yellowcake, Inc., Colonize Media, Inc., Jose David Hernandez, and Jesus Chavez Sr.  (ECF No. 15.)

On September 18, 2020, the Court granted Attorney Seth Berman's *pro hac vice* application.  (ECF No. 18.)  On December 23, 2025, Attorney Berman filed a motion to withdraw as counsel of record for Counterdefendant Jose David Hernandez.  (ECF No. 103.)  In his Declaration, Attorney Berman states that good cause for withdrawal exists because "an irreparable breakdown in the attorney-client relationship has occurred, rendering continued representation ethically and practically impossible."  (ECF No. 103-1 at 3.)  On December 16, 2025, Attorney Berman sent written notice communicating his intent to withdraw to Mr. Hernandez by certified mail with return receipt requested, as well as first class mail to Mr. Hernandez's last known address.  (Id. at 2.)  The same day, Attorney Berman sent an electronic copy of the notice via email to Mr. Hernandez's last known email address.  (Id.)  On December 22, 2025, Attorney Berman attempted to communicate with Mr. Hernandez via telephone to verbally confirm receipt of the notice and advise him directly of the pending motion.  (Id. at 3.)  Defendant and Counterclaimant were informed of Attorney's Berman intent to withdraw as counsel for Mr. Hernandez.  (Id.)

## II.

## LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules for the United States District Court, Eastern District of California.  See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).  In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule

182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d); see also Thomas v. Experian Info. Sols., Inc., 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); Canandaigua Wine Co., Inc. v. Moldauer, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009) (determining decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court.  Cal. R. Prof. Conduct 1.16(c).  In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules.  Cal. R. Prof. Conduct 1.16(d).

As noted above, the decision to grant counsel's motion to withdraw is within the discretion of the trial court.  Thomas, 2014 WL 7359180, at *1; Canandaigua, 2009 WL 89141 at *1.  "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case."  Canandaigua, 2009 WL 89141 at *1.  Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit."  L.R. 182(d).

//

3

### III.

### DISCUSSION

The Court will first consider the reasons why withdrawal is sought. Canandaigua, 2009 WL 89141 at *1. Counsel states that withdrawal is necessary due to "an irreparable breakdown in the attorney-client relationship" that would render "continued representation ethically and practically impossible." (ECF No. 103-1 at 3.) Counsel explains further that "[d]ue to the obligation to maintain client confidentiality under CRPC Rule 1.16, Counsel cannot disclose specific details of Hernandez's conduct precipitating the breakdown in representation without violating ethical duties." (Id.) To the extent that the Court requires more particularized evidence, counsel requests the opportunity to submit declarations from its attorneys for confidential in-camera examination. (ECF No. 103-2 at 2.)

The Court will next consider the prejudice withdrawal may cause other litigants, harm to the administration of justice, and the degree to which withdrawal will delay the resolution of the case. Canandaigua, 2009 WL 89141 at *1. Counsel argues that new counsel or Mr. Hernandez acting in pro per "can more effectively advocate Hernandez's position, thereby ensuring fairness and advancing the efficient resolution of this matter." (ECF No. 103-2 at 3.) Counsel further states that no trial date has been set, and as a result Mr. Hernandez will have "ample opportunity to secure competent replacement counsel or proceed in propria persona." (Id. at 3-4.) Counsel represents that they have "meticulously adhered to its obligation to mitigate any potential prejudice, in full accord with Cal. R. Prof. Conduct, Rule 1.16." (Id. at 4.)

Having considered the moving papers and record in this action, the Court finds good cause to permit withdrawal under the California Rules of Professional Conduct as it appears a breakdown in the attorney-client relationship has occurred. Further, Mr. Hernandez's counsel has complied with the notice requirements set forth by Local Rule 182(d) as they served Mr. Hernandez with notice of the motion to withdraw by mail and email. See M.H. by & through Arterberry v. Kern High Sch. Dist., No. 1:23-CV-00531-KES-CDB, 2024 WL 1623398, at *2 (E.D. Cal. Apr. 15, 2024) (finding same). The Court finds that counsel has demonstrated good cause for withdrawal as attorney of record in light of factors outlined above.

**IV.**

**ORDER**

For the reasons stated above, it IS HEREBY ORDERED that:

1.    The motion to withdraw as Counterdefendant Jose David Hernandez's counsel (ECF No. 103) is GRANTED;

2.    The hearing for January 30, 2026 is VACATED;

3.    The Clerk of Court is DIRECTED to relieve Seth L. Berman as attorney of record for Counterdefendant Jose David Hernandez and substitute Jose David Hernandez in propria persona in place and stead of Seth L. Berman of Abrams Fensterman, LLP.  If Mr. Hernandez intends to retain new counsel, that counsel must **promptly** file a notice of appearance in this action.

4.    The Clerk of the Court is directed to update the docket with the contact information of Jose David Hernandez at his last known address:

41923 2nd Street, #302,
Temecula, California 92590
davidh@colonizemedia.com

Mr. Hernandez is advised that pursuant to Local Rules 182(f) and 183(b) he is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number; and

5.    Attorney Berman SHALL provide a copy of this order to Mr. Hernandez within **seven (7) days** of this order.

IT IS SO ORDERED.

Dated:    **January 22, 2026**

_____

STANLEY A. BOONE
United States Magistrate Judge

5