UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC.,<br>Plaintiff,<br>v.<br>HYPHY MUSIC, INC.,<br>Defendant. | Case No. 1:20-cv-00988-JLT-FJS<br>ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD<br>(ECF No. 114)<br>TWENTY-ONE (21) DAY DEADLINE TO IDENTIFY NEW COUNSEL<br>SEVEN (7) DAY DEADLINE TO PROVIDE CLIENT MATERIALS |
| RELATED COUNTERCLAIMS | |

On June 22, 2026, Plaintiff/Counterdefendant Yellowcake, Inc. ("Plaintiff" or "Yellowcake") moved to withdraw Abrams Fensterman, LLP ("Abrams") as attorney of record. (ECF No. 114.) Defendant/Counterclaimant Hyphy Music, Inc. ("Defendant") did not file an

opposition, Plaintiff did not file a reply, and the time to do so has since passed. The court took Plaintiff's motion under submission without a hearing. Having considered the moving papers, and record in this action, the motion to withdraw as counsel of record is GRANTED.

## I. RELEVANT BACKGROUND

On June 22, 2026, Abrams filed this motion to withdraw stating that "an irreparable breakdown in the attorney-client relationship has occurred, rendering continued representation ethically and practically impossible." (ECF No. 114-1 ¶ 8.) Abrams also states that due to client confidentiality and ethical duties, Abrams "cannot disclose specific details of Yellowcake's conduct precipitating the breakdown in representation." (ECF No. 114-1 ¶ 8.) Abrams argues that there is no prejudice to Plaintiff because there will be no significant delay in proceedings because trial is currently scheduled for December 1, 2026, and Plaintiff has sufficient time to retain new counsel. (ECF No. 114-1 ¶ 9.) Abrams provided Plaintiff with the required notice of intent to withdraw by contacting Plaintiff's principal, Kevin Berger, and speaking with him personally, and serving an intent to withdraw on Plaintiff. (ECF No. 114-1 ¶¶ 4-7.)

## II. LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules for the United States District Court, Eastern District of California.

Local Rule 182(d) provides:

> [A]n attorney who has appeared may not withdraw leaving the client <u>in propria persona</u> without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a

proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d).

The decision to grant Abram's motion to withdraw is within the discretion of the trial court. *Thomas v. Experian Info. Sols., Inc.*, 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009) (determining decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

Courts consider the following factors when determining a motion to withdraw: (1) "the reasons why withdrawal is sought"; (2) "the prejudice withdrawal may cause to other litigants"; (3) "the harm withdrawal might cause to the administration of justice"; and (4) "the degree to which withdrawal will delay the resolution of the case." *Canandaigua*, 2009 WL 89141 at *1.

## III. DISCUSSION

First, the court analyzes the reasons why withdrawal is sought. Abrams states that "an irreparable breakdown in the attorney-client relationship has occurred, rendering continued representation ethically and practically impossible." (ECF No. 114-1 ¶ 8.) Abrams also states that due to client confidentiality and ethical duties, Abrams "cannot disclose specific details of Yellowcake's conduct precipitating the breakdown in representation." (ECF No. 114-1 ¶ 8.) The court should permit withdrawal in such circumstances. *See Aceves v. Super. Ct.*, 51 Cal. App. 4th 584, 592 (1996) ("the duty not to reveal confidences prevent[s] counsel from further disclosure and the court accept[s] the good faith of counsel's representations, the court should ... permit withdrawal."); *Page v. Stanley*, 2014 WL 2472248, at *2, n. 3 (C.D. Cal. June 2, 2014) ("While plaintiff's counsel do not provide significant detail regarding the factual basis for this conflict and breakdown, the Court recognizes that plaintiff's counsel is obligated to "not reveal [their client's] confidences.") Because nothing in the record calls into question Abram's assertion that there was a breakdown in the attorney-client relationship, the court finds this sufficient grounds to withdraw

as counsel.

Next, the court considers the prejudice withdrawal may cause other litigants, harm to the administration of justice, and the degree to which withdrawal will delay the resolution of the case. Abrams states that there is no prejudice to Plaintiff because there will be no significant delay in proceedings because trial is scheduled for December 1, 2026, and Plaintiff has sufficient time to retain new counsel. (ECF No. 114-1 ¶ 9.) On June 10, 2026, Abrams provided Plaintiff with the required notice of intent to withdraw by contacting Plaintiff's principal, Kevin Berger, and speaking with him personally, and serving an intent to withdraw on Plaintiff on June 17, 2026. (ECF No. 114-1 ¶¶ 4-7.) Abrams also provided Plaintiff's last known address and contact information. (ECF No. 114-1 ¶ 3.) Abrams has satisfied Local Rule182(d) and California Rule of Professional Conduct 1.16(d). The court is persuaded that no party will suffer prejudice due to the current status of this case. Abrams is correct that trial is currently set for December 1, 2026. (ECF No. 111.) This trial date was set after the parties' motions for summary judgment were determined by the court. (ECF Nos. 101, 102, 111.) Since Plaintiff was notified in the middle of June 2026 that Abrams sought withdrawal, Plaintiff has had sufficient time and still has time to find counsel by December 2026.

Accordingly, court finds that counsel has demonstrated good cause for permissive withdrawal as attorney of record in light of factors outlined above. Given the procedural posture of this case, the court can minimize the harm to the administration of justice and not unduly delay the resolution of the case.

IV. ORDER

For the reasons stated above, it IS HEREBY ORDERED that:

1. The motion for leave to withdraw Abrams Fensterman, LLP, as attorneys of record for Plaintiff/Counterdefendant Yellowcake (ECF No. 114) is GRANTED;

2. Yellowcake is substituted pro se in place and stead of Seth L. Berman, pro hac vice, Abrams Fensterman, LLP, and Thomas P. Griffin, Jr., Hefner Stark & Marois, LLP, (local counsel);

3. The clerk of the court is directed to update the docket with the contact information

of Yellowcake at its last known address:

701 East Canal Drive
Turlock, CA 95380

4. Yellowcake is advised that pursuant to Local Rules 182(f) and 183(b) that it is under a continuing duty to notify the clerk and all other parties of any change of address or telephone number;

5. Yellowcake is advised that it must retain another attorney by filing a substitution of attorney form signed by them and the attorney. "Corporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Local Rule 183(a) specifically provides that "[a] corporation or other entity may appear only by an attorney." Failure to comply will result in dismissal of this action for failure to prosecute or default for failure to defend the counterclaims;

6. Within twenty-one (21) days, Yellowcake shall submit to the court substitution of attorney form identifying its new counsel;

7. Within seven (7) days, Abrams shall comply with California Rule of Professional Conduct 1.16(e) and provide Yellowcake with all "client materials and property" as defined under that provision; and

8. The clerk of the court is directed to serve a copy of this order on Yellowcake by mail at its last known address and e-mail at kevin@kbergergroup.com and yellowcakecorp@gmail.com.[1]

IT IS SO ORDERED.

Dated: **August 3, 2026**

UNITED STATES MAGISTRATE JUDGE

[1] The court includes the last known e-mail provided both in this action and in the related case 1:20-cv-00787-JLT-FJS.